PETITI    UNDER 28 USC § 2254 FOR WRIT
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

# United States District Court

| | |
|---|---|
| | **District** Worcester |

| Name Walter E. Palmer | Prisoner No. W67291 | Case No. |
|---|---|---|

| Place of Confinement |
|---|
| Souza Baranowski Correctional Center<br>P.O. Box 8000, Harvard Road, Shirley, Massachusetts   01464 |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Walter E. Palmer          - | v. Lois Russo, in her capacity as, Supertindent of Souza Baranowski Correctional Center |

| The Attorney General of the State of:   Massachusetts |
|---|

MAGISTRATE JUDGE

## PETITION

1. Name and location of court which entered the judgment of conviction under attack <u>Commonwealth of</u>
<u>Massachusetts, Suffolk County Superior Court, Boston, Massachusetts</u>

2. Date of judgment of conviction <u>November 4, 1999</u>

3. Length of sentence <u>Sixteen (16) to eighteen (18) years</u>

4. Nature of offense involved (all counts) <u>violation of indictments which rests entirely on</u>
Massachusetts General Laws Chapter 266 ss 57 (6 Counts);Massachusetts General
Laws Chapter 266 ss 30; Massachusetts General Laws Chapter 268 ss 1(if applicable
and Massachusetts General Laws Chapter 195 ss 6(if applicable)

5. What was your plea?  (Check one)
   (a) Not guilty                  ☒
   (b) Guilty                      ☐
   (c) Nolo contendere             ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury                        ☒
   (b) Judge only                  ☐

7. Did you testify at the trial?
   Yes ☒          No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒          No ☐

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

(2)

AO 241 (Rev. 5/85)

9.  If you did appeal, answer the following:

    (a) Name of court  Commonwealth of Massachusetts Appeals Court

    (b) Result  Affirmed, Judgment of trial court(Suffolk County superior Court)

    (c) Date of result and citation, if known _____

    (d) Grounds raised  Petitioner professional conduct in accordance with Strickland

    v. Washington, 466 U.S. 668 (1984), Statutes as applied to Petitioner's
    professional conduct unconstitutional,vagueness,trial Judge instructions un
    constitutional
    (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

    (1) Name of court  Commonwealth of Massachusetts Supreme Judicial Court

    (2) Result  Application For Further Appellate Review denied

    _____

    (3) Date of result and citation, if known  January 29, 2004

    (4) Grounds raised  Violation of First Amendment Rights Statutes as applied
    unconstitutional to professional conduct of Petitioner,conduct within
    constitutional standard of Strickland, Jury Instructions unconstitutional
    Sentence unconst itutional              Sentence unconstitutional
    (f)  If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to
    each direct appeal:

    (1) Name of court _____

    (2) Result_____

    _____

    (3) Date of result and citation, if known _____

    (4) Grounds raised _____

    _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions,
    applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐        No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    _____

    (3) Grounds raised _____

    _____

AO 241 (Rev. 5/85)

three

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒    arguments before (3) Justices of Massachusetts Appeals Court,

(5) Result Oral    Not applicable ?

(6) Date of result Massachusetts Appeals Court, under Rule 1:28 (non-published)
Affirmed, Suffolk County Superior Court Judgment.

(b) As to any second petition, application or motion give the same information:

(1) Name of court Massachusette Supreme Judicial Court

(2) Nature of proceeding Application For Further Appellate Review Following
Massachusetts Appeals Court Affirmation of trial Court Judgment

(3) Grounds raised Constitutional protection of First Amendment, Con-
stitutional protection of professional conduct under Strickland
v. Washington, 466 U.S. 668, 104 S.ct 2052 (1984); Defective trial Court
Jury Instruction; Lack of violation of any governing Legal Standard,
or any Standard of professional Conduct; No violation of any essential
elements of Massachusetts criminal Statutes, in this case,

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result Denied Application For Further Appellate Review, by Mass-
achusetts Supreme Judicial Court,

(6) Date of result January 29, 2004

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒    No ☐
(2) Second petition, etc.    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A. Ground one: Petition involves Judgment and Issues of Constitutional magnitude integrated in the context of the First Amendment, and clearly established Federal law, as determined by the Supreme court of the United States, and within the meaning of 28 USC 2254 (d) (i)s.

Supporting FACTS (state *briefly* without citing cases or law)

Petitioner in the course of practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, totally and completely relied upon the administrative law staff of petitioner's law office, and (2) two Certified Public Accountants, for over (20) twenty years, in matters relating to record keeping, bookkeeping, reconciliation of client funds accounts, Accounting, tax return preparation, Probate accounting, and reconciliation of clients funds accounts; in relation to those tasks.

B. Ground two: Massachusetts G.L. c. 268 §57, MGL Ch268 §1, MGL 1586 are as applied to petitioner and other lawyers, substantially constitutionally overbroad, impermissibly vague, facially invalid and violation of Petitioner's substantially constitutionally protective conduct in the context of First Amendment.

Supporting FACTS (state *briefly* without citing cases or law) Massachusetts criminal Statutes in this case, as cited supra, are not narrowly tailored to serve a compelling State interest, as applied to petitioner's practice of law as a licensed Lawyer in the context of the First Amendment, and infringe, inhibit, restrict and are content base Statutes to Petitioner's practice of Law, in the context of First Amendment rights and freedoms in petitioner's total and complete reliance on Administrative law staff of petitioner's law office and (b) two Certified Public Accountants in record keeping, bookkeeping, reconciliation of Clients Funds Accounts, Accounting, Probate accounting, tax return etc

AO 241 (Rev. 5/85)

C.    Ground three: ~~Massachusetts Criminal Statutes, in this case,M.G.L.266~~s 57;
~~M.G.L.266s30;M.G.L.268~~ 1(if applicable);M.G.L.195s6(if applicable)Lack standard
as Constitutionally Mandated.
        Supporting FACTS (state *briefly* without citing cases or law) ~~Petitioner in practicing his~~
profession as a licensed lawyer and in the same professional context as a
duly appointed Fiduciary, did not violate any governing legal standard, or any
standard that was in violation of the Massachusetts Criminal Statues, in this
case upon which the indictments, in this case entirely rests. The Massachusetts
Statutes, in this case, lack standards for ad hoc lay jury's guidance in this
case, which was "contrary to" cleary established Federal Law,as determined by
the Supreme Court of the United States.

D.    Ground four: In the context of First Amendment, Petitioner asserts
constitutional Protection of the Standard in Strickland V. Washington,466U.S
668, 104S.Ct.2052 80 L.Ed . 2d 674(1984)

        Supporting FACTS (state *briefly* without citing cases or law) Petitioner's professional conduct
in practicing his profession as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary was within the wide range of reasonable
professional assistance, in the context of the First Amendment rights and
Freedoms of a lawyer's practice of Law, at the time of Petitioner's Performance
in Petitioner's exercise of his professional judgment, in reliance on certified
Public Accountants administration lay staff of his law office(twenty(20)years)

SEE ADDITIONAL SHEETS INCLUDED HEREIN FOR MORE GROUNDS  AND

SUPPORTING FACTS

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state
    *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐      No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked
    herein:
    (a)    At preliminary hearing Michael Molloy, Esq., 294 Washington St.,Boston,MA02108
           (He died a few days prior to trial).

    (b)    At arraignment and plea A Pittsfield, Massachusetts Lawyer (For Arraignment only)
           (Name escapes Petitioner at this moment) (See Pocket Sheet)

E. GROUND FIVE

This case is an attack on the very core of the First Amendment, as applicable through the Fifth Amendment and as applicable to the States through the Fourteenth Amendments to the United States Constitution, and cleary established Federal Law, as determined by the Supreme Court of the United States. The prosecution, in this case, seeks to turn the First Amendment on "its head" by denying to the Petitoner, First Amendment rights and freedoms, in Petitioner's practice of his profession as a licensed lawyer and in the sameprofessional context as a duly appointed Fiduciary.  Thus, this Petition presents issues of Constitutional Magnitude.

SUPPORTING FACTS

Petitioner is by education, training, experience and inclination, a trial lawyer. For over twenty (20) years the Petitioner totally and completely relied upon the administrative lay staff of Petitioner's law office, Palmer & Simcock, in matters relating to record keeping, bookkeeping and clients's funds reconciliation and two (2) Certified Public Accountants, James Argus of the accounting firm of Argus & Freedman and Norman Freedman of the same accounting firm and later of the accounting firm of Zuber & Freedman, in matters relating to accounting, tax return preparation, probate accounting and reconciliation of Client's Funds accounts in relation to those tasks.  The PETITIONER NEVER PERFORMED THESE ABOVE DESCRIBED TASKS, AT ANY TIME.

6(a)

F.  GROUND SIX

As a matter of clearly established Federal Law, as
determined by the Supreme Court of the United States, the FIRST
TASK OF THE COURT is to determine whether the Massachusetts
criminal statutes, in this case, M.G.L. 266 ss 57; M.G.L. 266 ss 30;
M.G.L. 268 ss 1 (if applicable), M.G.L. 195 ss 6 (if applicable)
makes unlawfulPetitioner's First Amendment Rights and Freedoms,
as applicable through the Fifthe Amendment and as applicable to
the states through the Fourteenth Amendments to the united States
Constitution, and clearly established Federal Law, as determined
by the Supreme Court of the United States, the Petitioner's
professional conduct in practicing his profession as a licensed
lawyer and in the same professional context as a duly appointed
Fiduciary, as described Supra, in this petition, as to Petitioner's
total and complete reliance upon the administrative lay staff of
Petitioner's Law Office and the two (2) Certified Public Accountants
in matters relative to record keeping, bookkeeping,client's funds
reconciliation, accounting, tax return preparation, probate account
ing and reconciliation of client's funds accounts in relation to
those tasks.  There are issues of CONSTITUTIONAL MAGNITUDE.

SUPPORTING FACTS

The Massachusetts statutes, as cited Supra, in this case,
are NOT NARROWLY TAILORED TO SERVE A COMPELLING STATE INTEREST.
The  statutes are substantially unconstitutionally overboard,
impermissibly vague, restrictive, inhibit, contaih content based
prohibitions and in violation of Petitioner's Substantially consti-
tutionally Protective Conduct, in the Petitioner's professional
conduct in practicing his profession as a licensed lawyer and in
the same professional context as a duly appointed Fiduciary, in
the Context of Petitioner's First Amendment Rights and Freedoms,
as applicable through the Fifth Amendment and as applicable through
to the States through the Fourteenth Amendments and clearly
established Federal Law, as determined by the Supreme Court of the
United States, and these Massachusetts Criminal Statutes, as

<u>applicable to Petitioner,</u> and other lawyers, in this case, before the court, are <u>Facially Invalid and Unconstitutional</u> in <u>Petitioner's total and complete reliance</u> upon the administrative lay staff of Petitioner's law office, Palmer & Simcock, and two (2) Certified Public Accountants, James Argus of the accounting firm of Argus & Freedman and Norman Freedman of the accounting firm of Zuber & Freedman, <u>for over twenty (20) years</u> in matters relating to, record keeping, bookkeeping, client's funds accounts reconciliation, accounting, tax return preparation, probate accounting, reconciliation of clients Funds accounts in relation to those tasks. <u>The issues in this Petition are of Constitutional Magnitude, as to Petitioner's professional conduct</u> as a lawyer. The Massachusetts Appeals decision affirming the Judgment of the trial court was "contrary to" clearly established Federal Law, as determined by the Supreme Court of the United States of America and within the meaning of 28 U.S.C. 2254 (d) (1).

G.

