UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WALTER E. PALMER )<br>        Petitioner, )<br>)<br>v. )<br>)<br>LOIS RUSSO )<br>        Respondent. )<br>) | Civil Action No. 04-12426-NG |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Walter E. Palmer.

1. Admitted.

2. Admitted.

3. Admitted. Further answering, the respondent states that the petitioner was adjudicated a common and notorious thief pursuant to G.L. 266, § 40 on all of the indictments which charged embezzlement and larceny over $250. The trial judge sentenced the petitioner to a state-prison term of sixteen to eighteen years on the consolidated judgment as a common and notorious thief. Concurrent with this sixteen-to-eighteen year term, the petitioner also was sentenced to sixteen to eighteen years in state prison for his conviction for perjury.

4. Denied. Further answering the respondent states that on November 25, 1997, a Suffolk County grand jury indicted the petitioner for embezzlement by a fiduciary, and for one count of perjury in violation of G.L. c. 268, § 1 (Indictment No. 97-12099-001-002). On January 13, 1998, the petitioner was indicted for one count of larceny over

$250 in violation of G.L. c. 266, § 30 (Indictment No. 98-10051). On October 23, 1998, the petitioner was indicted for an additional six counts of embezzlement by a fiduciary in violation of G.L. c. 266, § 57 (Indictment No. 96-11762).

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9(a)-(b).     Admitted.

9(c).   Left blank by the petitioner. The respondent states that date of the result is February 4, 2003. The citation is *Commonwealth v. Palmer*, 57 Mass. App. Ct. 1107, 782 N.E.2d 556 (2003)(unpublished memorandum and order pursuant to Rule 1:28).

9(d). Denied. Further answering, the respondent states that the grounds raised on direct appeal included (1) the larceny and fiduciary embezzlement statutes under which he was convicted are unconstitutionally vague; and (2) the trial judge erroneously refused to give a requested instruction that the jury could find that the petitioner justifiably relied upon his secretary and accountant.

9(e)(1)-(2).    Admitted.

9(e)(3).    Admitted. Further answering, the respondent states the citation is *Commonwealth v. Palmer*, 441 Mass. 1102, 803 N.E.2d 332 (2004).

9(e)(4).    Denied. Further answering, the respondent states that the petitioner raised the following grounds in his Application for Leave to Obtain Further Appellate Review "ALOFAR"): (1) the sentence imposed was illegal: (2) his criminal convictions

2

violated his First Amendment right; (3) the petitioner's conduct as a licensed attorney was constitutionally protected conduct; (4) the petitioner relied upon his accountant; (5) the petitioner's convictions violated the Ex Post Facto Clause on the United States Constitution; (6) the trial judge violated the petitioner's constitutional rights through his deficient jury charge; (7) the petitioner's convictions violated his right to due process; (8) the trial judge erred by omitting a specific intent instruction; and (9) the criminal statutes upon which the petitioner was convicted were vague and lacked any standard.

9(f).   Left blank by the petitioner.

10.   Admitted.

11(a)(1-3).   Left blank by the petitioner.

11(4)-(6).   Denied.

11(b).   Denied.

11(c).   Denied.

11(d).   Left blank by the petitioner.

12A.   (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B.   (Ground two). The respondent denies each and every allegation of fact contained in paragraph 12B of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response.

Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12C. (Ground three). The respondent denies each and every allegation of fact contained in paragraph 12C of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12C contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12D. (Ground four). The respondent denies each and every allegation of fact contained in paragraph 12D of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12D contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12E. (Ground five). The respondent denies each and every allegation of fact contained in paragraph 12E of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12E contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12F. (Ground six). The respondent denies each and every allegation of fact contained in paragraph 12F of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12F contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12G. (Ground seven). The respondent denies each and every allegation of fact contained in paragraph 12G of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12G contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12H. (Ground eight). The respondent denies each and every allegation of fact contained in paragraph 12H of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12H contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12I. (Ground nine). The respondent denies each and every allegation of fact contained in paragraph 12I of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12I contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12J. (Ground ten). The respondent denies each and every allegation of fact contained in paragraph 12J of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12J contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12K. (Ground eleven). The respondent denies each and every allegation of fact contained in paragraph 12K of the petition for writ of habeas corpus. Answering further,

