UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WALTER E. PALMER <br> Petitioner, | ) ) ) ) |  |
| v. | ) | Civil Action No. 04-12426-NG |
| LOIS RUSSO <br> Respondent. | ) ) ) ) ) |  |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by Walter E. Palmer (the "petitioner"). As argued in this memorandum, the petition should be dismissed where it contains exhausted and unexhausted claims.[1] *See Rose v. Lundy*, 455 U. S. 509, 518-519 (1982).

### PRIOR PROCEEDINGS

On November 25, 1997, a Suffolk County grand jury indicted Walter E. Palmer for embezzlement by a fiduciary, and for one count of perjury in violation of G. L. c. 268, § 1 (Indictment No. 97-12099-001-002). *See* Respondent's Supplemental Answer ("RSA") at Exhibit 1. On January 13, 1998, the petitioner was indicted for one count of larceny over $250 in violation of G. L. c. 266, § 30 (Indictment No. 98-10051). *See* RSA at Exhibit 2. On October 23, 1998, the petitioner was indicted for an additional six counts of embezzlement by a fiduciary in violation of G. L. c. 266, § 57 (Indictment No. 96-11762). *See* RSA at Exhibit 3. Each of the indictments related to the petitioner's conduct as an executor, trustee, guardian, conservator, or

---

[1] In the event this Court declines to dismiss the petition on the ground set forth in this memorandum, the respondents reserve the right, and request the opportunity, to brief the merits of the remaining claim or claims in this petition.

administrator for Rodena Macleod, Josephine B. Dial, Theresa Glynn, Ann Miller, William Bahn, Sr., Dorothy Connelly, and Eleanor Hansen.[2] *See* RSA, Exhibit 6, at App. 27-37. On November 4, 1999, after a jury trial before then-Massachusetts Superior Court Associate Justice Joseph Grasso, Jr., the jury returned guilty verdicts on all counts of all the indictments. *See* RSA, Exhibits 1, 2, and 3.

Judge Grasso sentenced the petitioner on November 5, 1999. *See* RSA, Exhibits 1, 2, and 3. In accordance with the Commonwealth's motion, the petitioner was adjudicated a common and notorious thief pursuant to G. L. 266, § 40 on all of the indictments which charged embezzlement and larceny over $250. *Id.*[3] The trial judge sentenced the petitioner to a state-prison term of sixteen to eighteen years on the consolidated judgment as a common and notorious thief. *Id.* Concurrent with this sixteen-to-eighteen year term, the petitioner was sentenced to sixteen to eighteen years in state prison for his conviction for perjury. *Id.* The petitioner filed a timely notice of appeal.

On direct appeal, the petitioner asserted that (1) the larceny and fiduciary embezzlement statutes under which he was convicted were unconstitutionally vague; and (2) the trial judge erroneously refused to give a requested instruction that the jury could find that the petitioner

---

[2] The petitioner's convictions were based upon his conversion of assets entrusted to him for the exclusive benefit of specific beneficiaries of the following guardianships, conservatorship, trusts, and/or estates: (1) trust established under the wills of Paul and Louise Franz; (2) estate of Josephine Dial; (3) estate of Teresa Glynn; (4) conservatorship and estate of Ann Miller; (5) Bahn Family Trust and Estate of William Bahn, Sr.; (6) guardianship and estate of Rodena MacLeod; and (7) guardianship and estate of Dorothy Olive Connelly. *See* RSA, Exhibit 6 at App. 27-37 .

[3] The petitioner's convictions for larceny over $250 and embezzlement were consolidated into a single sentence as a common and notorious thief, in accordance with G.L. c. 266, § 40. *See* RSA, Exhibit 8, *Commonwealth v. Palmer*, 57 Mass. App. Ct. 1107, 782 N.E.2d 556 (2003).

2

justifiably relied upon his secretary and accountant. *See* RSA, Exhibit 5. On February 4, 2003, the Massachusetts Appeals Court, in an unpublished memorandum and order pursuant to Rule 1:28, affirmed the petitioner's convictions. *See* RSA, Exhibit 8, *Commonwealth v. Palmer*, 57 Mass. App. Ct. 1107, 782 N.E.2d 556 (2003). The petitioner thereafter filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC"). *See* RSA, Exhibit 10. In his *pro se* ALOFAR, the petitioner claimed the following: (1) the sentence imposed was illegal; (2) his criminal convictions violated his First Amendment right; (3) the petitioner's conduct as a licensed attorney was constitutionally protected conduct; (4) the petitioner relied upon his accountant; (5) the petitioner's convictions violated the Ex Post Facto Clause on the United States Constitution; (6) the trial judge violated the petitioner's constitutional rights through his deficient jury charge; (7) the petitioner's convictions violated his right to due process; (8) the trial judge erred by omitting a specific intent instruction; and (9) the criminal statutes upon which the petitioner was convicted were vague and lacked any standard. *See* RSA, Exhibit 10. On January 29, 2004, the SJC denied the petitioner's ALOFAR. *See* RSA, Exhibit 11, *Commonwealth v. Palmer*, 441 Mass. 1102, 803 N.E.2d 332 (2004). On November 11, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent now files this memorandum in support of her motion to dismiss.

