UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WALTER E. PALMER
        PETITIONER

V.

LOIS RUSSO, IN HER CAPACITY AS
SUPERTINDENT OF SOUZA-BARANOWSKI
CORRECTIONAL CENTER
        ~~Respondent~~

CIVIL ACTION NO. 04-12426-NG

MOTION OF PETITIONER, TO FILE AFFIDAVIT AND
MEMORANDUM OF LAW, IN EXCESS OF PAGE LIMITATION

Now comes the above captioned petitioner, Walter E. Palmer, and respectfully request the court that he be permitted to file and docket, with the court for consideration, Affidavit of petitioner, dated March 18, 2005, consisting of thirty-two pages with attach exhibits, and petitioner's Memorandum of Law, dated April 10, 2005, consisting of (128) one-hundred and twenty-eight pages, with exhibits, in support of petitioner's motions, files with the court in the case at bar before the court, under L.R. Fed. R. Civ. P.7.1(B)(4), and for just and good cause and right and justice, and for the followings reasons and grounds:

1.    the case at bar before the court involves issues of constitutional magnitude, and prejudice to the petitioner, Walter E. Palmer, in Commonwealth of Massachusetts courts decisions, involving the petitioner, Walter E. Palmer's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, and in the same professional context of petitioner's constitutionally guaranteed First Amendment rights and freedoms including petit-

ioner's constitutionally guaranteed First Amendment rights and and freedom of association, as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution, and in which the Commonwealth of Massachusetts state courts decisions, which are the subject in the case at bar before the court, are 'contrary to clearly established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C. 2254(d)(1), and controlling First Circuit federal law, in the instant case before the court;

2.  the petitioner is, and continues to be, held in physical custody, as a prisoner, since November 4, 1999, and continuing to date, and presently being held in physical custody at the Massachusetts Department of Corrections at Souza-Baranowski Corr-ectional Center, P.O. Box 8000, Shirley, Mass., 01464;

3.  the petitioner, in exercising his constitutional rights, in the case at bar before the court, in this motion, submits the accompanying affidavit of petitioner, dated March 18, 2005 and petitioner's Memorandum of Law, dated April 10, 2005, as reference supra herein, in support of this motion, and other motions filed with the court in the instant case at bar before the court.

4.  the petitioner's motion, and other motions, require a good faith basis, for the petitioner's motion herein, and other motions, in the case at bar before the court, factually and leg-ally, with supporting legal authority of the Supreme Court of the United States, and controlling First Circuit federal law, and in the context of the petitioner's constitutionally guaranteed First Amendment rights and petitioner's constitutionally guara-

teed First Amendment rights and freedom **of association**, as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution, invloving issues of constitutional magnitude, raised, by the petitioner, in the case at bar before the court, in petitioner's petition, under 28 U.S.C. 2254, in petitioner's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiducliary, required the petitioner to exceed the page limitation in petitioner's affidavit, dated March 18, 2005 and petitioner's Memorandum of Law, dated April 10, 2005, as cited supra, herein, and;

5.      and in judging petitioner's professional conduct in the context of clearly established federal law, as determined by the Supreme Court of the United States, and controlling First Circuit federal law, and within the meaning of 28 U.S.C. 2254, in the case at bar before the court, in petitioner's professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in which the <u>petitioner did not violate any governing legal standard of professional conduct</u> that was in violation of the Massachusetts criminal and/or penal statutes, upon which the indictments in the instant case entirely rests; and

6.      the Commonwealth of Massachusetts criminal statutes, in the case at bar, upon which the indictments entirely rests, namely Massachusetts General Laws Chapter 266 Section 57, M.G.L. Chapter 266, Section 30, M.G.L. Chapter 195 section 6 (if applicable, as

petitioner's asserts is a civil statute, as stated supra) and M.G.L. Chapter 268 section 1, (if applicable, as petitioner asserts, he was never indicted by any Grand Jury under this Massachusetts statute), are in the context of the petitioner, Walter E. Palmer's constitutionally guaranteed First Amendment rights and freedom and constitutionally guaranteed First Amendemt rights and freedom of association, as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution, as the Massachusetts state courts decisions, in the instant case before the court, was and is an abridgement of petitioner's First Amendment rights and freedom of association, as 'contrary to' clearly established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C. 2254 (d)(1), and contrary to controlling First Circuit federal law, in the case at bar before the court, involving errors of constitutional magnitude and prejudice to the petitioner, Walter E. Palmer, in his professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in which the petitioner, in the instant case was engaged, at all times, in practicing his profession as a licensed lawyer, and in the same professional context as a duly appointed fiduciary, engaged in constitutionally protected conduct, in exercising his constitutionally guaranteed First Amendment rights and freedom of association as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution and clearly

established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C.2254(d)(1) and controlling First Circuit federal law, in the case at bar before the court, and;

7. Also, the instant case before the court involves other issues of constitutional magnitude and prejudice, which involve errors of constitutional magnitude and prejudice to the petitioner, in his professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, and within the meaning of 28 U.S.C 2254(d)(1), requiring the petitioner, Walter E. Palmer, to exceed the page limitation in petitioner's Affidavit, dated March 18,200 and petitioner's Memorandum of Law, dated April 10, 2005, as cited supra, and;

WHEREFORE, the petitioner, Walter E. Palmer, respectfully moves pursuant to L.R.Fed.Civ.P.7.1(B)(4), and for right and just good cause, and law and justice, that the court grant the petitioner, the filing, docketing and judicial determination, and consideration, of petitioner's Affidavit, dated March 18, 2005 (consisting of (32)thirty-two pages, and exhibits) and Memorandum of Law (consisting of (128) one-hundred and twenty-eight pages, with exhibit) and in support of the within motion, and other motions filed with the court, in excess of page limitation, for the foregoing reasonss and grounds.

Signed under the pains and penalties of perjury and in accordance with 28 U.S.C. 1746(2), this 12th day of April. 2005.

| PRESENT MAILING ADDRESS | Respectfully Submitted |
|---|---|
| Walter E. Palmer | Walter E. Palmer, Esquire |
| Souza-Baranowski | *(signature)* |
| Correctional Center | Walter E. Palmer, Esquire |
| P.O. Box 8000 | 49 Samoset Road |
| Shirley, Mass., 01464 | P.O. Box 1776 |
|  | Duxbury, Mass., 02331 |
|  | PRO SE |

— 5 of 5 —