UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER E. PALMER<br>      PETITIONER<br><br>V.<br><br>LOIS RUSSO, IN HER CAPACITY AS<br>SUPERTINDENT OF SOUZA-BARANOWSKI<br>CORRECTIONAL CENTER<br>      RESPONDENT | CIVIL ACTION NO.<br>04-12426-NG |

MOTION OF PETITIONER TO SET ASIDE, VACATE
AND/OR DISMISS SENTENCE, AS UNLAWFUL AND
UNCONSTITUTIONAL AND TO IMMEDIATELY
RELEASE PETITIONER FROM PHYSICAL CUSTODY

1.     The petitioner, Walter E. Palmer, is presently being held in physical custody, as a prisoner, at the Commonwealth of Massachusetts Department of Correction Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464, and has been held in physical custody, as a state of Massachusetts prisoner since November 5, 1999, following the imposition of a sentence on November 5, 1999, at the Commonwealth of Massachusetts Suffolk County Superior Court, Boston, Massachusetts.  Attach hereto is "MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO REVISE AND REVOKE SENTENCE" dated December 23, 1999, by the trial court Judge and sentencing Judge (Grasso J.). which is incorporated herein this motion and made a part by reference and marked as <u>Exhibit "A"</u> and applicable Massachusetts criminal statutes and indictments.

2.     The Respondent is presently Supertindent of Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464

3.     The petit jury return a verdict of guilty on November 4, 1999, and the trial judge dismissed the jury on the same day, November 4,

1999.

4. On November 5, 1999, at the sentencing phase, the Commonwealth presented a motion, to the sentencing judge, (who was the trial judge), pursuant to M.G.L. c. 266 Section 40, to impose on the petitioner, Walter E. Palmer, a sentence increasing the sentence from (10) ten years as authorized under M.G.L. c. 266 section 57, and M.G.L. c. 266 section 30.

5. M.G.L. c. 195 section 6, is a civil statute, as this statute has no provision for a mens rea or a punishment clause, and the petitioner asserts this statute is not applicable in the case at bar before the court, especially in the context of the petitioner professional conduct in the practice of his profession as a licensed lawyer, and in the same professional context as a duly appointed fiduciary, and in the context of the petitioner's constitutional entitlement of the petitioner's constitutional guaranteed First Amendment rights and freedom including the petitioner's constitutional guaranteed First Amendment rights and freedom of association, as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution, and the Massachusetts state-courts decision, including the the "last reasoned state-court decison" of the Massachusetts Appeals Court, in the case at bar before the court, is 'contrary to' clearly established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C.2254(d)(1)

6. In support of this motion see petitioner's accompanying Memorandum of Law, dated April 19, 2006. and petitioner's Memor-

andum of Law dated dated February 14, 2005 and filed with this court on February 24, 2005.

7. M.G.L. c. 268 Section 1, is <u>not</u> applicable to the case at bar before the court, as there is <u>no</u> indictment, that rests on this statute, and there is no, none, zero, reference to M.G.L. c. 268 section 1, in any indictment, in the instant case at bar before the petitioner.

8. On November 5,1999, 'contrary to clearly established federal law, as determined by the Supreme Court of the United States, the Massachusetts state-court trial judge, in his capacity as the sentencing judge, <u>alone</u>, and under the preponderence of evidence standard, and without receiving from the jury any facts to warrant an increase sentence, over and above the authorized statutory punishment in M.G.L. c.266 sec-57 and M.G.L. c. 266 section 30, imposed on the petitioner, a sentence of (16) sixtheen to (18) eighteen years, as a consolidated judgment, all in violation of the requirements of the Sixth Amendment to the United States Constitution.

9. Thus the Massachusetts state courts decisions, including the "last reasoned decision by a state court decision" in the case at bar before the court of the Massachusetts Appeals Court, within the meaning of 28 U.S.C.2254(d)(1), involves errors of constitutional magnitude, and place the petitioner in a dilemma of constitutional magnitude, as the Massachusetts state-courts decisions, as to the sentence imposed on the petitioner, are 'contrary to' clearly established federal law, as determined by the Supreme Court of the United States in <u>United States v. Booker</u>, 543 U.S.___, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), including

Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.ED. 2d 435 (200), cited by the petitioner, in petitioner's Application For Further Appellate Review to the Supreme Judical Court, in the case at bar before the court.

