UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER E. PALMER<br>       PETITIONER<br><br>v.<br><br>LOIS RUSSO, IN HER CAPACITY AS<br>SUPERTINDENT OF SOUZA-BARANOWSKI<br>CORRECTIONAL CENTER<br>       RESPONDENT | CIVIL ACTION<br>NO. 04-12426-NG |

MOTION OF PETITIONER, OF DENIAL OF DUE PROCESS,
OF CONFISCATION OF PETITIONER'S LEGAL MATERIAL
AND OBSTRUCTION OF PETITIONER'S ACCESS TO COURTS,
AND UNREASONABLE DELAY AND PREJUDICE

1. Now comes the above captioned petitioner, Walter E. Palmer, who has been held in physical custody, at the Massachusetts Department of Correction, located at Massachusetts Correctional Institute, at Concord, Massachusetts, Bay State Correctional Center, located at Norfolk, Massachusetts, Massachusetts Correctional Institute at Norfolk, located at Norfolk, Massachusetts, and since September 2, 2004, at Souza-Baranowski Correctional Center, located at Shirley, Massachusetts, begining November 5, 1999, and continuing to date, pending appeal of an alleged violation of Massachusetts criminal statutes, in the context of the petitioner, Walter E. Palmer's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in the context of the petitioner's constitutionally guaranteed First Amendment rights and freedom, including the petitioner's constitutionally guaranteed First Amendment rights and freedom of association, as applicable through the (5th) Fifth Amendment and as applicable to the states through the Fourteenth Amendments to

the United States Constitution, and 'contrary to ' clearly established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C.2254(d)(1), and controlling First Circuit federal law, in violation and deprivation of petitioner's (1st) First, (4th),Fourth, (5th) Fifth, (6th) Sixth and (14th) Fourteenth Amendments to the United States Constitution, in the case at bar before the court.

2.    In support of this above captioned motion, the petitioner relies upon the accompanying Affidavit of the petitioner dated March 18, 2005 (consisting of (32) thirty-two pages) and Memorandum of Law, dated, dated April 18, 2005 (consisting of (128) one-hundred and twenty-eight pages).

3.    This motion is subject to other pending motion before the court.

4.    The over (5) five year delay, was as a direct result of the confiscation by Massachusetts Department of Correction, Correctional Officers, under orders, of petitioner's legal material, consisting of the trial court transcripts of the petitioner's criminal trial at the Commonwealth of Massachusetts Suffolk County Superior Court, Boston, Massachusetts, which is the subject of the ongoing federal court proceedings, in the above entitled case, together with confiscation of other legal material involving petitioner's legal research, legal mail, legal court pleadings, which confiscation resulted in obstruction in petitioner's access to state and federal courts, in a timely manner, under the pretext that petitioner, as a Massachusetts Department of Correction prisoner, was only entitled to have (1) one square foot of legal material, at one time, under 103 CMR 403.10.

5. The trial court transcripts alone exceeded (1) one square foot of legal material.

6. The petitioner, was precluded from accessing any legal material, belonging to the petitioner, as the petitioner could not have legal material in his room, as a prisoner, at the Commonwealth of Massachusetts Bay State Correctional Center, thereby denying to the petitioner access to the courts, all in violation and deprivation of petitioner's (1st) First Amendment rights of access to the court, in the case at bar before the court.

7. The petitioner had the right to store his legal material but was denied the right to access the legal material, because the petitioner was in possession in excess of (1) one square feet of legal material,(a one way arrangement).

8. The petitioner filed with MIchael Corsini, Supertindent of Commonwealth of Massachusetts Bay State Correctional Center, a (39) thirty-nine page "Memorandum of Law, in Support of a Motion For Temporary Restraing Order and Preliminary Injunction" together with a copy of petitioner's Verified Complaint and Declaratory Judgment, dated October 22, 2003, prior to filing with the court. The petitioner was transferred from Bay State Correctional Center to Massachusetts Correctional Center at Norfolk, Norfolk, Massachusetts, and thus did not file the above cited pleading in court, due to the transfer, as described.

