UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WALTER E. PALMER
    PETITIONER

v.

LOIS RUSSO, IN HER CAPACITY AS
SUPERTINDENT OF SOUZA-BARANOWSKI
CORRECTIONAL CENTER
    RESPONDENT

CIVIL ACTION
NO 04-12426-NG

MOTION OF PETITIONER FOR EXPANSION OF RECORD
PURSUANT TO FED. R. CIV.P.7 HABEAS CORPUS

1.    The petitioner, Walter E. Palmer, in the above entitled case, is a pro se litigant, who is being held in physical custody, as a prisoner, pending ongoing appeal of an alleged violation of certain state of Massachusetts criminal statutes, by the Commonwealth, in the context of the petitioner's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary in the context of the petitioner's constitutionally guaranteed First Amendment rights and freedom, including the petitioner's First Amendment rights and freedom of association, as applicable through the Fifth Amendment and as applicable to the States through the Fourteenth Amendments to the United States Constitution, involving Commonwealth of Massachusetts courts decisions, which are 'contrary to' clearly established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C. 2254(d)(1), and controlling First Circuit federal law, since November 4, 1999, and continuing to date.

2.    Petitioner, Walter E. Palmer, is presently being held, as a prisoner, in physical custody, at the Massachusetts Department

of Correction at Souza-Baranowski Correctional Center, P.O.Box 8000, Shirley, Massachusetts, 01464, since September 2, 2004 and continuing to date.

3.  The Respondent, Lois Russo, is presently Supertindent of the Commonwealth of Massachusetts Department of Correction Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley,Massachusetts 01464.

4.   This motion is subject to other matters,involving the above captioned case,that is before the court.

5.   On September 2, 2004, the petitioner, Walter E. Palmer was transferred, as a prisoner being held in physical custody, from the Massachusetts Correctional Center at Norfolk, and located at Norfolk, Massachusetts, to Commonwealth of Massachusetts Souza-Baranowski, Correctional Center, P.O. Box 8000, Shirley, Massachusetts, as cited supra.  The petitioner's legal material including the trial COURT TRANSCRIPTS, which are the subject of the above entitled case before the court, was placed in plastic bags from boxes, by Correctional Officers at the Souza-Baranowski Correctional Center. The legal material, including the TRIAL COURT TRANSCRIPTS were then place in smaller boxes, for storage, at Souza-Baranowski Correctional Center storage facility by the petitioner, at which time, the petitioner become aware that TRIAL COURT TRANSCRIPTS were missing.  All the TRIAL COURT TRANSCRIPTS that were placed in the plasic bags by the Correctional Officers were missing when the petitioner removed legal material from the plastic bags to be put in smaller boxes. Thus, trial court transcripts are still missing and not available to petitioner for fil-

ing with the court in the above entitled case. The petitioner has been able to locate some trial court transcripts. (Petitioner filed with this court trial court transcript of petitioner trial court testimony, with a few pages missing.) As stated in previous court pleadings filed in the Massachusetts Supreme Judicial Court, the trial court transcripts were mailed to the petitioner, at the Massachusetts Department of Correction Bay State Correctional Center, located at Norfolk, Massachusetts, by his daughter, Attorney Tracy E. Palmer Clancy. The trial court transcripts were witheld from the petitioner, by Correctional Officers at the Bay State Correctional Center, based on orders. After a period of time, petitioner received the trial court transcripts, however with all the moving, petitioner does not have all the trial court transcripts to be filed with this court. WHEREFORE, the petitioner, Walter E. Palmer, respectfully moves, subject to other matters before this court, in the above entitled case, pursuant to Fed.R.Civ.P. 7 Habeas Corpus, Expansion of Record, that if the petitioner's petition is not dismissed summarily by the court, that the court direct the record be expanded by the Respondent, through the Commonwealth of Massachusetts Attorney General, as counsel of record for the Respondent, to file with the court, in the case at bar before the court, a complete record of the Massachusetts Suffolk County trial Court transcript, of the criminal proceedings of the petitioner, Walter E. Palmer, including the petitioner, Walter E. Palmer's testimony in the trial court transcripts, based upon the foregoing reasons and grounds, and copy of the trial court transcripts to petitioner..

Signed under the pains and penalities of perjury and in accordance with 28 U.S.C. 1746 (2) this 12th day of April, 2005.

                                        Respectfully Submitted
                                        Walter E. Palmer, Esquire
                                        */s/ Walter E. Palmer*
                                        Walter E. Palmer, Esquire
                                        49 Samoset Road
                                        P.O. Box 1776
                                        Duxbury, Mass., 02331

PRESENT MAILING ADDRESS          Petitioner Pro Se
Walter E. Palmer
Souza-Baranowski
Correctional Center
P.O. Box 8000
Shirley, Mass.  01464

                                     4 of 4