UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WALTER E. PALMER
    PETITIONER

V.

Lois Russo, In Her Capacity As
Supertindent of Sousa-Baranowski
Correctional Center
    Respondent

Civil Action No. 04-12426-NG

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION ATTACKING, AND CHALLENGING INDICTMENTS, MASSACH-USETTS CRIMINAL STATUTES, AS APPLIED, UNLAWFUL AND UNCON-STITUTIONAL TO CONVICTION AND IMMEDIATE RELEASE FROM CUSTODY

This is a supplemental Memorandum of Law, dated April 19, 2005, in this case at bar before the court involving the professional conduct of the petitioner, Walter E. Palmer's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in the petitioner's total and complete reliance upon the administrative lay staff of petitioner's law office, Palmer & Simcock, for over (20) twenty years, of petitioner's (40) forty years of the practice of law, in matteres relating to record keeping, bookkeeping and reconciliation of client's funds acc-ounts and (2) two Certified Public Accountants, James Argus of the accounting firm of Argus & Freedman and Norman Freedman of the same accounting firm and later of the accounting firm of Zuber & Freedman in matters relating to accounting, tax return prep-aration, probate accounting, and reconciliation of the petit-ioner's law office, Palmer & Simcock, clients' funds accounts

in relation to those specific tasks.

Petitioner testified in the stat-court court criminal trial, under both direct and cross examination.

Petitioner never performed the above described tasks, at any time.

The administrative lay staff of the petitioner's law office failed to reconcile clients' funds accounts for over (20) twney years.

There was a shortfall in the petitioner's clients funds accounts and the Commonwealth, ipso facto, charges the petitioner's professional conduct, in this case at bar before the court, violated the Massachusetts criminal statutes, M.G.L.c266 section 57, M.G.L. c. 266 section 30, and the civil statute M.G.L. c. 195 section 6, upon which the indictments in the instant case before the court.

The Massachusetts state-court decisions ignored constitutional professional standard of professional conduct in Strickland v. Washington, 466 U.S. 668 (1984) and controlling First Circuit federal law in Phoenix v. Matesanz, 233 F.3d 77 (1st Cir. 2000); Ouber v.Guarino, 293 19, 25 (1st Cir.2002), Castillo, v Matesanz, 348 F.3d 1 (1st Cir. 2003). Massachusetts state-court decisions, also ignored the essential elements of specific intention and knowledge.

The petitioner asserts in this case before the court, that he is constitutionally entitled to constitutional protective conduct, in the context of the First Amendment rights and freedom including the First Amendment rights and freedom of association

as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution, and that the Massachusetts state-court decisions were and are 'contrary to' clearly established federal law, as determined by the Supreme Court of the United States and within the meaning of 28 U.S.C. 2254(d)(1), as applied to the petitioner's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary.

Thus, the Massachusetts state-court decisions involve errors of <u>constitutional magnitude</u> that are prejudicial to the petitioner

Petitioner reaffirms petitioner's Memorandum of Law dated April 19, 2005.

Thus, the petitioner asserts, in the circumstances of the petitioner's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, as applied to the Massachusetts criminal statutes, as cited supra, the Massachusetts state-court decisions are 'contrary to' clearly established federal law, as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.C. 2254(d)(1), in <u>Shuttlesworth</u> v. <u>City of Birmingham</u>, 394 U.S. 147, 150-151, 89 S. Ct.935, 938, 22 L.Ed. 162 (1969), held, "a law subjecting the exercise of First Amendments freedoms to the <u>prior restraint</u> of a license, without narrow, objective, and definite standards to guide the licensing authority, is unconstitutional." "Broad prophylactic rules in the area of free expression are suspect. Precision of regulation is the touchstone..." <u>Schaumberg</u> v. <u>Citizens For Better Environment</u>, 444

U.S. 620, 637, 100 S. Ct. 826, 836, 63 L.Ed.2d 73 (1980)(quoting NAACP v Button, 371 U.S. 415, 438, 83 S. Ct. 328, 340-41, 9 L EEd. 2d 405 (1963), cited supra.

Thus, as applied to petitioner professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiducairy, in the case at bar before the court, and in the context of the First Amendment rights and freedom of association, as described supra herein in petitioner's practice of law as a lawyer, and other lawyers, "may have the effect of curtailing the freedom to associate (which is subject to the closet scrutiny." See NAACP v Alabama, 357 U.S 449, 460-461, 78 S. Ct. 1163, 1171, 2 L.Ed.2d 1488 (1958) by burdening associations of the use of paralegals and secretaries, in the practice of law, as in the case at bar before the court.

See Gentle v. State Bar of Nevada, 501 U.S. 1030, 111 S.Ct. 2720, 115 L.Ed. 2d 888 (1991), held, "based on the need to eliminate the impermissible risk of discriminatory enforcement."

See also, Fantasy Book Shop, Inc v. City of Boston, 652 F.2d 1115 (1st Cir. (Mass) (1981) held, "Any government regulation that limits or conditions in advance the exercise of protected First Amendment activity constitutes a form of prior restraint.."

Signed under the pains and penalties of perjury and in accordance with 28 U.S.C. 1746(2), this 10th day of May, 2005.

PRESENT MAILING ADDRESS
Walter E. Palmer
Souza-Baranowski
Correctional Center
P.O Box 8000
Shirley, Mass., 01464

Respectfully Submitted by
Walter E. Palmer, Esquire
Petitioner (Pro Se)
*Walter E. Palmer*
Walter E. Palmer, Esquire
49 Samoset Road
P.O. Box 1776
Duxbury, Mass. 02331

Petitioner Pro Se