UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Walter E. Palmer
  Petitioner

C.A. 04-12426-NG

Lois Russo, in her capacity as
Supertindent of Souza-Baranowski
Correctional Center

PETITIONER'S OBJECTIONS TO COURT'S "ORDER OF DISMISSAL
dated August 25, 2005 AND COURT'S MEMORANDUM AND
DECISION RE: RESPONDENT'S MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS, dated August 25, 2005

1.  The petitioner, Walter E. Palmer, is a State of Massachusetts prisoner, being held in physical custody at the Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464.

2.  On August 31, 2005, the petitioner received in hand from Correctional Officer, Bruce Erickson, the following from the Court, in the above entitled case:

   A. ORDER OF DISMISSAL, dated August 25, 2005

   B. MEMORANDUM AND DECISION RE: RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS, dated, August 25, 2005, consisting of 16 pages.

3.  The above entitled case before the court involves, the professional conduct of the petitioner's practice of law as a licensed lawyer, and in the same professional context as a duly appointed fiduciary, which involve issues of constitutional magnitude, that are meritorious, and are likely to be presented in other case, involving lawyer's permitted use of low cost paralegals, based

—1 OF 13—

upon controlling First Circuit federal law in Lipsett V.Blanco, 975 F.2d 934, 939 (1st Cir. 1992) which held, "The efficient use of paralegals is, by now, an accepted cost-saving device. The Supreme Court has given its blessing to such a practice, stating: By encouraging the use of lower cost paralegals rather than attorneys wherever possible, permiting market-rate billing of paralegals hours enourages cost-effective delivery oflegal services and, by reducing the spiraling cost of civil rights litigation, furthers the policies underlying civil rights statutes." citing Missouri V. Jenkins, 491 U.S. 274, 288, 109 S. Ct. 2463, 2471, 105 L.Ed.2d 229 (1989)(citation and internal quotation marks omitted), and as cited, and argued by the petitioner, through his most able and excellent Attorney, Michael P. Clancy, (a most distinguished member of both the Massachusetts and Federal Bars), in brief filed, in the instant case with the Massachusetts Appeals Court, as well as Rolland V. Celucci, 106 F.Supp.2d 128, 144 (D. Mass. 2000), all in support of petitioner's First Amendment rights and freedom, including petitioner First Amendment rights and freedom of association under the Supreme Court of the United States in McConnell v. Federal Election Com'n, 540 U.S. 93, 124 S. Ct. 619 (2003) which held, "The constitutional right of association explicated in N.A.A.C.P. v. Alabama, 357 U.S. 449, 460, 78 S. Ct.1163, 2 L.Ed.1488 (1958), stemmed from the court's recognition that 'effective advocacy of both public and private points of view, particulary controversial ones, is undeniably enhanced by group association.","Susequent decisions have made clear that the First and Fourteenth Amendments guarantee "freedom to associate with others for the common advan-

cement of political, social, economic, educational, religious and cultural ends." citing Roberts V. United States Jaycees, 468 U.S. 609, 622, 104 S. Ct. 3244, 82 L.Ed.2d 462 (1984)."

4. Thus, the petitioner's constitutional right to associate, in the practice of his profession as a licensed lawyer and in the same professional context as a licensed lawyer, in the case at bar before the court, under the substantial constitutional protection of the First Amendment as applicable through the Fifth Amendment and as applicable to the States through the Fourteenth Amendments to the United States Constitution, to assign and delegate, to low cost paralegals in petitioner's law office, Palmer & Simcock, in matters relating to the tasks of record keeping, bookkeeping, and reconciliation of clients funds accounts, for over (20) twenty years, and to engage, also, for over (20) twenty years, (2) two independent Certified Public Accountants, James Argus of the accounting firm of Argus & Freedman and Norman Freedman of the same accounting firm, and later of the accounting firm of Zuber & Freedman, in matters relating to accounting, tax return preparation, probate accounting and reconciliation of clients funds accounts, in relation to those specific tasks, is, a <u>constitutional entitlement</u> of petitioner, Walter E. Palmer, <u>in the practice of his profession as a licensed lawyer and duly appointed fiduciary, as a matter of clearly established federal law as determined by the Supreme Court of the United States and controlling First Circuit federal law, as cited supra herein.</u>