<u>GROUND  seven</u>

   <u>AT ALL TIMES MATERIAL AND RELEVANT, IN THIS PETITION,</u> Petitioner in his professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, <u>EXERCISED HIS PROFESSIONAL JUDGMENT, AT THE TIME, IN THE CONTEXT OF THE First Amendment,</u> as applicable through the Fifth Amendment and as applicable to the States through the Fourteenth Amendments to the United States Constitution, and clearly established Federal Law, as determined by the Supreme Court of the United States, and such professional conduct was, and is, as a matter of clearly established Federal Law, as determined by the Supreme Court of the United States <u>entitled</u>, in the context of the First Amendment, <u>to substantially constitutionally protectective conduct</u> as to Massachusetts criminal Statute M.G.L. 266 ss 30; M.G.L. 268 ss 1 (if applicable) and M.G.L. 195 ss 6 (if applicable), as these Massachusetts Statutes, as applied to Petitioner's, and

6 (c)

other lawyer's professional practice, in this case,
before the court are substantially unconstitutionally overbroad,
impermissibly vague (Lack Standards), are statutes that have
content base prohibitions, inhibit and restrict Petitioner's
First Amendment Rights and Freedoms in Petitioner's, and other
Lawyers, practive of their proffession as a licensed lawyer and
duly appointed Fiduciary, as in the instant case, before the court.
There are in this petition issues of Constitutional Magnitude,
affecting a Licensed Lawyer's Practice of Law, in the context
of the First Amendment to the United States Constitution, and
clearly established Federal Law, as determined by the Supreme
Court of the United States.  Thus, the Standard of Review under
(A E D  P A) Antiterrorism and Effective Death Penalty Act of 1996,
the Massachusetts Appeals Court decision upholding and affirming
the trial court Judgment, was contrary to or an unreasonable
application of Federal Law, within the meaning of 28 U.S.C.
2254 (d) (1), as the Massachusetts Appeals Court decision is
"contrary to" clearly established Federal Law, as determined by the
Supreme Court of the United States, in Petitioner's professional
conduct in practicing his proffession as a licensed lawyer and
in the same professional context as a duly appointed Fiduciary,
in this case at bar.

SUPPORTING FACTS

For over twenty (20) years, in Petitioner's practice of
his profession as a licensed lawyer, (for over forty (40) years)
and Walter E. Palmer in the same professional context as a duly
appointed Fiduciary, Petitioner  totally and completely relied
upon the administrative lay staff of Petitioner's Law Office

6  (d)

Palmer & Simcock, in matters relating to record keeping, bookkeeping and reconciliation of Client's Funds accounts and two (2) Certified Public Accountants, James Argus of the accounting firm Argus & Freedman and Norman Freedman of the same Accounting firm and later of the accounting firm of Zuber & Freedman, in matters relating to accounting, tax return preparation, probate accounting and reconciliation of client's Funds accounts in relation  to those tasks.  <u>The Petitioner Never Performed these above described Tasks, At Any Time</u>.  Thus, based upon Petitioner's total and complete reliance upon these above noted individuals, the petitioner, <u>at the time</u>, for over twenty (20) years, <u>exercised his professional judgment</u> in the administrative lay staff of his law office and the two (2) Certified Public Accountants, in the above described tasks, on behalf of his clients in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, in this case, before the Court, within Petitioner's professional assistance to his clients, which Petitioner asserts were <u>not novel or implausible,</u> but based upon deep seated roots and traditions of a licesed lawyer's practice of Law and <u>rights of association</u>.

The administrative staff of Petitioner's Law Office <u>did not reconcile Client's Funds for over twenty (20) years</u> (see Trial Court Exhibit 156, introduced into evidence, <u>by both</u> the prosecution and Petitioner.  The two (2) Certified Public Accountants did not, for over twenty (20) years <u>reconcile Clients Funds Accounts</u>, in the tasks performed by the Certified Public Accountants, for Petitioner and his clients.  There was NO, NONE, ZERO, professional rule of conduct for licensed lawyers, <u>until January 1, 2004,</u> to reconcile Clients Funds accounts in the Commonwealth of Massachusetts.  As of, <u>January 1, 2004</u>, The Massachusetts Supreme and Judicial Court required that all Lawyers reconcile Client's Funds Accounts at least every sixty (60) days.

The Petitioner <u>Did Not violate andy governing legal</u>
<u>standard</u>, or any standard of professional conduct, in this case,
that was in violation of Massachusetts Criminal Statute, M.G.L.
266 ss 57; M.G.L. 266 ss 30; M.G.L. 268 ss 1 ( if applicable)
and M.G.L. 195 ss6 (if applicable), upon which the indictments
in the instant case, entirely rests, nor did the Petitioner, or
prosecution prove, that Petitioner violated the <u>essential elements</u>
under theabove cited Massachusetts Statutes, the Petitioner's
<u>specific intention</u> to permanently deprive any person of their
property and have actual knowledge, based upon the total and complete
reliance upon the above named individuals, in the above described
tasks.   Thus, the trial Judge did <u>not</u> instruct the untrained ad hoc
lay jury on the <u>essential element</u> of <u>specific intent</u>, as the
Petitioner did <u>not at any time,</u> <u>specifically intend</u> to deprive any
person of their property permanently, nor was there any sworn
witness, who <u>Factually Testified</u> that there was a <u>specific intent</u>
by the petitioner, to deprive any person, or client, of their
property permanently.   <u>There was no deliberate criminal wrong doing</u>
<u>at all by the Petitioner, or any one else, in this case at bar, at</u>
time of Petitioner's reliance upon the above named individuals, <u>in</u>
<u>the circumstance as they existed at the time,</u> in Petitioner's practice
of his profession as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary, in this case.
The Massachusetts Appeals Court decision affirming the trial court
Judgment, in this case, was contrary to clearly established Federal
Law, as determined by the Supreme Court of the United States, within
the meaning of 28 U.S.C. 2254 (d) (1).

6    (f)

## H.  GROUND EIGHT

The Petitioner in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, and in the context of the First Amendment as applicable through the Fifth Amendments and clearly established Federal Law as determined by the Supreme Court of the United States did not violate any governing legal standard that was in violation of the Massachusetts Criminal Statutes, in this case, M.G.L.266 ss 57; M.G.L. 266 ss 30; M.G.L. 268 ss 1 (if applicable) and M.G.L. 195 ss 6 (if applicable) which Statutes, the indictments, in this case at bar entirely rests.  Thus, the Commonwealth of Massachusetts Appeals Court decision affirming the trial court Judgment was contrary tocleary established Federal Law, as determined by the Supreme Court of the United States, and in violation of Petitioner's con stitutional rights under the First Amendment as applicable through the Fifth Amendment and as applicable to the Statutes through the Fourteenth Amendments to the United States Constitution, in this case before the Court,"contrary to" clearly established Federal Law as determined by the Supreme Court of the United States.

## SUPPORTING FACTS

As constitutionally mandated, and based upon clearly established Federal Law, as determined by the Supreme Court of the United States the trial Judge failed to instruct the ad hoc lay jury on any governing legal standard and did not formulate any standard, in the Trial Judge instruction to the jury, for their guidance, in determining the guilt or innocence of the Petitioner's professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, in this case before the Court.

6    (g)

The Prosecution, the Commonwealth of Massachusetts, in this case at Bar, Failed to present any evidence, or Formulate any Standard, that the Petitioner violated any governing standard, in Petitioner's professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, that was in violation of Massachusetts Criminal Statues, in this case at Bar, M.G.L. 266 ss 57; M.G.L. 266 ss 30; M.G.L. 268 ss 1 (if applicable) and M.G.L. 195 ss 6 (if applicable), in which these Statues, the indictments entirely rests, in the instant case.

It is an undisputed and established Fact that the Petitioner in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary did NOT VIOLATE ANY GOVERNING LEGAL STANDARD that was in violation of the Massachu setts criminal Statutes, M.G.L. 266 ss 57; M.G.L. 266 ss 30; M.G.L. 268 ss 1 (if applicable) and M.G.L. 195 ss 6 (if applicable),which indictments in this case at Bar, these Massachusetts Statutes entirely rests.

I.  GROUND Nine

The essential elements of the Massachusetts Criminal Statutes in this case at Bar, M.G.L. 266 ss 57; M.G.L. 266 ss 30; M.G.L. 268 ss 1 (if applicable) and M.G.L. 195 ss 6 (if applicable)upon which Massachusetts Statutes, the indictments in this case at Bar,entirely rests, is Specific Intention to permanently deprive a person of their property and knowledgein The context of the First Amendment and the doctrine of reliance of the Petitioner practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, in violation and deprivation of Petitoner's First Amendment as applicable through the Fifth Amendment and as applicable to the Statutes through the Fourteenth Amendments to the United States Constitution.  The Petitioner testified in this case before the untrained ad hoc lay  jury as to his professional conduct in  the course of practicing his profession as a licensed lawyer and in the same professional context as a duly

SUPPORTING FACTS FOR GROUND NINE (continued)

Lawyers have constitutional Rights as any other
occupation and as a matter of clearly established Federal
Law as determined by the Supreme Court the United states,
are first class citizens, including the Petitioner, in the
instant case, in practicing his profession as a licensed
lawyer and in the same professional context as a duly
appointed Fiduciary, in the context of the First Amendment
to the United States Constitution, and within the meaning
of 28 U.S.C. 2254 (d) (1), in the case at bar, factually and
legally. The issues in this Petiton are of constitutional
magnitude as to Petitoner's professional conduct as a
lawyer.

Addendum to page  6  (H)

appointed Fiduciary.  <u>The Trial Judge ignored the Petitioner's
testimony in his instruction to the jury</u> as to the essential
elements under the Massachusetts Statutes, in this case, as to
Specific Intention of the Petitioner to deprive any person (or
client)  of their property permantly and knowledge and the
doctrine of reliance, dispite the Petitioner's trial court testimony
on both direct and cross examination by the Prosecutor, represnting
the Commonwealth of Massachusetts, in this criminal trial, involv-
ing professional conduct of Petitioner as a licensed lawyer.

The Petitioner's trial court testimony, both direct and
cross examination, are incorporated herein this petition for
Habea Corpus, and made a part of this petition by reference as
Exhibit "A", consisting of Pages 8 77 to and including 8 192.

<u>J.  Ground  Ten</u>

Based upon clearly established Federal Laws, as determined
by the Supreme Court of the United States, and in the context of the
First Amendment as applicable through the Fifth Amendment and as
applicable to the Statutes through the Fourteenth Amendments to
the United States Constitution, in the context, in this case before
the Court, of the Petitioner's professional conduct in practicing
his profession as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary, the Petitioner asserts, that
he had, <u>together with other lawyers in the practice of their
profession as licensed lawyers</u>, <u>t</u>he First Amendment <u>right and
freedom, to engage, hire, retain and associate</u> with administrative
lay staff of Petitioner's law office , Palmer & Simcock, and two (2)
Certified Public Accountants, in matters relating to record keeping
bookkeeping, reconciliation of client's funds accounts, accounting

6    (ɪ)

tax return preparation, probate accounting and reconciliation of
client's funds accounts in relation to those tasks by these individuals
for over twenty (20) years and to totally and completely relied
upon the administrative lay staff of Petitioner's law office and
the two (2) Certified Public Accountants, as stated herein this
petition, in the above described tasks in their work product for
the Petitioner and Petitioner's clients in Petitioner's practice
of his profession as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary for over twenty (20) years,in
the instant case, a Petitioner testified at the criminal trial in
this case at Bar, in both direct and cross examination.

        Petitioner asserts his constitutional rights in the <u>context</u>
<u>of the First Amendment</u> as applicable, through the Fifth Amendment
and, as applicable, to the Statutes throughthe Fourteenth Amendments
to the United States Constitution, and clearly established Federal
Law as determined by the Supreme Court of the United States in
Petitioner's Rights of Association and reliance upon the Administrative
Lay Staff of Petitioner's Law Office, Palmer & Simcock, and the two
(2) Certified Public Accountants.  See: <u>City of Houston v. Hill</u>,
482 U.S. 451,107 S. Ct. 2502, 96 L Ed. 2d 398,55 (1987); <u>N.A.A.C.P.</u>
<u>Ul Button</u>, 371 U.S. 415, 83 S. cf, 328, 9 L Ed. 2d 405 (1963)<u>N.A.A.C.P.</u>
<u>v. Alabama ex re. Patterson</u>, 357 U.S. 449, 78 s.ct. 1163,1174,2 L.
Ed. 2d. 1488, <u>Louisiana ex re Gremillion v.N.A.A.C.P.</u> , 366 U.S. 293,
81 s cf. 1333. 1336 6 L. Ed. 2d 3015 <u>Ashcroft v. American Civil</u>
<u>Liberties Union</u>, — U.S.⁻, 1245 ct. 2783 (2004) ,Ashcroft v. coliation
of Speech — U.S. — , s.ct.    , (2002)and Virginia v. Black,   U.S.
    s. ct.    , (2004.