the respondent states paragraph 12K contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12L. (Ground twelve). The respondent denies each and every allegation of fact contained in paragraph 12L of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12L contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12M. (Ground thirteen). The respondent denies each and every allegation of fact contained in paragraph 12M of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12M contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12N. (Ground fourteen). The respondent denies each and every allegation of fact contained in paragraph 12N of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12N contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12O. (Ground fifteen). The respondent denies each and every allegation of fact contained in paragraph 12O of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12O contains conclusions of law that require no response.

Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12P. (Ground sixteen). The respondent denies each and every allegation of fact contained in paragraph 12P of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12P contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12Q. (Ground seventeen). The respondent denies each and every allegation of fact contained in paragraph 12Q of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12Q contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12R. (Ground eighteen). The respondent denies each and every allegation of fact contained in paragraph 12R of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12R contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12S. (Ground nineteen). The respondent denies each and every allegation of fact contained in paragraph 12S of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12S contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12T. (Ground twenty). The respondent denies each and every allegation of fact contained in paragraph 12T of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12T contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12U. (Ground twenty-one). The respondent denies each and every allegation of fact contained in paragraph 12U of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12U contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12V. (Ground twenty-two). The respondent denies each and every allegation of fact contained in paragraph 12V of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12V contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12W. (Ground twenty-three). The respondent denies each and every allegation of fact contained in paragraph 12W of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12W contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12X. (Ground twenty-four). The respondent denies each and every allegation of fact contained in paragraph 12X of the petition for writ of habeas corpus. Answering further,

the respondent states paragraph 12X contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13. Left blank by the petitioner.

14. The respondent states that she lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

15(a)-(b). The respondent states that she lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 15(a) and 15(b) and calls upon the petitioner to prove same.

15(c)-(e). Admitted.

15(f)-(g). Left blank by the petitioner.

16. Admitted.

17. The respondent states that she lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1. Docket Sheet, *Commonwealth v. Palmer*, SUCR1996-11762.

2. Docket Sheet, *Commonwealth v. Palmer*, SUCR1997-12099

3. Docket Sheet, *Commonwealth v. Palmer*, SUCR1998-10051.

4. Docket Sheet, *Commonwealth v. Palmer*, Massachusetts Appeals Court No. 2001-P-0589.

5. Appellant-Defendant's Brief, *Commonwealth v. Palmer*, Massachusetts Appeals Court No. 2001-P-0589.

6. Appellant-Defendant's Appendix, *Commonwealth v. Palmer*, Massachusetts Appeals Court No. 2001-P-0589.

7. Commonwealth's Brief, *Commonwealth v. Palmer*, Massachusetts Appeals Court No. 2001-P-0589.

8. *Commonwealth v. Palmer*, 57 Mass. App. Ct. 1107, 782 N.E.2d 556 (2003)(unpublished memorandum and order pursuant to Rule 1:28).

9. Docket Sheet, *Commonwealth v. Palmer*, Massachusetts Supreme Judicial Court, FAR-13865.

10. Petitioner's Application for Further Appellate Review, *Commonwealth v. Palmer*.

11. Denial of ALOFAR, *Commonwealth v. Palmer*, 441 Mass. 1102, 803 N.E.2d 332 (2004).

### First Defense

The petition for writ of habeas corpus should be dismissed where the petition contains exhausted and unexhausted claims.

### Second Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

### Third Defense

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Fourth Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

### Fifth Defense

The petition should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

_____
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: December 21, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2004, I caused a copy of the above <u>Answer</u> to be served by first-class mail, postage prepaid, upon Walter E. Palmer, *pro se*, Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464.

_____
Eva M. Badway