## ARGUMENT

### I. THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES AS TO NINETEEN OF THE TWENTY-FOUR GROUNDS OF THE PETITION.

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). Congress codified the exhaustion doctrine in 28 U.S.C. §2254(b), which precludes federal court review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). This longstanding exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose v. Lundy*, 455 U.S. at 518. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984).

To satisfy the exhaustion requirement, the petitioner bears the heavy burden of showing that he "fairly presented the substance of his federal habeas claims to the state court before seeking federal review." *Adelson v. DiPaola*, 131 F.3d at 262 (citations omitted); *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), *citing Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*). "It is not enough merely to raise an issue before an intermediate court; one who

4

seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." *Mele v. Fitchburg Dist. Ct.*, 850 F.2d at 820 (citations omitted). The Supreme Court enunciated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Comity, in these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to [this] federal court." *O'Sullivan v. Boerckel*, 526 U.S. at 845.

In this habeas case the petitioner claims the following:

Ground 1: The petition involves judgment and issues of constitutional magnitude, the context of the First Amendment, and clearly established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C. § 2254.

Ground 2: G. L. c. 266, § 57; G.L. c. 266, §30; G. L. c. 268, §1; and G. L. c. 195, § 6, as applied to the petitioner are overbroad and impermissibly vague. *See* ALOFAR at pp. 14-15.

Ground 3: G. L. c. 266, § 57; G.L. c. 266, §30; G. L. c. 268, §1; and G. L. c. 195, § 6, lack standards as constitutionally mandated. *See* ALOFAR at p. 21.

Ground 4: In the context of the First Amendment, the petitioner asserts the constitutional protection of the standard in *Strickland v. Washington*, 466 U.S. 668 (1984).

Ground 5: This case is an attack on the First Amendment, as applicable through the Fifth and Fourteenth Amendment.

Ground 6: As a matter of clearly established federal law as determined by the Supreme Court of the United States, this Court must determined whether G. L. c. 266, § 57; G. L. c. 266, §30; G. L. c. 268, §1; and G. L. c. 195, § 6 make unlawful the petitioner's First Amendment rights and freedoms where the petitioner relied upon the administrative lay staff of his law office and two certified public accountants in matters relative to record keeping, book keeping, clients' funds reconciliation, accounting, tax return preparation, probate accounting and reconciliation of clients' fund accounts in relation to those tasks.

Ground 7: At all times material and relevant, in this petition, the petitioner in his professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, exercised his professional judgment at the time in the context of the First Amendment.

Ground 8: The petitioner in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, and in the context of the First Amendment as applicable through the Fifth Amendment and clearly established federal law as determined by the Supreme Court of the United States did not violate any governing legal standard that was in violation of G. L. c. 266, § 57;G. L. c. 266, §30; G. L. c. 268, §1; and G. L. c. 195, § 6, which statutes, the indictments in this case entirely rests.

Ground 9: The essential elements of the Massachusetts criminal statutes in this case, G. L. c. 266, § 57;G. L. c. 266, §30; G. L. c. 268, §1; and G. L. c. 195, § 6, are specific intent to permanently deprive a person of their property and knowledge in the context of the First Amendment and the doctrine of reliance of the petitioner as a practicing attorney and in the same professional context as a duly appointed fiduciary, in violation and deprivation of petitioner's First Amendment right as applicable through the Fifth and Fourteenth Amendment. *See* ALOFAR at p.19

Ground 10: Based upon clearly established federal law, as determined by the Supreme Court of the United States, and in the context of the First Amendment, and in the context in this case of the petitioner's professional conduct in practicing his profession as a licensed lawyer and duly appointed fiduciary, asserts that he had the First Amendment right and freedom to engage, hire, retain, and associate with administrative lay staff of petitioner's law office, and two certified accountants in matters related to record keeping, bookkeeping, reconciliation of clients' funds accounts, accounting, and tax return preparation. Petitioner asserts that he totally and completely relied upon their work product in the practice of his profession as a licensed lawyer and a duly appointed fiduciary. The Commonwealth of Massachusetts Appeals Court decision affirming the judgment of the Suffolk County Superior Court was contrary to the clearly established federal law as determined by the Supreme Court of the United States.