10. In the instant case, the petitioner pled not guilty and testified under both direct and cross examination before the ad hoc lay jury, on his own behalf, in exercising his constitutional right to a trial by jury, in which the state-court judge imposed at age (71) seventy-one years old (now (76) seventy six years old) a "life sentence, in violation of the petitioner's constitutional right under the Eight Amendment to the United States Constitution, and 'contrary to' clearly established federal law, as determined by the Supreme Court of the United States and within the meaning of 28 U.S.C.2254(d)(1). Thus, the Massachusetts state-court decisions, including the "last reasoned decisiones by a state court decision" in the case at bar before the court, of the Massachusetts Appeals Court decision, within the meaning of 28 U.S.C. 2254(d)(1), involves errors of constitutional magnitude, and place the petitioner in a dilemma of constitutional magnitude, as to the "life sentence" of (16) sixtheen to (18) eighteen years, on the petitioner, at age (71) seventy-one years old, in which the petitioner excised his constitutional right to a trial by jury, in the instant case before the court. See Atkins v. Virginia, 536 U.S. 304, 122 S. Ct.2242, 153 L.Ed.2d 335 (2002), cited supra.

11. The Supreme Court of the United States in Blakely v. Washington, 542 U.S.___, 124 S. Ct. 2531 (2004), held, "When a judge inflicts punishment that the jury's verdict alone does not allow,

the jury has <u>not</u> found all the facts "which the law makes essential to the punishment," Bishops supra section 87, at 55, and the judge exceeds his proper authority."  "Finally, the state tries to distinguish <u>Apprendi</u> and <u>Ring</u> by pointing out enumerated grounds for depature in its regime are illustrative rather than exhaustive.  This distinction is immaterial.  Whether the judge's authority to impose an enhanced sentence depends on finding a specified fact (as in <u>Apprendi</u>), one of several specified facts (as in <u>Ring</u>), or any aggravating fact (as Here), it remains the case that the jury's verdict alone does not authorize the sentence.  The judge acquires that authority only upon finding some additional fact."  "Because the state's sentencing procedure did not comply with the Sixth Amendment, petitioner's sentence is invalid."

12. Thus, in the case at bar before the court, involving the petitioner's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in the context of the petitoner's constitutional guarantee First Amendment rights and freedom including petitioner's constitutioanl guarantee First Amendment rights and freedom of <u>association</u>, as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution, the Massachusetts state-courts decisions, including the Massachusetts Appeals Court decision, which is the "last reasoned state-court decision" in the case at bar before the court, involved errors of constitutional magnitude as the sentence imposed on the petitioner is 'contrary to' clearly

established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C.2254(d)(1), and the petitioner, Walter E. Palmer's sentence, is invalid, as the state sentencing procedure, in the case at bar before the court involving the petitioner, Walter E. Palmer, did not comply with the Sixth Amendment.

13. The petitioner, Walter E. Palmer, <u>does</u> <u>not</u> have any criminal conduct, or criminal judgments, at all, <u>in</u> <u>his</u> <u>entire</u> <u>life</u>.

14. Petitioner's professional conduct, in practicing his profession as a licensed lawyer and in the same professional condext as a duly appointed fiduciary, in the context of the petitioner's First Amendment rights and freedom, including the petitioner's First Amendment rights and freedom of association, as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution, and clearly established federal law, as determined by the Supreme Court of the United States, legally and ethically, has always been in accordance with the law and within the bounds of the law, both legally and ethically. Petitioner, has never, at any time, been in violation of any governing legal standard of professional conduct, in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, legally and ethically, and the petitioner' is more than willing to support these assertions, under oath, and in court, under both direct and cross examination.

WHEREFORE, the petitioner, Walter E. Palmer, respectfully moves to the court vacate, set-aside and/or dismiss the sentence imposed

on the petitioner, in this direct review, pursuant to Griffith v. Kentucky, 479 U.S. 314, 328, 107 S. Ct. 708, 93 L.Ed.2d 649 (1987) and Booker, cited supra, (Bryer,J. ) slip opinion, pg.16, and

2. to immediately release the petitioner, Walter E. Palmer, from physical custody, as a state of Massachusetts prisoner, being held in physical custody by the Commonwealth of Massachusetts at the Massachusetts Department of Correction Souza-Baranowski Correctional Center, located at, P.O. Box 8000, Shirley, Massachusetts, 01464, pursuant to 28 U.S.C. 2254(d)(1), and 28 U.S.C. 2251, and applicable provisions regarding release in accordance with 18 U.S.C. sections 3142, 3143 and 3145(c), in the case at bar before the court, and law and justice.

Signed under the pains and penalties of perjury and in accordance with 28 U.S.C. 1746(2), this 29th day of April, 2005.

Respectfully Submitted by
Walter E. Palmer, Esquire
Petitioner Pro Se

Walter E. Palmer, Esquire
49 Samoset Road
P.O. Box 1776
Duxbury, Mass., 01464

Petitioner Pro Se

PRESENT MAILING ADDRESS
Walter E. Palmer
Souza-Baranowski
Correctional Center
P.O. Box 8000
Shirley, Mass., 01464