9. As a prisoner, held in physical custody at Massachusetts Correctional Institute Norfolk, at Norfolk, Massachusetts, there

was about a months delay in access to legal material, however petitioner did have acccess to his legal material but again with the limitation of (1) one square foot of legal material, when the trial court transcripts alone take up (1) one square foot of legal material allowed in a prisoner's room.

10.  Upon the transfer again, to Souza-Baranowski Correctional Center, from Massachusetts Correctional Center Norfolk, at Norfolk, Massachusetts, as described supra, threre was further delay in access to legal material, for an additional period of (2) two to (3) three months, and again, as described supra, the limitation of (1) one square foot of access to legal material, and the loss of some trial court transcripts,

11.  In short, there has been a denial of access to petitioner's legal material, for the various reasons as cited supra, with the total cumulative effect that over (5) five years delay has resulted in access to the federal court, in the above entitled case involving issues of violation of petitioner's constitutional guaranteed First Amendment rights, of access to the courts, as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution, and clearly established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C. 2254(d)(1), and controlling First Circuit federal law. As the Supreme Court held In United States v. Jacobson, 466 U.S.109, "It is nevertheless clear that a seizure that is lawful at its inception can violate Fourth Amendment if its manner of execution unreasonable infringes interest

protected by the Constitution."

"Justice delayed is justice denied", and in the case at bar before the court "Unduly burden" petitioner, Walter E. Palmer access to his legal material, in violation of the First Amendment in access to the court, as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution, based upon clearly established federal law, as determined by the Supreme Court of the United States and controlling First Circuit federal law, within the meaning of 28 U.S.C. 2254 (d)(1), especially in view of the petitioner's advance age of (76) seventy-six years old, and subject to imprisonment for over (5) five years. The petitioner Walter E. Palmer, as a result of the Commonwealth of Massachusetts Department of Corrections, in its capacity as an agent of the Commonwealth of Massachusetts, the confiscation of the petitioner Walter E. Palmer's legal papers, of his trial court transcripts, which is the subject of the instant case before the court, legal mail, legal research, legal court pleadings, the petitioner, has suffered prejudice and harm, as a result of the conduct of the Massachusetts Department of Correction, Correctional officers, confiscation, under orders, of his legal material, in order to have access to both Commonwealth of Massachusetts and United States District Court For The District of Massachusetts, in the above entitled case, as the delay gives rise, in view of petitioners age, he simply will not live, in seeking a judicial determination, of his professional conduct in practicing his profession

as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in the context of the petitioner's constitutionally guaranteed First Amendment rights and freedom including the petitioner's constitutionally guaranteed First Amendment rights and freedom of association, as applicable through the Fifth Amendment and as applicable to the States through the Fourteenth Amendment to the United Constitution, in which the Massachusetts courts decisions, in the instant case, before the court, are 'contrary to' clearly established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C. 2254(d)(1), and controlling First Circuit federal law.

WHEREFORE, the Commonwealth of Massachusetts Department of Correction, is under the State of Massachusetts Declaration of Rights Article (30) thirty, a department of the Executive branch of the state of Massachusetts, state government, under the Department of Public Safety, deprived the petitioner, Walter E. Palmer, unduly, and without any penalogical justification, of access to his legal material, in order to have access to the state of Massachusetts state court and federal courts, denied petitioner, Walter E. Palmer due process of law, all in violation of the petitioner's First Amendment rights, of access to the state and federal courts all to the petitioner, Walter E. Palmer's great harm and prejudice, based upon the foregoing grounds; and,

petitioner, Walter E. Palmer, respectfully moves the court grant the petition and issue the writ of habeas corpus and that the writ command that the judgments be Vacated w/p and the indictments

dismissed, and for other just and good cause and rights and justice, under 28 U.S.C. 2254.

Signed under the pains and penalities of perjury and in accordance with 28 U.S.C. 1746 (2), this 18th day of April, 2005.

                                 Respectfully Submitted by
                                 Walter E. Palmer, Esquire

                                 Walter E. Palmer, Esquire
                                 49 Samoset Road
                                 P.O. Box 1776
                                 Duxbury, Mass., 02331

                                 Petitioner Pro Se

PRESENT MAILING ADDRESS
Walter E. Palmer
Souza-Baranowski
Correctional Center
P.O. Box 8000
Shirley, Mass., 01464

—7 of 7—