5. The petitioner, as a pro se litigant also cited with authority, in petitioner's Application For Further Appellate Review to the Supreme Judicial Court, petitioner's First Amendment rights and

freedom of association, as held by the Supreme Court of the United States in Missouri v. Jenkins, 491 U.S. 274, 288, 109 S. Ct.2463, 2471, 105 L.Ed.2d 229 (1989) and First Circuit authority in Rolland v. Celucci, 106 F.Supp. 2d 128, 144 (D.Mass. 2000)(citing Lipsett v. Blanco, 975 F.2d 934, 939 (1st Cir. 1992) and of course Supreme Court of the United States authority in Missouri v. Jenkins, supra.

6. Attorney Michael P. Clancy, also cited for Supreme Court authority, for petitioner's professional standard with, and proof, Strickland v. Washington, 466 U.S. 668, (1984) and with argument, as a most comptent attorney, in representing the petitioner before the Massachusetts Appeals Court., that petitioner's professional conduct in practicing his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, did not violate any, none, zero, professional constitutional standard of professional conduct, as formulated by the Supreme Court in Strickland v. Washington, supra, at any time, and in the case at bar before the Massachusetts Appeals Court.

7. The Supreme Court of the United States in Spevack v. Klein, 385 U.S. 511, 87 S. Ct. 625, 17 L.Ed.2d 574 (1967) held, "Like the school teacher in Slochower v. Board of Higher Education of City of New York, 350 U.S. 551, 76 S. Ct. 637, 100 L.Ed.692, and the policeman in Garrity v. State of New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed. 2d 562, lawyers also enjoy first-class citizenship."

8. Thus, the petitioner Walter E. Palmer, most respectfully, objects to the court's "Order of Dismissal, dated August 25, 2005, and court's Memorandum and Decision RE: Respondents Motion To Dismiss Petition For Writ of Habeas Corpus, dated August 25, 2005, as the issues involving petitioner's professional conduct in the

practice of petitioner's profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in the case at bar before the court,, is, as cited and stated, involves issues of constitutional magnitude, that are meritorious and are likely to be presented in other case, involving lawyer's permitted use of low cost paralegals, as in Pincay v. Andrews, 389 F.3d 853 (9th Cir. (Cal.) 2004)(Argued and Submitted En Banc June 24, 2004)(Schroeder, Chief Judge), which held, "This appeal represents a lawyers nightmare. A sophisticated law firm, with what it thought was a sophisticated system to determine and calender filing deadlines, missed a critical one." "In the modern world of legal practice, the delegation of repetitive tasks to paralegals has become a necessary fixture. Such delegation has become an integral part of the struggle to keep down the costs of legal representation. Moreover, the delegation of such tasks to specialized, well-educated non-lawyers may well ensure greater accuracy in meeting deadlines than a practice of having each lawyer in a large firm calculate e each filing deadline anew. The task of keeping track of necessary deadline will involve some delegation. The responsibility for the error falls on the attorney regardless of whether the error was made by an attorney or a paralegal. See Model Rules of Prof'l Conduct R. 5.5 cmt. 2 (2002)("This Rule does not prohibit a lawyer from employing the services of a paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work will and retains responsibility for their work."}

ISSUES OF CONSTITUTIONAL MAGNITUDE

9. Thus, the professional conduct of the petitioner practcing his

profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in the instant case at bar before the court, involve <u>issues of constitutional magnitude</u> which are meritorious and are likely to be presented in other cases, in which a lawyer's use of paralegals presents issues of constitutional delimma, in the <u>context of Massachusetts criminal statutes</u>, as to the lawyers professional conduct, in the context of a lawyer's First Amendment rights and freedom of <u>association</u>, as applicable through the Fifth Amendment and as applicable to the states through the Fourteenth Amendments to the United States Constitution, as in the case at bar before the court.