The Commonwealth of Massachusetts Appeals Court decision affirming the Massachusetts Suffolk County Superior Court Judgment was "contrary to clearly established Federal Law, as determined by the Supreme Court of the United states, See:  Williams v. Taylor 529 U.S. 362,404, (2000), and within the meaning of 28 U.S.C. 2254 (d) (1).

SUPPORTING FACTS

Petitioner is by education, training, experience and inclination a trial lawyer and Petitioner's Law Office, was equiped for a modern day trial practice.

Petitioner Never, at any time, performed the tasks relating to the above described tasks performed by the administrative lay staff and the two (2) accountants, namely, record keeping, bookkeeping, reconciliation of clients funds accounts, accounting, tax return preparation, probate accounting and reconciliation of clients funds accounts in relation to those tasks.

Petitioner testified he did not practice his profession as a lawyer, and in the same professional context  as a duly appointed Fiduciary, outside his practice area as a trial lawyer.  In any matters  outside Petitioner's practice area, the Petitioner always, at all times, associated with a lawyer's whose practice area involved the subject matter outside Petitioner's practice area, for over forty (40) years of Petitioner's practice of his profession as a licensed lawyer.

The Petitioner testified as to the specific nature of his law practice as a trial lawyer. (See:  trial court testimony of Petitioner, which transcript is incorporated herein by (letter to Petitioner from Elayne L. Maloney) reference.and made part of this Petition and marked as, Exhibit "A").

Petitioner is a former Assistant District Attorney (Norfolk County, Massachusetts, 1960  1966) and nominee of his party (Republican) for District Attorney of Norfolk County, Massachusetts (1966) and Vice President and Director of the Massachusetts Trial Lawyer's Association and active in Bar Associations in the American Bar Association,  American Trial Lawyers Association, National District Attorney's Association, as well as Massachusetts Bar Association and

Norfolk County Bar Association.

Lawyers have constitutional rights as any other occupation
and as a matter of clearly established Federal Laws as determined
by the Supreme Court of the United States, are first class citizens
including the Petitioner, in the instant case, in practicing his
profession as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary, in the context of the First
Amendment to the United States Constitution, and within the meaning
of 28 U.S.C. 2254 (d) (1), in the case at Bar, Factually and Legally.
The issues in this petition are of constitutional magnitude as to
Petitioner's professional conduct as a lawyer.

K.  GROUND ELEVEN

The Petitioner's State of Mind in the criminal case, which
is the subject of this Habeas Corpus Petition, was consistent with
and within the bounds of clearly established Federal Law, as
determined by the Supreme Court of the United States, in practicing
his profession as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary, in the case at Bar, legally
and ethically and entitled to the protection of  the First Amendment
as applicable through the Fifth Amendment and as applicable, to the
Statutes through the Fourteenth Amendments to the United States
Constitution under both the Due Process Clause and the Equal Protection
of the Law Clause.

Petitioner testified at the criminal trial on both direct
and cross examination as to Petitioner's State of Mind, as to Petitioner
professional conduct in practicing his profession as a licensed lawyer
and duly appointed Fiduciary as to whether Petitioner's professional
conduct violated Massachusetts Criminal Statues M.G.L. 266 ss 57;

6  (L)

M.G.L. 266 ss 30; M.G.L. 268 ss 1 (if applicable) and M.G.L.
195 ss 6 (if applicable), which indictments, in this case at
Bar, these Massachusetts Statutes entirely rests, in the instant
case.

     These issues are of <u>Constitutional Magnitude</u> in the
context of Petitioner's exercising his professional Judgment,
under the First Amendment Rights and Freedoms in Petitioner's
professional conduct in practicing his profession as a licensed
lawyer and in the same professional context as a duly appointed
Fiduciary, as to "<u>Lack of Success is Not Proof of Unreasonableness</u>"
<u>at the time the Petitioner exercised his professional Judgment</u>
in Petitioner's <u>total and complete reliance</u> upon the administrative
lay staff of Petitioner's Law Office and the two (2) Certified
Public Accountants, in matters relating to record keeping,
bookkeeping, reconciliation of clients funds accounts, accounting,
tax return preparation, probate accounting and reconciliation of
clients funds accounts in relation to these tasks by these
individuals.  See: <u>Strickland v. Washington 46</u>6 U.S. 688, at
689, 690, 104 s.ct. 2052, 80L.Ed.2d 674 (1984) and the "<u>strong</u>
<u>presumption</u>" that counsel's conduct falls within the wide range
of reasonable professional assistance" It at 689 and in the <u>context</u>
<u>of Petitioner's State of Mind</u> in the context of M.G.L.266 ss 57;
M.G.L. 266 ss 30; M.G.L. 268 ss 1 (if applicable) and M.G.L.
195 ss 6 (if applicable) which Massachusetts Criminal Statutes,
in this case, the indictments entirely rests, in this case before
the Court.  Hindsight is twenty twenty.  The prosecution, in this
case, is based on <u>Second Guessing</u> the <u>professional conduct</u> of the
<u>Petitioner</u> practicing his profession as a licensed lawyer and in

6    (m)

the same professional context as a duly appointed Fiduciary and Petitioner State of Mind in exercising his professional Judgment at the time, in this case, before the Court. To state the obvious, this is a criminal case involving all the Constitutional protections and Petitioner's asserts that substantially Constitutionally Protective conduct as to the substantially constitually over-broad Statutes, M.G.L. 266 ss 57; M.G.L. 266 ss 30; M.G.L. 268 ss 1 ( if applicable) and M.G.L. 195 ss 6 (if applicable), which Massachusetts Statutes are also impermissibly vague, restrict, inhibit, and are contant based prohibitions (see: Ashcroft v. American Civil Liberties Union ~ U.S. ~ ,124 s.ct. 2531 (2004) and cases cited therein) as Petitioner's State of Mind, in exercising his professional Judgment, in practicing his profession as a licensed lawyer and duly appointed Fiduciary, in this case, before the Court, in the context of the Protection of the First Amendment to the United States Constitution.

Thus, the Commonwealth of Massachusetts Appeals Court decision affirming the Judgment of the trial court, in this case, was 'contrary to' clearly established Federal Law, as determined by the Supreme Court of the United States.

SUPPORTING FACTS

The Petitioner's State of Mind in exercising his professional Judgment in practicing his profession as a licensed Lawyer and in the same professional context as a duly appointed Fiduciary, for over twenty (20) years was the Petitioner's trust and confidence and total and complete reliance upon the administrative lay staff of Petitioner's law office, Palmer & Simcock and the two (2) Certified Public Accountants, James Argus of the accounting firm, Argus & Freedman, and Norman Freedman of the same accounting firm of Argus &

later of the accounting firm of Zuber & Freedman, in matters
relating to record keeping, bookkeeping, reconciliation of
client's funds accounts, accounting, tax return preparation,
probate accounting and reconciliation of clients funds accounts
in relation to those tasks.

     Thus, the Petitioner exercised his <u>professional judgment</u>
his <u>state of mind</u>, was in the <u>context of the Petitioner's First</u>
<u>Amendment Rights and Freedom</u>s <u>in Petitoner's professional conduct</u>
in practicing his profession as a licensed lawyer and in the same
professional context as a duly appointed Fiduciary, <u>for over</u>
<u>twenty (20) years</u>, in this case before the Court, was consistant
with and, in accordance with, clearly established Federal Law, as
determined by the Supreme Court of the United States and Petitioner
is Constitutionally protected under the First Amendment as applicable
through the Fifth Amendment and as applicable to the Statutes
through the Fourteenth Amendment to the United States Constitution.

     There was <u>No Specfic Intention,</u> in Petitioner's <u>State of</u>
<u>Min</u>d, in <u>exercising his professional judgment,</u> ans to his <u>total</u>
and <u>complete reliance</u> on the administrative lay staff of Petitioner's
law office, Palmer & Simcock and the two (2) Certified Public
Accountants, in matters relating to record keeping, bookkeeping,
reconciliation of client's funds accounts, accounting, tax return
preparation, probate accounting, and reconciliation of client's
funds accounts, as relates to those tasks, to violate Massachusetts
Criminal Statutes M.G.L. 266 ss 57; M.G.L. 266 ss 30; M.G.L.266 ss 1
(if applicable) and M.G.L. 195 ss 6 ( if applicable). <u>There was no</u>
<u>eviden</u>ce presented that there was a <u>specific intention</u> to violate

6    (o)

these Massachusetts Statutes in this case, upon which the indictments entirely rests, in Petitoner's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as duly appointed Fiduciary in this case, before the Court, in the context of the First Amendment Rights and Freedoms.  The only thing that the Commonwealth of Massachusetts prove was there was a shortfall in the clients funds accounts,  To state the obvious, this is a criminal case involving Petitioner's professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary in the context of the First Amendments Rights and Freedoms that entitled the Petitioner, or any other lawyer to constitutional protections based upon clearly established Federal Law, as determined by the Supreme Court of the United States, that prohibits Second Guessing, and hindsight in Petitioner's professional conduct at the time the act occurred. Hindsight is twenty-twenty (20/20).  The criminal statutes in this case are substantially constitutionally over broad, impermissibly vague, lack standards as constitutionally mandated and restrict inhibit Petitioner's First Amendment Rights in the practice of Petitioner's practice of his professional context as a duly appointed Fiduciary and infringe on Petitoner's First Amendment Rights in Petitioner's professional practice of law as a licensed lawyer and the Massachusetts criminal statutes are Facially Invalid and unconstitutional in the substantially constitutionally protective conduct of the Petitioner's professional conduct in the context of the First Amendment.

6    (p)

L. GROUND TWELVE

        In the context of the First Amendment, as applicable
through the Fifth Amendment and as applicable to the States
through the Fourteenth Amendments to the United States Constitution
and clearly established Federal Law as determined by the Supreme
Court of the United States, and Petitioner's professional conduct
in practicing his profession as licensed lawyer and in the same
professional context as a duly appointed Fiduciary, in which
there was no reconciliation of client's funds accounts bank records
for over twenty (20) tears there was no, none zero evidence that
the bank records of clients funds accounts for a period of seven
(7) years were true and accurate as not one (1) single sworn
witness testified that the clients funds accounts bank records
were true and accurate and not one representative of one bank
where clients funds were held, attested that the bank records were
true and accurate.

        Thus, the criminal trial and the affirmation of the Judgment
by the Massachusetts Appeals Court, rested upon speculation and in
violation of the Petitioner's constitutional Rights under the First
Amendment, as applicable through the Fifth Amendment and as
applicable to the States through the Fourteenth Amendments in this
criminal case involving the Petitioner's good name and reputation,
in practicing his profession as a licensed lawyer and in the same
professional context as a duly appointed Fiduciary, and the good
name of and reputation or Petitioner's Law Associates, his Family
and the legal profession of lawyers practicing their profession
as licensed lawyers who totally and completely rely upon the
administrative lay staff of their law offices and certified public
accountants in matters relating to record keeping, bookkeeping,
reconciliation of clients funds accounts, accounting, tax prepara
tion, probate accounting and reconciliation of clients funds
accounts in relation to those tasks, as in the case at Bar.

                        6    (q)

Based upon clearly established Federal Law as determined by the Supreme Court of the United States (see: Clinton v.City of New York (2002) and in the context of First Amendment Rights and Freedoms as applicable through the Fifth Amendment and as applicable to the States through the Fourteenth Amendments, the prosecution of the Petitioner in his professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, is, and was, an unwarranted intrusion by the government into Petitioner's professional conduct in this criminal case in violation of Petitioner's liberty interest, or 'contrary to' clearly established Federal Law, as determined by the Supreme Court of the United States and within the meaning of 28 U.S.C. 2254 (d) (1).