Ground 11: The petitioner's state of mind in the criminal case was consistent with and within the bounds of clearly established federal law as determined by the Supreme Court of the United States in practicing his profession as a licensed lawyer and a duly appointed fiduciary and he is legally and ethically entitled to the protection of the First Amendment.

Ground 12: In the context of the First Amendment, as applicable through the Fifth and Fourteenth Amendments to the United States Constitution and clearly established federal law as determined by the Supreme Court of the United States, the

6

petitioner's conduct in practicing his profession as a licensed lawyer and a duly appointed fiduciary, in which there was no reconciliation of the clients' funds accounts bank records for over twenty years and no evidence of the bank records for the clients' fund accounts for a period of seven years were true and accurate. Thus, the criminal trial and the affirmation of the judgment by the Massachusetts Appeals Court rests upon speculation and in violation of the petitioner's constitutional rights under the First Amendment.

Ground 13: The petitioner asserts that a grand jury did not return an indictment alleging the petitioner violated G. L. c. 268, §1 or G. L. c. 195, § 6, or any combination of these statutes and therefore his convictions and the Massachusetts Appeals Court's decision affirming these convictions was contrary to clearly established federal law as determined by the Supreme Court of the United States and within the meaning of 28 U.S.C. § 2254(d)(1) and in deprivation of the petitioner's constitutional right under the Sixth Amendment to the United States Constitution.

Ground 14: This petition is subject to the constitutional standard in the Supreme Court of the United States held in *Chapman*, as the petition involves issues of constitutional magnitude in petitioner's professional conduct in practicing his profession as a licensed lawyer and duly appointed fiduciary in the context of the First Amendment rights and freedoms.

Ground 15: In the context of the First Amendment, as applicable through the Fifth and Fourteenth Amendments, relying upon *N.A.A.C.P. v. Alabama*, 357 U.S. 449 (1958) affirming the right to engage in association for the advancement of belief and ideas, the Massachusetts Appeals Court decision was contrary to clearly established federal law since the petitioner could engage, hire, retain and associate with administrative lay staff and two certified public accountants and totally and completely rely upon them in matters relating to record keeping, bookkeeping, reconciliation of clients funds accounts, accounting, tax return preparation, probate accounting and reconciliation of clients' funds accounts in relation to those tasks.

Ground 16: Pursuant to G. L. c. 266, § 40, the trial judge, without submitting to the jury in the sentencing phase of the trial, sentenced the petitioner to a minimum of sixteen years and a maximum of eighteen years in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 124 U.S. 1493 (2004). Thus, based on *Apprendi* and *Blakely*, the petitioner's sentence violated the Sixth Amendment because it was based upon facts found by a judge and rather than a jury, contrary to clearly established federal law as determined by the Supreme Court of the United States. *See* ALOFAR at pp.2-3.

Ground 17: G. L. c. 266, § 57; G. L. c. 266, §30; G. L. c. 268, §1; and G. L. c. 195, § 6, as applied to the petitioner's professional conduct, are constitutionally overbroad,

7

|   |   |
|---|---|
|   | impermissibly vague, restrictive, inhibited, and contain prohibitions. These Massachusetts statutes are standardless and contrary to clearly established federal law as established by the Supreme Court of the United States. *See City of Chicago v. Morales*, 523 U.S. 1071 (1998). *See* ALOFAR at p. 21. |
| Ground 18: | The petitioner asserts the protection of the First Amendment as applicable through the Fifth and Fourteenth Amendments of the United States Constitution, involving his professional conduct in practicing as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in the exercise of his professional judgment. |
| Ground 19: | The petitioner asserts on all claims in this petition the *Chapman* standard as declared and held in *Chapman v. California*, 386 U.S. 19 (1967), which standard applies to all errors of constitutional magnitude that are prejudicial unless the error was harmless beyond a reasonable doubt, in the petitioner's direct appeal, together with and in the context of First Amendment rights and freedoms, as applicable through the Fifth and Fourteenth Amendments, and clearly established federal law as determined by the Supreme Court of the United States, in the petitioner's professional conduct as a licensed lawyer and a duly appointed fiduciary. |
| Ground 20: | The petitioner asserts on all claims in this petition the *Strickland* standard, as declared and held in *Strickland v. Washington*, 466 U.S.688 (1984) as to the petitioner's professional conduct in practicing his profession as a licensed lawyer and a duly appointed fiduciary, together with and in the context of the First Amendment rights and freedoms. |
| Ground 21: | This case involving the professional conduct of the petitioner practicing his profession as licensed lawyer and in the same context as a duly appointed fiduciary is an attack on the very core of the First Amendment to the United Constitution. Thus, local communities and the states could not simply be left to decide what the First Amendment means as lawyers to constitutional protection under the First Amendment. |
| Ground 22: | In the event that this Court determines that the *Chapman* standard, as declared by the United States Supreme Court in *Chapman v. California*, 386 U.S. 18 (1967), is inapplicable to the petitioner's claims in this petition, in the alternative, the petitioner asserts that the *Brecht* standard, as declared and held by the Supreme Court of the United States in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), which is the "default" standard for constitutional error that occurred at trial and which errors had a "substantial and injurious effect in determining the jury's verdict," together with the petitioner's asserted claims and rights under the First Amendment rights and freedoms as applicable through the Fifth and Fourteenth Amendments of the United States Constitution. |