10. In <u>Quinn</u> v. <u>City of Boston</u>, 325 F.3d 18 (1st Cir.(Mass.)2003) held, "...issues of constitutional magnitude should not be the subject of speculation, but, rather should be litigated fully by parties with standing to represent pertinent points of view."

11. In <u>U.S.</u> v. <u>LaGuardia</u>, 902 F.2d 1010 (1st Cir. 1990) held, "When all is said and done, "the rules of practice and procedure are devised to promote the ends of justice, not to defeat them." citing Hormel v. Helvering, 312 U.S. 552, 557, 61 S. Ct. 719,721, 85 L.Ed. 1037 (1941). Moreover, the issue is of constitutional magnitude, and is likely to be presented in other cases." See, <u>National Ass'n of Social Workers</u> v. <u>Harwood</u>, 69 F.3d 622, 628-29 (1st Cir. 1995); <u>In re 604 Columbus Ave Realty Trust</u>, 968 F.2d 1332, 1343 (1st Cir. 1992).

12. Also, in <u>United States</u> v. <u>Krynicki</u>, 689 F.2d 289,291-92 (1st Cir. 1982) held, "We have found the exercise of such discretion to be appropriate where the appellant's challeng "raises an issue

of constitutional magnitude which, if meritorious, could substantially affect the appellant and future defendants..."

13. The First Circuit in T.I. Federal Credit Union v. DelBonis, 72 F.3d 921, 930 (1st Cir. 1995) held, "Cases involving important constitutional or government issues may be exceptional and as such, there should be a full treatment of all legal issues involved, whether squarely introduced by the parties or not."

14. The Supreme Court in Procunier v. Martinez, 416 U.S. 396, 405, 94 S. Ct. 1800, 1807, 40 L.Ed.2d 224 (1974) held, "When a claim of constitutional issue is raised however, the law requires courts to consider the issue."

15. See also, Singleton v. Wulff, 428 U.S. 106, 121, 96 S. Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) held, "..involving claims of physicans in their professional practice that raises issues of constitutional magnitude which is meritorious could substantially affect rights under the professional practice of medicine."

## PETITIONER'S FIRST AMENDMENT

16. The petitioner, respectfully also, objects to the court's "ORDER OF DISMISSAL dated August 25, 2005, and the Court's Memorandum and decision RE: RESPONDENTS MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS, dated August 25, 2005, in their entirety, as in the instant case before the court the petitioner' asserts the substantial constitutionally protected conduct under the First Amendment rights and freedom of association, as applicable through the Fifth Amendment and as applicable through the Fourteenth Amendments to the United States Constitution, and clearly established federal law as determined by the Supreme Court of the United States

as cited in petitioner's Memorandum of Law in support of petitioner's objection to court's granting of the Respondent's Motion to Dismiss, dated August 25, 2005 and Court's "Memorandum and Decision Re: Respondent's Motion To Dismiss Petition For Writ of Habeas Corpus, also dated August 24, 2005, as set forth in petitioner's Memorandum of Law dated September 6, 2005,

17. The Supreme Court in Gentle V. State Bar of Nevada, 510 U.S. 1030, 111 S. Ct. 2720, 2726, 2734, 115 L.Ed.2d 288 (1991) held, "We have held, that "in cases raising First Amendment issues, "an appellate court has an obligation to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression," citing Bose Corp. V. Consumers Union of United States Inc., 466 U.S. 485, 499, 104 S. Ct. 1949, 1958, 80 L.Ed.2d 502 (1984)(QUOTING New York Times Co., V. Sullivan, 376 U.S. 254, 284-286, 84 S. Ct. 710, 728, 729, 116 L.Ed.2d 686 (1964).