The Judgment of the Appeals Court, of the Commonwealth of Massachusetts affirming the Judgment of the trial court, the Commonwealth of Massachusetts, Suffolk County Superior Court, was 'contrary to' clearly established Federal law as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C. 2254 (d) (1) and in violation and deprivation in the context of the First Amendment, as applicable through the Fifth Amendments and as applicable to the States through the Fourteenth Amendments to the United States Constitution as the verdict of the untrained ad hoc lay jury, and judgment was based upon <u>speculation</u>, <u>surmise</u> and <u>guesswork</u> that the clients funds bank records of the Petitioner's law office were true and accurate, when, in fact, based upon and disputed established fact, that Petitioner's clients funds bank records were <u>not</u> reconciled for over twenty (20) years (see: trial court Exhibit 156 introduced by <u>both</u> the commonwealth and the Petitioner, which Exhibit is incorporated in this Petition by

6     (r)

reference, and made a part of this petition and marked as Exhibit
"B") and not one single sworn witness testified that the Petitioner's
bank record were true and accurate (clients funds accounts bank
records in this case) and no, none, zero representative of bank
attested that bank records of the Petitioner's clients funds were
true and accurate.  As a matter of clearly established Commonwealth
of Massachusetts Law, case law, as determined by Commonwealth of
Massachusetts Appeals Court (Christopher Armstrong, Chief Justice,
upinion for the court and referred in Petitioner's Application for
Further Appellate Review to the Supreme Judicial Court, in this
case, by the Petitioner acting Pro Se), that Massachusetts banks
are not immune from making mistakes in bank customers bank records
as to bank balance.

Prior to, January 1, 2004, there was no requirement, that
lawyers practicing their profession as Licensed Lawyers, reconcile
clients funds accounts.  Rule 1.15 of the Massachusetts Rules of
Professional Conduct, mandate that as of, January 1, 2004, lawyers
reconcile clients funds accounts at least every sixty (60) days.
This case involving the Petitioner's professional conduct, in this
case, was not subject to changes in Rule 1.15 as of January 1, 2004,
in this criminal case,  However, the Petitioner did establish the
protocol, that all clients funds be reconciled every month,monthly.
The administrative staff was simply too busy on other matters to
reconcile clients funds accounts.  There was no, none, criminal
specific intent to violate any Massachusetts Criminal Statute in
this case by any person.  The Petitioner is not an infallible
lawyer, immune from making mistakes.  The Petitioner is a fallible
lawyer subject to making mistakes, as any other human being.

6   (s)

SUPPORTING FACTS

Consistant with, and in the context of the First Amendment
Rights and Freedoms of the Petitioner practicing his profession
as a licensed lawyer and in the same professional context as a
duly appointed Fiduciary, the Petitioner for over twenty (20)
years in Petitioner's forty (40) years of practicing law as a
licensed lawyer, totally and copletely relied upon  the administrative
law staff of Petitioner's law office, Palmer & Simcock, in matters
relating to record keeping, bookkeeping, reconciliation of clients
funds accounts and two (2) Certified Public Accountants, James
Argus of the accounting firm Argus & Freedman and Norman Freedman
of the same accounting firm and later of the accounting firm of
Zuber & Freedman in matters relating to accounting, tax return
preparation, probate accounting and reconciliation of clients funds
accounts in relation to those tasks.  The Petitioner NEVER, AT
ANY TIME PERFORMED THESE TASKS.

GROUND  THIRTEEN

The Petitioner asserts that there was no, none zero
indictments returned by the Grand Jury, that Petitioner violated
Massachusetts General Law Chapter 268 ss 1 and Massachusetts General
Law Chapter 195 ss 6, or any combination of these Massachusetts
Statutes, in this instant case, in the Petitioner's practice of
profession as a Licensed Lawyer and inthe same profession context
as a duly appointed Fiduciary. Thus, Judgment as to violation
by Petitioner of these Massachusetts Statutes, in the trial court,
and affirmation by the Commonwealth of Massachusetts Appeals Court
Judgment was 'contrary to' clearly established Federal Law as
determined by the Supreme Court of the United States, andwithin
the meaning of 28 U.S.C. 2254 (d) (1), and in violation and
deprivation of Petitioner's constitutional Rights under the First
Amendment ans Sixth Amendment as applicable through the Fifth
Amendment as applicable to the States, through the Fourteenth

Amendments to the United States Constitution.

SUPPORTING FACTS

Based upon certified copies of the indictments, in this
case before the Court, the clerk's office, Commonwealth of
Massachusetts, Suffolk County Superior Court, Boston, Massachusetts,
do not reflect any indictments signed by any Grand Juror, Grand
Juror for person, that the Petitioner was indicted for violating
Massachusetts Criminal Statute Chapter 268 Section 1 or in any
combination with any other Massachusetts Criminal Statute.
Massachusetts Statute Chapter 195 Section 6, is a Civil Statute
that lacks, under clearly established Federal Law, as determined
by the Supreme Court of the United States, and is in violation
of Petitioner's First Amendment and Sixth Amendment as applicable
through the Fifth Amendment and as applicable to the States through
the Fourteenth Amendments to the United States Constitution, or
Massachusetts General Laws Chapter 195 Section 6 does not have
any criminal punishments or the incident of a criminal statute.
Massachusetts General Laws Chapter 195 Section 6, is a civil
Statute NOT a criminal statute and NOT APPLICABLE IN THE CASE
AT BAR, involving Paetitioner' professional conduct, in the context
of the Petitioner's First Amendment Rights and Freedoms, as
applicable through the Fifth Amendment and as applicable to the
States through the Fourteenth Amendments to the United States
Constitution. Massachusetts General Laws Chapter 195 Section 6,
Lacks the essential elements of a criminal statute of intention
and knowledge. The Petitioner, for over twenty (20) years
totally and completely relied upon the administrative lay staff of
his law office, Palmer & Simcock, and two (2) Certified Public
Accountants in matters relating to record keeping, bookkeeping,
reconciliation of clients funds accounts, accounting, tax return
preparation, probate accounting and reconciliation of clients

funds accounts in relation to those tasks.Petitioner never, at
anytime in his forty (40) years of practicing his profession as a
licensed lawyer and in the same professional context as a duly
appointed Fiduciary, performed the above described tasks.

GROUND Fourteen

          This petition is subjec to the Constitutional Standard
in the Supreme Court of the United States held in Chapman,
(Black, J.) as cited in Petitioner's memorandum of Law in
support of Petition for Habeas Corpus under 28 U.S.C. 2254,
as Petition involves issues of Constitutional Magnitude in
Petitioner's professional conduct in practicing his profession
as a licensed lawyer and in the same professional context as a
duly appointed Fiduciary, in the context of the First Amendment,
Rights and Freedoms and as applicable through the Fifth Amendment
and as applicable to the states through the Fourteenth Amendments
to the United States Constitution, and cleary established Federal
Laws as determined by the Supreme Court of the United States and
within the meaning of 28 U.S.C. 2254 (d) (1) in this case before
the  court, and under Strickland v. Washington 466,U.S.668(1984)

as to the Constitutional Standard of Petitioner's professional
conduct in practicing his profession as a licensed lawyer and in
the same professional context as a duly appointed Fiduciary in
this case before the court, which involves issues of constitution
al magnitude, under the First Amendment, as applicable through
the Fifth Amendment, and as applicable to the States through the
Fourteenth Amendments.

                         6     (v)

SUPPORTING FACTS

The Petitioner, for over twenty (20) years, totally and completely relied upon the administrative lay staff of his law office, Palmer & Simcock, and two (2) Certified Public Accountant in matters relating to record keeping, bookkeeping, reconcilia tion of clients funds accounts, accounting, tax return prepara- tion, probate accounting and reconciliation of clients funds accounts in relation to these facts.  Petitioner never, at any time in his forty (40) years of practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, performed these above described tasks.

GROUND FIFTEEN

In the context of the First Amendment, as applicable through the Fifth Amendments and as applicable to the States through the Fourteenth Amendments, asd clearly established Federal Law as determined by the Supreme Court of the United States, N.A.A.C.P. v. Alabama ex rel: Patterson, 357 U.S.449, 28 s.ct. 1163, 2 L.Ed.2d 1488 affirming the right 'to engage in association for the advancement of beliefs and ideas' as to Petitioner's in this case, before the court, and other clearly established Federal Law as determinded by the Supreme Court of the United States, as cited in Petitioner's memoran- dum of Law In Support of Petitioner's Petition for Habeas Corpus within the meaning of 28 U.S.C. 2254 (d) (1), to engage hire, retain and associate with, administrative lay staff of

6    (w)

Petitioner's law office, Palmer & Simcock, para legals, and
two (2) Certified Public Accountants, for over twenty (2)
years and to totally and completely rely upon them in matters
relating to record keeping, bookkeeping, reconciliation of
clients funds accounts, accounting, tax return preparation,
probate accounting and reconciliation of clients funds accounts
in relation to those tasks, in Petitioner's practice of his
profession as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary, in this case before the
court as Petitioner testified to, at the Massachusetts Suffolk
County Superior Court, before the ad hoc lay jury.  The Massa-
chusetts Appeals court decision in this case before the Court,
affirming the trial court Judgment, was 'contrary to' cleary
established Federal Law, as determined by the Supreme Court of
the United States. ·See:  Williams v. Taylor,529 U.S.362, of
404 (2000).  Thus, the Massachusetts Appeals Court deceision is
'contrary to' cleary established Federal Law as the Massachusetts
Appeals Court decision "applied a rule that contradicts the
governing law set forth in the Supreme Courts cases".  See:
Mountjoy v.Warden, New Hampshire State Prison,245 F. 3d,31,
35 (1 st cir, 2001), cerf. denied --U.S.--, 122 S.Ct.1435(2002)
also, the Massachusetts Appeals Court, the Supreme Court case
law directly govern the Petitioner's claim and the Massachusetts
Court got it wrong and was 'contrary to' the Supreme Court case

6    (x)

law.   See, Vieux v. Pepe 184 F 3d 59,63(1st cir.1999),all in

the context of the Petitioner's practice of his profession as

a lecensed lawyer and in the same professional context as a

duly appointed Fiduciary, which in this case, involves issues

of constitutional magnitude in the context of the First Amend-

ment and "without the wide range of reasonable professional

assistance" under the constitutional standards of Strickland v.

Washington 466 U.S. 688,104 S.Ct. 2052,80L.Ed.2d,674 (1984)

Cited in Petitioner's brief before the Massachusetts Appeals

Court.


## SUPPORTING FACTS

The Petitioner, for over twenty (20) years, totally and

completely relied upon the administrative lay staff of his law

office, Palmer & Simcock, and two (2) Certified Public Account-

ants, in matters relating to record keeping, bookkeeping, recon-

ciliation of clients funds accounts, accounting, tax return

preparation, probate accounting and reconciiation of clients

funds accountsin relation to those tasks.   Petitioner never at

any time, in his forty (40) years of practicing his profession

as a licensed lawyer, and in the same professional context as a

duly appointed Fiduciary, performed the above described tasks.

6   (y)

GROUND SIXTEEN

Pursuant to Massachusetts Genergal Laws Chapter 266
Section 40, the trial Judge, without submitting to the jury
in the sentencing phase of the trial, following the jury
verdict of guilty, and without being indicted, impared sen-
tence on the Petitioner, Petitioner being seventy-one (71)
years of age, to sixteen (16) to eighteen (18) years confime-
ment, 'contrary to' clearly established Federal Law, as
determined by the Supreme Court of the United States in Apprendi
v. New Jersey  530, U.S. 466 (2000) as cited in Petitioner's
Applications for Further Appellate Review to the Commonwealth
of Massachusetts Supreme Judicial Court, which was Affirmed in
Blakely  v. Washington ,  ---U.S.-----, 124 S.Ct.1493 (2004),
Which held that a Judge cannot impose a sentence unless each
fact ___ necessary to justify that sentence has been found to
be true by a jury, applying the 'beyond a reasonalbe doubt'
standard of proof , rather than a Judge, applying the much lower
prepondance (519) standard.  Thus, based upon Apprendi and
Blakley, supra, the Petitioner's sentence violated the Sixth
Amendment because it was basedon facts found by Judge rather than
a jury, 'contrary to' clearly established Federal Law, as deter-
mined by the Suprene Court of the United States, in addition the
Petitioner asserts that the trial Judge's sentence amounts to

6   (z)

cruel and unusual  treatment, based upon the age of the

Petitioner, who was born September 16, 1928, at Newton,

Massachusetts, in imparing a sentence of sixteen (16) to

eighteen (18) years, all in violating the cruel and unusual

clause of the United States Constitution, and as referred to

in Petitioner's memorandum of Law In Support of Petition for

Habeas Corpus.