Ground 23: "Content based prohibitions, enforced by severe criminal penalties have the constant potential to be a repressive force in the lives and thoughts of free people." *Ashcroft v. American Civil Liberties Union*, 124 S.Ct. 2783, 2788 (June 24, 2004), *citing R.A.V. St. Paul*, 505 U.S. 377, 382 (1992). The petitioner relied on two certified public accountants and his administrative law staff in matters related to record keeping, bookkeeping, reconciliation of clients' funds accounts, accounting, tax return preparation, probate accounting, and reconciliation of clients' funds accounts in relation to the those tasks. G. L. c. 266, § 57; G. L. c. 266, §30; G. L. c. 268, §1; and G. L. c. 195, § 6, as applied to the petitioner's professional conduct, in practicing his profession as a licensed lawyer and a duly appointed fiduciary, are not narrowly tailored to serve a compelling state interest, as these Massachusetts statutes, based upon clearly established federal law as determined by the Supreme Court of the United States, contain "content based prohibitions, enforced by severe criminal penalties which have the constant potential to be a repressive force" in First Amendment rights and freedoms.

Ground 24: "A state cannot foreclose the exercise of constitutional rights by mere labels." *N.A.A.C.P. v. Button*, 371 U. S. 415, 429 (1962). The First Amendment also protects vigorous advocacy, certainly of lawful ends, against governmental intrusion." *Id.* "First Amendment rights to enforce constitutional rights through litigation, as a matter of law, cannot be deemed malicious." *Id.* at 440. "Certainly where there attaches 'a badge of infamy' to the citizen, due process comes into play." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971), *citing Wieman v. Updegraff*, 344 U.S. 183, 191. The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardship of a criminal conviction, is a principle basis to our society." *Id., citing Anti-Fascist Commitee v. McGrath*, 341 U. S. 123, 168. "When a person's good name, reputation, honor and integrity is at stake because of what the government is doing to him, notice and opportunity to be heard are essential." *Id.* It is in the public interest, under our constitutional form of government, that licensed lawyers in practice of their profession have the ability to exercise their First Amendment rights and freedoms, as applicable to the state through the Fifth and Fourteenth Amendments to the United States Constitution, as in the case at bar, involving the petitioner's exercise of his professional judgment, before criminalizing petitioner's substantially constitutionally protected conduct of total and complete reliance upon the administrative lay staff of the petitioner's law office and two certified accountants for over twenty years in matters relating to record keeping, bookkeeping, reconciliation of clients funds accounts, accounting, tax return preparation, probate accounting and reconciliation of clients' funds accounts in relation to those tasks.

*See* Petition at ¶¶ 12 (A)-(X). However, the petitioner has failed to exhaust his available state remedies with respect to grounds one, four, six, seven, eight, ten, eleven, twelve, thirteen,

9

fourteen, fifteen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, and twenty-four of his petition for habeas corpus. *See* Petitioner at ¶¶ 12(A)-12(X) at RSA, Exhibit 10. As set forth above, in his ALOFAR to the SJC, the petitioner presented the following claims: (1) the sentence imposed was illegal: (2) his criminal convictions violated his First Amendment right; (3) the petitioner's conduct as a licensed attorney was constitutionally protected conduct; (4) the petitioner relied upon his accountant; (5) the petitioner's convictions violated the Ex Post Facto Clause on the United States Constitution; (6) the trial judge violated the petitioner's constitutional rights through his deficient jury charge; (7) the petitioner's convictions violated his right to due process; (8) the trial judge erred by omitting a specific intent instruction; and (9) the criminal statutes upon which the petitioner was convicted were vague and lacked any standard. *See* RSA, Exhibit 10. An "issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners" of the application for leave to obtain further appellate review ("ALOFAR"). *Mele v. Fitchburg District Court*, 850 F.2d at 823. "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts to correct a constitutional violation." *Picard v. Connor*, 404 U. S. at 275, *quoting Darr v. Burford*, 339 U. S. 200, 204 (1950). Since the petitioner failed to fairly present to the SJC eighteen of the twenty-four claims he now raises in his federal habeas petition, that petition should be dismissed as mixed, *i.e.*, as containing both exhausted and unexhausted claims, pursuant to *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982).