18. In controlling First Circuit federal law in Ridley V. Massachusetts Bay Transp. Authority, 390 F.3d 65 (1st Cir. (Mass.)2004), held, "We engage in de novo review of ultimate conclusions of law and mixed questions of law and fact in First Amendment cases." citing Hurley V. Irish-American, Gay, Lesbian and BisexualGroup of Boston, 515 U.S.557, 567; 115 S. Ct. 2338, 132 L.Ed.2d 487 (1995); Bose Corp. V. Consumers Union of U.S., Inc., 466 U.S.485, 501, 104 S. Ct. 1949, 80 L.Ed.2d 502 (1984)." as relates to the petitioner's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in the instant case at bar before the court.

U.S. V. BOOKER, 543 U.S.___, 125 S. Ct.738
(Decided January 12, 2005)

19. Based upon clearly established federal law, as determined by the Supreme Court of the United States in U.S. v. Booker, 543 U.S. ___ 125 S. Ct. 738, 160 L.Ed.2d 621 (January 12, 2005), in this direct appeal by the petitioner, petitioner's conviction and sentence is invalid,, and petitioner objects to Court's Motion To Dismiss, dated August 25, 2005 and Court's Memorandum And Decision Re: Respondents Motion To Dismiss Petition For Writ of Habeas Corpus, dated August 24, 2005.

20. Petitioner cited for authority and support before the Supreme Judicial Court in Petitioner's Application For Further Appellate Review, Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct.2348, 147 L.Ed.2d 435 (2000), as support for authority that petitioner's conviction and sentence was invalid and unconstitutional in violation of petitioner's Sixth Amendment constitutional rights. In the instant case at bar, the Massachusetts state trial court judge imposed sentence on petitioner, and did not obtain any facts from the jury. The trial judge imposed a life sentence on petitioner in violation of petitioner's Eight Amendment rights of cruel and unusal treatment.

## STANDARDS

21. The criminal statutes upon which the indictments entirely rests do not contain any standards, as constitutionally mandated based upon clearly established federal law as determined by the Supreme court of the United States and in Violation of petitioners First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. See Miller-El v.Cockrell, 537 U.S. 322 (2003)as to COA STANDARD.

## MASSACHUSETTS CRIMINAL STATUTES

22. The Massachusetts criminal statutes, in the instant case upon which the indictments entirely rests, are <u>as applied to petitioner's professional conduct in the practice of his prof</u>-ession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, are unnarowed, overly broad, substantial impermissible vague, and as applied to petitioner, in petitioner's practice of law, in the case at bar before the court, serve no compelling state interest, and as applied to petitioner are <u>unconstitutional</u> and <u>infringe</u> on petitioner's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, based upon clearly established federal law, as determined by the Supreme Court of the United States, and are 'contrary to' clearly established federal law as determined by the Supreme Court of the United States, and within the meaning of 28 U.S.2254(d)(1), and the Massachusetts courts decisions, in the instant case, involved errors of constitutional magnitude that are prejudicial to the petitioner, all in accordance with petitioner's Memorandum of Law, dated September 6, 2005, as cited supra. See <u>Smith v.Goguen</u>, 415 U.S. 566, 94 S.Ct.1242(1974), <u>as to standards</u>.

PETITIONER'S — <u>GROUNDS FOR RELIEF</u>

23. The petitioner respectfully <u>objects</u> to the court's description, characterization, and formulation of petitioner's grounds for relief under petitioner petition for a Writ of Habeas Corpus pursunt to 28 U.S.C. 2254, in the instant case before the court, which petitioner asserts describes in substance the nature of the petitioner's claims for relief pursuant to 28 U.S.C.2254. for the issuance of a Writ of Habeas Corpus, in the instant case.

24. The Supreme Court in U.S. V. Booker, 543 U.S.___, 125 S. Ct.738, at 769,   L.Ed.2d 621 (2005)(Breyer J.)(Slip Opinion pg. 16). held, "As these dispositions indicate, we must apply today's holding--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Acts--<u>to all cases on direct review</u>." See <u>Griffith</u> v. Kentucky, 479 U.S. 314, 107 S. Ct. 708, 93 L.Ed.2d 649 (1987) "A new rule for theconduct of criminal prosecutions is to be applied retroactively to all cases--- pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past."