The Petitioner pleaded Not guilty  to the indictments,

which rests entirely upon Massachusetts General Laws Chapter

266 Section 57, Massachusetts General Laws Chapter 266 Section

30 and Massachusetts General Laws Chapter 268, Section 1 (if

applicable)as stated supra) and Massachusetts General Laws

Chapter 195 Section 6 (if applicable) a stated supra., in his

professional conduct in practicing his profession as a licensed

lawyer and in the same profession context of his First Amendment

Rights and Freedoms, as applicable through the Fifth Amendment

and as applicable to the states through the Fourteenth Amendments

to the Unites States Constitution, and clearly established Federa

Law as determined by the Supreme Court of the United States.

Thus, the sentence impared by the trial Judge was "contrar

"contrary to clearly established Federal Lsaw as determined by

the Supreme Court of the United States and within the meaning of

28 U.S.C. 2254 (d) (1) in the instant case before the Court.

6  (z)  (1)

SUPPORTING FACTS

The Petitioner was not indicted as to Massachusetts
General Laws Chapter 266 Section 40, and never has been.  The
Petitioner, in this case testified as to his type of conduct,
and his specific role  in practicing his profession as a
licensed lawyer and in the same professional context as a duly
appointed Fiduciary, and in the context of Petitioner' First
Amendment Rights and Freedoms, as applicable through the Fifth
Amendment and as applicable to the States through the Fourteenth
Amendments to the United States Constitution, and clearly
establihed Federal Law, as determined by the Supreme Court of
the United States.

The Blakely  decision is important  as it puts the
sentence on the facts   actually found by the jury to be true.
Thus, the correct way to interpret Apprendi is factually, and
the way and manner  the Supreme Court of the United States
interpreted it in Blakely.

Thus, in the context of the First Amendment in the
instant case, the Petitoner, inpracticing his profession as a
licensed lawyer and in the same professional context as a duly
appointed Fiduciary,for over twenty (20) years, totally and com-
pletely relied upon the administrative lay staff of Petitioner;s
law office, Palmer & Simcock, and two (2) Certified Public Accoun
tants, in matters relating to record keeping, bookkeeping, recon-
ciliation of clients funds accounts, accounting, tax return

6  (z) (2)

preparation, probate accounting, and reconcilation in rela-
tion to those tasks.  The Petitioner, inhis forty (40) years
of practicing his profession as a licensed lawyer and in the
same professional context as a duly appointed Fiduciary,
never, at any time, performed the above described tasks.

Thus, the sentence impared on the Petitioer  was
'contrary to' clearly established Federal Law, as determined
by the Supreme Court of the United States and unconstitutional,
in violation of Petitioner's Sixth (6th) Amendment Rights.

GROUND SEVENTEEN

The Petitioner, in addition to the claim, in the context
of the First Amendment, as applicable through the Fifth Amend-
ment to the United States Constitution clearly established
Federal Law as determined by the Supreme Court of the United
States in the Petitioners professional conduct in practicing
his profession as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary, as the Massachusetts
Criminal Statutes, in this case, M.G.L. 266 section 57, M.G.L.
266 section 30; M.G.L. 268 section 1 (if applicable) and M.G.L.
195 section 6 (if applicable) are facially invalid and as
applied to Petitioner's  professional conduct, in the context
of the First Amendment Rights and Freedoms, involve substanti-
ally constitutionally protective conduct of Petitioner's pro-
fessional conduct and these Massachusetts Statutes are
substantially unconstitutionally overbroad, IMPERMISSIBLY
VAGUE, RESTRICTIVE, INHIBITED, CONTAINS PROHIBITIONS.  These

6  (z)  (3)

Massachusetts Statutes are <u>standardless</u> and 'contrary to'
clearly established Federal Law, as determined by the Supreme
Court of the United States, see City of Chicago v. Morales,
523 U.S.1071, 118 S.Ct.1510, 140 L.Ed.2d 664 (1998), held a
penal law is void for vagueness if it fails to "define the
criminal offense within sufficient definitence that ordinary
people can understand what <u>conduct</u> is prohibited of fails to
<u>establish guidelines</u> to prevent "arbitrary and discrimina-
tury enforcement of the Law, Kolender v. Lawson, 461 U.S. 352
357,103 S.Ct. 1855 175 L.Fed 2d 903 (1983) , of these, "the
most important aspect of the vagueness doctrine is" the require-
ment that a legislature establish minimal guidelines to govern
law enforcement" Fed. at 358, 103 S.Ct. 1855 (quoting Smith v.
Goguen, 415 U.S.566,574,575, 94 S.Ct.1242,39L.Fed 2d 605 (1974).
A criminal Law, however, must <u>not</u> permit policeman, prosecutors,
and <u>JURIES</u> to conduct a standardless to pursue their personal
predilections. Kolender v. Lawson, Supr. at 358, 103 S.Ct. 1855
(quoting Smith V. Goguen, Supror, at 575, 94 S.Ct. 1242, which
occurred in the case at Bar, in the context of the Petitioner's
asserted First Amendment Rights and Freedoms in the practice of
his profession as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary. These Statutes are un-
constitutional and 'contrary to' cleary established Federal Law
as determined by the Supreme Court of the United States.

6    (z)    (4)

SUPPORTING FACTS

The Commonwealth of Massachusetts Suffolk County
Superior Court jury verdict, upon which the indictments , in
the instant case, rests entirely upon Massachusetts General
Laws Chapter 266 Section 57; M.G.L. Chapter 266 Section 30;
M.G.L. Chapter 268 section 1 (if applicable) and M.G.L. Chap-
ter 195 section 6 (if applicable), are "broad and sweeping"
Massachusetts Statutes that lack standards and are Statutes
that violate the requirement that a legistrature establish
minimal guidelines to govern law enforcement, as applied to
Petitioner's professional conduct in practicing his profession
as a licensed lawyer and in the same professional context as a
duly appointed Fiduciary, and in the context of the First
Amendment, as applicable through the Fifth amendant and as
apolicable to the States through the Fourteenth Amendants to
the United States Constitution, in Petitioner's total and com-
plete reliance, for over twenty (20) years, in Petitioner's
forty (40) years of hispractice of law as a licensed lawyer and
duly appointed Fiduciary, upon the administrative lay staff of
Petitioner's law office, Palmer & Simcock, in matters relating
to record keeping, bookkeeping, reconciliation of clients funds
accounts and two (2) Certified Public Accountants, James Argus
of the accounting firm of Argus & Freedman and Norman Freedman
of the same accounting firm and later of the accounting firm

6    (z)    (5)

of Zuber & Freedman in matters relating to accounting, tax return
preparation, probate accounting and reconciliation of clients
funds accounts in relation to those tasks.

The Petitioner never, at any time,  performed these tasks
and asserts the constitutional protection of the First Amendment
as applicable through the Fifth Amendment and as applicable
to the States through the Forteenth Amendments  to the United
States Constitution, in this case, before the Court.  The Peti-
tioner asserts that the Appeals Court Judgment, affirming the
Suffolk County Superior Court Judgment, was 'contrary to' clearly
established Federal Law, as determined by the Supreme Court of
the United States, as the Judgments are standardless and uncon-
STITUTIONAL , and within the meaning of 28 U.S.C. 2254 (d) (1).
GROUND  EIGHTEEN

The Petitioner in this case, before the Court,involving
the Petitoner's professional conduct in practicing his profession
as a licensed lawyer and in the same professional context as a
duly appointed Fiduciary, asserts the Constitutiona protection of
the First Amendment as applicable through the Fifthe Amendment
and as applicable to the States through the Fourteenth Amendments
to the United States Constitution and clearly established Federal
Law, as determined by the Supreme Court of the United States in
the exercise of Petitioner's Professional Judgment. "Authorztive
interpretations of the First Amendment guarantees have consistent
ly refused to recognize an exception for any test of truth,

6  (z)  (6)

whether administered by Judges, Juries or administrative official and especially one that puts the burden of proving truth on the speaker". See New York Times Co., v. Sullivan 376 U.S.254,84 S. Ct. 710, 11L Ed. 2d,686."It makes no difference that the instant case was not a criminal prosecution and not based on a refusal to comply with a licensing requirement. The objectionable quality of vagueness and overbreath does not depend upon absence fair notice to criminally accused or upon unchanneled delegation of legislative powers, BUT UPON THE damger of tolerating 'in the area of the First Amendment Freedoms, the existence of a penal Statute susceptible of sweeping and improper application"  See N.A.A.C.P. v. Button, 371,U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). "These Freedoms are delicate and vulnerable,as well as supremely precious in our society. The threat of sanctions may deter their exercise almost as potently as the actual applica- tion of sanctions".   "Because First Amendment Freedoms need breathing space to survive, government may regulate in the area only with narrow specificity". N.A.A.C.P. v. Button, Supra.

Criminal Statutes must scrutinize with particular care, those that make unlawful a  substantial amount of constitution- ally protected conduct may be held facially invalid even if they also have legitimate applications ".  Houston v. Hill 482, U.S. 451, 107 S.Ct. 2502, 96L.Ed 2d 398 (1987).

"The government 'cannot constitually premise legislation on the desirability of  controlling a person's private thoughts".

6    (z)    (7)

"First Amendment Freedoms are most in danger when the government
seeks to control thought or to justify its laws for that impermissable
end." See, Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122
S.Ct. 1389, 152 L.Ed.2d.403 (2002).  Thus there was no, none s
specific intention by the Petitioner in the context of Petitioner's
First Amendment rights and freedoms in the practice of his
profession as a licensed lawyer and in the same professional
context as duly appointed Fiduciary to violate the essential l
element of specific intention to deprive any person of their
property permantently under the Massachusetts Criminal Statutes,
M.G.L. 266 section 57, M.G.L. 266 section 30, and M.G.L. 268
section 1 (if applicable) and M.G.L. 195 section 6 (if applicable)
and there was no evidence presented as to specific intention
by the Petitioner to deprive any person of their property
permanently, in this case before the Court.  Thus,"the course
of our decisions in the First Amendment area make plain that
its protection would apply fully to these who would arouse our
society against the objections of the Petitioner."  For the
Constitution protects expression and association without
regard to the race, creed or political or religious affiliation
of the members of the group which invokes its shield, or to the
truth, popularity or social utility of the ideas or beliefs
which are offered."  N.A.A.C.P. v. Button, 371 U.S. 415,83 S.Ct.
328 (1963);

        "Lawyers also enjoy First Class Citizenship." See,
Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625,17 L.Ed.2d. 574(1967).
Thus, the decision of the Massachusetts Appeals Court affirming
the Massachusetts Suffolk County Superior Court, the trial court,
Judgment, was 'contrary to' clearly established Federal Law as
determined by the Supreme Court of the United States, and within
the meaning of 28 USC 2254 (d) (1).

                        b  (z) (8)

## SUPPORTING FACTS

The Petitioner testified, that in the course of
practicing his profession as a licensed lawyer and in the same
professional context as a duly appointed Fiduciary, for over
twenty (20) years, in his forty (40) years of practicing law
as a licensed lawyer, totally and completely relied upon the
administrative lay staff of Petitioner's law office, Palmer
& Simcock, in matters relating to record keeping, bookkeeping,
reconciliation of clients funds accounts and two (2) certified
Public Accountants, James Argus of the accounting firm Argus &
Freedman and Norman Freedman of the same firm and later of the
accounting firm of Zuber & Freedman, in matters relating to
accounting, tax return preparation, probate accounting and
reconciliation of clients funds accounting in relation to those
tasks.  The PETITIONER NEVER PERFORMED THE ABOVE DESCRIBED TASKS.
The administrative lay staff did not reconcile clients funds
accounts for over twenty (20) years, as they were simply too
busy with other assigned tasks, and there was no requirement
under Massachusetts Rules of Professional Conduct, until
January 1, 2004, that mandated lawyers reconcile clients funds
accounts.  The fact is that two (2) certified public accountants
as described above, supra, did not reconcile clients funds
accounts in performing the above described tasks for the
Petitioner, and his clients, for over twenty (20) years.