The petitioner basically presented the substance of his claim alleging an illegal sentence both in his petition for writ of habeas corpus in paragraph 12(P) and in his ALOFAR. *See* RSA,

Exhibit 10 at p. 2-3. However, it does not satisfy the exhaustion requirement because he did not raise it on direct appeal. Regardless of the claim raised in his ALOFAR to the SJC, a petitioner may not exhaust a claim by attempting to assert it in a proceeding in which review by the state's highest court is discretionary unless the state court exercises its discretion and reaches the merits of the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In *Castille*, a Pennsylvania state prisoner was convicted in the Court of Common Pleas of "arson-endangering persons," and his conviction was affirmed by the Pennsylvania Superior Court. *Id.* He then filed two "petitions for allocatur" with the Pennsylvania Supreme Court containing several claims raised for the first time. *Id.* Under state law, such "allocatur review" is "not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor." *Id.* at 347 (*quoting* Pa. Rule App. Proc. 1114). The Supreme Court held, in an unanimous opinion, that the presentation of claims to a state's highest court for the first time on discretionary review did not satisfy the exhaustion requirement of 28 U.S.C. § 2254. The Court distinguished the case before it from situations in which a state supreme court actually passed upon a claim, (*e.g.*, *Brown v. Allen*, 344 U.S. 443 (1953)), and in which a claim had been presented as of right but ignored, and therefore implicitly rejected (e.g., *Smith v. Digmon*, 434 U.S. 332 (1978)). *Castille*, 489 U.S. at 351. Those situations where the court actually passed on the claims justified an exception to Section 2254 (c)'s apparent dictate that a claim is not exhausted if there existed any possibility of the state court review by any available procedure because it was fair to assume that " further state proceedings would be useless." *Id.* at 350, 351. The Court held that

11

> [s]uch an assumption is not appropriate, however--and the inference of an exception to the requirement of § 2254(c) is therefore not justified--where the claim has been presented for the first and only time in a procedural context in which it merits will not be considered unless "there are special and important reasons therefor," Pa. Rule App. Proc. 1114. Raising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation.

*Id.* at 351. In addition to the petitioner's failure to present this claim alleging an illegal sentence on direct appeal, there is no right under Massachusetts law to have one's application for further appellate review granted, but rather that privilege lies within the discretion of the SJC. Indeed, under Mass.R.A.P. 27.1(e), as appearing in 420 Mass. 1602 (1995), "if any three justices of the Supreme Judicial Court shall vote for further appellate review for substantial reasons affecting the public interest or the interests of justice, or if a majority of the justices of the Appeals Court or a majority of the justices of the Appeals Court deciding the case shall certify that the public interest or the interests of justice make desirable a further appellate review, an order allowing the application or certificate, as the case may be shall be transmitted to the clerk of the Appeals Court; upon receipt, further appellate review shall be deemed granted."

As articulated above, in *Castille v. Peoples*, the Supreme Court determined that "the submission of a new claim to the State's highest court on discretionary review" fails to constitute "fair presentation" for the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. at 351. Since the petitioner submitted his claim in ground sixteen alleging an illegal sentence to the SJC within the discretionary review process afforded applications for further appellate review, he has not afforded that court a fair opportunity to confront — let alone correct — his claimed error, which leaves the claim not exhausted. *See Adelson v. DiPaola*, 131 F.3d 259, 261-262 (1st Cir. 1997). Thus, even if the claim was now to be properly presented, the SJC would find it waived. *See*

12

*Hall v. DiPaolo*, 986 F.2d 7, 10-11 (1st Cir. 1993); *Carsetti v. Maine*, 932 F.2d 1007, 1012 (1st Cir. 1991). Thus, ground sixteen of the petition also is unexhausted and the petition should be dismissed.

## CONCLUSION

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus petition.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

_____
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: December 21, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2004, I caused a copy of the above <u>Memorandum of Law in Support of the Motion to Dismiss</u> to be served by first-class mail, postage prepaid, upon Walter E. Palmer, *pro se*, Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464.

_____
Eva M. Badway