25 Thus the indictments are <u>invalid, unconstitutional</u>, as in violation of the Fifth Amendment to the Grand Jury Clause, as the indictments in the case at bar lack facts and elements as mandated inclearly established federal law as determined by the Supreme Court of the United States, under U.S. V. Booker, supra, and <u>Hamling</u>  v. U.S. 418 U.S. 87, 117, 94 S. Ct.2887 (1974), and court <u>lacks jurisdiction</u> as a matter of law.

### INSTRUCTION TO THE JURY

26 The trial judge instruction to the jury did <u>not</u> contain any standard for the ad hoc lay jury, as constitutionally mandated and the trial judge refused to instruct the ad hoc lay jury on the <u>essential element of specific intent</u>.

27. The trial judge "committed an error by <u>not giving</u> (petitioner's Counsel ~~cousel~~ Attorney Michael P. Clancy) an opportunity object to charge and to suggest an appropriate rejoiner before the ad hoc lay jury retired, all to the prejudice to the petitioner, under the <u>Chapman</u>

the standard in Chapman v. California, 386 U.S. 18, 87 S. Ct. 824 (1967) which held,"before a federal constitutional error can be held harmless the court must be able to declare a belief that it was harmless beyound a reasonable doubt".

28 The petitioner asserts the Chapman standard in the objection to the court's ORDER OF DISMISSAL dated August 25, 2005 and court's Memorandum and Decision Re Respondents Motion To Dismiss Petition For Writ of Habeas Corpus, dated August 25, 2005, respectfully, in which petitioner's constitutional rights, under the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated as to petitioner's professional conduct in the practice of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, based upon clearly established federal law, as determined by the Supreme Court of the United States and controlling First Circuit federal law, as cited supra, and in accompanying Memorandum of Law dated September 6, 2005, and other Memorandum of Law, filed with the court (128 page Memorandum of Law) petitioner's Memorandum of Law in support of petitioner's Opposition to Respondent's Motion To Dismiss petition for Writ of Habeas Corpus (179 pages)dated February 14, 2005.

29. Petitioner further asserts in his Objection to the Court's ORDER OF DISMISSAL, dated August 25, 2005 and Court's Memorandum and Decision Re; Respondents Motion To Dismiss Petition For Writ of Habeas Corpus, dated August 25, 2005, involve errors of constitutional magnitude that are prejudicial under the Chapman standard, as applied to petitioner's professional conduct in the practice of

of his profession as a licensed lawyer and in the same professional context as a duly appointed fiduciary, in the instant case at bar before the court.

30. The petitioner also asserts, in the objections to the court's Dismissal (ORDER OF DISMISSAL, dated August 25, 2005 and Court's Memorandum and Decision Re: Respondents Motion To Dismiss Petitition For Writ of Habeas Corpus, dated August 25, 2005, the Supreme Court of the United States holding under Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347 158 L.Ed.2d 64 (2004) which held, "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal." The petitioner, through his Attorney Michael P. Clancy, in the Massachusetts Appeals Court, and as a pro se litigant in the Supreme Judical Court complied with this standard in all respects, in instant case. Signed under the pains and penalties of perjury and in accordance with 28 U.S.C. 1746, this 6th day of September, 2005, in response to receiving in hand on August 31, 2005, the Court's Order of Dismissal dated August 25, 2005, and Court's Memorandum and Decision Re: Writ of Habeas Corpus, dated August 25, 2005.

PRESENT MAILING ADDRESS
Walter E. Palmer
Souza-Baranowski
Correctional Center
P.O. Box 1776
Shirley, Mass., 01464

Respectfully submitted
Walter E. Palmer, Esquire
Petitioner (Pro Se)
*Walter E. Palmer*
Walter E. Palmer, Esquire
49 Samoset Road
P.O. Box 1776
Duxbury, Mass., 02331