The Petitioner is, by education, training and experience
and inclination a trial lawyer and his law office was equipped
for a modern day trial practice.  The Petitioner described
his law practice in his testimony before the ad hoc lay jury.

At all times the Petitioner was engaged in constitution-
ally protected conduct under the First Amendment Rights and
Freedoms of a lawyers practice of his profession as a licensed
lawyer and in the same professional context as a duly appointed
Fiduciary, for over twenty (20) years in this case before the court.

6  (z)  (9)

GROUND NINETEEN

The Petitioner, Walter E. Palmer, in this Petition,
asserts, on all claims, in this petition, the "Chapman"
standard, as declared and held in Chapman v. California,386
U.S. 18 (1967), which standard applies to errors of "Constitu-
tional Magnitude" that are prejudicial unless the error was
"harmless beyond a reasonable doubt" in this, the Petitioner's
direct (First) appeal, together with and in the context of
the First Amendment Rights and Freedoms, as applicable to the
Federal government through the Fifth Amendment, and as applicable
to the States through the Fourteenth Amendments of the United
States Constitution, and clearly established Federal Law, as
determined by the Supreme Court of the United States, in
Petitioner's professional conduct, in practicing his profession
as a licensed lawyer and in the same professional context as a
duly appointed Fiduciary, in Petitioner's exercise of First
Amendment Rights in the exercise of Petitioner's professional
judgment, at the time, in his practice of law, as a licensed
lawyer, when judged in relation to Commonwealth of Massachusetts
Criminal Statutes, M.G.L. Chapter 266 section 57; M.G.L.266
section 30; M.G.L. 268 section 1 (if applicable) and M.G.L.
195 section 6 (if applicable), that are substantially uncon-
stitutionally overbroad, impermissibly vague and inhibit,
restrict and contain content based prohibitions, and violate
Petitoner's First Amendment Rights in Petitioner's practice
of law as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary as to Petitioner's
subst antially constitutionally protective professional conduct
in this case at Bar, before the Court.

6  (z)  (10)

SUPPORTING FACTS

The Petitioner, for over twenty (20) years, in his professional conduct, as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, totally and completely relied upon  the administrative lay staff of Petitoner's law office, Palmer & Simcock, in matters relating to record keeping, bookkeeping, reconciliation of clients funds accounts and two (2) Certified Public Accountants, James Argus of the accounting firm Argus & Freedman and Norman Freedman of the same accounting firm and later of the accounting firm of Zuber & Freedman, in matters relating to accounting, tax return preparation, probate accounting, and reconciliation of clients funds accounts in relation to those tasks.

The Petitioner, never, at any time, performed the above described tasks.  The Petitioner's administrative lay staff ( see:  trial court Exhibit 156 introduced into evidence by both the Commonwealth and the Petitioner and marked as Exhibit "B" ).  The two (2) Certified Public Accountants, as cited Supra, did NOT for over twenty (20) years reconcile clients funds accounts of the Petitioner's Law Office.

There was no requirement that Massachusetts lawyers reconcile clients funds accounts until, January 1, 2004, Rule 1.15 of the Massachusetts Rules of Professional Conduct was changed and amended mandating that Massachusetts lawyers reconcile their clients funds accounts at least every sixty (60) days.

The Commonwealth of Massachusetts did not present any evidence that Petitioner violated any govenment legal standard or any standard, or essential element of specific intention of the Massachusetts Criminal Statutes, in this case

6    (z)    (11)

M.G.L. 266 section 57; M.G.L. 266 section 30; M.G.L.268
section 1 (if applicable); M.G.L. 195 section 1(if applicable)
as to Petitioner's professional conduct in practicing his
profession as a  licensed lawyer and in the same professional
context as a duly appointed Fiduciary, in this case, before
the Court, or any essential element, under these Massachu-
setts Criminal Statutes as to knowledge in the context of
the Petitioner's total and complete reliance upon the
administrative lay staff and the two (2) Certified Public
Accountants, as described Supra.

    The Petitioner's trial court testimony, in this case,
is incorporated herein and made a part of this claim by
reference and marked as Exhibit "A".

    There were no,none, zero evidence that the Massachu-
setts bank records of the Petitioner's clients funds accounts
which were limited to seven (7) years, were true and accurate,
and no bank attested that clients funds bank records were
true and accurate.

GROUND TWENTY

    The Petitioner, Walter E. Palmer,  in this petition,
asserts on all claims, in this petition, the "Strickland"
standard, as declared and held in Strickland v. Washington,
466 U.S. 688,104 S.Ct.2052, 80 L.Ed.2d. 674 (1984) as to
Petitoner's professional conduct in practicing his profession
as a licensed lawyer and in the same professional context as
a duly appointed Fiduciary, together with and in the context
of the First Amendment Rights and Freedoms, as applicable to
the Federal Government through the Fifth Amendment and as
applicable to the States through the Fourteenth Amendment,
in Petitioner's exercise First Amendment Rights as clearly
established by Federal Law, as determined by the Supreme Court

of the United States, in Petitioner's exercise of professional
judgment, at the time, in his practice of law as a licensed
lawyer, when judged in relation to Commonweal of Massachusetts
criminal statutes, M.G.L. Chapter 266 section 57; M.G.L. Chapter
266 section 30; M.G.L. Chapter 268 section 1 (if applicable);
and M.G.L. Chapter 195 section 6 (if applicable), that are
substantially unconstitutionally overbroad, impermissibly
vague and inhibit, restrict and contain content based
prohibitions, and violate Petitioner's first Amendment Rights
in Petitioner's practice of Law as a licensed lawyer and in
the same professional context as a duly appointed Fiduciary,
as to Petitoner's <u>constitutionally protective professional
conduct</u>, in this case at Bar, before the court.

<u>SUPPORTING FACTS</u>

        Petitioner, in this petition, relies upon standard, in
Strickland, Supra, in his professial conduct in practicing his
profession as a licensed lawyer and in the same professional
context as a duly appointed Fiduciary, and under the
First Amendment rights and Freedoms as applicable through the
Fifth Amendment and as applicable to the States through the
Fourteenth Amendment, and clearly established Federal Law, as
determined by the Supreme Court of the United States.'

        The prosecution in this case, seeks to criminalize
Petitioner's professional conduct in the practice of his
profession as a licensed lawyer and duly appointed Fiduciary
'contrary to' clearly established Federal Law as determined by
the Supreme Court of the United States by <u>Second-guessing</u> in
<u>hindsight</u> the exercise of Petitioner's professional judgment,
in Petitioner's total and complete reliance upon the administra-
tive lay staff of Petitoner's Law Office, Palmer & Simcock in
matters relating to record keeping, bookkeeping, and reconcili-
ation of clients funds accounts and two (2) Certified Public

Accountants, James Argus of the accounting firm of Argus and
Freeman and Norman Freedman of the same accounting firm and
later of the accounting firm of Zuber & Freedman, in matters
relating to accounting, tax return preparation, probate account
ing, and reconciliation of clients funds accounts in relation
to those tasks.

    <u>Hindsight is twenty-twenty.</u>

    Prosecution in this <u>criminal case</u> before the Court,
was, and is, no more than attempt to act after the fact, in
second-guessing, in hind sight professional judgment, as
described Supra herein, at the time of Petitioner's, was
a violation of  the Massachusetts Criminal Statutes, M.G.L.
Chapter 266 section 57; M.G.L. Chapter 266 section 30; M.G.L.
Chapter 268 section 1 (if applicable) and M.G.L.Chapter 195
section 6 (if applicable), when Petitioner's professional
conduct was <u>neither novel nor implausible</u>, but within the
wide range of reasonable professional assistance, and there
was no none, zero violation by the Petitioner of any governing
legal standard or any standard of professional conduct by
Petitioner in practicing his profession as a licensed lawyer
and in the same professional context as a duly appointed
Fiduciary in this case. <u>Nor was there</u> a violation of any
Statutary essential elements of <u>Specific Intention</u> to deprive
any person permantly of  their property and knowledge, based
upon the Petitioner's total and complete reliance upon the
administrations lay staff who were simply too busy on other
tasks to reconcile clients funds accounts (despite the fact,
there was no requirement upon Massachusetts rules of professional
conduct to do so, until <u>January 1, 2004</u>, when Rule 1:15 of
Massachusetts Rules of Professional Conduct mandated that
lawyers reconcile their clients funds accounts at least
every sixty (60) days).

6    (z)    (14)

Lawyers are First Class citizens and under the First
Amendment have <u>Freedom of Association</u> in the practice of
their profession as licensed lawyers in matters relating to
professional assistance of paralegals, administrative lay
staff and certified public accountants in matters relating to
record keeping, bookkeeping, reconciliation of clients funds
accounts, accounting, tax return preparation, probate account
ing and reconciliation of clients funds accounts in relation
to those tasks, as in the case at Bar, in which the Petitioner
for over twenty (20) years totally and completely relied upon
administrative lay staff and certified public accountants.

This case represents, based upon clearly established
Federal Law, as determined by the Supreme Court of the United
States, an unwarranted intrusion by the Commonwealth of
Massachusetts seeking to <u>criminalize the Petitioner's professional</u>
<u>conduct</u> of the PEtitioner's conduct in practicing his profession
as a licensed lawyer and in the same professional context as
a duly appointed Fiduciary in violation of Massachusetts
Criminal Statutes, as cited Supra, under the Constitutional
standard of <u>Strickland V. Washington</u>, cited Supra, and
Petitioner' Constitutional protection under the First Amendment
Freedom of Association.

<u>GROUND TWENTY ONE</u>

This case involving the professional conduct of the
Petitioner practicing his profession  as licensed lawyer and
in the same professional context as a duly appointed Fiduciary,
is an attack on the very core of the First Amendment to the
United States Constitution.  Tnus, local communities and the
States could not simply be left to decide what the First
Amendment means as to lawyers Constitutional  protection
under the First Amendment as applicable through the Fifth²
Amendment and as applicable to the states through the Fourteenth
Amendments to the United States Constitution and clearly
established Federal Law, as determined by the Supreme Court

6  (z)  (15)

of the United States.

Thus, respectfully, it would be absurd to decide
cases on the basis of local standards looking for fifty (50
separate First Amendment Standards based on local standards
concerning the professional conduct of a licensed lawyer
practicing his/her profession as a licensed lawyer and in
the same professional context as a duly appointed Fiduciary,
as in the case at bar involving Petitioner's professional
conduct.

"Article V1"of the Constitution makes the constitution
the"Supreme Law of the Land" I Chief Justice Marshall, speak
ing for a unanimous court, referring to the constitution as
'the fundamental and paramount Laws of the Nation', declared
in the notable case of Marbury v. Madison, 1 cranch 137,177,
2 L.Ed.60, that "It is emphatically the province and duty of
the Judicial Department to say what the Law is. This decision
declared the basic principle that the Federal Judiciary is
Supreme in the exposition of the Law of the Constitution, and
that principle has, ever since, been respected by this Court
and the Country as a permanent and indispensable feature of
our Constitutional  system ". . . and Article v1 of the Con-
stitution makes it of binding effect on the States anything
in the Constitution or Laws of any State to the contrary Not
withstanding.  See, Cooper v. Aaron, 358 U.S. 1, 78 S.Ct.1401
3 L.Fd.2d.19 (1958).

Thus, as in the instant case, involving Massachusetts
Statutes, M.G.L. Chapter 266 section 57; M.G.L. Chapter 266
section 30; M.G.L. Chapter 268 section 1 (if applicable) and
M.G.L. Chapter 195 section 6 (if applicable) and in the context
of the First Amendment protection of Petitioner's and other

6 (Z)  (16)

lawyers, professional conduct in practicing their  profession
as licensed lawyers, and in the same professional context as
a duly appointed Fiduciary,where these Statutes are substantially
unconstitutionally overboard and impermissibly vague as  these
Massachusetts Statutes are restrictive, inhibit and are content
based prohibitions and thus, are facially invalid and "the
opportunity for abuse, especially whwre a Statute has received
a virtually open ended interpretation, is self evident".
Board of Airport Commissioners of City of Los Angeles v Jews
for Jesus, Inc. 482 U.S. 569,107 S.Ct.2568, 96L.Ed.2d.500(1987)
citing Lewis v. City of New Orleans, 415 U.S. 130,135 136,
94 S.Ct.970,973,39 L.Ed.2d214 (1974) ; Houston v. Hill,482U.S.
451 of 465, 107,S.Ct.2502, 96L.Ed 2d 398 (1987); Kolender V.
Lawson, 461 U.S. 352,358,103 S.Ct.1855,1858,75L.Ed.2d 903(1983),
"under the First Amendment overbreath doctrine, and individual
whose own speech or conduct may be prohibited is permitted to
challenge a Statute on its face", because it also threatens
others not before the court...those who desire to engage in
legally protected expression but who may refrain from doing
so rather than risk prosecution or undertake to have the law
declared partially invalid" Brockett v. Spokane Accodes,Inc.
472,U.S.491,503,105 S.Ct.2794,86 L.Ed.2d 394 (1985).  See also
Coates V. Cincinnati, 402,U.S. 611, 91 S.Ct.1686,29 L.Ed.2d 214
(1971).

    "It makes no difference that this instant case was not a
criminal prosecution and not based on a refusal to comply
with a licensing requirement. The objectionable quality of
vagueness and overbreath does not depend upon absence of fair
notice to a criminally accused or upon unchanneled delegation
of legislative powers, but upon the danger of tolerating in
the area of First Amendment Freedoms, the existence of a
penal statute susceptible and sweeping and improper application".
These freedoms are delicate and vulnerable, as well as supremely

6 (z)    (17)

precious in our society.  The threat of sanctions may deter
their exercise almost as potently as the amendment freedoms
need breathing space to survive.  Government may regulate in
the area only with narrow specificity". N.A.A.C.P. v. Button,
371 U.S. 415,S.Ct. 328, 9L.Ed.2d. 405 (1963). "We  have poised
the point where litigation is regarded as an evil that must
be avoided if some accommodation short of a lawsuit can
possibly be worked out.  Litigation is often the desirable
and orderly way of resolving disputes of broad public signifi
cance, and of obtaining vindication of fundamental Rights.
N.A.A.C.P.v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d
405 (1963), Supra.

        "Lawyers also enjoy First class citizenship:.  "The
Fourteenth Amendment secures against State invasion, the
same privilege that the Fifth Amendment guarantees against
Federal infringement. . ."  "It is the duty of Courts to be
watchful for the Constitutional Rights of the Citizen, and
against any stealthy encroachments thereon."  Spevak v. Klein,
385 U.S. 511, 87 S.Ct. 625 (1967&).  Citing Boyd v.United
States, 116 U.S. ct. 635, 6 S.Ct.at 535.

        Thus, the Commonwealth of Massachusetts decision
affirming the Massachusetts Suffolk County Superior Court,
(the trial court), was 'contrary to' clearly established
Federal Law as determined by the Supreme Court of the United
States, in the case at bar, before this Court, and within
the meaning of 28 U.S.C. 2254 (d) (1).

SUPPORTING FACTS

        The Petitioner, in this case, before the court,
testified, before the untrained ad hoc lay jury -under direct
and cross examination, as to his professional conduct in
practicing his profession as a licensed lawyer for over forty
(40) years.

                        6   (z)    (18)

The Petitioner, for over twenty (20) years, totally and completely relied upon the administrative lay staff of his law office1, Palmer & Simcock, in matters relating to record keeping, bookkeeping, and clients funds account reconciliation and two (2) Certified Public Accountants, James Argus of the accounting firm Argus & Freedman and Norman Freedman of the same accounting firm and later of the accounting firm of Zuber & Freedman in matters relating to accounting, tax return preparation, probate accounting and reconciliation of clients funds accounts in relation to those tasks.

Neither the administrative lay staff of Petitioner's law office, or the above noted certified public accountants, did not reconcile Petitioner's clients funds accounts for over twenty (20) years. See trial court Exhibit number 156, offered into evidence as an Exhibit by both the Commonwealth of Massachusetts and the Petitioner , which exhibit is incorporated in this petition by reference and made a part there of and marked as Exhibit "B".

Under the Massachusetts Rules of Professional Conduct, Rule 1;15, up to January 1, 2004, there was no requirement that lawyers must reconcile clients funds accounts,. As of January 1, 2004, under the Massachusetts Rules of Professional Conduct, Rule 1:15, it is mandated that lawyers reconcile clients funds accounts, at least every sixty (60) days.

The clients funds accounts bank records, of the Petitioner, were available from the banks for the limited period of seven (7) years ,of the twenty (20) year period, that no reconciliation was performed. Not one (1) single sworn witness testified that the clients funds bank records at the trial, were true and accurate, and not one (1) clients funds accounts banks of deposit, where clients funds accounts were maintained, attested that bank records were true and accurate.

6   (z)    (19)

As a matter of clearly established Massachusetts Law,
Massachusetts banks are not immune from making mistakes.  See
Petitioner's application to Massachusetts Supreme Judicial
Court, for further Appellate review and Petitioner's memoran-
dum of law in support of Petitioner's Petition for Habeas Corpus.

The Petitioner never performed the tasks, at any time,
of record keeping, bookkeeping, reconciliation of clients
funds accounts, accounting, tax return preparation, probate
accounting.  In the context of the First Amendment, in his
practice of law as a licensed lawyer assigned those tasks to
the administrative lay staff of his office and the two (2)
certified public accountants, as described Supra, for over
twenty (20) years, and prior to that period totally and
completely relied upon the managing law partner of his law
office, Attorney Lawrence F. Simcoc, a member of the Massachu-
setts Bar.

In the context of the First Amendment Rights and
Freedoms, the Petitioner asserts, factually, that his
professional conduct in practicing his profession as a
licensed lawyer and the same professional contest as a duly
appointed Fiduciary, in this case at bar, before the Court.
was neither novel nor implausible, but was footed in traditions
and practice of lawyers of long standing, and was within the
wide range of reasonable professional assistance, at the time
of Petitioner's professional conduct, performance in
Petitioner's total and complete reliance upon the administrative
lay staff of Petitioner's law office in matters relating to
record keeping, bookkeeping, reconciliation of clients funds
accounts and the two (2) certified public accountants, as
described  Supra, in matters relating to accounting, tax return
preparation, probate accounting and reconciliation of clients
funds accounts in relation to those tasks, was not in violation

6  (z) (20)

of Massachusetts Criminal Statutes, M.G.L. Chapter 266 sec.57;
M.G.L. Chapter 266 section 30; M.G.L. 268 section 1 (if applicable)
and M.G.L. Chapter 195 section 195 section 6 (if applicable),
which Massachusetts Criminal Statutes, in the inst ant case,
the indictments entirely rest upon.

Petitioner' trial court testimoney is incorporated herein
that claim and supporting facts, by reference as to Exhibit "A"
(a copy of Petitioner's trial court testimoney) and made a part
of this petition.

"The First Amendment protects vigorous advocacy certainly
of lawful ends against governmental intrusion".

The Petitioner asserts that these Massachusetts Criminal
Statutes, as applied to him, in this case at bar, and other
lawyers, abridges the Freedoms of the First Amendment against
Commonwealth of Massachusetts action by the Fourteenth
Amendments to the United States Constitution as these Massachu-
setts Criminal Statutes infringes on Rights of  the Petitioner3,
and other lawyers to associate with Petitioner Administrative
lay staff and certified public accountants, for the purpose
of assisting Petitioner as a licenced lawyer in the practice
of his profession as a licensed lawyer and in the same
professional context as a duly appointed Fiduciary, 'contrary to'
clearly established Federal Law, as determined by the Supreme
Court of the United States, and within the meaning of 28 U.S.C.
2254 (d) (1), in this case before the court.

GROUND TWENTY-TWO

In the event the court judicially determines that the
"Chapman" Standard, as declared and held by the Supreme Court
of the United States in  Chapman v. California, 386 U.S. 18(1967)
is not applicable to Petitioner's claims, under this petition
as Petitioner has previously asserted, in this petition,
because this petition involving the Petitioner's professional
conduct in practicing his profession as licensed lawyer and in

6 (z)  (21)

the same professional context as a duly appointed Fiduciary,
in which Petitioner asserts the Constitutional protection of the
First Amendment Rights and Freedoms as applicable through the
Fifthe Amendment and as applicable to the States through the
Fourteenth Amendments to the United States Constitution and
clearly established Federal Law, as determined by the Supreme
Court of the United States, involving errors of "Constitutional
Magnitude", then, in that event, the Petitioner, as an alternative
Standard, asserts the "Brecht" Standard as declared and held by
the Supreme Court of the United States in Brecht v. Grahamson,
507 U.S. 619(1993) which is the "default" Standard for Consti-
tutional error which occurred at trial and which errors had a
"substantial and injurious effect in determining the jury's
verdict", together with the Petitoner's asserted claim and
rights under the First Amendment Rights and Freedoms as applicable
through the Fifthe Amendment and as applicable to the States
through the Fourteenth Amendments of the United States Constitution
in and clearly established Federal Law, as determined by the
Supreme Court of the United States, as to Petitioner's pro-
fessional conduct in practicing his profession as a licensed
lawyer and in  the same professional context as a duly appointed
Fiduciary, in this case at Bar, before the Court.

SUPPORTING FACTS

For over twenty (20) years, the Petitioner, Walter E.
Palmer, in his professional conduct in practicing his profession
as a licensed lawyer and in the same professional context as a
duly appointed Fiduciary, totally and completely relied upon the
administrative lay staff of Petitioner's law office, Palmer &
Simcock, in matters relating to record keeping, bookkeeping,
reconciliation of clients funds accounts and two (2) certified
public accountants, James Argus, of the accounting firm of
Argus & Freedman and Norman Freedman of the same accounting firm
and later of the accounting firm of Zuber & Freedman in matters
relating to accounting, tax return preparation, probate account
ing, and reconciliation of clients funds accounts in relation to

those tasks.

The Petitioner never, at any time, performed those above described tasks in his forty (40) years of practicing law as a licensed lawyer and in the same professional context as a duly appointed Fiduciary.

Both the administrative lay staff of Petitioner's law office or the above noted two (2) certified public accountants, did not for over twenty (20) years reconcile clients funds accounts of Petitioner's law office.

Until, January 1, 2004, there was no requirement under Massachusetts Rules of Professional conduct, Rule 1:15, that lawyers were required to reconcile clients funds accounts. As of, January 1, 2004, Rule 1:15 of theMassachusetts Rules of Professional Conduct mandate that lawyers reconcile Clients funds accounts at least every sixty (60) days.

The Petitioner testified on his own behalf before the untrained ad hoc lay jury, on both direct and cross examination as to his professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary. The Petitioner incorporates by reference to this Petition the Petitioner's trial court testimony which is marked as Exhibit "A" and trial court Exhibit 156 which is marked as Exhibit "B" which was introduced by both the Commonwealth of Massachusetts and Petitioner that reconcilation of clients funds accounts were not reconciled for over twenty (20) years.

Not one (1) sinqle, sworn witness testified that clients funds accounts, of Petitioner's law office, which were limited to seven (7) years, were true and accurate and no bank representative attested that clients funs accounts bank records of Petitoner's law office, were true and accurate.

6   (z)    (23)

Clients funds bank accounts records of Petitioner's law office were not available from banks beyound seven (7) years.

The Petitioner in practicing his profession as a licensed lawyer did not violate any governing legal standard or any standard, or essential elements, under the Massachusetts Criminal Statutes, M.G.L. Chapter 266 section 57; M.G.L. Chapter 266 section 30; M.G.L. 268 section 1 (if applicable) and M.G.L. Chapter 195 section 6 (if applicable) of specific intention to deprive any person permanently of their personal property and knowledge based upon Petitioner's total and complete reliance upon the administrative lay staff of Petitoner's law office, and two (2) certified public accountants, as cited Supra.

Petitioner asserts that in the context of the First Amendment as applicable through the Fifthe Amendment and as applicable to the Fourteenth Amendments to the United States Constitution and clearly established Federal Law, as determined by the Supreme Court of the United States, his professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, has always, at all times, been in accordance with the law, and within the bounds of the law, both legally and ethically.

The Commonwealth of Massachusetts appleals Court decision affirming the judg ment of the Massachusetts Suffolk County Superior Court (trial court) judgment was 'contrary to' clearly established Federal Law, as determined by the Supreme Court of the United States and within the meaning of 28 U.S.C.. 2254 (d) (1) in the case at Bar before this court.

6   (z)   (24)

GROUND TWENTY THREE

"Content based prohibitions, enforced by severe
criminal penalties have the constant potential to be a
repressive force in the lives and thoughts of free people."
See Ashcroft v. American Civil Liberties Union    U.S.    ,
S.Ct.   ,    L.Ed.2d    , (2004) 2004 WL 1439998 (2004)
(Kennedy J. delivered the opinion of the Court), citing R.A.V.
v. St.Paul, 505 U.S. 377, 112 S.Ct. 2538, 120 L.Ed 2d 305 (1992).
See memorandum of law of Petioner in support of Petition as to
importance of lawyers practicing their profession as licensed
lawyers and the Massachusetts Bar Association and Massachusetts
Academy of Trial Lawyers position as stated, in Massachusetts
Lawyers Weekly, as to the importance of lawyers and other
citizens reliance upon certified public accounts, as in the
case at bar involving Petitioner's professional conduct in
practicing his profession as a licensed lawyer and in the same
professional context as a duly appointed Fiduciary, total and
complete reliance, under the First Amendment Rights and
Freedoms, as to the administrative lay staff of Petitioner's
law office and two (2) certified public accountants, in matters
relating to record keeping, bookkeeping, reconciliation of
clients funds accounts, accounting, tax return preparation,
probate accounting, and reconciliation of clients funds accounts
in relation to those tasks, in the case at bar before the Court.

The Massachusetts Statutes, M.G.L. Chapter 266 section 57;
M.G.L. Chapter 266 section 30; M.G.L. Chapter 268 section 1 (if
applicable) and M.G.L. Chapter 195 section 6 (If applicable)
as applied to Petitioner's professional conduct, in practicing
his profession as a licensed lawyer and in the same context as
a duly appointed Fiduciary, are not narrowly tailored to serve
a compelling State interest, as these Massachusetts Statutes,
based upon clearly established Federal Law as determined by the
Supreme Court of the United States, contain "content based
prohibitions, enforced by severe criminal penalties which have
the constant potential to be a repressive force" in the First
Amendment Rights and Freedoms, as applicable through the Fifth

Amendment and as applicable to the States through the
Fourteenth Amendments to the United States Constitution, and
clearly established Federal Law as determined by the Supreme
court of the United states, and these Massachusetts Statutes
are substantially unconstitutionally overbroad, broadly sweeping
impermissliby vague, inhibit, restrict and are in violation of
Petitioner's and other lawyers, First Amendment Rights and
Freedoms and as applied to Petitioner, are in violation in
Petitoner's substantially constitutionally protective profession
al conduct in practicing his profession as a licensed lawyer
and in the same professional context as a duly appointed
Fiduciary, in this case, before the court. "We have affirmed
the right "to engage in association for the advancement of
beliefs and ideas." See N.A.A.C.P. v. Alabama ex rel.Patterson,
357, U.S.449,460,78 S.Ct. 1163, 1170, 2 L.Ed. 2d. 1488 and other
supporting authority in PEtitioner's Memorandum of Law in support
of Petition.

   These Massachusetts Statutes also lack Standards as
Constitutionally mandated based upon clearly established Federal
Law, as determined by the Supreme Court of the United States in
City of Chicago v. Morales, 527, U.S. 41,119 S.Ct. 1849, 144 L.
Ed. 2d. 67, (June 10, 1999), and cases cited, including Kolender
v. Lawson 461 U.S. at 358, 103 S.Ct.1855 "The broad sweep also
violates 'the requirement that a legislature establish minimal
guidelines to govern law enforcement,' in the context of the
Petitioner' Walter E. Palmer's asserted First Amendment Rights
and Freedoms in this case at bar, including, Smith v. Goguen,
415 U.S. 566, 94 S.Ct. 1242, 39L.Ed.2d 605, (1974). Commonwealth
of Massachusetts Appeals Court decision 'contrary to' clearly
established Federal Law, as determined by the Supreme Court of
the United States, in affirming the Judgment of the Massachusetts
Suffolk County Superior Court (the trial court), and within the
meaning of 28 U.S.C. 2254 (d) (1).

   In the context of the First Amendment Rights and Freedoms,

6  (z)  (26)

and judged by the Massachusetts Criminal Statutes, M.G.L.
266 section 57; M.G.L. Chapter 266 section 30; M.G.L. Chapter
268 section 1 (if applicable) and M.G.L. Chapter 195 section 6
(if applicable) or applied to Petitioner's professional judgment
in practicing his profession as a licensed lawyer and in the
same professional context as a duly appointed Fiduciary, these
Massachusetts Criminal Statutes are facially invalid and
unconstitutional.

SUPPORTING FACTS

     It is basic and fundamental truth that no lawyer has the
capabilities in all practice areas of the law.  For over twenty
(20) years the PEtitioner, Walter E. Palmer, in his professional
conduct in practicing his profession as a licensed lawyer and in
the same context as a duly appointed Fiduciary, totally and
completely relied upon his administrative lay staff of his
law office, Palmer & Simcock, in matters relating to record
keeping, bookkeeping, reconciliation of clients funds accounts,
and two (2) certified public accountants, James Argus of the
accounting firm of Argus and freedman and Norman Freedman of
the same accounting firm and later of the accounting firm of
Zuber & Freedman, in matters relating to accounting, tax return
preparation, probate accounting and reconciliation of clients
funds accounts in relation to those tasks.  The Petitioner,
never, at any time, performed the above describ ed tasks in
his forty (40) years of practicing law, as a licensed lawyer
and in the same professional context as a duly appointed
Fiduciary.
     Both the administrative lay staff of Petitioner's law
office or the above noted two (2) certified public accountants
did not for over twenty (20) years reconcile clients funds
accounts of Petitioner's law office.
     Until, January 1, 2004, there was no requirement under
Massachusetts Rules of Professional Conduct, Rule 1:15, that
lawyers were required to reconcile clients funds accounts.  As
of January 1, 2004, Rule 1:15 of the Massachusetts Rule of
Professional Conduct mandate that lawyers reconcile clients

funds accounts at least every sixty (60) days.

The Petitioner testified, on his own behalf before the untrained ad hoc lay jury on both direct and cross examination as to his professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary. The Petitioner incorporates by reference to this petition the Petitioner's trial court testimony which is marked as Exhibit "A" and trial court Exhibit 156 which is marked as Exhibit "B" which was introduced by both the Commonwealth and petitioner that reconciliation of clients funds accounts were not reconciled for over twenty (20) years.

GROUND TWENTY FOUR

"A State cannot foreclose the exercise of constitutional Rights by mere labels." N.A.A.C.P. v. Button, 371 U.S. 415, 83 S.Ct. 328 (1963). The First Amendment also protect vigorous advocacy, certainly of lawful ends, against governmental intrusion." N.A.A.C.P. v. Button Supra. "First Amendment Rights to enforce constitutional Rights through litigation, as a matter of law, cannot be deemed malicious." N.A.A.C.P. v. Button, Supra.

"Certainly where there attaches 'a badge of infamy' to the citizen due process comes into play." The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardship of a criminal conviction, is a principle basic to our society." Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct.507, 27L.Ed. 2d 515 (1971) citing Wieman v. Updegraff, 344 U.S. 183,191, 73 S.Ct. 215, 218 219, 97L.Ed.216 and joint anti Faceist Refugee Committee v. McGrath 341 U.S. 123, 168, 71 S.Ct.624,646, 95 L.Ed. 817 (Frankfurter, J. concurring).

"Where a person's good name, reputation, honor and integrity is at stake because of what the government is doing to him, Notice and an opportunity to heard are essential.

6  (z)  (28)

It is in the public interest, under our constitutional
form of government, that licensed lawyers in the practice of
their profession have the ability to exercise their First
Amendment Rights and Freedoms, as applicable to the States
through the Fifth Amendment and as applicable to the States
throught the Fourteenth Amendments to the United States
Constitution, as in the case at bar, involving the Petitioner's
exercise of his professional judgment, before Criminalizing
Petitioner's substantially constitutionally protective conduct
in the constitutionally protective sphere of total and complete
reliance upon the administrative lay staff of Petitoner's
law office, Palmer & Simcock and two (2) certified public
accountants for over twenty (20) years in matters relating to
record keeping, bookkeeping, reconciliation of clients funds
accounts, accounting, tax return preparation, probate accounting
and reconciliation of clients funds accounts in relation to
those tasks, when there was no, none, violation of any governing
legal Standard of conduct, by the PEtitioner in violation of
the Massachusetts Criminal Statutes, M.G.L.Chapter 266 section
57; M.G.L. Chapter 266 section 30; M.G.L. Chapter 268 section
1 (if applicable); M.G.L. 195 section 1 (if applicable), upon
which the indictments in this case before the Court.  Also,
the Massachusetts Appeals Court, in affirming the Judgment of
the Massachusetts Suffolk County Superior Court, (trial court)
made the quantum leep that Petitioner violated essential
elements there was no, none zero testimony of one (1) single
sworn witness that the Petitioner specifically intended to
deprive any person permanently of their personal property
and trial Judge did not instruct the ad hoc lay jury on the
essential element of specific intention, based upon clearly
established Federal Law, as determined by the Supreme Court
of the United States.  See Petitioner's Memorandum of law
jn support of Petitioner's petition and on essential element
of actual knowledge in the context of Petitioner's First
Amendment Rights and Freedoms as to Petitioner's reliance

in his professional conduct, as a licensed lawyer and in the same professional context of a duly appointed Fiduciary.

SUPPORTING FACTS

This case involving the professional conduct of Petitioner practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary in the context of the First Amendment Rights and Freedoms, applicable through the Fifth Amendment and applicable to the States through the Fourteenth Amendments to the United States Constitution and clearly established Federal Law, as determined by the Supreme Court of the United States, impact, not only the Petitioner and two (2) of Petitioner's daughters who are members in good standing of the Massachusetts Bar, Federal Bar and Bar of the Supreme Court of the United States and Petitioner's son-in-law, also a member in good standing of the Massachusetts Bar and Federal Bar, but all protection of the legal profession who totally and completely rely upon their law office administrative lay staff and certified public accountants, in matters relating to record keeping, bookkeeping, reconciliation of clients funds accounts, accounting, tax return preparation,and probate accounting, are subject to criminal liability under M.G.L. Chapter 266 section 57; M.G.L. 266 section 30; M.G.L. 268 section 30 (if applicable) and M.G.L. 195 section 6 (if applicable).

Lawyers are First Class citizens and entitled to the protection of the First Amendment, as is the Petitioner in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed Fiduciary, and his good name, reputation, honor and integrity from unwarranted intrusions by the Commonwealth of Massachusetts, based upon clearly established Federal Law, as determined by the Supreme Court of the United States, in which the Commonwealth seeks to criminalize Petitioner's professional conduct, in the context of the protection of the First Amendment, violated Massachusetts Criminal Statutes, as

6    (z)    (30)

cited Supra 'contrary to' clearly established Federal Law as determined by the Supreme Court of the United States and within the meaning of 28 U.S.C. 2254 (d) (1).

6    (z)    (31)