UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

WALTER E. PALMER
          PETITIONER

V.                                                    CASE NO.

LOIS RUSSO, IN HER CAPACITY AS SUPERTINDENT          04-12426-NG
OF SOUZA-BARANOWSKI CORRECTIONAL CENTER
          RESPONDENT

### EXHIBITS

As to Petitioner's Memorandum of Law, In Support of
Petitioner's "Application To Certificate Of Appealability" and
Petitioner's objection to Court's "Order of Dismissal" dated
August 25, 2005, and Court's "Memorandum and Decision Re:
Respondent's Motion To Dismiss Petition For Writ of
Habeas Corpus," dated August 25, 2005.

Walter E. Palmer, Esquire
49 Samoset Rd.,
P. O. Box 1726
Duxbury, Mass
     02371

Present Mailing Address
Souza- Baranowski
Correctional Center
P. O. Box 8000
Shirley, Mass.,
     01464

No. SUCR96-11762

Commonwealth of Massachusetts

*vs.*

WALTER PALMER

SUCR96-11762

*Commonwealth of Massachusetts*

*Suffolk, to wit:*

At the Superior Court, begun and holden at the City of Boston, within and for the County of Suffolk, for the transaction of Criminal Business, on the first Monday of NOVEMBER in the year of our Lord one thousand nine hundred and NINETY NINE.

*The Honorable* JOSEPH A. GRASSO JR.

*a Justice of said Court presiding*

## COMMONWEALTH OF MASSÀCHUSETTS

SUFFOLK. ss.

At the SUPERIOR COURT DEPARTMENT of the Trial Court begun and holden at Boston, within and for the County of Suffolk, for the transaction of criminal business, on the first Monday of November in the year of our Lord one thousand nine hundred and ninety seven.

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

### Walter Palmer

on divers dates and times between on or about July 19, 1989 and November 25, 1991 in Boston, in the county of Suffolk, actuated by a continuing criminal intent and pursuant to the execution of a general plan and scheme, did as a trustee under and express trust created by a deed, will or other instrument in writing or as a guardian, conservator, executor or administrator, embezzle or fraudulently convert or appropriate money, goods or property held or possessed by him for the use or benefit, either wholly or partially, of some other person for his own use or benefit of any person other than such person as aforesaid, in violation of M.G.L. c. 266 § 57.

### A TRUE BILL

_Susan Buttary_
Foreperson of the Grand Jury

_[signature]_
Assistant Attorney General

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT of the TRIAL COURT begun
and holden at the City of Boston, within and for the County of
Suffolk, for the transaction of criminal business, on the first
Monday of September in the year of our Lord one thousand nine
hundred and ninety eight.

The JURORS for the COMMONWEALTH OF MASSACHUSETTS on their
oath present that:

Walter Palmer

on diverse dates and times between on or about the twenty-fourth
day of October in the year of our Lord one thousand nine hundred
and ninety-four through on or about the thirty-first day of July
in the year of our Lord one thousand nine hundred and ninety-six,
at Boston, in the County of Suffolk aforesaid, **while acting as
trustee of an express trust created by a deed, will, or other
instrument in writing or as guardian, conservator, executor or
administrator of Josephine B. Dial, late of Boston, and/or her
estate, actuated by a continuing criminal intent and pursuant to
the execution of a general larcenous plan and scheme, did
embezzle or fraudulently convert or appropriate money, goods,
and/or property held by him for the use or benefit, either wholly
or partially, of the heirs and/or beneficiaries, to or for his
own use or benefit or to or for the use or benefit of any person
other than said heirs and/or beneficiaries in violation of G.L.
c.266, §57.**

Against the peace of said Commonwealth, and contrary to the
form of the statute in such case made and provided.

(Count 1)

And the JURORS, aforesaid, for the COMMONWEALTH OF MASSACHUSETTS,

on their oath, aforesaid, do further present that:


Walter Palmer


on diverse dates and times between on or about the thirteenth day
of July in the year of our Lord one thousand nine hundred and
ninety-three through on or about the thirty-first day of July in
the year of our Lord one thousand nine hundred and ninety-six, at
Boston, in the County of Suffolk aforesaid, **while acting as
trustee of an express trust created by a deed, will, or other
instrument in writing or as guardian, conservator, executor or
administrator of Theresa Glynn, late of Boston, and/or her
estate, actuated by a continuing criminal intent and pursuant to
the execution of a general larcenous plan and scheme, did
embezzle or fraudulently convert or appropriate money, goods,
and/or property held by him for the use or benefit, either wholly
or partially, of the heirs and/or benefiaries, to or for his own
use or benefit or to or for the use or benefit of any person
other than said heirs and/or beneficiaries in violation of G.L.
c.266, §57.**


Against the peace of said Commonwealth, and contrary to the
form of the statute in such case made and provided.

(Count 2)

And the JURORS, aforesaid, for the COMMONWEALTH OF MASSACHUSETTS,

on their oath, aforesaid, do further present that:

Walter Palmer

on diverse dates and times between on or about the second day of
June in the year of our Lord one thousand nine hundred and
ninety-four through on or about the thirty-first day of July in
the year of our Lord one thousand nine hundred and ninety-six, at
Boston, in the County of Suffolk aforesaid, **while acting as
trustee of an express trust created by a deed, will, or other
instrument in writing or as guardian, conservator, executor or
administrator of Ann Miller, late of Boston, and/or her estate
actuated by a continuing criminal intent and pursuant to the
execution of a general larcenous plan and scheme, did embezzle or
fraudulently convert or appropriate money, goods, and/or property
held by him for the use or benefit, either wholly or partially,
of heirs and/or beneficiaries, to or for his own use or benefit
or to or for the use or benefit of any person other than said
heirs and/or beneficiaries in violation of G.L. c.266, §57.**

Against the peace of said Commonwealth, and contrary to the
form of the statute in such case made and provided.

(Count 3)

And the JURORS, aforesaid, for the COMMONWEALTH OF MASSACHUSETTS,

on their oath, aforesaid, do further present that:


Walter Palmer


on diverse dates and times between on or about the first day of
June in the year of our Lord one thousand nine hundred and ninety
through on or about the thirty-first day of July in the year of
our Lord one thousand nine hundred and ninety-six, at Boston, in
the County of Suffolk aforesaid, **while acting as trustee of an
express trust created by a deed, will, or other instrument in
writing or as guardian, conservator, executor or administrator of
William A. Bahn, Sr., late of Brookline, and/or his estate
actuated by a continuing criminal intent and pursuant to the
execution of a general larcenous plan and scheme, did embezzle or
fraudulently convert or appropriate money, goods, and/or property
held by him for the use or benefit, either wholly or partially,
of the heirs and/or beneficiaries to or for his own use or
benefit or to or for the use or benefit of any person other than
said heirs and/or beneficiaries in violation of G.L. c.266, §57.**


Against the peace of said Commonwealth, and contrary to the form
of the statute in such case made and provided.

(Count 4)

And the JURORS, aforesaid, for the COMMONWEALTH OF MASSACHUSETTS,

on their oath, aforesaid, do further present that:

Walter Palmer

on diverse dates and times between on or about the twenty-ninth day of July in the year of our Lord one thousand nine hundred and ninety-three through on or about the thirty-first day of July in the year of our Lord one thousand nine hundred and ninety-six, at Boston, in the County of Suffolk aforesaid, **while acting as trustee of an express trust created by a deed, will, or other instrument in writing or as guardian, conservator, executor or administrator of Rodena MacLeod, late of Boston, and/or her estate actuated by a continuing criminal intent and pursuant to the execution of a general larcenous plan and scheme, did embezzle or fraudulently convert or appropriate money, goods, and/or property held by him for the use or benefit, either wholly or partially, of the heirs and/or beneficiaries to or for his own use or benefit or to or for the use or benefit of any person other than said heirs and/or beneficiaries in violation of G.L. c.266, §57.**

Against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided.

(Count 5)

And the JURORS, aforesaid, for the COMMONWEALTH OF MASSACHUSETTS,

on their oath, aforesaid, do further present that:

Walter Palmer

on diverse dates and times between on or about the seventeenth
day of May in the year of our Lord one thousand nine hundred and
eighty-nine through on or about the thirty-first day of July in
the year of our Lord one thousand nine hundred and ninety-six, at
Boston, in the County of Suffolk aforesaid, **while acting as
trustee of an express trust created by a deed, will, or other
instrument in writing or as guardian, conservator, executor or
administrator of Dorothy Connelly, late of Medford, and/or her
estate, actuated by a continuing criminal intent and pursuant to
the execution of a general larcenous plan and scheme, did
embezzle or fraudulently convert or appropriate money, goods,
and/or property held by him for the use or benefit, either wholly
or partially, of the heirs and/or beneficiaries to or for his own
use or benefit or to or for the use or benefit of any person
other than said heirs and/or beneficiaries in violation of G.L.
c.266, §57.**

Against the peace of said Commonwealth, and contrary to the
form of the statute in such case made and provided.

(Count 6)

A TRUE BILL

Foreman of the Grand Jury

Assistant Attorney General

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT

**Case Summary**
**Criminal Docket**

## SUCR1996-11762
### Commonwealth v Palmer, Walter

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 10/02/1998 | **Status** | Disposed (appeal denied) (dapden) | | | |
| **Status Date** | 03/06/2003 | **Session** | 8 - Criminal 8 Ctrm 914 | | | |
| **Jury Trial** | Unknown | **Origin** | I - Indictment | | | |
| **Lead Case** | SUCR1996-11762 | | | | | |

| | | | | |
|---|---|---|---|---|
| **Arraignment** | 10/16/1998 | **Track** | **Final PTC** | |
| **Disp. Deadline** | 10/16/1999 | **Deadline Status** Deadline active since return date | **Status Date** | 10/19/1998 |
| **Pro Se Deft** | No | **Custody Status** Cedar Junction MCI (Walpole) | **Start Date** | |
| **Weapon** | | **Substance** | **Prior Record** | Unknown |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 10/24/1994 | 266:057 | Guilty verdict | 11/04/1999 |
| | Embezzlement by fiduciary | | | |

### PARTIES

**Defendant**
Walter Palmer
10 Beals Cove Road
Hingham, MA 02043
Gender: Male
AAG S Paterniti
Active 10/23/1996

**Private Counsel 550078A**
Michael P Clancy
174 Avenue A
Turners Falls, MA 01376
Phone: 413-863-3133
Fax: 413-863-0230
Active 11/05/1998 Notify

**Plaintiff**
Commonwealth
Gender: Unknown
Active 10/23/1996

**Atty General's Office 559824**
Philip J McGovern
Mirick O'Connell DeMallie & Lougee
100 Front Street
Suite 1700
Worcester, MA 01608-1477
Phone: 508-791-8500
Fax: 508-791-8502
Active 08/23/1999 Notify

**Atty General's Office 553386**
Kevin P Brekka
Mass Atty General's Office
1 Ashburton Place
Criminal Bureau Room 1811
Boston, MA 02108
Phone: 617-727-2200
Fax: 617-727-5755
Active 05/07/2001 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/23/1996 | | Case opened to issue docket# to grand jury |
| 10/02/1998 | 1.0 | Indictment returned ( 6 Counts ) |
| 10/02/1998 | 2.0 | Motion by Commonwealth for summons of Deft to appear; filed & allowed. Ball, J. |

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
**Case Summary**
**Criminal Docket**

# SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 10/02/1998 | | Summons issued |
| 10/15/1998 | 3.0 | Commonwealth files: Motion for bail |
| 10/16/1998 | | Deft arraigned before Court |
| 10/16/1998 | | Deft waives reading of indictment |
| 10/16/1998 | | RE offense 1: Plea of not guilty |
| 10/16/1998 | | Bail set: $250,000.00 with surety or 50,000.00 cash without prejudice. Bail warning read. Referred to Room 304 re: bail. Walsh, AC/M - K. Brecka, AAG =- N. King, Court Reporter - M. Malloy, Attorney |
| 0/16/1998 | | Brought into Court. After hearing, defendant's oral motion for reduction of bail allowed. |
| 0/16/1998 | | Deft released on personal recognizance in the sum of $100.00. Subject to report to probation department four times per week, two of which will be in person, two by telephone. |
| )/16/1998 | | Deft discharged. Quinlan, J. - K. Brecka, AAG - D. Cullinan, Court Reporter - M. Malloy, Attorney |
| !/02/1998 | 4.0 | Appearance of Deft's Atty: Michael P. Clancy. |
| i/02/1998 | 5.0 | Commonwealth files list of discovery materials provided by the Commonwealth. |
| /23/1998 | | Comes into court |
| /23/1998 | 6.0 | Pre-trial conference report, filed. Wilson, AC/M - K. Brekka, ADA - D. Cullinan, Court Reporter - M. Clarey, Attorney |
| '27/1999 | | Case continued for motions. Motions to be filed by 3-9-99. Walsh, AC/M - K. Brekka, AAG - M Clancy, Attorney - M;. Wrighton, Court Reporter. |
| 08/1999 | 7.0 | Commonwealth files: Motion for reciprocal discovery |
| 12/1999 | 8.0 | Deft files: Motion to continue along with Memorandum of law in support. |
| 30/1999 | | Comes into court. Motions to be filed by 4/16/99. |
| 30/1999 | 9.0 | Commonwealth files opposition to defendant's motion to continue, paper #8 withdrawn in open court by order of the court. |
| 30/1999 | | Motion (P#7 ) allowed. (filed on 3/8/99). Brady, J. - R. Brekka, AAG - D. McLean, Court Reporter - M. Clancy, Attorney. |
| 6/1999 | 10.0 | Deft files: Motion for Particulars |
| 6/1999 | 11.0 | Deft files: Motion for Severance |
| 6/1999 | 12.0 | Deft files: Motion to Dismiss |
| 6/1999 | 13.0 | Deft files: Motion to Dismiss (O'Dell and Tanner) and Affidavit: Memorandum of law in support of. |
| 6/1999 | 14.0 | Deft files: Motion to continue and Affidavit: Memorandum of law in Support of |
| 3/1999 | 15.0 | Deft files: Motion to Dismiss and Affidavit: Memorandum of law in support of |
| 7/1999 | 16.0 | Deft files: Supplemental memorandum of law in support of motion to dismiss and affidavit. |
| )/1999 | | Comes into court. |
| )/1999 | 17.0 | Commonwealth files: Memorandum in opposition to the Defendant's |

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
**Case Summary**
**Criminal Docket**

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|---|---|---|
| | 17.0 | motion to dismiss the charges pursuant to Commonwealth vs Brandano. |
| 06/10/1999 | 18.0 | Commonwealth files: Memorandum in opposition to Defendant's motion to dismiss |
| 06/10/1999 | 19.0 | Commonwealth files: Bill of Particulars. Donovan, RAJ - K. Brekka, AAG - D. McLean, Court Reporter |
| 06/28/1999 | | Comes into Court. |
| 06/28/1999 | 20.0 | Deft files: Motion for recusal |
| 06/28/1999 | | Motion (P#20) denied. Sent to VI Session for hearing on motion to dismiss. Donovan, RAJ - K. Brekka, ADA - D. McLean, Court Reporter - M. Clancy, Attorney |
| 06/28/1999 | | Motions to Dismiss taken under advisement. Bohn, J. - K. Brekka, AAG - M. McDonald, Court Reporter - M. Clancy, Attorney |
| 6/29/1999 | | Motion (P#'s 12, 13, and 15) denied as endorsed. Bohn, J. K. Brekka and M. Clancy - notified w/copy - 7/6/99 |
| 7/26/1999 | 21.0 | Deft files: Motion to strike particulars and memorandum and affidavit in support thereof |
| 7/28/1999 | 22.0 | Deft files: Motion for reconsideration (O'Dell and Tanner) (Bohn, J. notified w/copy) |
| 7/29/1999 | 23.0 | Deft files: Motion for reconsideration with affidavit in support. (Bohn, J. notified w/copy) |
| /17/1999 | | Motion (P#21) denied. Borenstein,J. Case transferred to Second criminal session for trial week of 10/04/99. Borenstein,J- P.McGovern, AAG-D.McLean, Court Reporter-M.Clancy, Attorney. |
| '17/1999 | | Case received in Second session for trial week of 10/04/99. |
| 25/1999 | | Case received in Eighth criminal session for trial week of 10/04/99. |
| 30/1999 | 24.0 | Deft files Motion to strike trial date of 10/04/99. |
| 30/1999 | 25.0 | Deft files Motion to dismiss due to MGL Ch.266, Sec.57. |
| 07/1999 | | Case returned to First Session on defendants motion to strike trial date. |
| 07/1999 | | Defendant files affidavit of Walter E Palmer in support of his motion to strike trial date. |
| 7/1999 | | Deft files memorandum of law in support of motion to dismiss Penal statute M.G.L. ch. 266 s 57. |
| 0/1999 | | Deft files supplemental memorandum of law in support of motion to continue due to pre-trial publicity. |
| 0/1999 | | Deft files supplemental memorandum of law in support of motion of to dismiss; Penal Statute M.G.L. 266 s57 |
| 0/1999 | | Motion (P#22) denied as endorsed, Bohn, J. |
| 0/1999 | | Motion (P#23) denied as endorsed, Bohn, J. |
| 0/1999 | | Comes into Court. Hearing re: motions. |
| 0/1999 | | Motion (P##14) denied (Donovan, RAJ.) |
| 0/1999 | | Motion (P##24) denied (Donovan, RAJ.). |
| /1999 | | Motion (P##25) denied (Donovan, RAJ.) |
| /1999 | | Court orders all reciprocal discovery provided by 9/17/99.Donovan,RAJ K.Brekka, AAG - M.MacDonald, Court Rporter - M.Clancey, Attorney. |
| /1999 | | Case received in 8th session for trial week of 10/04/99 |

of 3

1 139484 y y y y y y y

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 09/16/1999 | 26.0 | Deft files motion for reconsideration pursuant to Mass. R. Crim. P.13(a). |
| 09/16/1999 | 27.0 | Deft files motion for reconsideration pursuant to Mass. R.Crim. P.13(a). |
| 09/17/1999 | 28.0 | Deft files Walter E. Palmer's response to Commonwealth's request for discovery. |
| 10/08/1999 | 29.0 | Order from SJC re: motion to continue is denied. Ireland J. |
| 10/08/1999 | 30.0 | Order from SJC re: relief under 211 sect 3 is denied after hearing. Ireland J. |
| 10/13/1999 | 31.0 | Deft files motion to extend time for filing and hearing pretrial motions. |
| 10/13/1999 | 32.0 | Deft files motion for recusal of Justice Joseph Grasso |
| 10/13/1999 | 33.0 | Deft files motion for ruling prohibiting use of statements of decease person. |
| 10/13/1999 | 34.0 | Deft files motion for ruling prohibiting bar disciplinary and /or disbarement. |
| 10/13/1999 | 35.0 | Deft files motion in limine to prohibit use of term "victim" |
| 10/13/1999 | 36.0 | Deft files motion for sequestration of witnesses. |
| 10/13/1999 | 37.0 | Deft files motion in limine to introduce testimony through Attorney James Verner Moore. |
| 10/13/1999 | 38.0 | Deft files motion in limine to introduce evidence through Attorney Victor Tagliafario |
| 10/13/1999 | 39.0 | Deft files motion in limine to introduce testimony through Attorney Daniel McKinnon |
| 10/13/1999 | 40.0 | Deft files motion for ruling prohibiting use of summary witnesses. |
| 10/14/1999 | | Defendant not in Court.Defendants presence waived. |
| 10/14/1999 | | Motion (P#31) allowed after hearing only if defendant has motions of substances which he could not prepare with defendants condition. |
| 10/14/1999 | | Motion (P#32) denied after hearing. |
| 10/14/1999 | | Motion #33 after hearing no action because Commonwealth does not intend to use any hearsay statements. |
| 10/14/1999 | | Motion (P#34) allowed after hearing in that Commonwealth does not intend to refer to it in Case in Chief, but if issue comes up for impeachment purposes the Court will take it up at that time. |
| 10/14/1999 | | Motion (P#35) denied without prejudice. |
| 10/14/1999 | 41.0 | Commonwealth files opposition to defendants motion in limine to prohibit the use of the term "victims". |
| 10/14/1999 | | Motion (P#36) allowed after hearing reciprocal. |
| 10/14/1999 | | Motions #s 37, 38 and 39 no action at this time. |
| 10/14/1999 | | Motion (P#40) denied after hearing. See record. |
| 10/14/1999 | 42.0 | Commonwealth files motion in limine to admit evidence summarizing records. |
| 10/14/1999 | | Motion (P#42) allowed after hearing with limitations. See record. |
| 10/14/1999 | | Motion (P#11) denied after hearing. |
| 10/14/1999 | 43.0 | Commonwealth files memorandum of law in opposition to defendants motion for severance. |

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 10/14/1999 | 44.0 | Commonwealth files motion in limine in support of admission of defendants statements. |
| 10/14/1999 | | Motion (P#44) allowed pursuant to rules of evidence. |
| 10/14/1999 | 45.0 | Commonwealth files motion in limine to rule certain evidence inadmissable.After hearing, no action until an offer of proof. Grasso,J. - K.Brekka,AAG - P.McGovern,AAG - K.Canty,Court Reporter - M.Clancy,Attorney. |
| 10/18/1999 | | Comes into Court. |
| 10/18/1999 | 46.0 | Deft files motion in limine to introduce testimony through atty. Raymond Rawlings.No action at this time. |
| 10/18/1999 | 47.0 | Deft files motion for ruling in the event bar disciplinary proceedings and/or disbarment is introduced through witness response. |
| 10/18/1999 | 48.0 | Deft files motion for examination of jurors. |
| 10/18/1999 | | Motion (P#48) allowed in part. See record. |
| 10/18/1999 | | Commonwealth moves for trial with Offenses #97-12099 and #98-10051. Court Grasso,J. orders sixteen jurors impanneled.Jury sworn. |
| 10/18/1999 | 49.0 | Deft files motion for required finding of not guilty at close of Commonwealth's opening. |
| 10/18/1999 | | Motion (P#49) denied after hearing. |
| 10/18/1999 | 50.0 | Commonwealth files motion for desposition of witness under rule #35. |
| 10/18/1999 | | Motion (P#50) denied after hearing without prejudice. Grasso,J. - P.McGovern AAG and K.Brekka,AAG - K.Canty, Court Reporter - M.Clancy Attorney. |
| 10/19/1999 | | Comes into Court. Trial continues. |
| 10/20/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/21/1999 | | Comes in Court. |
| 10/21/1999 | | Juror Brenda Jeknavorian seat #3 sworn and inquired upon by Court Grasso,J. Defendant present. After hearing, Commonwealth and defendant content. Trial continues. K.Canty, Court Reporter. |
| 10/22/1999 | | Trial continues. K. Canty Court Reporter |
| 10/25/1999 | | Comes into Court. Trial continues. P.Flaherty, Court Reporter. |
| 10/26/1999 | | trial continues. Commonwealth rests its case in chief. |
| 10/26/1999 | 51.0 | Deft files motion for required finding of not guilty. |
| 10/26/1999 | | Motion (P#51) denied after hearing. K. Canty Court Reporter |
| 10/27/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/27/1999 | 52.0 | Commonwealth files request for jury instructions. |
| 10/28/1999 | | Comes into Court. Trial continues. |
| 10/28/1999 | | Defendant rests its case. |
| 10/28/1999 | 53.0 | Deft files request for jury instructions. |
| 10/28/1999 | 54.0 | Defendant files motion for required finding of not guilty. |
| 10/28/1999 | | Motion (P#54) denied after hearing. |
| 11/01/1999 | | Comes into Court. Trial continues. |
| 11/01/1999 | | Motion (P#52) allowed in part. See record. |
| 11/01/1999 | | Motion (P#53) allowed in part.See record. |
| 11/01/1999 | | Court orders that the jury be reduced to twelve members and designates Ilene Feldman, Michelle McCarthy, Isidra Lima and Jonathan |

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | | Hall as alternate jurors. Question #1 marked D for identification. |
| | | K.Canty, Court Reporter. |
| 11/02/1999 | | Comes into Court. Deliberating juror Donald Lynch excused for cause. |
| | | Alternate juror Jonathan Hall selected at random and jurors |
| | | instructed to start deliberations anew. K.Canty, C.R. |
| 11/03/1999 | | Jury resumes deliberations. Jury question #2 mark E for |
| | | identification K. Canty Court Reporter |
| 11/04/1999 | | Jury resumes deliberations. Question No. 3 marked F for |
| | | identification |
| 11/04/1999 | | RE offense 1: Guilty verdict as to Counts 1 thru 6. |
| 11/04/1999 | | Verdict Affirmed. Verdict Slip filed. Commonwealth moves for |
| | | sentencing. |
| 11/04/1999 | | Bail set on 10/16/98 revoked. |
| 11/04/1999 | | Mittimus without bail issued to common jail. |
| 11/04/1999 | | Continued until 11/5/99 for disposition by order of the Court. K. |
| | | Canty, Court Reporter |
| 11/05/1999 | 55.0 | Commonwealth files: Motion for adjudicated of defendant as a common |
| | | and notorious theif under G. L. Ch. 266, Sect. 40 and sentencing |
| | | recommendation. |
| 11/05/1999 | | Brought into Court. |
| 11/05/1999 | 56.0 | Commonwealth files: Supplemental sentencing recommendation. Court |
| | | after hearing adjudged the defendant to be a common and notorious |
| | | theif pursuant to MGL Ch. 266, Sec. 40 and enters a consolidated |
| | | judgement on 96-11762, Counts 1 thru 6 and 97-12099-001 and 98-10051. |
| 11/05/1999 | | Sentence imposed: MCI Cedar Junction. Max. 18 years, Min. 16 years. |
| | | Mittimus issued. |
| 11/05/1999 | | Sentence credit given as per 279:33A: 1 day |
| 11/05/1999 | | Victim-witness fee assessed: $60.00 |
| 11/05/1999 | | Notified of right of appeal under Rule 64 |
| 11/05/1999 | | Notified of right of appeal under Rule 65. Grasso, J. - K. Brekka, |
| | | AAG - P. McGovern, AAG - K. Canty, Court Reporter - M. Clancy, |
| | | Attorney |
| 11/12/1999 | 56.1 | Deft files notice of appeal |
| 11/12/1999 | 57.0 | Deft files pro-se appeal from sentence to Mass. Correctional |
| | | Institute Cedar Junction. (DelVecchio, C.J., Grasso, J. & Stillwell, |
| | | CPO notified 11/17/99 w/copy). |
| 11/18/1999 | | Copy of notice of appeal mailed to Grasso,J and K.Brekka,AAG - |
| | | P.McGovern, AAG |
| 11/18/1999 | | Court Reporter M.McDonald is hereby notified to prepare one copy of |
| | | the transcript of the evidence of June 28, 1999 for hearing on |
| | | Motions to Dismiss before Bohn,J.. |
| 11/18/1999 | | Court Reporter M.McDonald is hereby notified to prepare one copy of |
| | | the transcript of the evidence of September l0,l999 for hearing on |
| | | Motion to Dismiss before Donovan,RAJ.. |
| 11/18/1999 | | Court Reporter K.Canty is hereby notified to prepare one copy of the |
| | | transcript of the evidence of October 18,19,20,21,22,26,27,28, |

-13  Case 1:04-cv-12426-NG  Document 34  Filed 05/24/2005  Page 17 of 24  05/24/2005
                                                                                    12:26 PM
Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | | November 1,2,3,4,5,1999 for trial, verdict and disposition before Grasso,J. |
| 11/18/1999 | 58.0 | Court Reporter P.Flaherty is hereby notified to prepare one copy of the transcript of the evidence of October 25,1999 for trial before Grasso,J. Certificate of Clerk-filed.. |
| 12/01/1999 | | Victim-witness fee paid as assessed in the amount of $60.00 |
| 12/09/1999 | 59.0 | Deft files motion to revise and revoke and affidavit in support of. |
| 12/23/1999 | 60.0 | Memorandum of decision and order of the Defendant's motion (#59) denied in part. Grasso, J. |
| 02/28/2000 | | Transcript of testimony received from M.McDonald, Court Reporter. |
| 05/16/2000 | | Transcript of testimony received from P.Flaherty, Court Reporter. |
| 05/19/2000 | 60.1 | Notice of docket entry received from the Appellate Division, filed. "Appellant files a withdrawal of appeal. Appeal withdrawn." |
| 08/30/2000 | 61.0 | Deft files request assembled record to include Grand Jury minutes. (Grasso, J notified w/copy) |
| 02/23/2001 | | Transcript of testimony received from K.Canty,. Court Reporter. |
| 03/23/2001 | 62.0 | Deft files pro se petition for writ of habeas corpus ad testificandum. |
| 03/26/2001 | 63.0 | Deft files pro se motion for clothing for Court appearance. |
| 04/04/2001 | | Transcript of testimony received from K.Canty, Court Reporter. |
| 04/06/2001 | | Notice sent to attorneys that transcripts are available. |
| 04/06/2001 | | Letter sent to Attorney Clancy Re: Cost of transcripts. |
| 04/11/2001 | 64.0 | Certificate of delivery of transcript by Clerk-filed. |
| 04/20/2001 | | Second notice sent to Attorney Clancy Re: Transcripts. |
| 04/24/2001 | 65.0 | Certificate of delivery of transcript by Clerk-filed. |
| 04/30/2001 | 65.1 | Notice of Appeal as to the Denial of his motion to dismiss. |
| 05/01/2001 | | Notice of completion of assembly of record sent to Clerk of Appeals Court and attorneys for Commonwealth and defendant. |
| 05/01/2001 | | Two certified copies of docket entries, original and copy of transcript, two copies of exhibit lisat, list of documents, copy of #12,13,15,22,23,&56.I, each trasnmitted to Clerk of Appellate Court. (K.Brekka, AAG - P.McGovern, AAG - M. Clancy, Attorney for the defendant. |
| 05/02/2001 | 66.0 | Notice of Docket Entry received from the Appeals Court, Filed. |
| 03/06/2003 | 67.0 | Rescript received from Appeals Court; judgment AFFIRMED |

| EVENTS | | | |
|--------|---------|-------|--------|
| Date | Session | Event | Result |
| 10/16/1998 | Criminal 1 Ctrm 704 | Arraignment | Event held as scheduled |
| | | Summons issued | |
| 11/02/1998 | Criminal 1 Ctrm 704 | Conference: Pre-Trial | Event held as scheduled |
| 11/23/1998 | Criminal 1 Ctrm 704 | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement. | |
| 12/17/1998 | Criminal 1 Ctrm 704 | Hearing: Misc Matters | Event held as scheduled |
| | | Continuance by agreement re: Discovery | |
| 01/26/1999 | Criminal 1 Ctrm 704 | Conference: Status Review | Event held as scheduled |
| | | Continued by agreement. RE: Status. | |
| 03/30/1999 | Criminal 1 Ctrm 704 | Hearing: Motion | |
| | | Continued for Non-Evidentiary Motions. | |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 05/07/1999 | Criminal 1 Ctrm 704 | Hearing: Motion | |
| | | Continuance by agreement re: evidentiary motions. | |
| 05/21/1999 | Criminal 1 Ctrm 704 | Hearing: Motion | |
| | | Continuance by agreement re: non-evidentiary motions | |
| 06/10/1999 | Criminal 1 Ctrm 704 | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance by agreement. Also re: motions. | |
| 06/28/1999 | Criminal 1 Ctrm 704 | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement re: Motion to recluse and motion to dismiss | |
| 07/20/1999 | Criminal 1 Ctrm 704 | Conference: Status Review | Event canceled not re-scheduled |
| | | Continuance by agreement re: findings. | |
| 08/17/1999 | Criminal 1 Ctrm 704 | Conference: Trial Assignment | Event held as scheduled |
| 09/10/1999 | Criminal 1 Ctrm 704 | Hearing: Motion | Event held as scheduled |
| 10/04/1999 | Criminal 7 Ctrm 907 | TRIAL: by jury | Event canceled not re-scheduled |
| 10/04/1999 | Criminal 2 Ctrm 806 | TRIAL: by jury | Event canceled not re-scheduled |
| 10/04/1999 | Criminal 8 Ctrm 914 | TRIAL: by jury | Event canceled not re-scheduled |
| 10/04/1999 | Criminal 8 Ctrm 914 | TRIAL: by jury | |
| | | Continuance by agreement for trial on week of 10/04/99. | |
| 10/07/1999 | Criminal 8 Ctrm 914 | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance at request of defendant. | |
| 10/14/1999 | Criminal 8 Ctrm 914 | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement for trial on 10/18/99. | |
| 10/18/1999 | Criminal 8 Ctrm 914 | TRIAL: by jury | Event held as scheduled |
| | | Continuance by order of Court for trial. | |

No. SUCR98-10051

# Commonwealth of Massachusetts

*vs.*

WALTER E. PALMER

SUCR98-10051

## Commonwealth of Massachusetts

*Suffolk, to wit:*

At the Superior Court, begun and holden at the City of Boston, within and for the County of Suffolk, for the transaction of Criminal Business, on the first Monday of    NOVEMBER    in the year of our Lord one thousand nine hundred and   NINETY NINE.

The Honorable    JOSEPH A. GRASSO JR.

a Justice of said Court presiding

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                              At the SUPERIOR COURT

DEPARTMENT of the TRIAL COURT, begun and holden at the City of Boston, within and for
the County of Suffolk, for the Transaction of Criminal Business, on the first Monday January in
the year of our Lord one thousand nine hundred and ninety-eight.

The JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that:

### WALTER E. PALMER

of Hingham, Massachusetts, on diverse dates and times between on or about the twentieth day of
January the year of our Lord on thousand nine hundred and ninety-two and the thirty first day of
July in the year of our Lord one thousand nine hundred and ninety-six at Boston, in the county of
Suffolk aforesaid, **did steal property in an amount greater than two hundred and fifty
dollars, the property of Eleanor R. Hansen, Trustee of the Paul R. Franz Trust and the
Louise M. Franz Trust, both of said trusts held by her for the benefit of George Hansen,
III, Susan Hansen Fletcher, and Paul Hansen, in violation of G.L. c. 266, §30.**

Against the peace of said Commonwealth, and contrary to the form of the statute in such
case made and provided.

A TRUE BILL

*Susan Bettasy*

*Foreman of the Grand Jury*

*Assistant Attorney General*

SUFFOLK SUPERIOR COURT
**Case Summary**
**Criminal Docket**

# SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| | | | |
|---|---|---|---|
| **File Date** | 01/13/1998 | **Status** | Disposed (appeal pending) (dappen) |
| **Status Date** | 11/12/1999 | **Session** | 8 - Criminal 8 Ctrm 914 |
| **Jury Trial** | Unknown | **Origin** | I - Indictment |
| **Lead Case** | SUCR1996-11762 | | |

| | | | | | |
|---|---|---|---|---|---|
| **Arraignment** | 01/16/1998 | **Track** | | **Final PTC** | |
| **Disp. Deadline** | 01/16/1999 | **Deadline Status** Deadline active since return date | | **Status Date** | 01/13/1998 |
| **Pro Se Deft** | No | **Custody Status** Cedar Junction MCI (Walpole) | | **Start Date** | |
| **Weapon** | | **Substance** | | **Prior Record** | Unknown |

## OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 01/20/1992 | 266:030:1.21 | Guilty verdict | 11/04/1999 |
| | Larceny, over $250 | | | |

## PARTIES

| Defendant | Private Counsel 550078A |
|---|---|
| Walter E. Palmer | Michael P Clancy |
| 10 Beals Cove Road | 174 Avenue A |
| Hingham, MA 02043 | Turners Falls, MA 01376 |
| Gender: Male | Phone: 413-863-3133 |
| AAG P.McGovern | Fax: 413-863-0230 |
| Active 01/09/1998 | Active 11/04/1998 Notify |

| Plaintiff | Atty General's Office 559824 |
|---|---|
| Commonwealth | Philip J McGovern |
| Gender: Unknown | Mirick O'Connell DeMallie & Lougee |
| Active 01/09/1998 | 100 Front Street |
| | Suite 1700 |
| | Worcester, MA 01608-1477 |
| | Phone: 508-791-8500 |
| | Fax: 508-791-8502 |
| | Active 08/23/1999 Notify |

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/09/1998 | | Case opened to issue docket# to grand jury |
| 01/13/1998 | 1.0 | Indictment returned |
| 01/13/1998 | 2.0 | Motion by Commonwealth for summons of Deft to appear; filed & allowed. Roseman, J. |
| 01/13/1998 | | Summons issued and hand delived to State Police for delivery |
| 01/23/1998 | | Deft arraigned before Court |
| 01/23/1998 | | Deft waives reading of indictment |
| 01/23/1998 | | RE offense 1: Plea of not guilty |
| 01/23/1998 | | Deft released on personal recognizance without surety. Same condition of bail as ordered on 97-12099 including repantury via telephone with the probation dept four times a week. Bail warning read. Wilson, AC/M - Brekka. McGovern, AAG - P. Pietrella, Court Reporter - J. Molli, |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

05/24/2005
12:26 PM

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| | | Attorney |
| 2/19/1998 | 3.0 | Commonwealth files list of discovery materials provided by the Commonwealth. |
| 2/20/1998 | | Defendant not in Court. Pre-trial conference report filed in 97-12099. Wilson, A C/M - K. Brekka, ADA - P. Connelly, Court Reporter - M. Malloy, Attorney. |
| 2/23/1998 | 4.0 | Commonwealth files supplementary list of discovery materials provided by the Commonwealth. |
| 4/07/1998 | | Deft files: Motion to continue with affidavit. (Paper #6 in 97-12099) |
| 4/22/1998 | | Commonwealth files: Opposition to defendant's motion to continue. (Paper #7 in 97-12099) Donovan, RAJ - P. McGovern, ADA - D. McLean, Court Reporter - M. Molloy, Attorney. |
| 4/27/1998 | | Defendant's motion to continued taken under advisement. Donovan, RAJ - J. McGovern, ADA - D. McLean, Court Reporter - M. Molley, Attorney. |
| 4/27/1998 | | Motion (P#6) denied as endorsed. Donovan, RAJ |
| 5/04/1998 | | Contested discovery issued. |
| 5/04/1998 | | Deft files: Brief in support of his motion to continue and reply and opposition to Commonwealth's memorandum dated April 21, 1998. (Paper #8 in 97-12099) |
| 7/20/1998 | | Judgement affirming denied of defendant's motion for an indefinite continuance filed. Abrams, J SJC. (8.1filed in 97-12099). |
| 01/1998 | | Commonwealth files motion, memorandum and affidavit to compel handwriting examples. Wilson, AC/M - P. McFovern, AAG - N. King, Court Reporter - M. Malloy, Attorney (#9 filed in 97-12099) |
| 18/1998 | | Defendant not in Court. Paper #9 allowed in 97-12099. |
| 18/1998 | | Deft defaulted; warrant to issue. Warrant issued on 97-12099. |
| 18/1998 | | Continued until 07/09/98 by order of Court re: fugitive filing status. Volterra, J - P. McGowan, AAG - D. McLean, Court Reporter - |
| 9/1998 | | Defendant comes into Court. |
| 9/1998 | | Default removed; warrant recalled on 97-12099. Warrant recall fee waived. |
| 9/1998 | | Continued until 06/23/98 by agreement re: hearing misc. Wilson, AC/M - P . McGovern, ADA - N. King, Court Reporter - M. Malloy, Attorney |
| 4/1998 | | Defendant comes into Court for a hearing re: reconsideration. After hearing, denied. Volterra, J - P. McGovern, ADA - D. McLean, Court Reporter - M. Malloy, Attorney. |
| 2/1998 | 5.0 | Appearance of Deft's Atty: Michael Clancy filed. Walsh, AC/M - K. Brekka, ADA - D. Cullinan, Court Reporter - M. Clancey, Attorney |
| 7/1999 | | Defendant comes into Court. Case on for motions. Motions to be filed by 3-9-99. Walsh, AC/M - K. Brekka, AAG - M. Clancy, Attorney - M. Wrighter, Court Reporter. |
| /1999 | | Commonwealth files: Motion for reciprocal discovery (Paper No. 7 in 96-11762) |
| /1999 | | Deft files motion to continue along with memorandum of law in support of. (paper #8 filed in 96-11762) |
| 1999 | | Comes into court. Motions to be filed by 4/16/99. |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

# SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| 03/30/1999 | | Commonwealth files opposition to defendant's motion to continue. |
| | | Paper #8 withdrawn in open court by order of the court. |
| 03/30/1999 | | Commonwealth files motion for reciprocal discovery. (paper #7 filed |
| | | in #96-11762) |
| 03/30/1999 | | Motion (P#7 ) allowed by agreement in #96-11762. Brady, J. - R. |
| | | Brekka, AAG - D. McLean, Court Reporter - M. Clancy, Attorney. |
| 04/16/1999 | | Deft files: Motion for Particulars |
| 04/16/1999 | | Deft files: Motion for Severance. |
| 04/16/1999 | | Deft files: Motion to Dismiss |
| 04/16/1999 | | Deft files: Motion to Dismiss(O'Dell and Tanner) and affidavit. |
| 04/16/1999 | | Deft files: Memorandum of law in support of. |
| 04/16/1999 | | Deft files: Motion to continue and affidavit |
| 04/16/1999 | | Deft files: Memorandum of law in support of (filed in 96-11762 |
| | | Paper#s 10-14) |
| 04/16/1999 | 6.0 | Deft files: Motion to dismiss and affidavit. |
| 04/16/1999 | | Deft files: Memorandum of law in support of. |
| 05/07/1999 | 7.0 | Deft files supplemental memorandum of law in support of motion to |
| | | dismiss with affidavit. |
| 06/10/1999 | | Comes into court |
| 06/10/1999 | 8.0 | Deft files: Supplemental affidavit. |
| 06/10/1999 | | Commonwealth files Memorandum in opposition to defendant's motion to |
| | | dismiss the charges pursuant to Commonwealth vs Brandano. (Paper #18 |
| | | in 11762) |
| 06/10/1999 | | Commonwealth files: Memorandum in opposition to the defendant's |
| | | motion to dismiss. (Paper #18 in 96-11762) |
| 06/10/1999 | | Commonwealth files: Bill of Particular's. (Paper #19 in 96-11762) |
| | | Donovan, RAJ - K. Brekka, AAG - D. McLean, Court Reporter |
| 06/10/1999 | 9.0 | Deft files supplemental affidavit. |
| 06/28/1999 | | Comes into Court. Motion s to Dismiss taken under advisement. |
| 06/28/1999 | 10.0 | Deft files motion in Limine. Bohn, J. - K. Brekka, AAG - M. McDonald, |
| | | Court Reporter - M. Clancy, Attorney. |
| 06/29/1999 | | Motion (P#6) denied. Paper #10 to trial judge. |
| 06/29/1999 | | Motion (P#12, 13, and 15 each filed in 96-11762) denied as endorsed. |
| | | Bohn, J. |
| 07/26/1999 | | Deft files: Motion to strike particulars and Memorandum of Law and |
| | | Affidavit in Support Thereof. (Paper No. 21 in 96-11762) |
| 07/28/1999 | | Deft files: Motion for Reconsideration (O'Dell and Tanner). (Paper |
| | | No. 22 in 96-11762) Bohn J. notified w/copy on 96-11762 |
| 07/29/1999 | | Deft files: Motion for reconsideration with Affidavit in support. |
| | | (Paper No. 23 in 96-11762) Bohn, J. notified w/copy in 96-11762 |
| 08/17/1999 | | Motion (P#21 in 96-11762) denied. Case transferred to second criminal |
| | | session for trial week of 10/04/99. Borenstein,J. |
| 08/25/1999 | | Case received in Eighth session for trial week of 10/04/99. |
| 08/30/1999 | | Deft files Motion to strike trial date of 10/04/99 (Paper #24 in 96- |
| | | 11762) |
| 08/30/1999 | 11.0 | Deft files Motion to dismiss due to MGL Ch.266, Sec.30.(paper#11 in |

**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

### SUCR1998-10051
### Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| 09/07/1999 | | Case sent to First Session on defendants motion to strike trial date. |
| 09/10/1999 | | Case sent back to Eighth Session for trial on 10/04/99. |
| 09/10/1999 | | Deft files supplemental memorandum of law in support of motion to dismiss: penal statute M.G.L. ch. 266 s 30 Being only vague and or standardless. |
| 09/10/1999 | | Deft files memorandum of law in support of motion to dismiss: Penal statute M.G.L. ch. 266 s 30 being only vague and or standardless. |
| 09/10/1999 | | Motion (P#22) denied as endorsed.(paper#22 in 96-11762).Bohn, J. |
| 09/10/1999 | | Motion (P#23) denied as endorsed.(paper#23 in 96-11762).Bohn, J. |
| 09/10/1999 | | Comes into Court. |
| 09/10/1999 | | Motion (P#14) denied: after hearing.(paper#14 in 96-11762). |
| 09/10/1999 | | Motion (P#24) denied in 96-11762. |
| 09/10/1999 | | Motion (P#11) denied. See paper # 25 in SUCR 96-11762 and reasons stated therein. |
| 09/10/1999 | | Court orders all reciprocal discovery provided by 09/17/99. Donovan,J. K.Brekka, AAG. - M.MacDonald, Court Reporter - M.Clancy, Attorney. |
| 09/16/1999 | | Deft files motion for reconsideration purs. Mass.R.Crim.P.13(a)(paper #26 in 96-11762). |
| 09/16/1999 | | Deft files motion for reconsideration purs.to Mass. R. Crim.P.13(a) (paper #27 in 96-11762). |
| 09/17/1999 | | Deft files Walter E. Palmer's response to the Commonwealth's request for discovery.( paper#28 in 96-11762). |
| 10/08/1999 | | Order from SJC re: motion to continue is denied. Ireland, J.(paper#29 in 96-11762). |
| 10/08/1999 | | Order from SJC re: relief under 211 sec. 3, denied. Ireland,J. (paper# 30 in 96-11762). |
| 10/13/1999 | | Deft files motion to extend time for filing and hearing pre-trial motions.(paper#30 in 96-11762). |
| 10/13/1999 | | Deft files motion for recusal of Justice Joseph Grasso. (paper#32 in 96-11762) |
| 10/13/1999 | | Deft files motion for ruling prohibiting the use of statements by ng deceased persons. (paper #33 in 96-11762). |
| 10/13/1999 | | Deft files motion for ruling prohibiting bar disciplinary proceeding and or disbarment. (paper #34 in 96-11762). |
| 10/13/1999 | | Deft files motion in limine to prohibit use of term "victim".(paper #35 in 96-11762). |
| 10/13/1999 | | Deft files motion for sequestation of witnesses. (paper#36 in 96-11762 |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney James Verner Moore. (paper#37 in 96-11762) |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney Victor Tagliafarro. (paper #38 in 96-11762). |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney Daniel McKinnon. ( paper#39 in 96-11762). |
| 10/13/1999 | | Deft files motion for ruling prohibiting the use of summary witnesses |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

**SUCR1998-10051**
**Commonwealth v Palmer, Walter E.**

| Date | Paper | Text |
|------|-------|------|
| | | ( paper#40 in 96-11762). |
| 10/14/1999 | | Defendant not in Court. Defendant presence waived. |
| 10/14/1999 | | Motion (P#31 in case #96-11762) allowed after hearing only if defendant has motions of substance which he could not prepare with defendants condition. |
| 10/14/1999 | | Motion (P#32 in case #96-11762) denied after hearing. |
| 10/14/1999 | | Motion (P #33 in case #96-11762) after hearing no action because Commonwealth does not intend to use any hearsay statements. |
| 10/14/1999 | | Motion (P#34 in case #96-11762) allowed after hearing in that Commonwealth does not intend to refer to it in Case in Chief, but if issue comes up for impeachment purposes the Court will take it up at that time. |
| 10/14/1999 | | Motion (P#35 in case #96-11762) denied without prejudice. |
| 10/14/1999 | | Motion (P#36 in case #96-11762) allowed after hearing reciprocal. |
| 10/14/1999 | | Commonwealth's opposition to defendants motion in limine to prohibit use of term "victim"filed (P#41 in case #96-11762). |
| 10/14/1999 | | Motion's #s 37, 38 and 39 (in case#96-11762)no action at this time. |
| 10/14/1999 | | Motion (P#40 in case #96-11762) denied after hearing. See record. |
| 10/14/1999 | | Commonwealth's motion in limine to admit evidence summarizing records filed (paper# 42 in case #96-11762). |
| 10/14/1999 | | Motion (P#42 in case #96-11762) allowed with limitations.See record |
| 10/14/1999 | | Motion (P#11 in case #96-11762) denied after hearing. |
| 10/14/1999 | | Commonwealth's memorandum of law in opposition to defendants motion to sever filed.(Paper #43 in case #96-11762). |
| 10/14/1999 | | Commonwealth's motion in limine in support of admission of defendants statement filed (paper #44 in case #96-11762). |
| 10/14/1999 | | Motion (P#44 in case #96-11762) allowed pursuant to rules of evidence |
| 10/14/1999 | | Commonwealth's motion in limine to rule certain evidence inadmissable filed. (paper# 45 in case #96-11762) and after hearing no action until an offer of proof. Grasso,J - K.Brekka,AAG and P.McGovern,AAG - K.Canty, Court Reporter - M.Clancy, Attorney. |
| 10/18/1999 | | Comes into Court. |
| 10/18/1999 | | Deft files motion in limine to introduce testimony through attorney Raymond Rawlings.No action at this time. (paper#46 in case #96-11762). |
| 10/18/1999 | | Deft files motion for ruling in the event bar dsciplinary proceeding and/or disbarment is introduced through witness response.(paper#47 in case #96-11762). |
| 10/18/1999 | | Deft files motion for examination of jurors.(Paper #48 in case #96-11762). |
| 10/18/1999 | | Motion (P#48 in case #96-11762) allowed in part.See record. |
| 10/18/1999 | | Commonwealth moves for trial with offenses #96-11762 and #97-12099. Court Grasso,J. orders sixteen jurors impannelled. Jury sworn. |
| 10/18/1999 | | Deft files motion for required finding of not guilty at close of Commonwealth's opening.(Paper #49 in case #96-11762). |
| 10/18/1999 | | Motion (P#49 in case #96-11762) after hearing denied. |

**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| 10/18/1999 | | Commonwealth files motion for deposition of witness under Rule 35 (paper #50 in case #96-11762). |
| 10/18/1999 | | Motion (P#50 in case #96-11762) after hearing denied without prejudice Grasso,J. - K.Brekka,AAG - P.McGovern,AAG - K.Canty,Court Reporter M.Clancy,Attorney |
| 10/19/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/20/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/21/1999 | | Comes into Court. |
| 10/21/1999 | | Juror Brenda Jeknavorian in seat #3 sworn and inquired upon by Court Grasso,J. Defendant present. After hearing, Commonwealth and defendant content. Trial continues. K.Canty, Reporter. |
| 10/22/1999 | | Trial continues. Court Reporter |
| 10/25/1999 | | Comes into Court. Trial continues. P.Flaherty, Court Reporter. |
| 10/26/1999 | | Trial continues. Commonwealth rests its case in chief. |
| 10/26/1999 | | Deft files motion for required finding of not guilty. (paper #51 in case #96-11762) |
| 10/26/1999 | | Motion (P#51 in case #96-11762) is denied after hearing. K. Canty Court Reporter |
| 10/27/1999 | | Comes into Court.Trial continues. |
| 10/27/1999 | | Commonwealth files request for jury instructions.(paper#52 in case #96-11762). K.Canty, Court Reporter. |
| 10/28/1999 | | Comes into Court. Trial continues. |
| 10/28/1999 | | Defendant rests its case. |
| 10/28/1999 | | Defendant files request for jury instructions.(paper#52 in case # 96-11762). |
| 10/28/1999 | | Deft files motion for required finding of not guilty.(paper#54 in case#96-11762). |
| 10/28/1999 | | Motion (P#54 in case #96-11762) denied after hearing. |
| 11/01/1999 | | Comes into Court. Trial continues. |
| 11/01/1999 | | Motion (P#52 in case #96-11762) allowed in part. See record. |
| 11/01/1999 | | Motion (P#53 in case #96-11762) allowed in part. See record. |
| 11/01/1999 | | Court orders Jury reduced to twelve members and designates jurors Ilene Feldman, Michelle McCarthy, Isidra Lima and Jonathan Hall as alternate jurors. Question #1 marked D for identification. K.Canty. |
| 11/02/1999 | | Comes into Court. Deliberating juror Donald Lynch excused for cause. Jonathan Hall selected at random and jurors instructed to start deliberations anew. K.Canty, C.R. |
| 11/03/1999 | | Comes into Court. Jury resumes deliberations. Question No. 2 marked E for identification (filed in 96-11762). K. Canty, Court Reporter |
| 11/04/1999 | | Comes into Court. Jury resumes deliberations. Question No. 3 marked F for identification. |
| 11/04/1999 | | RE offense 1: Guilty verdict |
| 11/04/1999 | 12.0 | Verdict Affirmed. Verdict Slip filed. Commonwealth moves for sentencing. K. Canty, Court Reporter |
| 11/05/1999 | | Brought into Court. |
| 11/05/1999 | | Commonwealth files: Motion for adjudcated of defendant as a common |

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| | | and notorious thief under MGL Ch. 266, Sec. 40 and sentencing recommendation. (Paper No. 56 in 96-11762) |
| 11/05/1999 | | Commonwealth files: Supplemental recommendation. (Paper No. 57 in 96-11762). Court after hearing, adjudged the defendant to be a common and notorious thief pursuant to G.L. Ch. 266 Sec. 40 and enters a consolidated judgement on 96-11762, Counts 1 thru 6 and 97-12098-001 and 98-10051. |
| 11/05/1999 | | Sentence imposed: MCI Cedar Junction: Max. 18 years, Min. 16 years. |
| 11/05/1999 | | Sentence credit given as per 279:33A: 1 day |
| 11/05/1999 | | Victim-witness fee assessed: $60.00 |
| 11/05/1999 | | Notified of right of appeal under Rule 64 |
| 11/05/1999 | | Notified of right of appeal under Rule 65. Grasso, J. - K. Brekka, AAG - P. McGovern, AAG - K. Canty, Court Reporter - M. Clancy, Attorney |
| 11/12/1999 | | Deft files notice of appeal. (Paper No. 56.1 in 96-11762). |
| 11/18/1999 | | Copy of notice of appeal mailed to Grasso,J and K.Brekka,AAG - P.McGovern,AAG |
| 11/18/1999 | | Letter sent to Court Reporters M.McDonald - K.Canty - P.Flaherty for preparation of transcripts. Certificate of Clerk-filed. (#58 in #96-11762) |
| 12/09/1999 | | Deft files motion to revise and revoke and affidavit in support of. (Paper #59 in 96-11762). |
| 12/23/1999 | | Memorandum of decision and order on Defendants motion (#59 in 96-11762) denied in part. Grasso, J. |
| 02/28/2000 | | Transcript of testimony received from M.McDonald, Court Reporter. |
| 05/16/2000 | | Transcript of testimony received from P.Flaherty, Court Reporter. |
| 05/19/2000 | | Notice of docket entry received from the Appellate Division, filed. "Appellant files a withdrawal of appeal. Appeal withdrawn." (Paper #60.1 in 96-11762) |
| 08/30/2000 | | Deft files request assembled records to include Grand Jury Minutes. (Paper #6 in 96-11762) |
| 03/23/2001 | | Deft files pro se petition for writ of habeas corpus ad testificandum. (P#62 filed in 96-11762) |
| 03/23/2001 | | Deft files pro se motion for clothing for Court appearance.(P#63 filed in 96-11762) |
| 03/30/2001 | | Motion (P#11) denied as endorsed on 9/10/99 (not received in the Clerk's office until 3/29/01) Donovan, J. |
| 04/04/2001 | | Transcript of testimony received from K.Canty, Court Reporter. |
| 04/06/2001 | | Notice sent to attorneys that transcripts are available. |
| 04/06/2001 | | Letter sent to Attorney Clancy Re: Cost of transcripts. |
| 04/11/2001 | | Certificate of delivery of transcript by Clerk-filed. (#64 in #96-11762) |
| 04/20/2001 | | Second notice sent to Attorney Clancy Re: Transcripts. |
| 04/24/2001 | | Certificate of delivery of transcript by Clerk-filed. (#65 in #96-11762) |
| 04/30/2001 | 13.0 | Deft files Notice of Appeal as to the denial of his Motion to Dismiss. |

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| 05/01/2001 | | Notice of completion of assembly of record sent to Clerk of Appeals |
| | | Court and attorneys for Commonwealth and defendant. |
| 05/01/2001 | | Two certified copies of docket entries, original and copy of |
| | | transcript, two copies of exhibit list, list of documents, copy of |
| | | Papers #12,13,15,22,23,56.l, each transmitted to Clerk of Appellate |
| | | Court. |

| EVENTS | | | |
|--------|--------|-------|--------|
| **Date** | **Session** | **Event** | **Result** |
| 01/16/1998 | Criminal 1 Ctrm 704 | Arraignment | |
| 01/30/1998 | Criminal 1 Ctrm 704 | Hearing: Appt Counsel | Event held as scheduled |
| | | Continuance at request of defendant | |
| 02/17/1998 | Criminal 1 Ctrm 704 | Conference: Pre-Trial | Event held as scheduled |
| | | Continued by Order of the Court. RE: Pre Trial Conference. | |
| 02/20/1998 | Criminal 1 Ctrm 704 | Conference: Pre-Trial | Event held as scheduled |
| | | Continued by agreement. RE: PTC. | |
| 04/22/1998 | Criminal 1 Ctrm 704 | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement. | |
| 06/01/1998 | Criminal 1 Ctrm 704 | Hearing: Misc Matters | |
| 06/18/1998 | Criminal 1 Ctrm 704 | Hearing: Motion | Defendant did not appear/default |
| | | Continuance by agreement. | |
| 06/30/1998 | Criminal 1 Ctrm 704 | Hearing: Motion | Event canceled not re-scheduled |
| | | Continuance by agreement. | |
| 11/02/1998 | Criminal 1 Ctrm 704 | Hearing: Misc Matters | Event held as scheduled |
| | | Continuance by order of the Court. | |
| 11/23/1998 | Criminal 1 Ctrm 704 | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement | |
| 12/17/1998 | Criminal 1 Ctrm 704 | Hearing: Motion | Event held as scheduled |
| | | Continued by agreement. For compliance regarding discovery. | |
| 01/26/1999 | Criminal 1 Ctrm 704 | Conference: Status Review | Event held as scheduled |
| | | Continued by agreement. RE: Status. | |
| 03/30/1999 | Criminal 1 Ctrm 704 | Hearing: Motion | |
| | | Continued by agreement. RE; Non-Evidentiary Motions. | |
| 05/07/1999 | Criminal 1 Ctrm 704 | Hearing: Motion | |
| | | Continuance by agreement re: evidentiary motions. | |
| 05/21/1999 | Criminal 1 Ctrm 704 | Hearing: Motion | |
| | | Continuance by agreement. Re: non-evidentiary motions. | |
| 06/10/1999 | Criminal 1 Ctrm 704 | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance by agreement re: motions and possible trial assignment. | |
| 06/28/1999 | Criminal 1 Ctrm 704 | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement re: Motion to recluse and Motion to dismiss. | |
| 07/20/1999 | Criminal 1 Ctrm 704 | Conference: Status Review | Event canceled not re-scheduled |
| | | Continuance by agreement re: findings | |
| 08/17/1999 | Criminal 1 Ctrm 704 | Conference: Trial Assignment | Event held as scheduled |
| 09/10/1999 | Criminal 1 Ctrm 704 | Hearing: Motion | Event held as scheduled |
| 10/04/1999 | Criminal 7 Ctrm 907 | TRIAL: by jury | Event canceled not re-scheduled |
| 10/04/1999 | Criminal 2 Ctrm 806 | TRIAL: by jury | Event canceled not re-scheduled |
| 10/04/1999 | Criminal 8 Ctrm 914 | TRIAL: by jury | Event canceled not re-scheduled |
| | | Continuance by agreement. | |
| 10/04/1999 | Criminal 8 Ctrm 914 | TRIAL: by jury | |
| | | Continuance by order of Court. | |

.213

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

05/24/2005
12:26 PM

# SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 10/07/1999 | Criminal 8 Ctrm 914 | Conference: Trial Assignment | Event held as scheduled |
| | | cONTINUANCE AT REQUEST OF DEFENDANT. | |
| 10/14/1999 | Criminal 8 Ctrm 914 | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement for trial on 10/18/99. | |
| 10/18/1999 | Criminal 8 Ctrm 914 | TRIAL: by jury | Trial begins |
| | | Continuance by order of Court for trial. | |

I hereby certify that the foregoing is a true copy of the record of the Superior Court Department of the Trial Court for the Transaction of Criminal Business.

**IN TESTIMONY WHEREOF**, I hereunto set my hand and affix the seal of said Superior Court, at Boston aforesaid, this **twenty fifth** day of **May** in the year of our Lord two thousand five.

**Assistant Clerk**

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

At the SUPERIOR COURT DEPARTMENT of the Trial Court begun and holden at Boston, within and for the County of Suffolk, for the transaction of criminal business, on the first Monday of November in the year of our Lord one thousand nine hundred and ninety seven.

THE JURORS for the Commonwealth of Massachusetts, on their oath present that

Walter Palmer

on divers dates and times on or about October 30, 1991 and March 29, 1994 in Cambridge and Boston, in the counties of Middlesex and Suffolk, being duly required to take an oath or affirmation, did wilfully swear or affirm falsely in a matter relative to which such oath or affirmation is required, to wit accountings on the guardianship and estate of Dorothy Connelly, sworn to pursuant to G.L. c. 195 § 6, stating the market value of Connelly's residence as $148,000, said statement as set forth above being false, as he well knew.

A TRUE BILL

*Susan Bittasy*
Foreperson of the Grand Jury

_____
Assistant Attorney General

**\*64943 M.G.L.A. 195 § 6**

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART II. REAL AND PERSONAL PROPERTY AND DOMESTIC RELATIONS
TITLE II. DESCENT AND DISTRIBUTION, WILLS, ESTATES OF DECEASED
PERSONS AND ABSENTEES, GUARDIANSHIP, CONSERVATORSHIP AND
TRUSTS
CHAPTER **195**. GENERAL PROVISIONS RELATIVE TO EXECUTORS AND
ADMINISTRATORS

*Current through Ch. 20 of the 2005 1st Annual Sess.*

## § 6. Appraisal of property

Every inventory required to be filed in the probate court shall include an appraisal of the property comprised therein made under the penalties of perjury by the executor or other fiduciary filing the same, setting forth the actual market values of the various items thereof ascertained by such fiduciary to the best of his knowledge, information and belief. Said executor or other fiduciary shall receive no compensation for such appraisal. Before the filing of the inventory upon motion made by the executor or other fiduciary, or after the filing of the inventory upon motion made by any interested person and after such notice as the court may order and after hearing upon such motion, the court may appoint one or more special appraisers of such property or of any item or items thereof, if it shall find such appointment to be in the best interests of the estate. Such appraisers shall be sworn to the faithful performance of their duties and shall file their appraisal in the court within three months of their appointment. The values shown in any such special appraisal shall constitute the appraised value of the item or items involved.

CREDIT(S)

*Amended by St.1970, c. 317, § 1.*

<General Materials (GM) - References, Annotations, or Tables>

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

2004 Main Volume

St.1719-20, c. 10, § 1.
St.1783, c. 32, § 14.
St.1817, c. 190, § 14.
R.S.1836, c. 65, § 2.
G.S.1860, c. 96, § 2.
P.S.1882, c. 132, § 6.
R.L.1902, c. 139, § 6;  c. 162, § 46;  c. 164, § 14.
St.1915, c. 26.
St.1918, c. 257, § 390.
\*64944 St.1919, c. 5.
St.1920, c. 2.
St.1930, c. 213, § 1.
St.1970, c. 317, § 1, approved May 14, 1970, rewrote this **section,** which prior thereto read:

"The property comprised in the inventory shall be appraised by one disinterested person to be appointed by the court or by the

© 2005 Thomson/West. No claim to original U.S. Govt. works.



# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

**SUPERIOR COURT**
**CRIMINAL ACTION**
**NOS. 96-11762**
**97-12099**
**98-11051**

### COMMONWEALTH

### vs.

### WALTER PALMER

## MEMORANDUM OF DECISION AND ORDER ON
## DEFENDANT'S MOTION TO REVISE AND REVOKE SENTENCE

Following trial by jury, the defendant Walter Palmer was convicted on indictments charging Fiduciary Embezzlement, Larceny over $250, and Perjury. On November 5, 1999, the court adjudged the defendant a common and notorious thief pursuant to G.L. c.266, §40. The court sentenced the defendant, upon a consolidated judgment, to not less than sixteen and not more than eighteen years in state prison. The defendant received a concurrent sentence upon the indictment for perjury.

At the time of sentence, the court stated that the term of years imposed was predicated upon its determination that defendant's eligibility for parole and for statutory good time would be governed by the law prior to St. 1993, c.432 ("Truth in Sentencing"). Truth in Sentencing, and specifically §§10 and 11, made major changes in parole eligibility and eliminated statutory good time for offenses committed after June 30, 1994.

In imposing sentence on the defendant, the court stated that should its determination that the defendant's sentence was governed by the law prior to Truth in Sentencing be erroneous, it would entertain a motion to correct the sentence imposed. Failure to do so would result in the defendant's not being eligible for parole at one-third of the minimum term of his sentence and would deprive the defendant of statutory good time

The defendant has now filed a motion to revise and revoke sentence, apparently to keep open the possibility of the court's revising and revoking the defendant's sentence in the future. The grounds stated, and the affidavit in support of the motion, are general.

The purpose of a motion under Mass. R. Crim. P. 29 is to permit a judge to reconsider the sentence imposed and to determine, in light of the facts as they existed at the time of sentencing, whether the sentence was just. Commonwealth v. Layne, 386 Mass. 291 (1982). Commonwealth v. Amirault, 415 Mass. 112, 117 (1993). After consideration, the defendant's motion is **DENIED** in part. Specifically, the court denies the motion as to all grounds *other than* those reserved at sentencing relative to governing law being that *prior to* Truth in Sentencing. At this time, the court takes no action upon so much of the defendant's motion as may be predicated upon the defendant's sentences being governed by Truth in Sentencing. To the extent that the sentences imposed by the court, and defendant's parole eligibility and earned good time, may later be determined to be governed by Truth in Sentencing and for that reason alone, the court reserves the right to consider and to revise and revoke the defendant's sentences in order to reflect the court's intention at sentencing.

Accordingly, defendant's motion to revise and revoke is **DENIED in part**, and no action is taken on the remainder of the motion.

2

## ORDER

Wherefore, it is **ORDERED** that defendant's motion to revise and revoke sentence is **DENIED in part**.

Dated: December 23, 1999

By the court,

Joseph A. Grasso, Jr.
Justice of the Superior Court

*filed December 23, 1999*

**\*86704** M.G.L.A. **266 § 40**

## MASSACHUSETTS GENERAL LAWS ANNOTATED
### PART IV. CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES
### TITLE I. CRIMES AND PUNISHMENTS
### CHAPTER **266**. CRIMES AGAINST PROPERTY

*Current through Ch. 20 of the 2005 1st Annual Sess.*

## § **40**. Common and notorious thief

Whoever, having been convicted, upon indictment, of larceny or of being accessory to larceny before the fact, afterward commits a larceny or is accessory thereto before the fact, and is convicted thereof upon indictment, and whoever is convicted at the same sitting of the court, as principal or accessory before the fact, of three distinct larcenies, shall be adjudged a common and notorious thief, and shall be punished by imprisonment in the state prison for not more than twenty years or in jail for not more than two and one half years.

<General Materials (GM) - References, Annotations, or Tables>

### HISTORICAL NOTES

#### HISTORICAL AND STATUTORY NOTES

##### 2000 Main Volume

St.1784, c. 66, §§ 6, 7.
St.1804, c. 143, § 3.
R.S.1836, c. 126, § 19.
G.S.1860, c. 161, § 22.
P.S.1882, c. 203, § 24.
R.L.1902, c. 208, § 31.
St.1914, c. 635.
St.1918, c. 257, § 464.
St.1919, c. 5.
St.1920, c. 2.

### REFERENCES

#### RESEARCH REFERENCES

Treatises and Practice Aids

32 Mass. Prac. Series § 353, Common and Notorious Thief-Multiple Larcenies.

14A Mass. Prac. Series § 9.278, Larceny-Generally.

17B Mass. Prac. Series § 52.36, Larceny.

### ANNOTATIONS

#### NOTES OF DECISIONS

© 2005 Thomson/West. No claim to original U.S. Govt. works.

COMMONWEALTH OF MASSACHUSETTS
APPEALS COURT

APPEALS COURT
2001-P-00589



_____
WALTER E. PALMER,
        Appellant

        v.

COMMONWEALTH
        Appellee
_____

APPEAL FROM THE JUDGMENT OF THE
SUPERIOR COURT

APPELLANT'S BRIEF



MICHAEL P. CLANCY, ESQUIRE
174 Avenue A
TURNERS FALLS, MA 01376
TELEPHONE: (413) 863-3133
B.B.O. NUMBER: 550078

COUNSEL FOR APPELLANT

# TABLE OF CONTENTS

PAGE

TABLE OF CASES.................................... i-ii

ISSUES PRESENTED FOR REVIEW...................... 2

STATEMENT OF THE CASE............................ 3-5

STATEMENT OF THE FACTS........................... 5-6

ARGUMENT......................................... 6-25

CONCLUSION....................................... 25

TABLE OF CITATIONS............................... iii

ADDENDUM ( Trial transcripts are on file and
incorporated herein by reference)

1

## TABLE OF CASES

Aldoupolis v. Commonwealth, 386 Mass. 260, cert. denied, 459 U.S. 864, 103 S.Ct. 104 (1982). . . . . . . . . . . . . . . . 15

Babbitt v. Farm Workers, 442 U.S. 289 (1979). . . . . . 18

Bouie v. City of Columbia, 378 U.S. 437 (1964). . . . . . . 13

Chicago v. Morales, 527 U.S. , 119 S.Ct. 1849 (June 10, 1999). .10,11,12

Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432 (1985). .17

Comm. v. Abbott Engineering, Inc., 351 Mass. 568 . . . . . .21

Comm v. Cintola, 415 Mass. 358 (1993) . . . . . . . . . 15

Comm. v. Edelin, 371 Mass. 497(1976) . . . . . . . . .15

Comm. v. Kline, 372 Mass. 823 (1977) . . . . . . . . . 16

Comm. v. Marone, 387 Mass. 702 (1982) . . . . . . . . .15

Comm. v. Triplett, 426 Mass. 26 (1997). . . . . . . . .15

Comm. v. Twitchell, 416 Mass. 114 (1993). . . . . . . .15,23

Comm. v. Rzephiewski, 431 Mass. 48 (2000). . . . . . . .21

Comm. v. Williams, 395 Mass. 302 (1985). . . . . . . 16

Connally v. General Constr. Co., 269 U.S. 385 (1926). . . 13

County of Sacramento v. Lewis, 523 U.S. 833 (1998). . . . .17, 18, 19

Davis v. United States, 417 U.S. 333 (1974). . . . . . 24

Devaux v. American Home Assurance Co., 387 Mass. 804 (1983). 22

Doe v. Bolton, 410 U.S. 179 (1973). . . . . . . . . . . .19

Epperson v. Arkansas, 393 U.S. 97 (1968). . . . . . . .18

Fuentes v. Shevin, 407 U.S. 6782 (1972). . . . . . . . .18

Giacco v. Pennsylvania, 382 U.S. 399 (1966). . . . . . . .11

Grayned v. City of Rockford, 408 U.S. 104 (1972). . . . .12

Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 771. 21

<u>Hohn v. United States</u>, 524 U.S. 236 (1998) . . . . . . .18

<u>Kolender v. Lawson</u>, 461 U.S. 352 (1983) . . .11, 12, 13, 14, 15, 16, 17

<u>Lanzetta v. New Jersey</u>, 306 U.S. 451 (1939) . . . . . . .13

<u>Liparota v. United States</u>, 471 U.S. 419 (1985) . . . . . .13

<u>MacDonald v. MacDonald</u>, 407 Mass. 196 (1990) . . . . . . .8

<u>Marbury v. Madison</u>, Crunch 137 (1803) . . . . . . . . .9

<u>Marks v. United States</u>, 430 U.S. 188 (1977) . . . . . .14

<u>Missouri v. Jenkinsby Agyei</u>, 491 U.S. 274 (1989) . . . . .24

<u>Nycal Corporation v. K.P.M.G.</u>, 426 Mass. 491 (1998) . . .20,23

<u>Phillips v. Washington Legal Foundation</u>, et al, 524 U.S. 156 (1998) .2

<u>Plyer v. Doe</u>, 457 U.S. 202 (1982) . . . . . . . . . .17

<u>Rabe v. Washington</u>, 405 U.S. 313 (1972) . . . . . . .14

<u>Rolland v. Cellucci</u>, 106 F.Supp.2d 128 (2000)(D.Mass) . . .24

<u>Schochower v. Board of Education</u>, 350 U.S. 551 . . . . . .10

<u>Spevack v. Kline</u>, 358 U.S. 511 (1967) . . . . . . . .10

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984) . . . . . .24

<u>United States v. Bass</u>, 404 U.S. 336 (1971) . . . . . .14

<u>United States v. Bishop</u>, 412 U.S. 346 (1933) . . . . . .10

<u>United States v. Boyle</u>, 469 U.S. 241 (1985) . . . . . .21

<u>United States v. Harris</u>, 437 U.S. 612 (1954) . . . . . .13

<u>United States v. Murdock</u>, 290 U.S. 389 (1933) . . . . . .10

<u>United States Petitioner v. David W. Lanier</u>, 520 U.S. 259 (1997) .13

<u>William Jefferson Clinton v. Paula Corbin Jones</u>, 520 U.S. 681 (1997) .9

<u>Wolff v. McDonald</u>, 418 U.S. 539 (1974) . . . . . . . .18

<u>Yick Wo v. Hopkins</u>, 112 U.S. 356 (1886) . . . . . . . .8

## **TABLE OF CITATIONS**

MGL c. 266 § 57 . . . . . . . . . . . . 11, 14

MGL c. 268 § 1 . . . . . . . . . . . . 11, 14

## **STATEMENT OF ISSUES**

1.

Can the defendant, a licensed attorney at times relevant to the criminal acts alleged, be convicted where the various criminal statutes involved contain no standards of conduct relative to the context of the defendant's practice of law. Are the statutes concerned overly vague and on that basis unenforceable as being unconstitutional?

2.

Was it reversible error to refuse to include an instruction relative to the defendant's justified reliance on others, including office staff workers and hired accountants, in the operation of his law practice?

## STATEMENT OF THE CASE

The Appellant, Walter E. Palmer, practiced law in the Commonwealth of Massachusetts since passing the Bar in 1957.  From 1972 through Spring of 1995, Walter E. Palmer practiced Law under the name of Palmer and Simcock.  First in a partnership with Lawrence Simcock and after the retirement of Lawrence Simcock as a sole proprietor.   The appellant was indicted and stands convicted of a variety of crimes alleging the larceny of property. As a result of three felony larceny convictions at one Court sitting the appellant was adjudged a Common and Notorious thief.  In addition the Appellant was convicted of one count of perjury as the result of the filing of a Probate Inventory.

Particularly, he was charged in indictment No. 96-11762, with embezzlement by a fiduciary, in violation of General Laws, Chapter 266, Section 57, in six separate counts relating, respectively, to activities as, Count 1, Josephine Dial; Count 2,

-3-

Theresa Glynn; Count 3, Ann Miller; Count 4, William
Bahn, Sr.; Count 5, Rodena MacLeod; Count 6, Dorothy
Connelly. Each count of this indictment alleges as
to each specified individual or estate that Walter
Palmer's alleged crime occurred on diverse dates and
times between specified dates and were actuated by a
continuing criminal intent and pursuant to the
execution of a general larcenous plan and scheme as
to that particular count.

Indictment No. 97-12099-001 charged him in
count 1 with embezzlement by fiduciary in violation
of General Laws, Chapter 266, Section 57, as to
Dorothy Connelly on diverse dates during the period
July 1989 through November 25, 1991. This
indictment relates to the defendant's activities in
connection with the house on 56 Pitcher Avenue in
Medford.

In Count 2 of that indictment, appellant was
charged with perjury in connection with probate
accountings relative to the guardianship and
conservatorship of Dorothy Connelly.

Indictment No. 98-10051 charged the appellant,
Walter Palmer, with larceny of property greater than
$250.00 in value by embezzlement from Franz Trusts,
in violation of General Laws, Chapter 266, Section
30.

-4-

After a trial by jury and guilty finding, Judge
Grasso consolidated all the indictments into one
judgment and adjudged the appellant as a common and
notorious thief.  As to the indictment that related
to perjury, the Court found it to be a separate
judgment and sentence, to run concurrent.  Judge
Grasso consolidated the judgments to be pre-truth in
sentencing.


In timely fashion the Defendant appealed.


## STATEMENT OF FACTS


Appellant maintains and alleges that he relied
on his lay staff and certified public accountants in
the preparation of probate accounts and account
reconciliation.  (Tr. 8:80-85). Appellant, Walter
Palmer's law partner, Laurence Simcock established
the probate and trust business and instructed the
lay staff on the procedure of preparing probate
accounts. (Tr. 8:  ).  All questions concerning the
probate accounting were directed to Laurence

-5-

Simcock.(Tr. 7:168).    After Mr. Simcock left the
offices of Palmer & Simcock, office manager, Elayne
Maloney provided to the certified public accountant
all information and the files for the preparation of
the probate accounts.    (Tr. 8:87).    Mr. Palmer
relied his lay staff and the certified public
accountants in the preparation of probate accounts
and reconciliation of the same.    The trial judge, J.
Grasso refused to instruct the jury on the doctrine
of reliance, as requested by appellant.    (Tr. IX:
31).

The Commonwealth's witness, James McFadden
testified generally, as a financial analyst employed
by the Attorney General's office.    (Tr.VII:6-7).
Mr. McFadden's analysis was only in reference to
records he was able to obtain. (Tr. VII:124).    The
accounts he looked at only covered a short period
period of time, although the analized accounts were
open for a longer length of time.    (Tr. VII:125).
In addition, according to Mr. McFadden, banks do not
retain records beyond seven years.    (Tr. VII:124).


## ARGUMENT


1.

Can the defendant, a licensed attorney at times
relevant to the criminal acts alleged, be convicted

where the various criminal statutes involved contain
no standards of conduct relative to the context of
the defendant's practice of law. Are the statutes
concerned overly vague and on that basis
unenforceable as being unconstitutional.

The answer is no.

The above-numbered indictment rests upon the
distinct grounds as to whether this defendant,
Walter E. Palmer, practicing his profession as a
lawyer, and in the special context, on his
professional law practice, with the law firm of
Palmer & Simcock, violated the penal statute
Massachusetts general Laws c. 266, § 57.

We are a nation, and state of laws, not of
legislative history or attorney general advisory
opinions.

Article 30 of the Massachusetts Declaration of
Rights states: "In the government of this
commonwealth, the legislative department shall
never exercise the executive and judicial powers,
or either of them: the executive shall never
exercise the legislative and judicial powers, or
either of them: the judicial shall never exercise

-7-

the legislative and executive powers, or either of them: to the end it <u>may be a government of laws and not men.</u>" (emphasis added)

The Supreme Court of the United States in <u>Yick Wo v. Hopkins</u>, 112 U.S. 356 (1886) in relation to Article XXX of the Massachusetts Declaration of Rights that "the fundamental rights to life, liberty and pursuit of happiness, considered as individual possessions, are secured by those maxims of constitutional law, which are the monuments showing the victorious progress of the race in securing to men the blessings of civilization under reign of just and equal laws, so that, in the famous language of the Massachusetts Bills of Rights, the government of the Commonwealth "may be a government of laws and not of men." For the very idea that one man may be compelled to hold his life, or means of a living, or any material rights essential to the enjoyment of life, as the mere will of another, seems to be intolerable in any country where freedom prevails, as being the essence of slavery itself."

The Supreme Judicial Court, in a case involving a judge's conduct, <u>MacDonald v. MacDonald</u>, 407 Mass. 196, 203 (1990), held "our system of government is

-8-

premised upon subservience to the rule of law. If a judge in exercise of judicial power loses sight of these principles, the result is autocratic rule by lawless judicial action."

The Supreme Court of the United States in <u>Marbury v. Madison</u>, Crunch 137 (1803), and reaffirmed in <u>William Jefferson Clinton v. Paula Corbin Jones</u>, 520 U.S. 681 decided, May 27, 1997, held, "it is emphatically the providence and duty of the judicial department to say what the law is" I.d. at 177.  Therefore, the decision, set the precedent, followed ever since, that when any ordinary law is considered it must be measured by constitutional standards, and if it falls short, it is of no effect.  This asserted for the first time, that the Constitution, as the foundation of government, prevails over any ordinary law, state or federal.

The Constitution is the supreme law of the land. Article VI of the United States Constitution (Supremacy Clause) provides that the United States Constitution and laws of the United States are the supreme law of the land and Judges in every state as well as state legislature, are bound by the Constitution and laws of the United States.

-9-

The above-numbered indictment, as previously
stated, concerns the conduct of the defendant,
Walter E. Palmer, in the practice of his profession
as a lawyer in the Commonwealth of Massachusetts.
The Supreme Court of the United States continues to
recognize that context is important in the quest
for meaning. <u>United States v. Bishop</u>, 412 U.S. 346,
356. Citing <u>United States v. Murdock</u>, 290 U.S. 389,
394-395 (1933).

The Supreme Court of the United States, in <u>Spevack
v. Kline</u>, 358 U.S. 511 (1967), held: lawyers like
other occupations, have constitutional rights, and
the Court further held at 516, "like the school
teacher in <u>Shochower v. Board of Education</u>, 350
U.S. 551, at the Police man in <u>Garrity v. New
Jersey</u>, lawyers also enjoy first class
citizenship."

The Supreme Court of the United States recently, in
<u>Chicago v. Morales</u>, 527 U.S., 119 S.Ct. 1849
(decided June 10, 1999), held: "vagueness may
invalidate a criminal law for either of two
<u>independent reasons</u>. (emphasis added) First it may
fail to provide the kind of notice that will enable
ordinary people to understand what conduct it

prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement." "See <u>Kolender v. Lawson</u>, 461 U.S., at 375." "It is established that a law fails to meet the requirements of the Due Process Clause if it is so <u>vague</u> (emphasis added) and <u>standardless</u> (emphasis added) that it leaves the public uncertain as to the conduct it prohibits..." <u>Giacco v. Pennsylvania</u>, 382 U.S. 399, 402-403 (1966)."

Further, in <u>Chicago v. Morales</u>, supra, "...even if an enactment does not reach a substantial amount of constitutional protected conduct it may be impermissibly vague because it fails to <u>establish standards</u> (emphasis added) for the police and public that are sufficient to guard against arbitrary deprivation of liberty interests." Citing, <u>Kolender v. Lawson</u>, 461 U.S. 352, 358 (1983).

The penal statutes M.G.L. c.266 § 30 and c.266 § 57, (each) is vague and has no standards in the special context of this defendant, Walter E. Palmer, concerning the allegations in the above-numbered indictment, as to his conduct, practicing his profession as a lawyer in the practice of law, with his law firm Palmer & Simcock, in the

-11-

Commonwealth of Massachusetts.  The broad sweep of
penal statute M.G.L. c. 266 § 57 violates the
requirement that the legislature establish minimal
guidelines to govern law enforcement.  Again, in
Chicago v. Morales, supra, the Court held: "the
broad sweep of the ordinance also violates "the
requirement that a legislature establish minimal
guidelines to govern law enforcement."  Kolender v.
Lawson, 461 U.S. at 358.

The Supreme Court of the United States in Grayned
v. City of Rockford, 408 U.S., 104, 108-109 (1972)
held: "Vague laws offend several important values.
First, because we assume that man is free to steer
between lawful and unlawful conduct, we insist that
laws give the person of ordinary intelligence a
reasonable opportunity to know what is prohibited
so that he may act accordingly.  Vague laws may
trap the innocent be not providing fair warning.
Second, if arbitrary and discriminatory enforcement
is to be prevented, laws must provide explicit
standards (emphasis added) for those who apply
them.  A vague law impermissibly delegates basic
policy matters to policemen, judges (emphasis
added), and juries for resolution on an ad hoc
(emphasis added) and subjective basis with

-12-

attendant dangers of arbitrary and discriminatory applications."

The Supreme Court of the United States in <u>United States Petitioner v. David W. Lanier</u>, 520 U.S. 259 (1997) held: "The ...principle is that no man shall be criminally responsible for conduct that he could not reasonably understand to be proscribed." citing <u>Bouie v. City of Columbia</u>, 378 U.S. 437, 351 (1964) (quoting <u>United States v. Harris</u>, 437 U.S. 612, 617 (1954)). "There are three related manifestations of the fair warning requirement. First, the vagueness doctrine bars enforcement of "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." <u>Connally v. General Constr.Co.</u>, 269 U.S. 385, 391 (1926); accord <u>Kolender v. Lawson</u>, 461 U.S. 352, 357 (1983); <u>Lanzetta v. New Jersey</u>, 306 U.S. 451, 453 (1939). Second as a sort of junior version of the vagueness doctrine," H. Packer, The Limits of the Criminal Sanction 95 (1968), the canon of strict construction of criminal statutes, or rule of lenity ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct covered. see e.g., <u>Liparota v. United States</u>, 471 U.S. 419,

-13-

427 (1985); ~~United States v. Bass~~, 404 U.S. 336,
347-348 (1971); McBoyle, supra, at 27. Third,
although clarity at the requisite level may be
supplied by judicial gloss on an otherwise
uncertain statute see, e.g., Bowie, supra at 357-
359; <u>Kolendèr</u>, supra, at 355-356; Lanzetta supra,
at 445-457; Jeffries, Legality, Vagueness and the
Construction of Penal Statutes, 71 Va.L. Rev.189,
207 (1985), **due process bars courts from
applying a novel construction of a criminal
statute to conduct that neither the statute
nor any prior judicial decision has fairly
disclosed to be with its scope** (emphasis
added), see e.g., <u>Marks v. United States</u>, 430 U.S.
188, 191-192 (1977); <u>Rabe v. Washington</u>, 405 U.S.
313 (1972); Bouie supra, at 353-345; cf. U.S.
Const. Art. I, § 9, cl. 3; id., § 10, cl., 1;
Bouie, supra, at 353-354 (Ex Post Facto Clauses bar
legislatures from making substantive criminal
offenses retroactive). In each of the guises, the
touchstone is whether the statute either standing
alone or as construed made it reasonably clear at
the relevant time that the defendant's conduct was
criminal.

This penal statutes M.G.L. c. 266 §§ 30 and 57,
(each) as it relates to the conduct of the

defendant, Walter E. Palmer, and in the special context of his law practice, is standardless. The importance of standards as a penal statute relates to a professional practice in the Commonwealth of Massachusetts has been determined by the Massachusetts Supreme Judicial Court in many cases. see Commonwealth v, Edelin, 371 Mass. 497 (1976); also Commonwealth v. Triplett, 426 Mass. 26 (1997) involving an attorney who was also a Chief of Police, the Court held: "If we were to conclude that such an application was proper we would confront the constitution maxim that both statutory and common law crimes must "define the criminal offense with sufficient definiteness that ordinary people can under stand what conduct is prohibited." Commonwealth v. Twitchell, 416 Mass. 114, 123, 617 N.E.2d 609 (1993) quoting, Kolender v. Lawson, 461 U.S. 352, 357 (1983). **Any doubt in this regard must be resolved in favor of the defendant** (emphasis added). See, Commonwealth v. Cintola, 415 Mass. 358, 359 (1993)(defining proscribed crime narrowly in favor of defendant); Commonwealth v. Marone, 387 Mass. 702, 706 (1982)(**Requiring criminal statutes to be construed strictly**)(emphasis added); Aldoupolis v. Commonwealth, 386 Mass. 260, cert. denied, 459 U.S. 864, 103 S.Ct. 104, 74 L.Ed.2d 102

-15-

(1982)(**Observing "ordinary rules of statutory construction require " doubts to be resolved strictly against the Commonwealth**") (emphasis added); <u>Commonwealth v. Kline</u>, 372 Mass. 823, 833 (1977)(interpreting common law crime and noting standards of fairness applied to defendant)."

the defendant be convicted of larcenous schemes where the evidence is based upon an attempted reconstruction of the most recent five year period in light of the un-contradicted evidence that the defendant had been in practice utilizing the same methods of handling and accounting client funds for a period of over twenty years.  The sample of reconstructed financial documentation represents at most 20% of the relevant time frame within such conduct by the appellant was in use and thought to be lawful.

The Supreme Judicial Court, in <u>Commonwealth V. Williams</u>, 395 Mass. 302, 304 (1985) (Liacos,J.) held: "A penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." citing <u>Kolender v. Lawson</u>, 461 U.S. 352,  357 (1983) and other case.

-16-

Also, the Court in <u>Williams</u>, supra., at 304 stated
"Recently, the United States Supreme Court has
focused its attention in determining vagueness in
determining whether a statute fosters arbitrary
enforcement." "<u>Kolender v. Lawson</u>, 461 U.S. at
358." "If the Legislature fails to set <u>minimal
guidelines</u> (emphasis added) to govern law
enforcement, "a criminal statute may permit a
<u>stardardless</u> (emphasis added) sweep (that) allows
policemen, <u>prosecutors, and juries to pursue their
personal predilections</u>.(emphasis added)"

The Supreme Court in <u>Cleburne v. Cleburne Living
Center, Inc.</u>, 473 U.S. 432, 439 (1985), reaffirmed
<u>Plyer v. Doe</u>, 457 U.S. 202, 216 (1982), "The Equal
Protection Clause of the Fourteenth Amendment
commands that <u>no state</u> (emphasis added) shall "deny
to any person within its jurisdiction the equal
protection of the laws, "which is essentially a
direction that all persons similarly situated
should be treated alike."

The Supreme Court of the United States in <u>County of
Sacramento v. Lewis</u>, 523 U.S. 833 (1998) held "Our
prior cases have held that "no state shall deprive
any person of life, liberty or property, without
due process of law," U.S. Const., Amdt. 14,§ 1, to

-17-

"guarnte[e} more than fair process," <u>Washington v.</u>
<u>Glucksberg</u>, 52. (1997)   Also in <u>County of</u>
<u>Sacramento v. Lewis</u>, supra, the Supreme Court
further held "We have emphasized time and again
that "the touchstone of due process is protection
of the individual against arbitrary action of
government, " <u>Wolff v. McDonald</u>, 418 U.S. 539, 558
(1974), whether the fault lies in a denial of
fundamental procedural fairness. see, e.g. <u>Fuentes</u>
<u>v. Shevin</u>, 407 U.S. 6782 (1972)

The Supreme Court of the United States in <u>Hohn v.</u>
<u>United States</u>, 524 U.S. 236 (1998) held: "Our
decisions remain binding precedent until we see fit
to reconsider them, regardless of whether
subsequent cases have raised doubts about their
continuing vitality."


The Supreme Court of the United States in <u>Babbitt</u>
<u>v. Farm Workers</u>, 442 U.S. 289, 298 (1979), held:
"When contesting the constitutionality of a
criminal statute, "it is not necessary that (the
plaintiff) first expose himself to actual arrest or
Persecution to be entitled to challenge (the)
statute that he claims deters the exercise of his
constitutional rights." Citing <u>Steffel v. Thompson</u>,
451 U.S. 452, 459 (1974); see <u>Epperson v. Arkansas</u>,
393 U.S. 97 (1968); <u>Evers v. Dwyer</u>, supra at 204."

-18

"When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute and there exists a credible threat of prosecution thereunder, he "should not be required to await and under go a criminal prosecution as a sole means of seeking relief." Citing <u>Doe v. Bolton</u>, 410 U.S. 179, 188 (1973).

In the present context this prosecution is with out standards and in violation of the law and the 14th Amendment to the United States Constitution.  As Justice Kennedy stated in oral argument in the recent case before the United States Supreme Court, <u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998), as reported in the New York Times News Paper, Wednesday, December 10, 1997, page A 22, "you have this big windup, but what's the answer to question" of what standard to apply.

Respectfully,  Commonwealth has a big wind up, however, the prosecution here is standardless and irreparably deficient without the pitch.

-19-

2.

Was it reversible error to refuse to include an instruction relative to the Defendant's justified reliance on others, including office staff workers and hired accountants, in the operation of his law practice.

The answer is yes.

Defendant's requested Jury Instruction Numbered 6. "If you find that the defendant relied upon another and was justified in doing so, and that the person relied or had a duty of loyalty to the defendant under the circumstances the defendant may rely upon the doctrine of reliance and the doctrine of justification as a defense.  <u>Nycal Corp. v. KPMG Peat Marwick LLP</u>, 426 Mass. 491, 489-499 (1988) and <u>Meehan v. Shaunessy</u>, 404 Mass. 419 (1989)."

The legal doctrine of Reliance, is well established in the jurisprudence of Massachusetts. See <u>NYCAL Corp. v. KPMG PEAT Marwick, LLP</u>, 426 Mass. 491(1998), as it relates to reliance on Certified Public Accountants, and the practice and procedure and legal standards in that reliance on certified public accountant.  Appellant alleges that his reliance on certified public accountants, James

-20-

Argus and Norman Freedman, and lay staff was not
unreasonable in the context of appellant's practice
of law as a lawyer and in the same professional
context, as a court appointed fiduciary.    In
Commonwealth v. Rzephiewski, 431 Mass. 48, 54
(2000), (concerns Judges reliance on his customary
practice in taking guilty plea a legitimate means of
reconstructing record of a plea hearing);
Commonwealth v. Abbott Engineering, Inc., 351 Mass.
568, "reliance can be built in a business."    In
United States v. Boyle, 469 U.S. 241, 83 L.Ed. 2d
622 (1985) held that "when an accountant or attorney
advises a taxpayer on a matter of tax law, such as
whether a liability exists, it is reasonable for
taxpayer to rely on that advice.  Most taxpayers are
not competent to discern error in the substantive
advice of an accountant or attorney.  To require the
taxpayer to challenge the attorney, to seek a
"second opinion", or try to monitor counsel on the
provisions of the Code himself would nullify the
very purpose of seeking advice of a presumed expert
in the first place."  See, Haywood Lumber & Mining
Co., v. Commissioner, 178 F.2d. at 771, "ordinary
business care and prudence"  do not demand such
actions.

-21-

permit their involvement in most matters, but not in
direct practice of law." See <u>Missouri v. Jenkins By
Agyei</u>, 491 U.S. 274, 109 S.Ct. 2463, 2471, 105 L.Ed.
2d 229(1989), which states, "by encouraging the use
of lower cost paralegals rather than attorneys
whenever possible, permitting market-rate billing of
paralegal hours encourages cost effective delivery
of legal services and by reducing the spiraling cost
of civil litigation..." In <u>Rolland v. Cellucci</u>, 106
F.Supp.2d 128 (2000)(D.Mass.), the court held, "the
efficient use of paralegals is, by now, an accepted
cost-saving device."

The Appellant maintains that he stands appealing
convictions for acts, in the context of practicing
his profession as a lawyer, and in the same
professional context, as a court appointed
fiduciary, that the law does not make criminal. See
<u>Davis v. United States</u>, 417 U.S. 333, 346, 94 S. Ct.
2298, 2305 (1974). In <u>Strickland v. Washington</u>, 466
U.S. 668, 80 L.Ed 2d 647 (1984), we must, under the
law, judge the reasonableness of the lawyers
conduct, as of the time their actions occurred, not
the conduct's consequences after the fact. "A fair

-24-

assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct   the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perceptive at the time."

**CONCLUSION**

For the foregoing reasons, the conviction on indictment numbers 96-11762, 97-12099 and 98-10051 should be reversed and not guilty verdicts entered.

-25-

Respectfully submitted,

Michael P. Clancy
BBO# 550078
174 Avenue A
Turners Falls, MA  01376
(413) 863-3133

October 3, 2001

Exhibit

## COMMONWEALTH OF MASSACHUSETTS
## APPEALS COURT

**APPEALS COURT**
**2001-P-00589**

COMMONWEALTH,
    Appellee

v.

WALTER E. PALMER
    Appellant

RECEIVED
OCT 1 6 2001
OFFICE OF THE ATTORNEY
GENERAL-CRIMINAL BUREAU

### APPEAL FROM THE JUDGMENT OF THE
### SUPERIOR COURT

### APPENDIX TO
### APPELLANT'S BRIEF

MICHAEL P. CLANCY, ESQUIRE
174 Avenue A
TURNERS FALLS, MA 01376
TELEPHONE: (413) 863-3133
B.B.O. NUMBER: 550078

COUNSEL FOR APPELLANT

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| DOCKET SHEET – SUCR 1996–11762 | 1–8 |
| DOCKET SHEET – SUCR 1998–10051 | 9–17 |
| DOCKET SHEET – SUCR 1997–12099 | 18–26 |
| INDICTMENT 1996–11762 | 27–33 |
| INDICTMENT 1998–10051 | 34–35 |
| INDICTMENT 1997–12099 | 36–37 |
| MGL c. 266 § 30 | 38–39 |
| MGL c. 266 § 57 | 40 |
| MGL c. 195 § 6 | 41 |

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 10/02/1998 | **Status** | dappen | | Disposed (appeal pending) | |
| **Status Date** | 04/30/2001 | **Session** | 8 | | Crim 8 Ctrm 5 - 90 Devonshire St., Boston | |
| | | **Origin** | I | | Indictment | |
| **Lead Case** | SUCR1996-11762 | **Jury Trial** | | | **Public View** Yes | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Trial Deadline** | 10/16/1999 | **Deadline Status** | Deadline active since retur | **Status Date** | 10/19/1998 |
| **Custody Status** | Cedar Junction MCI (Wa | **Start Date** | | | |
| **Weapon** | | **Substance** | | **Prior Record** | Unknown |
| **Arraignment** | 10/16/1998 | **PTC Deadline** | | **Pro Se Defendant** | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 10/24/1994 | 266:057 | Guilty verdict | 11/04/1999 |
| | Embezzlement by fiduciary | | | |

### PARTIES

**Defendant**
Walter Palmer
10 Beals Cove Road
Hingham, MA 02043
Gender: Male
AAG S Paterniti
Active 10/23/1996

**Private Counsel 550078A**
Michael P Clancy
174 Avenue A
Turners Falls, MA 01376
Phone: 413-863-3133
Fax: 413-863-0230
Active 11/05/1998 Notify

**Plaintiff**
Commonwealth
Gender: Unknown
Active 10/23/1996

**Atty General's Office 559824**
Philip J McGovern
Mass Atty General's Office
1 Ashburton Place
18th floor Criminal Bureau
Boston, MA 02108
Phone: 617-727-2200
Fax: 617-727-5755
Active 08/23/1999 Notify

**Atty General's Office 553386**
Kevin P Brekka
Mass Atty General's Office
1 Ashburton Place
Criminal Bureau Room 1811
Boston, MA 02108
Phone: 617-727-2200
Fax: 617-727-5755
Active 05/07/2001 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/23/1996 | | Case opened to issue docket# to grand jury |
| 10/02/1998 | 1.0 | Indictment returned ( 6 Counts ) |
| 10/02/1998 | 2.0 | Motion by Commonwealth for summons of Deft to appear; filed & allowed. Ball, J. |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

# SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 10/02/1998 | | Summons issued |
| 10/15/1998 | 3.0 | Commonwealth files: Motion for bail |
| 10/16/1998 | | Deft arraigned before Court |
| 10/16/1998 | | Deft waives reading of indictment |
| 10/16/1998 | | RE offense 1: Plea of not guilty |
| 10/16/1998 | | Bail set: $250,000.00 with surety or 50,000.00 cash without prejudice. Bail warning read. Referred to Room 304 re: bail. Walsh, AC/M - K. Brecka, AAG =- N. King, Court Reporter - M. Malloy, Attorney |
| 10/16/1998 | | Brought into Court. After hearing, defendant's oral motion for reduction of bail allowed. |
| 10/16/1998 | | Deft released on personal recognizance in the sum of $100.00. Subject to report to probation department four times per week, two of which will be in person, two by telephone. |
| 10/16/1998 | | Deft discharged. Quinlan, J. - K. Brecka, AAG - D. Cullinan, Court Reporter - M. Malloy, Attorney |
| 11/02/1998 | 4.0 | Appearance of Deft's Atty: Michael P. Clancy. |
| 11/02/1998 | 5.0 | Commonwealth files list of discovery materials provided by the Commonwealth. |
| 11/23/1998 | | Comes into court |
| 11/23/1998 | 6.0 | Pre-trial conference report, filed. Wilson, AC/M - K. Brekka, ADA - D. Cullinan, Court Reporter - M. Clarey, Attorney |
| 01/27/1999 | | Case continued for motions. Motions to be filed by 3-9-99. Walsh, AC/M - K. Brekka, AAG - M Clancy, Attorney - M;. Wrighton, Court Reporter. |
| 03/08/1999 | 7.0 | Commonwealth files: Motion for reciprocal discovery |
| 03/12/1999 | 8.0 | Deft files: Motion to continue along with Memorandum of law in support. |
| 03/30/1999 | | Comes into court. Motions to be filed by 4/16/99. |
| 03/30/1999 | 9.0 | Commonwealth files opposition to defendant's motion to continue, paper #8 withdrawn in open court by order of the court. |
| 03/30/1999 | | Motion (P#7 ) allowed. (filed on 3/8/99). Brady, J. - R. Brekka, AAG - D. McLean, Court Reporter - M. Clancy, Attorney. |
| 04/16/1999 | 10.0 | Deft files: Motion for Particulars |
| 04/16/1999 | 11.0 | Deft files: Motion for Severance |
| 04/16/1999 | 12.0 | Deft files: Motion to Dismiss |
| 04/16/1999 | 13.0 | Deft files: Motion to Dismiss (O'Dell and Tanner) and Affidavit: Memorandum of law in support of. |
| 04/16/1999 | 14.0 | Deft files: Motion to continue and Affidavit: Memorandum of law in Support of |
| 04/16/1999 | 15.0 | Deft files: Motion to Dismiss and Affidavit: Memorandum of law in support of |
| 05/07/1999 | 16.0 | Deft files: Supplemental memorandum of law in support of motion to dismiss and affidavit. |
| 06/10/1999 | | Comes into court. |
| 06/10/1999 | 17.0 | Commonwealth files: Memorandum in opposition to the Defendant's |

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | 17.0 | motion to dismiss the charges pursuant to Commonwealth vs Brandano. |
| 06/10/1999 | 18.0 | Commonwealth files: Memorandum in opposition to Defendant's motion to dismiss |
| 06/10/1999 | 19.0 | Commonwealth files: Bill of Particulars. Donovan, RAJ - K. Brekka, AAG - D. McLean, Court Reporter |
| 06/28/1999 | | Comes into Court. |
| 06/28/1999 | 20.0 | Deft files: Motion for recusal |
| 06/28/1999 | | Motion (P#20) denied. Sent to VI Session for hearing on motion to dismiss. Donovan, RAJ - K. Brekka, ADA - D. McLean, Court Reporter - M. Clancy, Attorney |
| 06/28/1999 | | Motions to Dismiss taken under advisement. Bohn, J. - K. Brekka, AAG - M. McDonald, Court Reporter - M. Clancy, Attorney |
| 06/29/1999 | | Motion (P#'s 12, 13, and 15) denied as endorsed. Bohn, J. K. Brekka and M. Clancy - notified w/copy - 7/6/99 |
| 07/26/1999 | 21.0 | Deft files: Motion to strike particulars and memorandum and affidavit in support thereof |
| 07/28/1999 | 22.0 | Deft files: Motion for reconsideration (O'Dell and Tanner) (Bohn, J. notified w/copy) |
| 07/29/1999 | 23.0 | Deft files: Motion for reconsideration with affidavit in support. (Bohn, J. notified w/copy) |
| 08/17/1999 | | Motion (P#21) denied. Borenstein,J. Case transferred to Second criminal session for trial week of 10/04/99. Borenstein,J- P.McGovern, AAG-D.McLean, Court Reporter-M.Clancy, Attorney. |
| 08/17/1999 | | Case received in Second session for trial week of 10/04/99. |
| 08/25/1999 | | Case received in Eighth criminal session for trial week of 10/04/99. |
| 08/30/1999 | 24.0 | Deft files Motion to strike trial date of 10/04/99. |
| 08/30/1999 | 25.0 | Deft files Motion to dismiss due to MGL Ch.266, Sec.57. |
| 09/07/1999 | | Case returned to First Session on defendants motion to strike trial date. |
| 09/07/1999 | | Defendant files affidavit of Walter E Palmer in support of his motion to strike trial date. |
| 09/07/1999 | | Deft files memorandum of law in support of motion to dismiss Penal statute M.G.L. ch. 266 s 57. |
| 09/10/1999 | | Deft files supplemental memorandum of law in support of motion to continue due to pre-trial publicity. |
| 09/10/1999 | | Deft files supplemental memorandum of law in support of motion of to dismiss; Penal Statute M.G.L. 266 s57 |
| 09/10/1999 | | Motion (P#22) denied as endorsed, Bohn, J. |
| 09/10/1999 | | Motion (P#23) denied as endorsed, Bohn, J. |
| 09/10/1999 | | Comes into Court. Hearing re: motions. |
| 09/10/1999 | | Motion (P##14) denied (Donovan, RAJ.) |
| 09/10/1999 | | Motion (P##24) denied (Donovan, RAJ.). |
| 09/10/1999 | | Motion (P##25) denied (Donovan, RAJ.) |
| 09/10/1999 | | Court orders all reciprocal discovery provided by 9/17/99.Donovan,RAJ K.Brekka, AAG - M.MacDonald, Court Rporter - M.Clancey, Attorney. |
| 09/10/1999 | | Case received in 8th session for trial week of 10/04/99 |

04:18 PM

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 09/16/1999 | 26.0 | Deft files motion for reconsideration pursuant to Mass. R. Crim. P.13(a). |
| 09/16/1999 | 27.0 | Deft files motion for reconsideration pursuant to Mass. R.Crim. P.13(a). |
| 09/17/1999 | 28.0 | Deft files Walter E. Palmer's response to Commonwealth's request for discovery. |
| 10/08/1999 | 29.0 | Order from SJC re: motion to continue is denied. Ireland J. |
| 10/08/1999 | 30.0 | Order from SJC re: relief under 211 sect 3 is denied after hearing. Ireland J. |
| 10/13/1999 | 31.0 | Deft files motion to extend time for filing and hearing pretrial motions. |
| 10/13/1999 | 32.0 | Deft files motion for recusal of Justice Joseph Grasso |
| 10/13/1999 | 33.0 | Deft files motion for ruling prohibiting use of statements of decease person. |
| 10/13/1999 | 34.0 | Deft files motion for ruling prohibiting bar disciplinary and /or disbarement. |
| 10/13/1999 | 35.0 | Deft files motion in limine to prohibit use of term "victim" |
| 10/13/1999 | 36.0 | Deft files motion for sequestration of witnesses. |
| 10/13/1999 | 37.0 | Deft files motion in limine to introduce testimony through Attorney James Verner Moore. |
| 10/13/1999 | 38.0 | Deft files motion in limine to introduce evidence through Attorney Victor Tagliafario |
| 10/13/1999 | 39.0 | Deft files motion in limine to introduce testimony through Attorney Daniel McKinnon |
| 10/13/1999 | 40.0 | Deft files motion for ruling prohibiting use of summary witnesses. |
| 10/14/1999 | | Defendant not in Court.Defendants presence waived. |
| 10/14/1999 | | Motion (P#31) allowed after hearing only if defendant has motions of substances which he could not prepare with defendants condition. |
| 10/14/1999 | | Motion (P#32) denied after hearing. |
| 10/14/1999 | | Motion #33 after hearing no action because Commonwealth does not intend to use any hearsay statements. |
| 10/14/1999 | | Motion (P#34) allowed after hearing in that Commonwealth does not intend to refer to it in Case in Chief, but if issue comes up for impeachment purposes the Court will take it up at that time. |
| 10/14/1999 | | Motion (P#35) denied without prejudice. |
| 10/14/1999 | 41.0 | Commonwealth files opposition to defendants motion in limine to prohibit the use of the term "victims". |
| 10/14/1999 | | Motion (P#36) allowed after hearing reciprocal. |
| 10/14/1999 | | Motions #s 37, 38 and 39 no action at this time. |
| 10/14/1999 | | Motion (P#40) denied after hearing. See record. |
| 10/14/1999 | 42.0 | Commonwealth files motion in limine to admit evidence summarizing records. |
| 10/14/1999 | | Motion (P#42) allowed after hearing with limitations. See record. |
| 10/14/1999 | | Motion (P#11) denied after hearing. |
| 10/14/1999 | 43.0 | Commonwealth files memorandum of law in opposition to defendants motion for severance. |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

### SUCR1996-11762
### Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 10/14/1999 | 44.0 | Commonwealth files motion in limine in support of admission of defendants statements. |
| 10/14/1999 | | Motion (P#44) allowed pursuant to rules of evidence. |
| 10/14/1999 | 45.0 | Commonwealth files motion in limine to rule certain evidence inadmissable.After hearing, no action until an offer of proof. Grasso,J. - K.Brekka,AAG - P.McGovern,AAG - K.Canty,Court Reporter - M.Clancy,Attorney. |
| 10/18/1999 | | Comes into Court. |
| 10/18/1999 | 46.0 | Deft files motion in limine to introduce testimony through atty. Raymond Rawlings.No action at this time. |
| 10/18/1999 | 47.0 | Deft files motion for ruling in the event bar disciplinary proceedings and/or disbarment is introduced through witness response. |
| 10/18/1999 | 48.0 | Deft files motion for examination of jurors. |
| 10/18/1999 | | Motion (P#48) allowed in part. See record. |
| 10/18/1999 | | Commonwealth moves for trial with Offenses #97-12099 and #98-10051. Court Grasso,J. orders sixteen jurors impanneled.Jury sworn. |
| 10/18/1999 | 49.0 | Deft files motion for required finding of not guilty at close of Commonwealth's opening. |
| 10/18/1999 | | Motion (P#49) denied after hearing. |
| 10/18/1999 | 50.0 | Commonwealth files motion for desposition of witness under rule #35. |
| 10/18/1999 | | Motion (P#50) denied after hearing without prejudice. Grasso,J. - P.McGovern AAG and K.Brekka,AAG - K.Canty, Court Reporter - M.Clancy Attorney. |
| 10/19/1999 | | Comes into Court. Trial continues. |
| 10/20/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/21/1999 | | Comes in Court. |
| 10/21/1999 | | Juror Brenda Jeknavorian seat #3 sworn and inquired upon by Court Grasso,J. Defendant present. After hearing, Commonwealth and defendant content. Trial continues. K.Canty, Court Reporter. |
| 10/22/1999 | | Trial continues. K. Canty Court Reporter |
| 10/25/1999 | | Comes into Court. Trial continues. P.Flaherty, Court Reporter. |
| 10/26/1999 | | trial continues. Commonwealth rests its case in chief. |
| 10/26/1999 | 51.0 | Deft files motion for required finding of not guilty. |
| 10/26/1999 | | Motion (P#51) denied after hearing. K. Canty Court Reporter |
| 10/27/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/27/1999 | 52.0 | Commonwealth files request for jury instructions. |
| 10/28/1999 | | Comes into Court. Trial continues. |
| 10/28/1999 | | Defendant rests its case. |
| 10/28/1999 | 53.0 | Deft files request for jury instructions. |
| 10/28/1999 | 54.0 | Defendant files motion for required finding of not guilty. |
| 10/28/1999 | | Motion (P#54) denied after hearing. |
| 11/01/1999 | | Comes into Court. Trial continues. |
| 11/01/1999 | | Motion (P#52) allowed in part. See record. |
| 11/01/1999 | | Motion (P#53) allowed in part.See record. |
| 11/01/1999 | | Court orders that the jury be reduced to twelve members and designates Ilene Feldman, Michelle McCarthy, Isidra Lima and Jonathan |

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | | Hall as alternate jurors. Question #1 marked D for identification. |
| | | K.Canty, Court Reporter. |
| 11/02/1999 | | Comes into Court. Deliberating juror Donald Lynch excused for cause. |
| | | Alternate juror Jonathan Hall selected at random and jurors |
| | | instructed to start deliberations anew. K.Canty, C.R. |
| 11/03/1999 | | Jury resumes deliberations. Jury question #2 mark E for |
| | | identification K. Canty Court Reporter |
| 11/04/1999 | | Jury resumes deliberations. Question No. 3 marked F for |
| | | identification |
| 11/04/1999 | | RE offense 1: Guilty verdict as to Counts 1 thru 6. |
| 11/04/1999 | | Verdict Affirmed. Verdict Slip filed. Commonwealth moves for |
| | | sentencing. |
| 11/04/1999 | | Bail set on 10/16/98 revoked. |
| 11/04/1999 | | Mittimus without bail issued to common jail. |
| 11/04/1999 | | Continued until 11/5/99 for disposition by order of the Court. K. |
| | | Canty, Court Reporter |
| 11/05/1999 | 55.0 | Commonwealth files: Motion for adjudicated of defendant as a common |
| | | and notorious theif under G. L. Ch. 266, Sect. 40 and sentencing |
| | | recommendation. |
| 11/05/1999 | | Brought into Court. |
| 11/05/1999 | 56.0 | Commonwealth files: Supplemental sentencing recommendation. Court |
| | | after hearing adjudged the defendant to be a common and notorious |
| | | theif pursuant to MGL Ch. 266, Sec. 40 and enters a consolidated |
| | | judgement on 96-11762, Counts 1 thru 6 and 97-12099-001 and 98-10051. |
| 11/05/1999 | | Sentence imposed: MCI Cedar Junction Max. 18 years, Min. 16 years. |
| | | Mittimus issued. |
| 11/05/1999 | | Sentence credit given as per 279:33A: 1 day |
| 11/05/1999 | | Victim-witness fee assessed: $60.00 |
| 11/05/1999 | | Notified of right of appeal under Rule 64 |
| 11/05/1999 | | Notified of right of appeal under Rule 65. Grasso, J. - K. Brekka, |
| | | AAG - P. McGovern, AAG - K. Canty, Court Reporter - M. Clancy, |
| | | Attorney |
| 11/12/1999 | 56.1 | Deft files notice of appeal |
| 11/12/1999 | 57.0 | Deft files pro-se appeal from sentence to Mass. Correctional |
| | | Institute Cedar Junction. (DelVecchio, C.J., Grasso, J. & Stillwell, |
| | | CPO notified 11/17/99 w/copy). |
| 11/18/1999 | | Copy of notice of appeal mailed to Grasso,J and K.Brekka,AAG - |
| | | P.McGovern, AAG |
| 11/18/1999 | | Court Reporter M.McDonald is hereby notified to prepare one copy of |
| | | the transcript of the evidence of June 28, l999 for hearing on |
| | | Motions to Dismiss before Bohn,J.. |
| 11/18/1999 | | Court Reporter M.McDonald is hereby notified to prepare one copy of |
| | | the transcript of the evidence of September l0,l999 for hearing on |
| | | Motion to Dismiss before Donovan,RAJ.. |
| 11/18/1999 | | Court Reporter K.Canty is hereby notified to prepare one copy of the |
| | | transcript of the evidence of October 18,19,20,21,22,26,27,28, |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | | November 1,2,3,4,5,l999 for trial, verdict and disposition before Grasso,J. |
| 11/18/1999 | 58.0 | Court Reporter P.Flaherty is hereby notified to prepare one copy of the transcript of the evidence of October 25,l999 for trial before Grasso,J. Certificate of Clerk-filed.. |
| 12/01/1999 | | Victim-witness fee paid as assessed in the amount of $60.00 |
| 12/09/1999 | 59.0 | Deft files motion to revise and revoke and affidavit in support of. |
| 12/23/1999 | 60.0 | Memorandum of decision and order of the Defendant's motion (#59) denied in part. Grasso, J. |
| 02/28/2000 | | Transcript of testimony received from M.McDonald, Court Reporter. |
| 05/16/2000 | | Transcript of testimony received from P.Flaherty, Court Reporter. |
| 05/19/2000 | 60.1 | Notice of docket entry received from the Appellate Division, filed. "Appellant files a withdrawal of appeal. Appeal withdrawn." |
| 08/30/2000 | 61.0 | Deft files request assembled record to include Grand Jury minutes. (Grasso, J notified w/copy) |
| 02/23/2001 | | Transcript of testimony received from K.Canty,. Court Reporter. |
| 03/23/2001 | 62.0 | Deft files pro se petition for writ of habeas corpus ad testificandum. |
| 03/26/2001 | 63.0 | Deft files pro se motion for clothing for Court appearance. |
| 04/04/2001 | | Transcript of testimony received from K.Canty, Court Reporter. |
| 04/06/2001 | | Notice sent to attorneys that transcripts are available. |
| 04/06/2001 | | Letter sent to Attorney Clancy Re: Cost of transcripts. |
| 04/11/2001 | 64.0 | Certificate of delivery of transcript by Clerk-filed. |
| 04/20/2001 | | Second notice sent to Attorney Clancy Re: Transcripts. |
| 04/24/2001 | 65.0 | Certificate of delivery of transcript by Clerk-filed. |
| 04/30/2001 | 65.1 | Notice of Appeal as to the Denial of his motion to dismiss. |
| 05/01/2001 | | Notice of completion of assembly of record sent to Clerk of Appeals Court and attorneys for Commonwealth and defendant. |
| 05/01/2001 | | Two certified copies of docket entries, original and copy of transcript, two copies of exhibit lisat, list of documents, copy of #12,13,15,22,23,&56.l, each trasnmitted to Clerk of Appellate Court. (K.Brekka, AAG - P.McGovern, AAG - M. Clancy, Attorney for the defendant. |
| 05/02/2001 | 66.0 | Notice of Docket Entry received from the Appeals Court, Filed. |

## EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 10/16/1998 | Crim 1 Ctrm 21- 15th Fl. | Arraignment | Event held as scheduled |
| | | Summons issued | |
| 11/02/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Pre-Trial | Event held as scheduled |
| 11/23/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement. | |
| 12/17/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Misc Matters | Event held as scheduled |
| | | Continuance by agreement re: Discovery | |
| 01/26/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event held as scheduled |
| | | Continued by agreement. RE: Status. | |
| 03/30/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continued for Non-Evidentiary Motions. | |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

### SUCR1996-11762
### Commonwealth v Palmer, Walter

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 05/07/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continuance by agreement re: evidentiary motions. | |
| 05/21/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continuance by agreement re: non-evidentiary motions | |
| 06/10/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance by agreement. Also re: motions. | |
| 06/28/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement re: Motion to recuse and motion to dismiss | |
| 07/20/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event canceled not re-scheduled for another date |
| | | Continuance by agreement re: findings. | |
| 08/17/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| 09/10/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| 10/04/1999 | Crim 7 Ctrm 6 - 15th Fl. | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 2 Ctrm 8 - 2 nd Fl. | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | |
| | | Continuance by agreement for trial on week of 10/04/99. | |
| 10/07/1999 | Crim 8 Ctrm 5 - 90 | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance at request of defendant. | |
| 10/14/1999 | C m 8 Ctrm 5 - 90 | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement for trial on 10/18/99. | |
| 10/18/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | Event held as scheduled |
| | | Continuance by order of Court for trial. | |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

# SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 01/13/1998 | **Status** | dappen | | Disposed (appeal pending) | |
| **Status Date** | 11/12/1999 | **Session** | 8 | | Crim 8 Ctrm 5 - 90 Devonshire St., Boston | |
| | | **Origin** | I | | Indictment | |
| **Lead Case** | SUCR1996-11762 | **Jury Trial** | | | **Public View**  Yes | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Trial Deadline** | 01/16/1999 | **Deadline Status** | | Deadline active since retur | **Status Date** | 01/13/1998 |
| **Custody Status** | Cedar Junction MCI (Wa | **Start Date** | | | | |
| **Weapon** | | **Substance** | | | **Prior Record** | Unknown |
| **Arraignment** | 01/16/1998 | **PTC Deadline** | | | **Pro Se Defendant** | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 01/20/1992 | 266:030:1.21 | Guilty verdict | 11/04/1999 |
| | Larceny, over $250 | | | |

### PARTIES

**Defendant**
Walter E. Palmer
10 Beals Cove Road
Hingham, MA 02043
Gender: Male
AAG P.McGovern
Active 01/09/1998

**Private Counsel 550078A**
Michael P Clancy
174 Avenue A
Turners Falls, MA 01376
Phone: 413-863-3133
Fax: 413-863-0230
Active 11/04/1998 Notify

**Plaintiff**
Commonwealth
Gender: Unknown
Active 01/09/1998

**Atty General's Office 559824**
Philip J McGovern
Mass Atty General's Office
1 Ashburton Place
18th floor Criminal Bureau
Boston, MA 02108
Phone: 617-727-2200
Fax: 617-727-5755
Active 08/23/1999 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/09/1998 | | Case opened to issue docket# to grand jury |
| 01/13/1998 | 1.0 | Indictment returned |
| 01/13/1998 | 2.0 | Motion by Commonwealth for summons of Deft to appear; filed & allowed. Roseman, J. |
| 01/13/1998 | | Summons issued and hand delived to State Police for delivery |
| 01/23/1998 | | Deft arraigned before Court |
| 01/23/1998 | | Deft waives reading of indictment |
| 01/23/1998 | | RE offense 1: Plea of not guilty |
| 01/23/1998 | | Deft released on personal recognizance without surety. Same condition of bail as ordered on 97-12099 including repantury via telephone with the probation dept four times a week. Bail warning read. Wilson, AC/M - Brekka. McGovern, AAG - P. Pietrella, Court Reporter - J. Molli, |

—9—

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

SUCR1998-10051
Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| | | Attorney |
| 02/19/1998 | 3.0 | Commonwealth files list of discovery materials provided by the Commonwealth. |
| 02/20/1998 | | Defendant not in Court. Pre-trial conference report filed in 97-12099. Wilson, A C/M - K. Brekka, ADA - P. Connelly, Court Reporter - M. Malloy, Attorney. |
| 02/23/1998 | 4.0 | Commonwealth files supplementary list of discovery materials provided by the Commonwealth. |
| 04/07/1998 | | Deft files: Motion to continue with affidavit. (Paper #6 in 97-12099) |
| 04/22/1998 | | Commonwealth files: Opposition to defendant's motion to continue. (Paper #7 in 97-12099) Donovan, RAJ - P. McGovern, ADA - D. McLean, Court Reporter - M. Molloy, Attorney. |
| 04/27/1998 | | Defendant's motion to continued taken under advisement. Donovan, RAJ - J. McGovern, ADA - D. McLean, Court Reporter - M. Molley, Attorney. |
| 04/27/1998 | | Motion (P#6) denied as endorsed. Donovan, RAJ |
| 05/04/1998 | | Contested discovery issued. |
| 05/04/1998 | | Deft files: Brief in support of his motion to continue and reply and opposition to Commonwealth's memorandum dated April 21, 1998. (Paper #8 in 97-12099) |
| 05/20/1998 | | Judgement affirming denied of defendant's motion for an indefinite continuance filed. Abrams, J SJC. (8.1filed in 97-12099). |
| 06/01/1998 | | Commonwealth files motion, memorandum and affidavit to compel handwriting examples. Wilson, AC/M - P. McFovern, AAG - N. King, Court Reporter - M. Malloy, Attorney (#9 filed in 97-12099) |
| 06/18/1998 | | Defendant not in Court. Paper #9 allowed in 97-12099. |
| 06/18/1998 | | Deft defaulted; warrant to issue. Warrant issued on 97-12099. |
| 06/18/1998 | | Continued until 07/09/98 by order of Court re: fugitive filing status. Volterra, J - P. McGowan, AAG - D. McLean, Court Reporter - |
| 06/19/1998 | | Defendant comes into Court. |
| 06/19/1998 | | Default removed; warrant recalled on 97-12099. Warrant recall fee waived. |
| 06/19/1998 | | Continued until 06/23/98 by agreement re: hearing misc. Wilson, AC/M - P . McGovern, ADA - N. King, Court Reporter - M. Malloy, Attorney |
| 06/24/1998 | | Defendant comes into Court for a hearing re: reconsideration. After hearing, denied. Volterra, J - P. McGovern, ADA - D. McLean, Court Reporter - M. Malloy, Attorney. |
| 11/02/1998 | 5.0 | Appearance of Deft's Atty: Michael Clancy filed. Walsh, AC/M - K. Brekka, ADA - D. Cullinan, Court Reporter - M. Clancey, Attorney |
| 01/27/1999 | | Defendant comes into Court. Case on for motions. Motions to be filed by 3-9-99. Walsh, AC/M - K. Brekka, AAG - M. Clancy, Attorney - M. Wrighter, Court Reporter. |
| 03/08/1999 | | Commonwealth files: Motion for reciprocal discovery (Paper No. 7 in 96-11762) |
| 03/12/1999 | | Deft files motion to continue along with memorandum of law in support of. (paper #8 filed in 96-11762) |
| 03/30/1999 | | Comes into court. Motions to be filed by 4/16/99. |

MAS-20010326

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

10/04/20
04:26 F

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| 03/30/1999 | | Commonwealth files opposition to defendant's motion to continue. Paper #8 withdrawn in open court by order of the court. |
| 03/30/1999 | | Commonwealth files motion for reciprocal discovery. (paper #7 filed in #96-11762) |
| 03/30/1999 | | Motion (P#7 ) allowed by agreement in #96-11762. Brady, J. - R. Brekka, AAG - D. McLean, Court Reporter - M. Clancy, Attorney. |
| 04/16/1999 | | Deft files: Motion for Particulars |
| 04/16/1999 | | Deft files: Motion for Severance. |
| 04/16/1999 | | Deft files: Motion to Dismiss |
| 04/16/1999 | | Deft files: Motion to Dismiss(O'Dell and Tanner) and affidavit. |
| 04/16/1999 | | Deft files: Memorandum of law in support of. |
| 04/16/1999 | | Deft files: Motion to continue and affidavit |
| 04/16/1999 | | Deft files: Memorandum of law in support of (filed in 96-11762 Paper#s 10-14) |
| 04/16/1999 | 6.0 | Deft files: Motion to dismiss and affidavit. |
| 04/16/1999 | | Deft files: Memorandum of law in support of. |
| 05/07/1999 | 7.0 | Deft files supplemental memorandum of law in support of motion to dismiss with affidavit. |
| 06/10/1999 | | Comes into court |
| 06/10/1999 | 8.0 | Deft files: Supplemental affidavit. |
| 06/10/1999 | | Commonwealth files Memorandum in opposition to defendant's motion to dismiss the charges pursuant to Commonwealth vs Brandano. (Paper #18 in 11762) |
| 06/10/1999 | | Commonwealth files: Memorandum in opposition to the defendant's motion to dismiss. (Paper #18 in 96-11762). |
| 06/10/1999 | | Commonwealth files: Bill of Particular's. (Paper #19 in 96-11762) Donovan, RAJ - K. Brekka, AAG - D. McLean, Court Reporter |
| 06/10/1999 | 9.0 | Deft files supplemental affidavit. |
| 06/28/1999 | | Comes into Court. Motion s to Dismiss taken under advisement. |
| 06/28/1999 | 10.0 | Deft files motion in Limine. Bohn, J. - K. Brekka, AAG - M. McDonald, Court Reporter - M. Clancy, Attorney. |
| 06/29/1999 | | Motion (P#6) denied. Paper #10 to trial judge. |
| 06/29/1999 | | Motion (P#12, 13, and 15 each filed in 96-11762) denied as endorsed. Bohn, J. |
| 07/26/1999 | | Deft files: Motion to strike particulars and Memorandum of Law and Affidavit in Support Thereof. (Paper No. 21 in 96-11762) |
| 07/28/1999 | | Deft files: Motion for Reconsideration (O'Dell and Tanner). (Paper No. 22 in 96-11762) Bohn J. notified w/copy on 96-11762 |
| 07/29/1999 | | Deft files: Motion for reconsideration with Affidavit in support. (Paper No. 23 in 96-11762) Bohn, J. notified w/copy in 96-11762 |
| 08/17/1999 | | Motion (P#21 in 96-11762) denied. Case transferred to second criminal session for trial week of 10/04/99. Borenstein,J. |
| 08/25/1999 | | Case received in Eighth session for trial week of 10/04/99. |
| 08/30/1999 | | Deft files Motion to strike trial date of 10/04/99 (Paper #24 in 96-11762) |
| 08/30/1999 | 11.0 | Deft files Motion to dismiss due to MGL Ch.266, Sec.30.(paper#11 in |

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

10/04/2
04:26

### SUCR1998-1005?
### Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| 09/07/1999 | | Case sent to First Session on defendants motion to strike trial date. |
| 09/10/1999 | | Case sent back to Eighth Session for trial on 10/04/99. |
| 09/10/1999 | | Deft files supplemental memorandum of law in support of motion to dismiss: penal statute M.G.L. ch. 266 s 30 Being only vague and or standardless. |
| 09/10/1999 | | Deft files memorandum of law in support of motion to dismiss: Penal statute M.G.L. ch. 266 s 30 being only vague and or standardless. |
| 09/10/1999 | | Motion (P#22) denied as endorsed.(paper#22 in 96-11762).Bohn, J. |
| 09/10/1999 | | Motion (P#23) denied as endorsed.(paper#23 in 96-11762).Bohn, J. |
| 09/10/1999 | | Comes into Court. |
| 09/10/1999 | | Motion (P#14) denied: after hearing.(paper#14 in 96-11762). |
| 09/10/1999 | | Motion (P#24) denied in 96-11762. |
| 09/10/1999 | | Motion (P#11) denied. See paper # 25 in SUCR 96-11762 and reasons stated therein. |
| 09/10/1999 | | Court orders all reciprocal discovery provided by 09/17/99. Donovan,J. K.Brekka, AAG. - M.MacDonald, Court Reporter - M.Clancy, Attorney. |
| 09/16/1999 | | Deft files motion for reconsideration purs. Mass.R.Crim.P.13(a)(paper #26 in 96-11762). |
| 09/16/1999 | | Deft files motion for reconsideration purs.to Mass. R. Crim.P.13(a) (paper 27 in 96-11762). |
| 09/17/1999 | | Deft files Walter E. Palmer's response to the Commonwealth's request for discovery.( paper#28 in 96-11762). |
| 10/08/1999 | | Order from SJC re: motion to continue is denied. Ireland, J.(paper#29 in 96-11762). |
| 10/08/1999 | | Order from SJC re: relief under 211 sec. 3, denied. Ireland,J. (paper# 30 in 96-11762). |
| 10/13/1999 | | Deft files motion to extend time for filing and hearing pre-trial motions.(paper#30 in 96-11762). |
| 10/13/1999 | | Deft files motion for recusal of Justice Joseph Grasso. (paper#32 in 96-11762) |
| 10/13/1999 | | Deft files motion for ruling prohibiting the use of statements by ng deceased persons. (paper #33 in 96-11762). |
| 10/13/1999 | | Deft files motion for ruling prohibiting bar disciplinary proceeding and or disbarment. (paper #34 in 96-11762). |
| 10/13/1999 | | Deft files motion in limine to prohibit use of term "victim".(paper #35 in 96-11762). |
| 10/13/1999 | | Deft files motion for sequestation of witnesses. (paper#36 in 96-11762 |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney James Verner Moore. (paper#37 in 96-11762) |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney Victor Tagliafarro. (paper #38 in 96-11762). |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney Daniel McKinnon. ( paper#39 in 96-11762). |
| 10/13/1999 | | Deft files motion for ruling prohibiting the use of summary witnesses |

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| | | ( paper#40 in 96-11762). |
| 10/14/1999 | | Defendant not in Court. Defendant presence waived. |
| 10/14/1999 | | Motion (P#31in case #96-11762) allowed after hearing only if |
| | | defendant has motions of substance which he could not prepare with |
| | | defendants condition. |
| 10/14/1999 | | Motion (P#32in case #96-11762) denied after hearing. |
| 10/14/1999 | | Motion (P #33 in case #96-11762) after hearing no action because |
| | | Commonwealth does not intend to use any hearsay statements. |
| 10/14/1999 | | Motion (P#34in case #96-11762) allowed after hearing in that |
| | | Commonwealth does not intend to refer to it in Case in Chief, but if |
| | | issue comes up for impeachment purposes the Court will take it up at |
| | | that time. |
| 10/14/1999 | | Motion (P#35in case #96-11762) denied without prejudice. |
| 10/14/1999 | | Motion (P#36 in case #96-11762) allowed after hearing reciprocal. |
| 10/14/1999 | | Commonwealth's opposition to defendants motion in limine to prohibit |
| | | use of term "victim"filed (P#41 in case #96-11762). |
| 10/14/1999 | | Motion's #s 37, 38 and 39 (in case#96-11762)no action at this time. |
| 10/14/1999 | | Motion (P#40in case #96-11762) denied after hearing. See record. |
| 10/14/1999 | | Commonwealth's motion in limine to admit evidence summarizing records |
| | | filed (paper# 42 in case #96-11762). |
| 10/14/1999 | | Motion (P#42 in case #96-11762) allowed with limitations.See record |
| 10/14/1999 | | Motion (P#11in case #96-11762) denied after hearing. |
| 10/14/1999 | | Commonwealth's memorandum of law in opposition to defendants motion |
| | | to sever filed.(Paper #43 in case #96-11762). |
| 10/14/1999 | | Commonwealth's motion in limine in support of admission of defendants |
| | | statement filed (paper #44 in case #96-11762). |
| 10/14/1999 | | Motion (P#44 in case #96-11762) allowed pursuant to rules of evidence |
| 10/14/1999 | | Commonwealth's motion in limine to rule certain evidence inadmissable |
| | | filed. (paper# 45 in case #96-11762) and after hearing no action |
| | | until an offer of proof. Grasso,J - K.Brekka,AAG and P.McGovern,AAG - |
| | | K.Canty, Court Reporter - M.Clancy, Attorney. |
| 10/18/1999 | | Comes into Court. |
| 10/18/1999 | | Deft files motion in limine to introduce testimony through attorney |
| | | Raymond Rawlings.No action at this time. (paper#46 in case |
| | | #96-11762). |
| 10/18/1999 | | Deft files motion for ruling in the event bar dsciplinary proceeding |
| | | and/or disbarment is introduced through witness response.(paper#47 in |
| | | case #96-11762). |
| 10/18/1999 | | Deft files motion for examination of jurors.(Paper #48 in case |
| | | #96-11762). |
| 10/18/1999 | | Motion (P#48 in case #96-11762) allowed in part.See record. |
| 10/18/1999 | | Commonwealth moves for trial with offenses #96-11762 and #97-12099. |
| | | Court Grasso,J. orders sixteen jurors impannelled. Jury sworn. |
| 10/18/1999 | | Deft files motion for required finding of not guilty at close of |
| | | Commonwealth's opening.(Paper #49 in case #96-11762). |
| 10/18/1999 | | Motion (P#49 in case #96-11762) after hearing denied. |

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| 10/18/1999 | | Commonwealth files motion for deposition of witness under Rule 35 (paper #50 in case #96-11762). |
| 10/18/1999 | | Motion (P#50 in case #96-11762) after hearing denied without prejudice Grasso,J. - K.Brekka,AAG - P.McGovern,AAG - K.Canty,Court Reporter M.Clancy,Attorney |
| 10/19/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/20/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/21/1999 | | Comes into Court. |
| 10/21/1999 | | Juror Brenda Jeknavorian in seat #3 sworn and inquired upon by Court Grasso,J. Defendant present. After hearing, Commonwealth and defendant content. Trial continues. K.Canty, Reporter. |
| 10/22/1999 | | Trial continues. Court Reporter |
| 10/25/1999 | | Comes into Court. Trial continues. P.Flaherty, Court Reporter. |
| 10/26/1999 | | Trial continues. Commonwealth rests its case in chief. |
| 10/26/1999 | | Deft files motion for required finding of not guilty. (paper #51 in case #96-11762) |
| 10/26/1999 | | Motion (P#51 in case #96-11762) is denied after hearing. K. Canty Court Reporter |
| 10/27/1999 | | Comes into Court.Trial continues. |
| 10/27/1999 | | Commonwealth files request for jury instructions.(paper#52 in case #96-11762). K.Canty, Court Reporter. |
| 10/28/1999 | | Comes into Court. Trial continues. |
| 10/28/1999 | | Defendant rests its case. |
| 10/28/1999 | | Defendant files request for jury instructions.(paper#52 in case # 96-11762). |
| 10/28/1999 | | Deft files motion for required finding of not guilty.(paper#54 in case#96-11762). |
| 10/28/1999 | | Motion (P#54 in case #96-11762) denied after hearing. |
| 11/01/1999 | | Comes into Court. Trial continues. |
| 11/01/1999 | | Motion (P#52 in case #96-11762) allowed in part. See record. |
| 11/01/1999 | | Motion (P#53 in case #96-11762) allowed in part. See record. |
| 11/01/1999 | | Court orders Jury reduced to twelve members and designates jurors Ilene Feldman, Michelle McCarthy, Isidra Lima and Jonathan Hall as alternate jurors. Question #1 marked D for identification. K.Canty. |
| 11/02/1999 | | Comes into Court. Deliberating juror Donald Lynch excused for cause. Jonathan Hall selected at random and jurors instructed to start deliberations anew. K.Canty, C.R. |
| 11/03/1999 | | Comes into Court. Jury resumes deliberations. Question No. 2 marked E for identification (filed in 96-11762). K. Canty, Court Reporter |
| 11/04/1999 | | Comes into Court. Jury resumes deliberations. Question No. 3 marked F for identification. |
| 11/04/1999 | | RE offense 1: Guilty verdict |
| 11/04/1999 | 12.0 | Verdict Affirmed. Verdict Slip filed. Commonwealth moves for sentencing. K. Canty, Court Reporter |
| 11/05/1999 | | Brought into Court. |
| 11/05/1999 | | Commonwealth files: Motion for adjudicated of defendant as a common |

MAS-20040326 Case 1:04-cv-12426-NG Document 33rd of Massachusetts Filed 09/14/2005 Page 17 of 24 10/04/20
04:26 F

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| | | and notorious thief under MGL Ch. 266, Sec. 40 and sentencing recommendation. (Paper No. 56 in 96-11762) |
| 11/05/1999 | | Commonwealth files: Supplemental recommendation. (Paper No. 57 in 96-11762). Court after hearing, adjudged the defendant to be a common and notorious thief pursuant to G.L. Ch. 266 Sec. 40 and enters a consolidated judgement on 96-11762, Counts 1 thru 6 and 97-12098-001 and 98-10051. |
| 11/05/1999 | | Sentence imposed: MCI Cedar Junction: Max. 18 years, Min. 16 years. |
| 11/05/1999 | | Sentence credit given as per 279:33A: 1 day |
| 11/05/1999 | | Victim-witness fee assessed: $60.00 |
| 11/05/1999 | | Notified of right of appeal under Rule 64 |
| 11/05/1999 | | Notified of right of appeal under Rule 65. Grasso, J. - K. Brekka, AAG - P. McGovern, AAG - K. Canty, Court Reporter - M. Clancy, Attorney |
| 11/12/1999 | | Deft files notice of appeal. (Paper No. 56.1 in 96-11762). |
| 11/18/1999 | | Copy of notice of appeal mailed to Grasso,J and K.Brekka,AAG - P.McGovern,AAG |
| 11/18/1999 | | Letter sent to Court Reporters M.McDonald - K.Canty - P.Flaherty for preparation of transcripts. Certificate of Clerk-filed. (#58 in #96-11762) |
| 12/09/1999 | | Deft files motion to revise and revoke and affidavit in support of. (Paper #59 in 96-11762). |
| 12/23/1999 | | Memorandum of decision and order on Defendants motion (#59 in 96-11762) denied in part. Grasso, J. |
| 02/28/2000 | | Transcript of testimony received from M.McDonald, Court Reporter. |
| 05/16/2000 | | Transcript of testimony received from P.Flaherty, Court Reporter. |
| 05/19/2000 | | Notice of docket entry received from the Appellate Division, filed. "Appellant files a withdrawal of appeal. Appeal withdrawn." (Paper #60.1 in 96-11762) |
| 08/30/2000 | | Deft files request assembled records to include Grand Jury Minutes. (Paper #6 in 96-11762) |
| 03/23/2001 | | Deft files pro se petition for writ of habeas corpus ad testificandum. (P#62 filed in 96-11762) |
| 03/23/2001 | | Deft files pro se motion for clothing for Court appearance.(P#63 filed in 96-11762) |
| 03/30/2001 | | Motion (P#11) denied as endorsed on 9/10/99 (not received in the Clerk's office until 3/29/01) Donovan, J. |
| 04/04/2001 | | Transcript of testimony received from K.Canty, Court Reporter. |
| 04/06/2001 | | Notice sent to attorneys that transcripts are available. |
| 04/06/2001 | | Letter sent to Attorney Clancy Re: Cost of transcripts. |
| 04/11/2001 | | Certificate of delivery of transcript by Clerk-filed. (#64 in #96-11762) |
| 04/20/2001 | | Second notice sent to Attorney Clancy Re: Transcripts. |
| 04/24/2001 | | Certificate of delivery of transcript by Clerk-filed. (#65 in #96-11762) |
| 04/30/2001 | 13.0 | Deft files Notice of Appeal as to the denial of his Motion to Dismiss. |

MAS-20010326

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
**Case Summary**
**Criminal Docket**

10/04/2001
04:26 PM

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| 05/01/2001 | | Notice of completion of assembly of record sent to Clerk of Appeals Court and attorneys for Commonwealth and defendant. |
| 05/01/2001 | | Two certified copies of docket entries, original and copy of transcript, two copies of exhibit list, list of documents, copy of Papers #12,13,15,22,23,56.l, each transmitted to Clerk of Appellate Court. |

| EVENTS | | | |
|--------|--|--|--|

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 01/16/1998 | Crim 1 Ctrm 21- 15th Fl. | Arraignment | |
| 01/30/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Appt Counsel | Event held as scheduled |
| | | Continuance at request of defendant | |
| 02/17/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Pre-Trial | Event held as scheduled |
| | | Continued by Order of the Court. RE: Pre Trial Conference. | |
| 02/20/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Pre-Trial | Event held as scheduled |
| | | Continued by agreement. RE: PTC. | |
| 04/22/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement. | |
| 06/01/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Misc Matters | |
| 06/18/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Defendant did not appear/default |
| | | Continuance by agreement. | |
| 06/30/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event canceled not re-scheduled for another date |
| | | Continuance by agreement. | |
| 11/02/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Misc Matters | Event held as scheduled |
| | | Continuance by order of the Court. | |
| 11/23/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement | |
| 12/17/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| | | Continued by agreement. For compliance regarding discovery. | |
| 01/26/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event held as scheduled |
| | | Continued by agreement. RE: Status. | |
| 03/30/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continued by agreement. RE; Non-Evidentiary Motions. | |
| 05/07/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continuance by agreement re: evidentiary motions. | |
| 05/21/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continuance by agreement. Re: non-evidentiary motions. | |
| 06/10/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance by agreement re: motions and possible trial assignment. | |
| 06/28/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement re: Motion to recluse and Motion to dismiss. | |
| 07/20/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event canceled not re-scheduled for another date |
| | | Continuance by agreement re: findings | |
| 08/17/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| 09/10/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| 10/04/1999 | Crim 7 Ctrm 6 - 15th Fl. | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 2 Ctrm 8 - 2 nd Fl. | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | Event canceled not re-scheduled for another date |
| | | Continuance by agreement. | |
| 10/04/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | |
| | | Continuance by order of Court. | |

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 10/07/1999 | Crim 8 Ctrm 5 - 90 | Conference: Trial Assignment | Event held as scheduled |
| | | cONTINUANCE AT REQUEST OF DEFENDANT. | |
| 10/14/1999 | Crim 8 Ctrm 5 - 90 | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement for trial on 10/18/99. | |
| 10/18/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | Trial begins |
| | | Continuance by order of Court for trial. | |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

### SUCR1997-12099
### Commonwealth v Palmer, Walter

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 11/25/1997 | **Status** | dappen | | Disposed (appeal pending) | |
| **Status Date** | 11/12/1999 | **Session** | 8 | | Crim 8 Ctrm 5 - 90 Devonshire St., Boston | |
| | | **Origin** | I | | Indictment | |
| **Lead Case** | SUCR1996-11762 | **Jury Trial** | | | **Public View** | Yes |

| | | | | | |
|---|---|---|---|---|---|
| **Trial Deadline** | 12/09/1998 | **Deadline Status** | Deadline active since retur | **Status Date** | 11/26/1997 |
| **Custody Status** | Cedar Junction MCI (Wa | **Start Date** | | | |
| **Weapon** | | **Substance** | | **Prior Record** | Unknown |
| **Arraignment** | 12/09/1997 | **PTC Deadline** | | **Pro Se Defendant** | No |

#### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 07/19/1989 | 266:057 | Guilty verdict | 11/04/1999 |
| | Embezzlement by fiduciary | | | |
| 2 | 10/29/1994 | 268:001 | Guilty verdict | 11/04/1999 |
| | Perjury | | | |

#### PARTIES

**Defendant**
Walter Palmer
49 Samoset Road
Duxbury, MA 02332
Gender: Male
A.A.G. K. Brekka
Active 11/24/1997

**Private Counsel 074640**
Robert J Carnes
57 Wendell Avenue
Pittsfield, MA 01201
Phone: 413-499-1200
Fax: 413-445-5895
Withdrawn 04/21/1999

**Private Counsel 350880**
Michael A Molloy
294 Washington Street
Suite 454 % Lanigan & Murray
Boston, MA 02108
Phone: 617-523-5900
Fax: 617-523-5901
Withdrawn 04/21/1999

**Private Counsel 550078B**
Michael P Clancy
19 Norwich Street
3rd floor
Worcester, MA 01608
Phone: 508-797-1470
Fax: 508-797-1497
Active 11/02/1998 Notify

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1997-12099
## Commonwealth v Palmer, Walter

| Plaintiff | Atty General's Office 559824 |
|---|---|
| Commonwealth | Philip J McGovern |
| Gender: Unknown | Mass Atty General's Office |
| Active 11/24/1997 | 1 Ashburton Place |
| | 18th floor Criminal Bureau |
| | Boston, MA 02108 |
| | Phone: 617-727-2200 |
| | Fax: 617-727-5755 |
| | Active 05/04/1998 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/24/1997 | | Case opened to issue docket# to grand jury |
| 11/25/1997 | 1.0 | Indictment returned |
| 11/25/1997 | 2.0 | Motion by Commonwealth for summons of Deft to appear; filed & allowed (Reginal L. Quinlan, Justice) |
| 11/25/1997 | 3.0 | Commonwealth files motion to order the defendant to appear at the Attorney General's Office on the day of arraignment for booking. |
| 11/26/1997 | | Summons for arraignment issued. |
| 12/09/1997 | | Appointment of Counsel Carnes |
| 12/09/1997 | | Deft arraigned before Court |
| 12/09/1997 | | Deft waives reading of indictment |
| 12/09/1997 | | RE offense 1: Plea of not guilty |
| 12/09/1997 | | RE offense 2: Plea of not guilty |
| 12/09/1997 | | Deft released on personal recognizance in the sum of $100. Condition of bail is that defendant is to report to Superior Court Probation Department in person one day per week. Wilson, AC/M - K. Brekka, AAG - J. Gibbs, Court Reporter - R. Carnes, Attorney |
| 02/20/1998 | | Deft not in Court. |
| 02/20/1998 | 4.0 | Pre-trial conference report filed. Wilson, AC/M - K. Brekka, ADA - P. Connolly, Court Reporter - M. Malloy, Attorney |
| 02/23/1998 | 5.0 | Commonwealth files: Supplemtary list of discovery materials provided by the Commonwealth. |
| 04/07/1998 | 6.0 | Deft files: Motion to continue with affidavit. |
| 04/22/1998 | 7.0 | Commonwealth files: Opposition to defendants motion to continue. |
| 04/22/1998 | | Continued until 04/27/98 for motions requested by defendant. Donovan, RAJ - P. McGovern, AAG - D. McLean, Court Reporter - M. Molley, Attorney. |
| 04/27/1998 | | Paper #6 after hearing taken under advisement. Donovan, RAJ - P. McGovern, AAG - D. McLean, Court Reporter - M. Molley, Attorney. |
| 04/27/1998 | | Continued until 05/04/98 for status at request of defendant. Donovan, RAJ - P. McGovern, AAG - D. McLean, Court Reporter - M. Molley, Attorney. |
| 04/27/1998 | | Motion (P#6) denied as endorsed. |
| 05/04/1998 | 8.0 | Deft files: Brief in support of his motion to continue and reply and opposition to Commonwealth's memorandum dated April 21, 1998. Wilson, AC/M - P. McGorvern, AAG - D. Cullinan, Court Reporter - W. Malloy, Attorney. |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCP.1997-12099
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 05/20/1998 | 8.1 | Judgement affirming denial of defendant's motion for an indefinite continuance, filed. Abrams, SJC |
| 06/01/1998 | 9.0 | Commonwealth files: Motion, memorandum and affidavit to compel handwriting exemplar. Wilson, AC/M - M. McGovern, AAG - N. King, Court Reporter - M. Malloy, Attorney |
| 06/18/1998 | | Deft not in Court. |
| 06/18/1998 | | Motion (P#9) allowed (Vieri Volterra, Justice) |
| 06/18/1998 | | Deft defaulted; warrant issued. |
| 06/18/1998 | | Warrant issued via WMS. Volterra, J - P. McGovern, ADA - D. McLean, Court Reporter |
| 06/19/1998 | | Default removed. Warrant recalled. Warrant recall fee waived. Wilson, AC/M - P. McGovern, PO - N. King, Court Reporter - M. Malloy, Attorney |
| 06/19/1998 | | Warrant cancelled via WMS. |
| 06/23/1998 | | Comes into Court. Defendant oral motion to reconsider, after hearing denied. Volterra, J. - P. McGowern, AAG - D.McLean, Court Reporter. |
| 11/02/1998 | | Defendant comes to court. |
| 11/02/1998 | | Attorney M. Clancy files appearance. Walsh, AC/M - K. Brekka, AAG - D. Cullinan, Court Reporter - M. Clancy, Attorney |
| 03/08/1999 | 10.0 | Commonwealth files motion for reciprocal discovery (#7 filed in 96-11762). |
| 03/16/1999 | | Deft files: Motion to continue along with Memorandum of Law in Support of Paper #8 filed in 96-11766. |
| 03/30/1999 | | Comes into court. Motions to be filed by 4/16/99. |
| 03/30/1999 | | Commonwealth files opposition to defendant's motion to continue. Paper #8 in #96-11762 withdrawn in open court by order of court. |
| 03/30/1999 | | Commonwealth files motion for reciprocal discovery. (paper #7 in #96-11762) |
| 03/30/1999 | | Motion (P#7 ) allowed in #96-11762) |
| 04/16/1999 | | Deft files motion for particulars. |
| 04/16/1999 | | Deft files motion for severance. |
| 04/16/1999 | | Deft files motion to dismiss (O'Dell and Tanner) with affidavit and memorandum of law in support of. |
| 04/16/1999 | | Deft files motion to continue with affidavit and memorandum of law in support of. (#10-14 filed in 96-11762). |
| 04/16/1999 | 11.0 | Deft files motion to dismiss with affidavit and memorandum of law in support of. |
| 05/07/1999 | 12.0 | Deft files supplemental memorandum of law in support of motion to dismiss and affidavit. |
| 06/10/1999 | | Comes into court |
| 06/10/1999 | | Commonwealth files: Memorandum in opposition to the defendant's motion to dismiss the charges pursuant to Commonwealth vs Brandano. (Paper #17 in 96-11762) |
| 06/10/1999 | | Commonwealth files: Memorandum in opposition to the defendant's motion to dismiss. (Paper #19 in 96-11762) |
| 06/10/1999 | | Commonwealth files: Bill of Particulars (Paper #19 in 96-11762) |

## SUCR1997-12099
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | | Donovan, RAJ - R. Brekka, ADA - D. McLean, Court Reporter |
| 06/28/1999 | | Motions to Dismiss taken under advisement. Bohn, J. - K. Brekka, AAG - M. McDonald, Court Reporter - M. Clancy, Attorney |
| 06/29/1999 | | Motion (P#11) denied as endorsed. Paper No. 12, I3 and I5 Re: 95-11762 denied as endorsed. Bohn, J.(K. Brekka, AAG and M. Clancy, Attorney notified with copy #11) |
| 07/26/1999 | | Deft files: Motion to strike particulars and Memorandum of law and Affidavit in support thereof. (Paper No. 21 in 96-11762) |
| 07/28/1999 | | Deft files: Motion for reconsideration (O'Dell and Tanner). (Paper No. 22 in 96-11762) Bohn J. notified in 96-11762 |
| 07/29/1999 | | Deft files: Motion for reconsideration with affidavit in support. (Paper No. 23 in 96-11762) (Bohn, J. notified in 96-11762) |
| 08/17/1999 | | Motion (P#21 in 96-11762) denied. Case transferred to Second Criminal session for trial week of 10/04/99. Borenstein, J. |
| 08/25/1999 | | Case received in Eighth session for trial week of 10/04/99. |
| 08/25/1999 | | Deft files Motion to strike trial date of 10/04/99 (Paper #24 in 96-11762) |
| 08/25/1999 | 13.0 | Deft files Motion to dismiss due to Ch. 266, Sec.57 and Ch.195, Sec.6 |
| 09/07/1999 | | Case returned to First Session on defendants motion to strike trial date. |
| 09/10/1999 | | Case received in 8th session for trial on 10/04/99 |
| 09/10/1999 | | Deft files memorandum of law in support of motion to dismiss. |
| 09/10/1999 | | Deft files supplemental memorandum of law in support of motion to motion. |
| 09/10/1999 | | Motion (P#22) denied as endorsed. (Bohn, J.)filed in SUCR96-11762. |
| 09/10/1999 | | Motion (P#23) denied as endorsed. (Bohn, J.) filed in SUCR96-11762. |
| 09/10/1999 | | Comes into Court. Case transferred to Eighth Session for trial. |
| 09/10/1999 | | Motion (P##14) denied (Donovan, RAJ.)filed in SUCR 96-11762. |
| 09/10/1999 | | Motion (P#24)denied, Donovan, RAJ. filed in SUCR96-11762. |
| 09/10/1999 | | Motion (P#13) denied (Donovan, RAJ). |
| 09/10/1999 | | Court orders all reciprocal discovery provided by 09/17/99.Donovan, RAJ. - K.Brekka, AAG. - M.MacDonald, Court Reporter - M.Clancy, ATTY. |
| 09/16/1999 | | Deft files motion for reconsideration purs. to Mass.R. Crim.P.13(a) filed in 96-11762. |
| 09/16/1999 | | Deft files motion for reconsideration purs. to Mass. R. Crim.P.13(a) filed in 96-11762. |
| 09/17/1999 | | Deft files Walter E. Palmer's response to the Commonwealth's request for discovery. filed in 96-11762. |
| 10/08/1999 | | Order from SJC re: motion to continued is denied. (paper #29 in case 96-11762) |
| 10/08/1999 | | Order received from S.J.C. re: relief under 211 sect 3 is denied after hearing. Ireland J. (paper #30 in case 96-11762) |
| 10/13/1999 | | Deft files motion to extend time for filing and hearing pretrial motions. (paper #31 in case 96-11762) |
| 10/13/1999 | | Deft files motion for recusal of Justice Joseph Grasso. (paper #32 in case 96-11762) |

## SUCR1997-12099
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 10/13/1999 | | Deft files motion for ruling prohibiting the use of statements of decease person. (paper #33 in case 96-11762) |
| 10/13/1999 | | Deft files motion for ruling probihiting bar disciplinary proceeding and / or disbarement. (paper #34 in case 96-11762) |
| 10/13/1999 | | Deft files motion in limine prohibiting use of term "victim". (paper #35 in #96-11762) |
| 10/13/1999 | | Deft files motion for sequestration of witnesses. (paper #36 in #96-11762) |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney James Verner Moore. (paper #37 in case 96-11762) |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney Victor Tagliafario. (paper #38 in case 96-11762) |
| 10/13/1999 | | Deft files motion in limine to introduce evidence testimony through Attorney Daniel McKinnon. (paper #39 in case 96-11762) |
| 10/13/1999 | | Deft files motion for ruling prohibiting the use of summary witnesses (paper #40 in case 96-11762) |
| 10/14/1999 | | Defendant not in Court. Defendant's presence waived. |
| 10/14/1999 | | Motion (P#31in case #96-11762) allowed after hearing only if defendant has motions of substance which he could not prepare with defendants condition |
| 10/14/1999 | | Motion (P#32in case #96-11762) denied after hearing. |
| 10/14/1999 | | Motion #33(in case #96-11762) after hearing no action because Commonwealth does not intend to use any hearsay statements. |
| 10/14/1999 | | Motion (P#34 in case #96-11762) allowed after hearing in that Commonwealth does not intend to refer to it in Case in Chief, but if issue comes up for impeachment purposes the Court will take it up at that time. |
| 10/14/1999 | | Motion (P#35 in case #96-11762) denied without prejudice. |
| 10/14/1999 | | Motion (P#36 in case #96-11762) allowed after hearing reciprocal. |
| 10/14/1999 | | Commonwealth"s opposition to defendant's motion in limine to prohibit use of term "victim" filed. (paper#41 in case #96-11762). |
| 10/14/1999 | | Motions (paper #s 37, 38 and 39 in case #96-11762) no action at this time. |
| 10/14/1999 | | Motion (P#40 in case #96-11762) denied after hearing. |
| 10/14/1999 | | Commonwealth's motion in limine to admit evidence summarizing records filed (paper #42 in case #96-11762). |
| 10/14/1999 | | Motion (P#42 in case #96-11762) allowed with limitations. See record. |
| 10/14/1999 | | Motion (P#11 in case #96-11762)denied after hearing. |
| 10/14/1999 | | Commonwealth's memorandum of law in opposition to defendant's motion filed.Paper #43 (in case #96-11762) |
| 10/14/1999 | | Commonwealth's motion in limine in support of admission of defendant's statements filed. Paper#44 (in case #96-11762). |
| 10/14/1999 | | Motion (P#44 in case #96-11762) allowed pursuant to rule of evidence. |
| 10/14/1999 | | Commonwealth's motion in limine to rule certain evidence inadmissable filed. (Paper#45 in case #96-11762).After hearing no action until an offer of proof. Grasso,J. - K.Brekka,AAG and P.McGovern,AAG - |

Exhibit 1

# COMMONWEALTH OF MASSACHUSETTS
## APPEALS COURT

### APPEALS COURT
### 2001-P-00589

COMMONWEALTH,
        Appellee

v.

WALTER E. PALMER
        Appellant



APPEAL FROM THE JUDGMENT OF THE
SUPERIOR COURT

## APPENDIX TO
## APPELLANT'S BRIEF

MICHAEL P. CLANCY, ESQUIRE
174 Avenue A
TURNERS FALLS, MA 01376
TELEPHONE: (413) 863-3133
B.B.O. NUMBER: 550078

COUNSEL FOR APPELLANT

# TABLE OF CONTENTS

|                                      | PAGE    |
|--------------------------------------|---------|
| DOCKET SHEET - SUCR 1996-11762       | 1-8     |
| DOCKET SHEET - SUCR 1998-10051       | 9-17    |
| DOCKET SHEET - SUCR 1997-12099       | 18-26   |
| INDICTMENT 1996-11762                | 27-33   |
| INDICTMENT 1998-10051                | 34-35   |
| INDICTMENT 1997-12099                | 36-37   |
| MGL c. 266 § 30                      | 38-39   |
| MGL c. 266 § 57                      | 40      |
| MGL c. 195 § 6                       | 41      |

MAS-20010326

10/04/2001
04:18 PM

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 10/02/1998 | **Status** | dappen | Disposed (appeal pending) | |
| **Status Date** | 04/30/2001 | **Session** | 8 | Crim 8 Ctrm 5 - 90 Devonshire St., Boston | |
| | | **Origin** | I | Indictment | |
| **Lead Case** | SUCR1996-11762 | **Jury Trial** | | **Public View** Yes | |

| | | | | | |
|---|---|---|---|---|---|
| **Trial Deadline** | 10/16/1999 | **Deadline Status** | Deadline active since retur | **Status Date** | 10/19/1998 |
| **Custody Status** | Cedar Junction MCI (Wa | **Start Date** | | | |
| **Weapon** | | **Substance** | | **Prior Record** | Unknown |
| **Arraignment** | 10/16/1998 | **PTC Deadline** | | **Pro Se Defendant** | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 10/24/1994 | 266:057 | Guilty verdict | 11/04/1999 |
| | Embezzlement by fiduciary | | | |

### PARTIES

**Defendant**
Walter Palmer
10 Beals Cove Road
Hingham, MA 02043
Gender: Male
AAG S Paterniti
Active 10/23/1996

**Private Counsel 550078A**
Michael P Clancy
174 Avenue A
Turners Falls, MA 01376
Phone: 413-863-3133
Fax: 413-863-0230
Active 11/05/1998 Notify

**Plaintiff**
Commonwealth
Gender: Unknown
Active 10/23/1996

**Atty General's Office 559824**
Philip J McGovern
Mass Atty General's Office
1 Ashburton Place
18th floor Criminal Bureau
Boston, MA 02108
Phone: 617-727-2200
Fax: 617-727-5755
Active 08/23/1999 Notify

**Atty General's Office 553386**
Kevin P Brekka
Mass Atty General's Office
1 Ashburton Place
Criminal Bureau Room 1811
Boston, MA 02108
Phone: 617-727-2200
Fax: 617-727-5755
Active 05/07/2001 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/23/1996 | | Case opened to issue docket# to grand jury |
| 10/02/1998 | 1.0 | Indictment returned ( 6 Counts ) |
| 10/02/1998 | 2.0 | Motion by Commonwealth for summons of Deft to appear; filed & allowed. Ball, J. |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

# SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 10/02/1998 | | Summons issued |
| 10/15/1998 | 3.0 | Commonwealth files: Motion for bail |
| 10/16/1998 | | Deft arraigned before Court |
| 10/16/1998 | | Deft waives reading of indictment |
| 10/16/1998 | | RE offense 1: Plea of not guilty |
| 10/16/1998 | | Bail set: $250,000.00 with surety or 50,000.00 cash without prejudice. Bail warning read. Referred to Room 304 re: bail. Walsh, AC/M - K. Brecka, AAG =- N. King, Court Reporter - M. Malloy, Attorney |
| 10/16/1998 | | Brought into Court. After hearing, defendant's oral motion for reduction of bail allowed. |
| 10/16/1998 | | Deft released on personal recognizance in the sum of $100.00. Subject to report to probation department four times per week, two of which will be in person, two by telephone. |
| 10/16/1998 | | Deft discharged. Quinlan, J. - K. Brecka, AAG - D. Cullinan, Court Reporter - M. Malloy, Attorney |
| 11/02/1998 | 4.0 | Appearance of Deft's Atty: Michael P. Clancy. |
| 11/02/1998 | 5.0 | Commonwealth files list of discovery materials provided by the Commonwealth. |
| 11/23/1998 | | Comes into court |
| 11/23/1998 | 6.0 | Pre-trial conference report, filed. Wilson, AC/M - K. Brekka, ADA - D. Cullinan, Court Reporter - M. Clarey, Attorney |
| 01/27/1999 | | Case continued for motions. Motions to be filed by 3-9-99. Walsh, AC/M - K. Brekka, AAG - M Clancy, Attorney - M;. Wrighton, Court Reporter. |
| 03/08/1999 | 7.0 | Commonwealth files: Motion for reciprocal discovery |
| 03/12/1999 | 8.0 | Deft files: Motion to continue along with Memorandum of law in support. |
| 03/30/1999 | | Comes into court. Motions to be filed by 4/16/99. |
| 03/30/1999 | 9.0 | Commonwealth files opposition to defendant's motion to continue, paper #8 withdrawn in open court by order of the court. |
| 03/30/1999 | | Motion (P#7 ) allowed. (filed on 3/8/99). Brady, J. - R. Brekka, AAG - D. McLean, Court Reporter - M. Clancy, Attorney. |
| 04/16/1999 | 10.0 | Deft files: Motion for Particulars |
| 04/16/1999 | 11.0 | Deft files: Motion for Severance |
| 04/16/1999 | 12.0 | Deft files: Motion to Dismiss |
| 04/16/1999 | 13.0 | Deft files: Motion to Dismiss (O'Dell and Tanner) and Affidavit: Memorandum of law in support of. |
| 04/16/1999 | 14.0 | Deft files: Motion to continue and Affidavit: Memorandum of law in Support of |
| 04/16/1999 | 15.0 | Deft files: Motion to Dismiss and Affidavit: Memorandum of law in support of |
| 05/07/1999 | 16.0 | Deft files: Supplemental memorandum of law in support of motion to dismiss and affidavit. |
| 06/10/1999 | | Comes into court. |
| 06/10/1999 | 17.0 | Commonwealth files: Memorandum in opposition to the Defendant's |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | 17.0 | motion to dismiss the charges pursuant to Commonwealth vs Brandano. |
| 06/10/1999 | 18.0 | Commonwealth files: Memorandum in opposition to Defendant's motion to dismiss |
| 06/10/1999 | 19.0 | Commonwealth files: Bill of Particulars. Donovan, RAJ - K. Brekka, AAG - D. McLean, Court Reporter |
| 06/28/1999 | | Comes into Court. |
| 06/28/1999 | 20.0 | Deft files: Motion for recusal |
| 06/28/1999 | | Motion (P#20) denied. Sent to VI Session for hearing on motion to dismiss. Donovan, RAJ - K. Brekka, ADA - D. McLean, Court Reporter - M. Clancy, Attorney |
| 06/28/1999 | | Motions to Dismiss taken under advisement. Bohn, J. - K. Brekka, AAG - M. McDonald, Court Reporter - M. Clancy, Attorney |
| 06/29/1999 | | Motion (P#'s 12, 13, and 15) denied as endorsed. Bohn, J. K. Brekka and M. Clancy - notified w/copy - 7/6/99 |
| 07/26/1999 | 21.0 | Deft files: Motion to strike particulars and memorandum and affidavit in support thereof |
| 07/28/1999 | 22.0 | Deft files: Motion for reconsideration (O'Dell and Tanner) (Bohn, J. notified w/copy) |
| 07/29/1999 | 23.0 | Deft files: Motion for reconsideration with affidavit in support. (Bohn, J. notified w/copy) |
| 08/17/1999 | | Motion (P#21) denied. Borenstein,J. Case transferred to Second criminal session for trial week of 10/04/99. Borenstein,J-P.McGovern, AAG-D.McLean, Court Reporter-M.Clancy, Attorney. |
| 08/17/1999 | | Case received in Second session for trial week of 10/04/99. |
| 08/25/1999 | | Case received in Eighth criminal session for trial week of 10/04/99. |
| 08/30/1999 | 24.0 | Deft files Motion to strike trial date of 10/04/99. |
| 08/30/1999 | 25.0 | Deft files Motion to dismiss due to MGL Ch.266, Sec.57. |
| 09/07/1999 | | Case returned to First Session on defendants motion to strike trial date. |
| 09/07/1999 | | Defendant files affidavit of Walter E Palmer in support of his motion to strike trial date. |
| 09/07/1999 | | Deft files memorandum of law in support of motion to dismiss Penal statute M.G.L. ch. 266 s 57. |
| 09/10/1999 | | Deft files supplemental memorandum of law in support of motion to continue due to pre-trial publicity. |
| 09/10/1999 | | Deft files supplemental memorandum of law in support of motion of to dismiss; Penal Statute M.G.L. 266 s57 |
| 09/10/1999 | | Motion (P#22) denied as endorsed, Bohn, J. |
| 09/10/1999 | | Motion (P#23) denied as endorsed, Bohn, J. |
| 09/10/1999 | | Comes into Court. Hearing re: motions. |
| 09/10/1999 | | Motion (P##14) denied (Donovan, RAJ.) |
| 09/10/1999 | | Motion (P##24) denied (Donovan, RAJ.). |
| 09/10/1999 | | Motion (P##25) denied (Donovan, RAJ.) |
| 09/10/1999 | | Court orders all reciprocal discovery provided by 9/17/99.Donovan,RAJ K.Brekka, AAG - M.MacDonald, Court Rporter - M.Clancey, Attorney. |
| 09/10/1999 | | Case received in 8th session for trial week of 10/04/99 |

MAS-20010326    Case 1:04-cv-12426-NG    Document 13    Filed 09/14/2005    Page 6 of 47    10/04/2001
04:18 PM
Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 09/16/1999 | 26.0 | Deft files motion for reconsideration pursuant to Mass. R. Crim. P.13(a). |
| 09/16/1999 | 27.0 | Deft files motion for reconsideration pursuant to Mass. R.Crim. P.13(a). |
| 09/17/1999 | 28.0 | Deft files Walter E. Palmer's response to Commonwealth's request for discovery. |
| 10/08/1999 | 29.0 | Order from SJC re: motion to continue is denied. Ireland J. |
| 10/08/1999 | 30.0 | Order from SJC re: relief under 211 sect 3 is denied after hearing. Ireland J. |
| 10/13/1999 | 31.0 | Deft files motion to extend time for filing and hearing pretrial motions. |
| 10/13/1999 | 32.0 | Deft files motion for recusal of Justice Joseph Grasso |
| 10/13/1999 | 33.0 | Deft files motion for ruling prohibiting use of statements of decease person. |
| 10/13/1999 | 34.0 | Deft files motion for ruling prohibiting bar disciplinary and /or disbarement. |
| 10/13/1999 | 35.0 | Deft files motion in limine to prohibit use of term "victim" |
| 10/13/1999 | 36.0 | Deft files motion for sequestration of witnesses. |
| 10/13/1999 | 37.0 | Deft files motion in limine to introduce testimony through Attorney James Verner Moore. |
| 10/13/1999 | 38.0 | Deft files motion in limine to introduce evidence through Attorney Victor Tagliafario |
| 10/13/1999 | 39.0 | Deft files motion in limine to introduce testimony through Attorney Daniel McKinnon |
| 10/13/1999 | 40.0 | Deft files motion for ruling prohibiting use of summary witnesses. |
| 10/14/1999 | | Defendant not in Court.Defendants presence waived. |
| 10/14/1999 | | Motion (P#31) allowed after hearing only if defendant has motions of substances which he could not prepare with defendants condition. |
| 10/14/1999 | | Motion (P#32) denied after hearing. |
| 10/14/1999 | | Motion #33 after hearing no action because Commonwealth does not intend to use any hearsay statements. |
| 10/14/1999 | | Motion (P#34) allowed after hearing in that Commonwealth does not intend to refer to it in Case in Chief, but if issue comes up for impeachment purposes the Court will take it up at that time. |
| 10/14/1999 | | Motion (P#35) denied without prejudice. |
| 10/14/1999 | 41.0 | Commonwealth files opposition to defendants motion in limine to prohibit the use of the term "victims". |
| 10/14/1999 | | Motion (P#36) allowed after hearing reciprocal. |
| 10/14/1999 | | Motions #s 37, 38 and 39 no action at this time. |
| 10/14/1999 | | Motion (P#40) denied after hearing. See record. |
| 10/14/1999 | 42.0 | Commonwealth files motion in limine to admit evidence summarizing records. |
| 10/14/1999 | | Motion (P#42) allowed after hearing with limitations. See record. |
| 10/14/1999 | | Motion (P#11) denied after hearing. |
| 10/14/1999 | 43.0 | Commonwealth files memorandum of law in opposition to defendants motion for severance. |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 10/14/1999 | 44.0 | Commonwealth files motion in limine in support of admission of defendants statements. |
| 10/14/1999 | | Motion (P#44) allowed pursuant to rules of evidence. |
| 10/14/1999 | 45.0 | Commonwealth files motion in limine to rule certain evidence inadmissable.After hearing, no action until an offer of proof. Grasso,J. - K.Brekka,AAG - P.McGovern,AAG - K.Canty,Court Reporter - M.Clancy,Attorney. |
| 10/18/1999 | | Comes into Court. |
| 10/18/1999 | 46.0 | Deft files motion in limine to introduce testimony through atty. Raymond Rawlings.No action at this time. |
| 10/18/1999 | 47.0 | Deft files motion for ruling in the event bar disciplinary proceedings and/or disbarment is introduced through witness response. |
| 10/18/1999 | 48.0 | Deft files motion for examination of jurors. |
| 10/18/1999 | | Motion (P#48) allowed in part. See record. |
| 10/18/1999 | | Commonwealth moves for trial with Offenses #97-12099 and #98-10051. Court Grasso,J. orders sixteen jurors impanneled.Jury sworn. |
| 10/18/1999 | 49.0 | Deft files motion for required finding of not guilty at close of Commonwealth's opening. |
| 10/18/1999 | | Motion (P#49) denied after hearing. |
| 10/18/1999 | 50.0 | Commonwealth files motion for desposition of witness under rule #35. |
| 10/18/1999 | | Motion (P#50) denied after hearing without prejudice. Grasso,J. - P.McGovern AAG and K.Brekka,AAG - K.Canty, Court Reporter - M.Clancy Attorney. |
| 10/19/1999 | | Comes into Court. Trial continues. |
| 10/20/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/21/1999 | | Comes in Court. |
| 10/21/1999 | | Juror Brenda Jeknavorian seat #3 sworn and inquired upon by Court Grasso,J. Defendant present. After hearing, Commonwealth and defendant content. Trial continues. K.Canty, Court Reporter. |
| 10/22/1999 | | Trial continues. K. Canty Court Reporter |
| 10/25/1999 | | Comes into Court. Trial continues. P.Flaherty, Court Reporter. |
| 10/26/1999 | | trial continues. Commonwealth rests its case in chief. |
| 10/26/1999 | 51.0 | Deft files motion for required finding of not guilty. |
| 10/26/1999 | | Motion (P#51) denied after hearing. K. Canty Court Reporter |
| 10/27/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/27/1999 | 52.0 | Commonwealth files request for jury instructions. |
| 10/28/1999 | | Comes into Court. Trial continues. |
| 10/28/1999 | | Defendant rests its case. |
| 10/28/1999 | 53.0 | Deft files request for jury instructions. |
| 10/28/1999 | 54.0 | Defendant files motion for required finding of not guilty. |
| 10/28/1999 | | Motion (P#54) denied after hearing. |
| 11/01/1999 | | Comes into Court. Trial continues. |
| 11/01/1999 | | Motion (P#52) allowed in part. See record. |
| 11/01/1999 | | Motion (P#53) allowed in part.See record. |
| 11/01/1999 | | Court orders that the jury be reduced to twelve members and designates Ilene Feldman, Michelle McCarthy, Isidra Lima and Jonathan |

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | | Hall as alternate jurors. Question #1 marked D for identification. |
| | | K.Canty, Court Reporter. |
| 11/02/1999 | | Comes into Court. Deliberating juror Donald Lynch excused for cause. |
| | | Alternate juror Jonathan Hall selected at random and jurors |
| | | instructed to start deliberations anew. K.Canty, C.R. |
| 11/03/1999 | | Jury resumes deliberations. Jury question #2 mark E for |
| | | identification K. Canty Court Reporter |
| 11/04/1999 | | Jury resumes deliberations. Question No. 3 marked F for |
| | | identification |
| 11/04/1999 | | RE offense 1: Guilty verdict as to Counts 1 thru 6. |
| 11/04/1999 | | Verdict Affirmed. Verdict Slip filed. Commonwealth moves for |
| | | sentencing. |
| 11/04/1999 | | Bail set on 10/16/98 revoked. |
| 11/04/1999 | | Mittimus without bail issued to common jail. |
| 11/04/1999 | | Continued until 11/5/99 for disposition by order of the Court. K. |
| | | Canty, Court Reporter |
| 11/05/1999 | 55.0 | Commonwealth files: Motion for adjudicated of defendant as a common |
| | | and notorious theif under G. L. Ch. 266, Sect. 40 and sentencing |
| | | recommendation. |
| 11/05/1999 | | Brought into Court. |
| 11/05/1999 | 56.0 | Commonwealth files: Supplemental sentencing recommendation. Court |
| | | after hearing adjudged the defendant to be a common and notorious |
| | | theif pursuant to MGL Ch. 266, Sec. 40 and enters a consolidated |
| | | judgement on 96-11762, Counts 1 thru 6 and 97-12099-001 and 98-10051. |
| 11/05/1999 | | Sentence imposed: MCI Cedar Junction Max. 18 years, Min. 16 years. |
| | | Mittimus issued. |
| 11/05/1999 | | Sentence credit given as per 279:33A: 1 day |
| 11/05/1999 | | Victim-witness fee assessed: $60.00 |
| 11/05/1999 | | Notified of right of appeal under Rule 64 |
| 11/05/1999 | | Notified of right of appeal under Rule 65. Grasso, J. - K. Brekka, |
| | | AAG - P. McGovern, AAG - K. Canty, Court Reporter - M. Clancy, |
| | | Attorney |
| 11/12/1999 | 56.1 | Deft files notice of appeal |
| 11/12/1999 | 57.0 | Deft files pro-se appeal from sentence to Mass. Correctional |
| | | Institute Cedar Junction. (DelVecchio, C.J., Grasso, J. & Stillwell, |
| | | CPO notified 11/17/99 w/copy). |
| 11/18/1999 | | Copy of notice of appeal mailed to Grasso,J and K.Brekka,AAG - |
| | | P.McGovern, AAG |
| 11/18/1999 | | Court Reporter M.McDonald is hereby notified to prepare one copy of |
| | | the transcript of the evidence of June 28, 1999 for hearing on |
| | | Motions to Dismiss before Bohn,J.. |
| 11/18/1999 | | Court Reporter M.McDonald is hereby notified to prepare one copy of |
| | | the transcript of the evidence of September 10,1999 for hearing on |
| | | Motion to Dismiss before Donovan,RAJ.. |
| 11/18/1999 | | Court Reporter K.Canty is hereby notified to prepare one copy of the |
| | | transcript of the evidence of October 18,19,20,21,22,26,27,28, |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | | November 1,2,3,4,5,l999 for trial, verdict and disposition before Grasso,J. |
| 11/18/1999 | 58.0 | Court Reporter P.Flaherty is hereby notified to prepare one copy of the transcript of the evidence of October 25,l999 for trial before Grasso,J. Certificate of Clerk-filed.. |
| 12/01/1999 | | Victim-witness fee paid as assessed in the amount of $60.00 |
| 12/09/1999 | 59.0 | Deft files motion to revise and revoke and affidavit in support of. |
| 12/23/1999 | 60.0 | Memorandum of decision and order of the Defendant's motion (#59) denied in part. Grasso, J. |
| 02/28/2000 | | Transcript of testimony received from M.McDonald, Court Reporter. |
| 05/16/2000 | | Transcript of testimony received from P.Flaherty, Court Reporter. |
| 05/19/2000 | 60.1 | Notice of docket entry received from the Appellate Division, filed. "Appellant files a withdrawal of appeal. Appeal withdrawn." |
| 08/30/2000 | 61.0 | Deft files request assembled record to include Grand Jury minutes. (Grasso, J notified w/copy) |
| 02/23/2001 | | Transcript of testimony received from K.Canty,. Court Reporter. |
| 03/23/2001 | 62.0 | Deft files pro se petition for writ of habeas corpus ad testificandum. |
| 03/26/2001 | 63.0 | Deft files pro se motion for clothing for Court appearance. |
| 04/04/2001 | | Transcript of testimony received from K.Canty, Court Reporter. |
| 04/06/2001 | | Notice sent to attorneys that transcripts are available. |
| 04/06/2001 | | Letter sent to Attorney Clancy Re: Cost of transcripts. |
| 04/11/2001 | 64.0 | Certificate of delivery of transcript by Clerk-filed. |
| 04/20/2001 | | Second notice sent to Attorney Clancy Re: Transcripts. |
| 04/24/2001 | 65.0 | Certificate of delivery of transcript by Clerk-filed. |
| 04/30/2001 | 65.1 | Notice of Appeal as to the Denial of his motion to dismiss. |
| 05/01/2001 | | Notice of completion of assembly of record sent to Clerk of Appeals Court and attorneys for Commonwealth and defendant. |
| 05/01/2001 | | Two certified copies of docket entries, original and copy of transcript, two copies of exhibit lisat, list of documents, copy of #12,13,15,22,23,&56.l, each trasnmitted to Clerk of Appellate Court. (K.Brekka, AAG - P.McGovern, AAG - M. Clancy, Attorney for the defendant. |
| 05/02/2001 | 66.0 | Notice of Docket Entry received from the Appeals Court, Filed. |

| EVENTS | | | |
|--------|---------|-------|--------|
| Date | Session | Event | Result |
| 10/16/1998 | Crim 1 Ctrm 21- 15th Fl. | Arraignment Summons issued | Event held as scheduled |
| 11/02/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Pre-Trial | Event held as scheduled |
| 11/23/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review Continuance by agreement. | Event held as scheduled |
| 12/17/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Misc Matters Continuance by agreement re: Discovery | Event held as scheduled |
| 01/26/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review Continued by agreement. RE: Status. | Event held as scheduled |
| 03/30/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion Continued for Non-Evidentiary Motions. | |

## SUCR1996-11762
## Commonwealth v Palmer, Walter

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 05/07/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continuance by agreement re: evidentiary motions. | |
| 05/21/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continuance by agreement re: non-evidentiary motions | |
| 06/10/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance by agreement. Also re: motions. | |
| 06/28/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement re: Motion to recluse and motion to dismiss | |
| 07/20/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event canceled not re-scheduled for another date |
| | | Continuance by agreement re: findings. | |
| 08/17/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| 09/10/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| 10/04/1999 | Crim 7 Ctrm 6 - 15th Fl. | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 2 Ctrm 8 - 2 nd Fl. | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | |
| | | Continuance by agreement for trial on week of 10/04/99. | |
| 10/07/1999 | Crim 8 Ctrm 5 - 90 | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance at request of defendant. | |
| 10/14/1999 | C m 8 Ctrm 5 - 90 | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement for trial on 10/18/99. | |
| 10/18/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | Event held as scheduled |
| | | Continuance by order of Court for trial. | |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| File Date | 01/13/1998 | Status | dappen | | Disposed (appeal pending) | |
|---|---|---|---|---|---|---|
| Status Date | 11/12/1999 | Session | 8 | | Crim 8 Ctrm 5 - 90 Devonshire St., Boston | |
| | | Origin | I | | Indictment | |
| Lead Case | SUCR1996-11762 | Jury Trial | | | Public View | Yes |

| Trial Deadline | 01/16/1999 | Deadline Status | Deadline active since retur | Status Date | 01/13/1998 |
|---|---|---|---|---|---|
| Custody Status | Cedar Junction MCI (Wa | Start Date | | | |
| Weapon | | Substance | | Prior Record | Unknown |
| Arraignment | 01/16/1998 | PTC Deadline | | Pro Se Defendant | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 01/20/1992 | 266:030:1.21 | Guilty verdict | 11/04/1999 |
| | Larceny, over $250 | | | |

### PARTIES

**Defendant**
Walter E. Palmer
10 Beals Cove Road
Hingham, MA 02043
Gender: Male
AAG P.McGovern
Active 01/09/1998

**Private Counsel 550078A**
Michael P Clancy
174 Avenue A
Turners Falls, MA 01376
Phone: 413-863-3133
Fax: 413-863-0230
Active 11/04/1998 Notify

**Plaintiff**
Commonwealth
Gender: Unknown
Active 01/09/1998

**Atty General's Office 559824**
Philip J McGovern
Mass Atty General's Office
1 Ashburton Place
18th floor Criminal Bureau
Boston, MA 02108
Phone: 617-727-2200
Fax: 617-727-5755
Active 08/23/1999 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/09/1998 | | Case opened to issue docket# to grand jury |
| 01/13/1998 | 1.0 | Indictment returned |
| 01/13/1998 | 2.0 | Motion by Commonwealth for summons of Deft to appear; filed & allowed. Roseman, J. |
| 01/13/1998 | | Summons issued and hand delived to State Police for delivery |
| 01/23/1998 | | Deft arraigned before Court |
| 01/23/1998 | | Deft waives reading of indictment |
| 01/23/1998 | | RE offense 1: Plea of not guilty |
| 01/23/1998 | | Deft released on personal recognizance without surety. Same condition of bail as ordered on 97-12099 including repantury via telephone with the probation dept four times a week. Bail warning read. Wilson, AC/M - Brekka. McGovern, AAG - P. Pietrella, Court Reporter - J. Molli, |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

SUCR1998-10051
Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| | | Attorney |
| 02/19/1998 | 3.0 | Commonwealth files list of discovery materials provided by the Commonwealth. |
| 02/20/1998 | | Defendant not in Court. Pre-trial conference report filed in 97-12099. Wilson, A C/M - K. Brekka, ADA - P. Connelly, Court Reporter - M. Malloy, Attorney. |
| 02/23/1998 | 4.0 | Commonwealth files supplementary list of discovery materials provided by the Commonwealth. |
| 04/07/1998 | | Deft files: Motion to continue with affidavit. (Paper #6 in 97-12099) |
| 04/22/1998 | | Commonwealth files: Opposition to defendant's motion to continue. (Paper #7 in 97-12099) Donovan, RAJ - P. McGovern, ADA - D. McLean, Court Reporter - M. Molloy, Attorney. |
| 04/27/1998 | | Defendant's motion to continued taken under advisement. Donovan, RAJ - J. McGovern, ADA - D. McLean, Court Reporter - M. Molley, Attorney. |
| 04/27/1998 | | Motion (P#6) denied as endorsed. Donovan, RAJ |
| 05/04/1998 | | Contested discovery issued. |
| 05/04/1998 | | Deft files: Brief in support of his motion to continue and reply and opposition to Commonwealth's memorandum dated April 21, 1998. (Paper #8 in 97-12099) |
| 05/20/1998 | | Judgement affirming denied of defendant's motion for an indefinite continuance filed. Abrams, J SJC. (8.1filed in 97-12099). |
| 06/01/1998 | | Commonwealth files motion, memorandum and affidavit to compel handwriting examples. Wilson, AC/M - P. McFovern, AAG - N. King, Court Reporter - M. Malloy, Attorney (#9 filed in 97-12099) |
| 06/18/1998 | | Defendant not in Court. Paper #9 allowed in 97-12099. |
| 06/18/1998 | | Deft defaulted; warrant to issue. Warrant issued on 97-12099. |
| 06/18/1998 | | Continued until 07/09/98 by order of Court re: fugitive filing status. Volterra, J - P. McGowan, AAG - D. McLean, Court Reporter - |
| 06/19/1998 | | Defendant comes into Court. |
| 06/19/1998 | | Default removed; warrant recalled on 97-12099. Warrant recall fee waived. |
| 06/19/1998 | | Continued until 06/23/98 by agreement re: hearing misc. Wilson, AC/M - P . McGovern, ADA - N. King, Court Reporter - M. Malloy, Attorney |
| 06/24/1998 | | Defendant comes into Court for a hearing re: reconsideration. After hearing, denied. Volterra, J - P. McGovern, ADA - D. McLean, Court Reporter - M. Malloy, Attorney. |
| 11/02/1998 | 5.0 | Appearance of Deft's Atty: Michael Clancy filed. Walsh, AC/M - K. Brekka, ADA - D. Cullinan, Court Reporter - M. Clancey, Attorney |
| 01/27/1999 | | Defendant comes into Court. Case on for motions. Motions to be filed by 3-9-99. Walsh, AC/M - K. Brekka, AAG - M. Clancy, Attorney - M. Wrighter, Court Reporter. |
| 03/08/1999 | | Commonwealth files: Motion for reciprocal discovery (Paper No. 7 in 96-11762) |
| 03/12/1999 | | Deft files motion to continue along with memorandum of law in support of. (paper #8 filed in 96-11762) |
| 03/30/1999 | | Comes into court. Motions to be filed by 4/16/99. |

MAS-20010326
**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

10/04/20
04:26 F

### SUCR1998-10051
### Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| 03/30/1999 | | Commonwealth files opposition to defendant's motion to continue. |
| | | Paper #8 withdrawn in open court by order of the court. |
| 03/30/1999 | | Commonwealth files motion for reciprocal discovery. (paper #7 filed |
| | | in #96-11762) |
| 03/30/1999 | | Motion (P#7 ) allowed by agreement in #96-11762. Brady, J. - R. |
| | | Brekka, AAG - D. McLean, Court Reporter - M. Clancy, Attorney. |
| 04/16/1999 | | Deft files: Motion for Particulars |
| 04/16/1999 | | Deft files: Motion for Severance. |
| 04/16/1999 | | Deft files: Motion to Dismiss |
| 04/16/1999 | | Deft files: Motion to Dismiss(O'Dell and Tanner) and affidavit. |
| 04/16/1999 | | Deft files: Memorandum of law in support of. |
| 04/16/1999 | | Deft files: Motion to continue and affidavit |
| 04/16/1999 | | Deft files: Memorandum of law in support of (filed in 96-11762 |
| | | Paper#s 10-14) |
| 04/16/1999 | 6.0 | Deft files: Motion to dismiss and affidavit. |
| 04/16/1999 | | Deft files: Memorandum of law in support of. |
| 05/07/1999 | 7.0 | Deft files supplemental memorandum of law in support of motion to |
| | | dismiss with affidavit. |
| 06/10/1999 | | Comes into court |
| 06/10/1999 | 8.0 | Deft files: Supplemental affidavit. |
| 06/10/1999 | | Commonwealth files Memorandum in opposition to defendant's motion to |
| | | dismiss the charges pursuant to Commonwealth vs Brandano. (Paper #18 |
| | | in 11762) |
| 06/10/1999 | | Commonwealth files: Memorandum in opposition to the defendant's |
| | | motion to dismiss. (Paper #18 in 96-11762). |
| 06/10/1999 | | Commonwealth files: Bill of Particular's. (Paper #19 in 96-11762) |
| | | Donovan, RAJ - K. Brekka, AAG - D. McLean, Court Reporter |
| 06/10/1999 | 9.0 | Deft files supplemental affidavit. |
| 06/28/1999 | | Comes into Court. Motion s to Dismiss taken under advisement. |
| 06/28/1999 | 10.0 | Deft files motion in Limine. Bohn, J. - K. Brekka, AAG - M. McDonald, |
| | | Court Reporter - M. Clancy, Attorney. |
| 06/29/1999 | | Motion (P#6) denied. Paper #10 to trial judge. |
| 06/29/1999 | | Motion (P#12, 13, and 15 each filed in 96-11762) denied as endorsed. |
| | | Bohn, J. |
| 07/26/1999 | | Deft files: Motion to strike particulars and Memorandum of Law and |
| | | Affidavit in Support Thereof. (Paper No. 21 in 96-11762) |
| 07/28/1999 | | Deft files: Motion for Reconsideration (O'Dell and Tanner). (Paper |
| | | No. 22 in 96-11762) Bohn J. notified w/copy on 96-11762 |
| 07/29/1999 | | Deft files: Motion for reconsideration with Affidavit in support. |
| | | (Paper No. 23 in 96-11762) Bohn, J. notified w/copy in 96-11762 |
| 08/17/1999 | | Motion (P#21 in 96-11762) denied. Case transferred to second criminal |
| | | session for trial week of 10/04/99. Borenstein,J. |
| 08/25/1999 | | Case received in Eighth session for trial week of 10/04/99. |
| 08/30/1999 | | Deft files Motion to strike trial date of 10/04/99 (Paper #24 in 96- |
| | | 11762) |
| 08/30/1999 | 11.0 | Deft files Motion to dismiss due to MGL Ch.266, Sec.30.(paper#11 in |

. IAS-2001.0326

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

10/04/2
04:26

## SUCR1998-1005?
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|---|---|---|
| 09/07/1999 | | Case sent to First Session on defendants motion to strike trial date. |
| 09/10/1999 | | Case sent back to Eighth Session for trial on 10/04/99. |
| 09/10/1999 | | Deft files supplemental memorandum of law in support of motion to dismiss: penal statute M.G.L. ch. 266 s 30 Being only vague and or standardless. |
| 09/10/1999 | | Deft files memorandum of law in support of motion to dismiss: Penal statute M.G.L. ch. 266 s 30 being only vague and or standardless. |
| 09/10/1999 | | Motion (P#22) denied as endorsed.(paper#22 in 96-11762).Bohn, J. |
| 09/10/1999 | | Motion (P#23) denied as endorsed.(paper#23 in 96-11762).Bohn, J. |
| 09/10/1999 | | Comes into Court. |
| 09/10/1999 | | Motion (P#14) denied: after hearing.(paper#14 in 96-11762). |
| 09/10/1999 | | Motion (P#24) denied in 96-11762. |
| 09/10/1999 | | Motion (P#11) denied. See paper # 25 in SUCR 96-11762 and reasons stated therein. |
| 09/10/1999 | | Court orders all reciprocal discovery provided by 09/17/99. Donovan,J. K.Brekka, AAG. - M.MacDonald, Court Reporter - M.Clancy, Attorney. |
| 09/16/1999 | | Deft files motion for reconsideration purs. Mass.R.Crim.P.13(a)(paper #26 in 96-11762). |
| 09/16/1999 | | Deft files motion for reconsideration purs.to Mass. R. Crim.P.13(a) (paper #27 in 96-11762). |
| 09/17/1999 | | Deft files Walter E. Palmer's response to the Commonwealth's request for discovery.( paper#28 in 96-11762). |
| 10/08/1999 | | Order from SJC re: motion to continue is denied. Ireland, J.(paper#29 in 96-11762). |
| 10/08/1999 | | Order from SJC re: relief under 211 sec. 3, denied. Ireland,J. (paper# 30 in 96-11762). |
| 10/13/1999 | | Deft files motion to extend time for filing and hearing pre-trial motions.(paper#30 in 96-11762). |
| 10/13/1999 | | Deft files motion for recusal of Justice Joseph Grasso. (paper#32 in 96-11762) |
| 10/13/1999 | | Deft files motion for ruling prohibiting the use of statements by ng deceased persons. (paper #33 in 96-11762). |
| 10/13/1999 | | Deft files motion for ruling prohibiting bar disciplinary proceeding and or disbarment. (paper #34 in 96-11762). |
| 10/13/1999 | | Deft files motion in limine to prohibit use of term "victim".(paper #35 in 96-11762). |
| 10/13/1999 | | Deft files motion for sequestation of witnesses. (paper#36 in 96-11762 |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney James Verner Moore. (paper#37 in 96-11762) |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney Victor Tagliafarro. (paper #38 in 96-11762). |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney Daniel McKinnon. ( paper#39 in 96-11762). |
| 10/13/1999 | | Deft files motion for ruling prohibiting the use of summary witnesses |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| | | ( paper#40 in 96-11762). |
| 10/14/1999 | | Defendant not in Court. Defendant presence waived. |
| 10/14/1999 | | Motion (P#31in case #96-11762) allowed after hearing only if |
| | | defendant has motions of substance which he could not prepare with |
| | | defendants condition. |
| 10/14/1999 | | Motion (P#32in case #96-11762) denied after hearing. |
| 10/14/1999 | | Motion (P #33 in case #96-11762) after hearing no action because |
| | | Commonwealth does not intend to use any hearsay statements. |
| 10/14/1999 | | Motion (P#34in case #96-11762) allowed after hearing in that |
| | | Commonwealth does not intend to refer to it in Case in Chief, but if |
| | | issue comes up for impeachment purposes the Court will take it up at |
| | | that time. |
| 10/14/1999 | | Motion (P#35in case #96-11762) denied without prejudice. |
| 10/14/1999 | | Motion (P#36 in case #96-11762) allowed after hearing reciprocal. |
| 10/14/1999 | | Commonwealth's opposition to defendants motion in limine to prohibit |
| | | use of term "victim"filed (P#41 in case #96-11762). |
| 10/14/1999 | | Motion's #s 37, 38 and 39 (in case#96-11762)no action at this time. |
| 10/14/1999 | | Motion (P#40in case #96-11762) denied after hearing. See record. |
| 10/14/1999 | | Commonwealth's motion in limine to admit evidence summarizing records |
| | | filed (paper# 42 in case #96-11762). |
| 10/14/1999 | | Motion (P#42 in case #96-11762) allowed with limitations.See record |
| 10/14/1999 | | Motion (P#11in case #96-11762) denied after hearing. |
| 10/14/1999 | | Commonwealth's memorandum of law in opposition to defendants motion |
| | | to sever filed.(Paper #43 in case #96-11762). |
| 10/14/1999 | | Commonwealth's motion in limine in support of admission of defendants |
| | | statement filed (paper #44 in case #96-11762). |
| 10/14/1999 | | Motion (P#44 in case #96-11762) allowed pursuant to rules of evidence |
| 10/14/1999 | | Commonwealth's motion in limine to rule certain evidence inadmissable |
| | | filed. (paper# 45 in case #96-11762) and after hearing no action |
| | | until an offer of proof. Grasso,J - K.Brekka,AAG and P.McGovern,AAG - |
| | | K.Canty, Court Reporter - M.Clancy, Attorney. |
| 10/18/1999 | | Comes into Court. |
| 10/18/1999 | | Deft files motion in limine to introduce testimony through attorney |
| | | Raymond Rawlings.No action at this time. (paper#46 in case |
| | | #96-11762). |
| 10/18/1999 | | Deft files motion for ruling in the event bar dsciplinary proceeding |
| | | and/or disbarment is introduced through witness response.(paper#47 in |
| | | case #96-11762). |
| 10/18/1999 | | Deft files motion for examination of jurors.(Paper #48 in case |
| | | #96-11762). |
| 10/18/1999 | | Motion (P#48 in case #96-11762) allowed in part.See record. |
| 10/18/1999 | | Commonwealth moves for trial with offenses #96-11762 and #97-12099. |
| | | Court Grasso,J. orders sixteen jurors impannelled. Jury sworn. |
| 10/18/1999 | | Deft files motion for required finding of not guilty at close of |
| | | Commonwealth's opening.(Paper #49 in case #96-11762). |
| 10/18/1999 | | Motion (P#49 in case #96-11762) after hearing denied. |

-13-

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| 10/18/1999 | | Commonwealth files motion for deposition of witness under Rule 35 (paper #50 in case #96-11762). |
| 10/18/1999 | | Motion (P#50 in case #96-11762) after hearing denied without prejudice Grasso,J. - K.Brekka,AAG - P.McGovern,AAG - K.Canty,Court Reporter M.Clancy,Attorney |
| 10/19/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/20/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/21/1999 | | Comes into Court. |
| 10/21/1999 | | Juror Brenda Jeknavorian in seat #3 sworn and inquired upon by Court Grasso,J. Defendant present. After hearing, Commonwealth and defendant content. Trial continues. K.Canty, Reporter. |
| 10/22/1999 | | Trial continues. Court Reporter |
| 10/25/1999 | | Comes into Court. Trial continues. P.Flaherty, Court Reporter. |
| 10/26/1999 | | Trial continues. Commonwealth rests its case in chief. |
| 10/26/1999 | | Deft files motion for required finding of not guilty. (paper #51 in case #96-11762) |
| 10/26/1999 | | Motion (P#51 in case #96-11762) is denied after hearing. K. Canty Court Reporter |
| 10/27/1999 | | Comes into Court.Trial continues. |
| 10/27/1999 | | Commonwealth files request for jury instructions.(paper#52 in case #96-11762). K.Canty, Court Reporter. |
| 10/28/1999 | | Comes into Court. Trial continues. |
| 10/28/1999 | | Defendant rests its case. |
| 10/28/1999 | | Defendant files request for jury instructions.(paper#52 in case # 96-11762). |
| 10/28/1999 | | Deft files motion for required finding of not guilty.(paper#54 in case#96-11762). |
| 10/28/1999 | | Motion (P#54 in case #96-11762) denied after hearing. |
| 11/01/1999 | | Comes into Court. Trial continues. |
| 11/01/1999 | | Motion (P#52 in case #96-11762) allowed in part. See record. |
| 11/01/1999 | | Motion (P#53 in case #96-11762) allowed in part. See record. |
| 11/01/1999 | | Court orders Jury reduced to twelve members and designates jurors Ilene Feldman, Michelle McCarthy, Isidra Lima and Jonathan Hall as alternate jurors. Question #1 marked D for identification. K.Canty. |
| 11/02/1999 | | Comes into Court. Deliberating juror Donald Lynch excused for cause. Jonathan Hall selected at random and jurors instructed to start deliberations anew. K.Canty, C.R. |
| 11/03/1999 | | Comes into Court. Jury resumes deliberations. Question No. 2 marked E for identification (filed in 96-11762). K. Canty, Court Reporter |
| 11/04/1999 | | Comes into Court. Jury resumes deliberations. Question No. 3 marked F for identification. |
| 11/04/1999 | | RE offense 1: Guilty verdict |
| 11/04/1999 | 12.0 | Verdict Affirmed. Verdict Slip filed. Commonwealth moves for sentencing. K. Canty, Court Reporter |
| 11/05/1999 | | Brought into Court. |
| 11/05/1999 | | Commonwealth files: Motion for adjudicated of defendant as a common |

MAS-20040326 Case 1:04-cv-12426-NG Document 33-5 of Mass. Filed 09/14/2005 Page 17 of 47 10/04/2C
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

04:26 P

## SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|------|-------|------|
| | | and notorious thief under MGL Ch. 266, Sec. 40 and sentencing recommendation. (Paper No. 56 in 96-11762) |
| 11/05/1999 | | Commonwealth files: Supplemental recommendation. (Paper No. 57 in 96-11762). Court after hearing, adjudged the defendant to be a common and notorious thief pursuant to G.L. Ch. 266 Sec. 40 and enters a consolidated judgement on 96-11762, Counts 1 thru 6 and 97-12098-001 and 98-10051. |
| 11/05/1999 | | Sentence imposed: MCI Cedar Junction: Max. 18 years, Min. 16 years. |
| 11/05/1999 | | Sentence credit given as per 279:33A: 1 day |
| 11/05/1999 | | Victim-witness fee assessed: $60.00 |
| 11/05/1999 | | Notified of right of appeal under Rule 64 |
| 11/05/1999 | | Notified of right of appeal under Rule 65. Grasso, J. - K. Brekka, AAG - P. McGovern, AAG - K. Canty, Court Reporter - M. Clancy, Attorney |
| 11/12/1999 | | Deft files notice of appeal. (Paper No. 56.1 in 96-11762). |
| 11/18/1999 | | Copy of notice of appeal mailed to Grasso,J and K.Brekka,AAG - P.McGovern,AAG |
| 11/18/1999 | | Letter sent to Court Reporters M.McDonald - K.Canty - P.Flaherty for preparation of transcripts. Certificate of Clerk-filed. (#58 in #96-11762) |
| 12/09/1999 | | Deft files motion to revise and revoke and affidavit in support of. (Paper #59 in 96-11762). |
| 12/23/1999 | | Memorandum of decision and order on Defendants motion (#59 in 96-11762) denied in part. Grasso, J. |
| 02/28/2000 | | Transcript of testimony received from M.McDonald, Court Reporter. |
| 05/16/2000 | | Transcript of testimony received from P.Flaherty, Court Reporter. |
| 05/19/2000 | | Notice of docket entry received from the Appellate Division, filed. "Appellant files a withdrawal of appeal. Appeal withdrawn." (Paper #60.1 in 96-11762) |
| 08/30/2000 | | Deft files request assembled records to include Grand Jury Minutes. (Paper #6 in 96-11762) |
| 03/23/2001 | | Deft files pro se petition for writ of habeas corpus ad testificandum. (P#62 filed in 96-11762) |
| 03/23/2001 | | Deft files pro se motion for clothing for Court appearance.(P#63 filed in 96-11762) |
| 03/30/2001 | | Motion (P#11) denied as endorsed on 9/10/99 (not received in the Clerk's office until 3/29/01) Donovan, J. |
| 04/04/2001 | | Transcript of testimony received from K.Canty, Court Reporter. |
| 04/06/2001 | | Notice sent to attorneys that transcripts are available. |
| 04/06/2001 | | Letter sent to Attorney Clancy Re: Cost of transcripts. |
| 04/11/2001 | | Certificate of delivery of transcript by Clerk-filed. (#64 in #96-11762) |
| 04/20/2001 | | Second notice sent to Attorney Clancy Re: Transcripts. |
| 04/24/2001 | | Certificate of delivery of transcript by Clerk-filed. (#65 in #96-11762) |
| 04/30/2001 | 13.0 | Deft files Notice of Appeal as to the denial of his Motion to Dismiss. |

MAS-20010326

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

10/04/2001
04:26 PM

### SUCR1998-10051
### Commonwealth v Palmer, Walter E.

| Date | Paper | Text |
|---|---|---|
| 05/01/2001 | | Notice of completion of assembly of record sent to Clerk of Appeals Court and attorneys for Commonwealth and defendant. |
| 05/01/2001 | | Two certified copies of docket entries, original and copy of transcript, two copies of exhibit list, list of documents, copy of Papers #12,13,15,22,23,56.I, each transmitted to Clerk of Appellate Court. |

| | EVENTS | | |
|---|---|---|---|

| Date | Session | Event | Result |
|---|---|---|---|
| 01/16/1998 | Crim 1 Ctrm 21- 15th Fl. | Arraignment | |
| 01/30/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Appt Counsel | Event held as scheduled |
| | | Continuance at request of defendant | |
| 02/17/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Pre-Trial | Event held as scheduled |
| | | Continued by Order of the Court. RE: Pre Trial Conference. | |
| 02/20/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Pre-Trial | Event held as scheduled |
| | | Continued by agreement. RE: PTC. | |
| 04/22/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement. | |
| 06/01/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Misc Matters | |
| 06/18/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Defendant did not appear/default |
| | | Continuance by agreement. | |
| 06/30/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event canceled not re-scheduled for another date |
| | | Continuance by agreement. | |
| 11/02/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Misc Matters | Event held as scheduled |
| | | Continuance by order of the Court. | |
| 11/23/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement | |
| 12/17/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| | | Continued by agreement. For compliance regarding discovery. | |
| 01/26/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event held as scheduled |
| | | Continued by agreement. RE: Status. | |
| 03/30/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continued by agreement. RE; Non-Evidentiary Motions. | |
| 05/07/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continuance by agreement re: evidentiary motions. | |
| 05/21/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | Continuance by agreement. Re: non-evidentiary motions. | |
| 06/10/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance by agreement re: motions and possible trial assignment. | |
| 06/28/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement re: Motion to recluse and Motion to dismiss. | |
| 07/20/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event canceled not re-scheduled for another date |
| | | Continuance by agreement re: findings | |
| 08/17/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| 09/10/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| 10/04/1999 | Crim 7 Ctrm 6 - 15th Fl. | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 2 Ctrm 8 - 2 nd Fl. | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | Event canceled not re-scheduled for another date |
| | | Continuance by agreement. | |
| 10/04/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | |
| | | Continuance by order of Court. | |

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

# SUCR1998-10051
## Commonwealth v Palmer, Walter E.

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 10/07/1999 | Crim 8 Ctrm 5 - 90 | Conference: Trial Assignment | Event held as scheduled |
| | | cONTINUANCE AT REQUEST OF DEFENDANT. | |
| 10/14/1999 | Crim 8 Ctrm 5 - 90 | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement for trial on 10/18/99. | |
| 10/18/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | Trial begins |
| | | Continuance by order of Court for trial. | |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1997-12099
## Commonwealth v Palmer, Walter

| | | | | | |
|---|---|---|---|---|---|
| File Date | 11/25/1997 | Status | dappen | Disposed (appeal pending) | |
| Status Date | 11/12/1999 | Session | 8 | Crim 8 Ctrm 5 - 90 Devonshire St., Boston | |
| | | Origin | I | Indictment | |
| Lead Case | SUCR1996-11762 | Jury Trial | | Public View | Yes |

| | | | | | |
|---|---|---|---|---|---|
| Trial Deadline | 12/09/1998 | Deadline Status | Deadline active since retur | Status Date | 11/26/1997 |
| Custody Status | Cedar Junction MCI (Wa | Start Date | | | |
| Weapon | | Substance | | Prior Record | Unknown |
| Arraignment | 12/09/1997 | PTC Deadline | | Pro Se Defendant | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 07/19/1989 | 266:057 | Guilty verdict | 11/04/1999 |
| | Embezzlement by fiduciary | | | |
| 2 | 10/29/1994 | 268:001 | Guilty verdict | 11/04/1999 |
| | Perjury | | | |

### PARTIES

**Defendant**
Walter Palmer
49 Samoset Road
Duxbury, MA 02332
Gender: Male
A.A.G. K. Brekka
Active 11/24/1997

**Private Counsel 074640**
Robert J Carnes
57 Wendell Avenue
Pittsfield, MA 01201
Phone: 413-499-1200
Fax: 413-445-5895
Withdrawn 04/21/1999

**Private Counsel 350880**
Michael A Molloy
294 Washington Street
Suite 454 % Lanigan & Murray
Boston, MA 02108
Phone: 617-523-5900
Fax: 617-523-5901
Withdrawn 04/21/1999

**Private Counsel 550078B**
Michael P Clancy
19 Norwich Street
3rd floor
Worcester, MA 01608
Phone: 508-797-1470
Fax: 508-797-1497
Active 11/02/1998 Notify

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1997-12099
## Commonwealth v Palmer, Walter

| Plaintiff | Atty General's Office 559824 |
|---|---|
| Commonwealth | Philip J McGovern |
| Gender: Unknown | Mass Atty General's Office |
| Active 11/24/1997 | 1 Ashburton Place |
| | 18th floor Criminal Bureau |
| | Boston, MA 02108 |
| | Phone: 617-727-2200 |
| | Fax: 617-727-5755 |
| | Active 05/04/1998 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/24/1997 | | Case opened to issue docket# to grand jury |
| 11/25/1997 | 1.0 | Indictment returned |
| 11/25/1997 | 2.0 | Motion by Commonwealth for summons of Deft to appear; filed & allowed (Reginal L. Quinlan, Justice) |
| 11/25/1997 | 3.0 | Commonwealth files motion to order the defendant to appear at the Attorney General's Office on the day of arraignment for booking. |
| 11/26/1997 | | Summons for arraignment issued. |
| 12/09/1997 | | Appointment of Counsel Carnes |
| 12/09/1997 | | Deft arraigned before Court |
| 12/09/1997 | | Deft waives reading of indictment |
| 12/09/1997 | | RE offense 1: Plea of not guilty |
| 12/09/1997 | | RE offense 2: Plea of not guilty |
| 12/09/1997 | | Deft released on personal recognizance in the sum of $100. Condition of bail is that defendant is to report to Superior Court Probation Department in person one day per week. Wilson, AC/M - K. Brekka, AAG - J. Gibbs, Court Reporter - R. Carnes, Attorney |
| 02/20/1998 | | Deft not in Court. |
| 02/20/1998 | 4.0 | Pre-trial conference report filed. Wilson, AC/M - K. Brekka, ADA - P. Connolly, Court Reporter - M. Malloy, Attorney |
| 02/23/1998 | 5.0 | Commonwealth files: Supplemtary list of discovery materials provided by the Commonwealth. |
| 04/07/1998 | 6.0 | Deft files: Motion to continue with affidavit. |
| 04/22/1998 | 7.0 | Commonwealth files: Opposition to defendants motion to continue. |
| 04/22/1998 | | Continued until 04/27/98 for motions requested by defendant. Donovan, RAJ - P. McGovern, AAG - D. McLean, Court Reporter - M. Molley, Attorney. |
| 04/27/1998 | | Paper #6 after hearing taken under advisement. Donovan, RAJ - P. McGovern, AAG - D. McLean, Court Reporter - M. Molley, Attorney. |
| 04/27/1998 | | Continued until 05/04/98 for status at request of defendant. Donovan, RAJ - P. McGovern, AAG - D. McLean, Court Reporter - M. Molley, Attorney. |
| 04/27/1998 | | Motion (P#6) denied as endorsed. |
| 05/04/1998 | 8.0 | Deft files: Brief in support of his motion to continue and reply and opposition to Commonwealth's memorandum dated April 21, 1998. Wilson, AC/M - P. McGorvern, AAG - D. Cullinan, Court Reporter - W. Malloy, Attorney. |

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

### SUCP 1997-12099
### Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 05/20/1998 | 8.1 | Judgement affirming denial of defendant's motion for an indefinite continuance, filed. Abrams, SJC |
| 06/01/1998 | 9.0 | Commonwealth files: Motion, memorandum and affidavit to compel handwriting exemplar. Wilson, AC/M - M. McGovern, AAG - N. King, Court Reporter - M. Malloy, Attorney |
| 06/18/1998 | | Deft not in Court. |
| 06/18/1998 | | Motion (P#9) allowed (Vieri Volterra, Justice) |
| 06/18/1998 | | Deft defaulted; warrant issued. |
| 06/18/1998 | | Warrant issued via WMS. Volterra, J - P. McGovern, ADA - D. McLean, Court Reporter |
| 06/19/1998 | | Default removed. Warrant recalled. Warrant recall fee waived. Wilson, AC/M - P. McGovern, PO - N. King, Court Reporter - M. Malloy, Attorney |
| 06/19/1998 | | Warrant cancelled via WMS. |
| 06/23/1998 | | Comes into Court. Defendant oral motion to reconsider, after hearing denied. Volterra, J. - P. McGowern, AAG - D.McLean, Court Reporter. |
| 11/02/1998 | | Defendant comes to court. |
| 11/02/1998 | | Attorney M. Clancy files appearance. Walsh, AC/M - K. Brekka, AAG - D. Cullinan, Court Reporter - M. Clancy, Attorney |
| 03/08/1999 | 10.0 | Commonwealth files motion for reciprocal discovery (#7 filed in 96-11762). |
| 03/16/1999 | | Deft files: Motion to continue along with Memorandum of Law in Support of Paper #8 filed in 96-11766. |
| 03/30/1999 | | Comes into court. Motions to be filed by 4/16/99. |
| 03/30/1999 | | Commonwealth files opposition to defendant's motion to continue. Paper #8 in #96-11762 withdrawn in open court by order of court. |
| 03/30/1999 | | Commonwealth files motion for reciprocal discovery. (paper #7 in #96-11762) |
| 03/30/1999 | | Motion (P#7 ) allowed in #96-11762) |
| 04/16/1999 | | Deft files motion for particulars. |
| 04/16/1999 | | Deft files motion for severance. |
| 04/16/1999 | | Deft files motion to dismiss (O'Dell and Tanner) with affidavit and memorandum of law in support of. |
| 04/16/1999 | | Deft files motion to continue with affidavit and memorandum of law in support of. (#10-14 filed in 96-11762). |
| 04/16/1999 | 11.0 | Deft files motion to dismiss with affidavit and memorandum of law in support of. |
| 05/07/1999 | 12.0 | Deft files supplemental memorandum of law in support of motion to dismiss and affidavit. |
| 06/10/1999 | | Comes into court |
| 06/10/1999 | | Commonwealth files: Memorandum in opposition to the defendant's motion to dismiss the charges pursuant to Commonwealth vs Brandano. (Paper #17 in 96-11762) |
| 06/10/1999 | | Commonwealth files: Memorandum in opposition to the defendant's motion to dismiss. (Paper #19 in 96-11762) |
| 06/10/1999 | | Commonwealth files: Bill of Particulars (Paper #19 in 96-11762) |

## SUCR1997-12099
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | | Donovan, RAJ - R. Brekka, ADA - D. McLean, Court Reporter |
| 06/28/1999 | | Motions to Dismiss taken under advisement. Bohn, J. - K. Brekka, AAG - M. McDonald, Court Reporter - M. Clancy, Attorney |
| 06/29/1999 | | Motion (P#11) denied as endorsed. Paper No. 12, I3 and I5 Re: 95-11762 denied as endorsed. Bohn, J.(K. Brekka, AAG and M. Clancy, Attorney notified with copy #11) |
| 07/26/1999 | | Deft files: Motion to strike particulars and Memorandum of law and Affidavit in support thereof. (Paper No. 21 in 96-11762) |
| 07/28/1999 | | Deft files: Motion for reconsideration (O'Dell and Tanner). (Paper No. 22 in 96-11762) Bohn J. notified in 96-11762 |
| 07/29/1999 | | Deft files: Motion for reconsideration with affidavit in support. (Paper No. 23 in 96-11762) (Bohn, J. notified in 96-11762) |
| 08/17/1999 | | Motion (P#21 in 96-11762) denied. Case transferred to Second Criminal session for trial week of 10/04/99. Borenstein,J. |
| 08/25/1999 | | Case received in Eighth session for trial week of 10/04/99. |
| 08/25/1999 | | Deft files Motion to strike trial date of 10/04/99 (Paper #24 in 96-11762) |
| 08/25/1999 | 13.0 | Deft files Motion to dismiss due to Ch. 266, Sec.57 and Ch.195, Sec.6 |
| 09/07/1999 | | Case returned to First Session on defendants motion to strike trial date. |
| 09/10/1999 | | Case received in 8th session for trial on 10/04/99 |
| 09/10/1999 | | Deft files memorandum of law in support of motion to dismiss. |
| 09/10/1999 | | Deft files supplemental memorandum of law in support of motion to motion. |
| 09/10/1999 | | Motion (P#22) denied as endorsed. (Bohn, J.)filed in SUCR96-11762. |
| 09/10/1999 | | Motion (P#23) denied as endorsed. (Bohn, J.) filed in SUCR96-11762. |
| 09/10/1999 | | Comes into Court. Case transferred to Eighth Session for trial. |
| 09/10/1999 | | Motion (P##14) denied (Donovan, RAJ.)filed in SUCR 96-11762. |
| 09/10/1999 | | Motion (P#24)denied, Donovan, RAJ. filed in SUCR96-11762. |
| 09/10/1999 | | Motion (P#13) denied (Donovan, RAJ). |
| 09/10/1999 | | Court orders all reciprocal discovery provided by 09/17/99.Donovan, RAJ. - K.Brekka, AAG. - M.MacDonald, Court Reporter - M.Clancy, ATTY. |
| 09/16/1999 | | Deft files motion for reconsideration purs. to Mass.R. Crim.P.13(a) filed in 96-11762. |
| 09/16/1999 | | Deft files motion for reconsideration purs. to Mass. R. Crim.P.13(a) filed in 96-11762. |
| 09/17/1999 | | Deft files Walter E. Palmer's response to the Commonwealth's request for discovery. filed in 96-11762. |
| 10/08/1999 | | Order from SJC re: motion to continued is denied. (paper #29 in case 96-11762) |
| 10/08/1999 | | Order received from S.J.C. re: relief under 211 sect 3 is denied after hearing. Ireland J. (paper #30 in case 96-11762) |
| 10/13/1999 | | Deft files motion to extend time for filing and hearing pretrial motions. (paper #31 in case 96-11762) |
| 10/13/1999 | | Deft files motion for recusal of Justice Joseph Grasso. (paper #32 in case 96-11762) |

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

### SUCR1997-12099
### Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 10/13/1999 | | Deft files motion for ruling prohibiting the use of statements of decease person. (paper #33 in case 96-11762) |
| 10/13/1999 | | Deft files motion for ruling probihiting bar disciplinary proceeding and / or disbarement. (paper #34 in case 96-11762) |
| 10/13/1999 | | Deft files motion in limine prohibiting use of term "victim". (paper #35 in #96-11762) |
| 10/13/1999 | | Deft files motion for sequestration of witnesses. (paper #36 in #96-11762) |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney James Verner Moore. (paper #37 in case 96-11762) |
| 10/13/1999 | | Deft files motion in limine to introduce testimony through Attorney Victor Tagliafario. (paper #38 in case 96-11762) |
| 10/13/1999 | | Deft files motion in limine to introduce evidence testimony through Attorney Daniel McKinnon. (paper #39 in case 96-11762) |
| 10/13/1999 | | Deft files motion for ruling prohibiting the use of summary witnesses (paper #40 in case 96-11762) |
| 10/14/1999 | | Defendant not in Court. Defendant's presence waived. |
| 10/14/1999 | | Motion (P#31in case #96-11762) allowed after hearing only if defendant has motions of substance which he could not prepare with defendants condition |
| 10/14/1999 | | Motion (P#32in case #96-11762) denied after hearing. |
| 10/14/1999 | | Motion #33(in case #96-11762) after hearing no action because Commonwealth does not intend to use any hearsay statements. |
| 10/14/1999 | | Motion (P#34 in case #96-11762) allowed after hearing in that Commonwealth does not intend to refer to it in Case in Chief, but if issue comes up for impeachment purposes the Court will take it up at that time. |
| 10/14/1999 | | Motion (P#35 in case #96-11762) denied without prejudice. |
| 10/14/1999 | | Motion (P#36 in case #96-11762) allowed after hearing reciprocal. |
| 10/14/1999 | | Commonwealth"s opposition to defendant's motion in limine to prohibit use of term "victim" filed. (paper#41 in case #96-11762). |
| 10/14/1999 | | Motions (paper #s 37, 38 and 39 in case #96-11762) no action at this time. |
| 10/14/1999 | | Motion (P#40 in case #96-11762) denied after hearing. |
| 10/14/1999 | | Commonwealth's motion in limine to admit evidence summarizing records filed (paper #42 in case #96-11762). |
| 10/14/1999 | | Motion (P#42 in case #96-11762) allowed with limitations. See record. |
| 10/14/1999 | | Motion (P#11 in case #96-11762)denied after hearing. |
| 10/14/1999 | | Commonwealth's memorandum of law in opposition to defendant's motion filed.Paper #43 (in case #96-11762) |
| 10/14/1999 | | Commonwealth's motion in limine in support of admission of defendant's statements filed. Paper#44 (in case #96-11762). |
| 10/14/1999 | | Motion (P#44 in case #96-11762) allowed pursuant to rule of evidence. |
| 10/14/1999 | | Commonwealth's motion in limine to rule certain evidence inadmissable. filed. (Paper#45 in case #96-11762).After hearing no action until an offer of proof. Grasso,J. - K.Brekka,AAG and P.McGovern,AAG - |

MAS-20010326

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

10/04/20(
04:25 P

### SUCR1997-12099
### Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | | K.Canty,Court Reporter - M.Clancy, Attorney. |
| 10/18/1999 | | Comes into Court. |
| 10/18/1999 | | Deft files motion in limine to introduce testimony through attorney Raymond Rawlings.No action at this time.(paper#46 in case #96-11762). |
| 10/18/1999 | | Deft files motion for ruling in the event bar disciplinary proceeding and/or disbarment is introduced through witness response.(p#47 - in case #96-11762). |
| 10/18/1999 | | Deft files motion for examination of jurors.(paper#48 in case # 96-11762). |
| 10/18/1999 | | Motion (P#48 in case #96-11762)allowed. See record. |
| 10/18/1999 | | Commonwealth moves for trial with offenses #96-11762 and #98-10051. Court Grasso,J. orders sixteen jurors impanneled. Jury sworn. |
| 10/18/1999 | | Deft files motion for required finding of not guilty at close of Commonwealth's opening.(paper #49 in case #96-11762). |
| 10/18/1999 | | Motion (P#49 in case #96-11762) after hearing denied. |
| 10/18/1999 | | Commonwealth files motion for deposition of witness under Rule 35 (paper#50 in case #96-11762). |
| 10/18/1999 | | Motion (P#50 in case #96-11762) after hearing denied without prejudice Grasso,J. - K.Brekka,AAG - P.McGovern, AAG - K.Canty, Court Reporter M.Clancy, Attorney. |
| 10/19/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/20/1999 | | Comes into Court. Trial continues. K.Canty, Court Reporter. |
| 10/21/1999 | | Comes into Court. |
| 10/21/1999 | | Juror Brenda Jeknavorian in seat #3 sworn and inquired upon by Court Grasso,J. After hearing, Commonwealth and defendant content. trial continues. K.Canty, Court Reporter. |
| 10/21/1999 | | Trial continues. K. Canty Court reporter |
| 10/25/1999 | | Comes into Court. Trial continues. P.Flaherty, Court Reporter. |
| 10/26/1999 | | Trial continues. Commonwealth rests its case in chief. |
| 10/26/1999 | | Deft files motion for required finding of not guilty. (paper #51 in case #96-11762) |
| 10/26/1999 | | Motion (P#51 in case 96-11762) denied after hearing. K. Canty Court Reporter |
| 10/27/1999 | | Comes into Court. Trial continues. |
| 10/27/1999 | | Commonwealth files request for jury instructions.(paper#52 in case #96-11762). |
| 10/28/1999 | | Comes into Court. Trial continues. Defendant rests its case. |
| 10/28/1999 | | Defendant rests its case. |
| 10/28/1999 | | Deft files request for jury instructions.(paper#53 in case #96-11762). |
| 10/28/1999 | | Deft files motion for required finding of not guilty.(paper# 54 in case #96-11762). |
| 11/01/1999 | | Comes into Court. Trial continues. |
| 11/01/1999 | | Motion (P#52 in case #96-11762) allowed in part. See record. |
| 11/01/1999 | | Motion (P#53 in case #96-11762) allowed in part. See record. |
| 11/01/1999 | | Court orders that the jury be reduced to twelve members and |

### SUCR1997-12099
### Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| | | designates Ilene Feldman, Michelle McCarthy, Isidra Lima and Jonathan |
| | | Hall as alternate jurors. Question #1 marked D for identification. |
| | | K.Canty,C.R. |
| 11/02/1999 | | Comes into Court. Deliberating juror Donald Lynch excused for cause. |
| | | Alternate juror Jonathan Hall selected at random and jurors |
| | | instructed to start deliberations anew. K.Canty, C.R. |
| 11/03/1999 | | Jury resumes delibertations. Jury question #2 mark E for |
| | | identification. K. Canty Court Reporter |
| 11/04/1999 | | Jury resumes deliberations. Instruction No. 3 marked F for |
| | | identification |
| 11/04/1999 | | RE offense 1: Guilty verdict |
| 11/04/1999 | | RE offense 2: Guilty verdict |
| 11/04/1999 | 15.0 | Verdict of guilty. Commonwealth moves for sentencing. K. Canty, Court |
| | | Reporter |
| 11/05/1999 | | Brought into Court. |
| 11/05/1999 | | Commonwealth files: Motion for adjudicated of defendant as a common |
| | | and notorious thief under Ch. 266, Sec. 40 and sentencing |
| | | recommendation. (Paper No. 56 in 96-11762) |
| 11/05/1999 | | Commonwealth files: Supplemental recommendation (Paper No. 57 in |
| | | 96-11762). Court after hearing adjudged the defendant to be a common |
| | | and notorious thief pursuant to MGL Ch. 266, Sec. 40 and enters a |
| | | consolidated judgement on 96-11762, Counts 1 thru 6 and 97-12099-001 |
| | | and 98-10051. |
| 11/05/1999 | | Sentence imposed: MCI Cedar Junction: Max. 18 years, Min. 16 years. |
| 11/05/1999 | | Sentence imposed as to Offense 002: MCI Cedar Junction: Max. 18 |
| | | years, Min. 16 years to run concurrent with 96-11762, Counts 1 thru |
| | | 6, 97-12099-001 and 98-10051. Mittimus issued as to Offense 002. |
| 11/05/1999 | | Sentence credit given as per 279:33A: 1 day |
| 11/05/1999 | | Victim-witness fee assessed: $60.00 |
| 11/05/1999 | | Notified of right of appeal under Rule 64 |
| 11/05/1999 | | Notified of right of appeal under Rule 65. Grasso, J. - K. Brekka, |
| | | AAG - P. McGovern, AAG - K. Canty, Court Reporter - M. Clancy, |
| | | Attorney |
| 11/09/1999 | 14.0 | Verdict Affirmed. Verdict Slip filed. |
| 11/12/1999 | | Deft files notice of appeal. (Paper No. 56 in 96-11762). |
| 11/18/1999 | | Copy of notice of appeal mailed to Grasso,J and K.Brekka,AAG - |
| | | P.McGovern,AAG |
| 11/18/1999 | | Letter sent to Court Reporters M.McDonald - K.Canty and P.Flaherty |
| | | for prepapration of the transcripts. Certificate of Clerk-filed. (#58 |
| | | in 96-11762) |
| 12/09/1999 | 16.0 | Deft files motion to revise and revoke and affidavit in support of. |
| | | (Paper No 5 in 96-11762). |
| 12/23/1999 | | Memorandum of decision and order on Defendant's motion(#59 in |
| | | 96-11762) denied, in part. Grasso, J. |
| 02/28/2000 | | Transcript of testimony received from M.McDonald, Court Reporter. |
| 05/16/2000 | | Transcript of testimony received from P.Flaherty, Court Reporter. |

-24-

SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

## SUCR1997-12099
## Commonwealth v Palmer, Walter

| Date | Paper | Text |
|------|-------|------|
| 05/19/2000 | | Notice of docket entry received from the Appellate Division, filed. "Appellant files a withdrawal of appeal. Appeal withdrawn." (Paper #60.1 filed in 96-11762) |
| 08/30/2000 | 17.0 | Deft files Request Assembled Records to Include Grand Jury Minutes. (Paper #61 in 96-11762) |
| 02/23/2001 | | Transcript of testimony received from K.Canty, Court Reporter. |
| 03/23/2001 | | Deft files pro se petition for writ of habeas corpus ad testificandum. (P#62 in 96-11762) |
| 03/26/2001 | | Deft files pro se motion for clothing for Court appearance. (P#63 in 96-11762) |
| 04/04/2001 | | Transcript of testimony received from K.Canty, Court Reporter. |
| 04/06/2001 | | Notice sent to attorneys that transcripts are available. |
| 04/06/2001 | | Letter sent to Attorney Clancy Re: Cost of transcripts. |
| 04/11/2001 | | Certificate of delivery of transcript by Clerk-filed. (#64 in #96-11762) |
| 04/20/2001 | | Second notice sent to Attorney Clancy Re: Transcripts. |
| 04/24/2001 | | Certificate of delivery of transcript by Clerk-filed. (#65 in #96-11762)) |
| 05/01/2001 | | Notice of completion of assembly of record sent to Clerk of Appeals Court and attorneys for Commonwealth and defendant. |
| 05/01/2001 | | Two certified copies of docket entries, original and coy of transcript, two copies of exhibit list, list of documents, copy of Papers #12,13,15,22,23,56.l, each transmitted to Clerk of Appellate Court. |

## EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 12/09/1997 | Crim 1 Ctrm 21- 15th Fl. | Arraignment | Event held as scheduled |
| 01/09/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Appt Counsel | |
| 01/16/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Appt Counsel Continuance at request of defendant | Event held as scheduled |
| 01/23/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Appt Counsel Continued for status/Hrg. RE: Counsel. | Event held as scheduled |
| 01/30/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Appt Counsel Continued at request of defendant. Re: Counsel. | Event held as scheduled |
| 02/17/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Pre-Trial Continued by Order of the Court. Re: Pre Trial Conference. | Event held as scheduled |
| 02/20/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Pre-Trial Continued by agreement. RE: PTC. | |
| 04/22/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review Continuance by agreement. | Event held as scheduled |
| 06/01/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Misc Matters Continued by agreement | Event held as scheduled |
| 06/18/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion Continuance by agreement. | |
| 06/23/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Misc Matters Continuance by agreement. | Event held as scheduled |
| 06/30/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Misc Matters Continued for compliance. | Event canceled not re-scheduled for another date |

Commonwealth of Massachusetts
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

## SUCR1997-12099
## Commonwealth v Palmer, Walter

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 07/09/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event canceled not re-scheduled for another date |
| | | Continuance by order of the Court. | |
| 11/02/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance by order of the Court. Defendant objecting | |
| 11/23/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event held as scheduled |
| | | Continuance by agreement re: Status | |
| 12/17/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| | | Continued by agreement. For Compliance regarding discovery. | |
| 01/26/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event held as scheduled |
| | | Continued by agreement. RE: Status. | |
| 03/30/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| | | to be filed 3/9/99 | |
| | | Continued by agreement. RE: Non-Evidentiary Motions. Motions | |
| 05/07/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement re: evidentiary motions. | |
| 05/21/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| | | Continued by agreement. Re: Non-Evidentiary motions. | |
| 06/10/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| | | Continued by agreement re: Motions | |
| 06/28/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement re: Motion to recluse and Motion to dismiss | |
| 07/20/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event canceled not re-scheduled for another date |
| | | Continuance by agreement re: findings. | |
| 08/17/1999 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| 09/10/1999 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| 10/04/1999 | Crim 7 Ctrm 6 - 15th Fl. | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 2 Ctrm 8 - 2 nd Fl. | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | Event canceled not re-scheduled for another date |
| 10/04/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | |
| 10/07/1999 | Crim 8 Ctrm 5 - 90 | Conference: Trial Assignment | Event held as scheduled |
| | | Continuance at request of defendant. | |
| 10/14/1999 | Crim 8 Ctrm 5 - 90 | Hearing: Motion | Event held as scheduled |
| | | Continuance by agreement for trial on 10/18/99. | |
| 10/18/1999 | Crim 8 Ctrm 5 - 90 | Trial: by Jury | Trial begins |
| | | Continuance by order of Court for trial. | |

## § 29. Statement concerning theft; recovery of vehicles; restitution

### Cross References

Records of motor vehicles department, certified copies, prima facie evidence of unauthorized use, see c. 22C, § 42.

### Notes of Decisions

**Charges 2**

**2. Charges**

Chapter 159B, § 6C and c. 266, § 29 providing lien for towing and storage of motor vehicles do not deal with question when charges begin and when they end. Dines v. Liberty Mut. Ins. Co. (1990) 548 N.E.2d 1268, 28 Mass.App.Ct. 195, review denied 551 N.E.2d 536, 406 Mass. 1105.

## § 30. Larceny; general provisions and penalties

(1) Whoever steals, or with intent to defraud obtains by a false pretence, or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent to convert, the property of another as defined in this section, whether such property is or is not in his possession at the time of such conversion or secreting, shall be guilty of larceny, and shall, if the property stolen is a firearm, as defined in section one hundred and forty, or, if the value of the property stolen exceeds two hundred and fifty dollars, be punished by imprisonment in the state prison for not more than five years, or by a fine of not more than twenty-five thousand dollars and imprisonment in jail for not more than two years; or, if the value of the property stolen, other than a firearm as so defined, does not exceed two hundred and fifty dollars, shall be punished by imprisonment in jail for not more than one year or by a fine of not more than three hundred dollars; or, if the property was stolen from the conveyance of a common carrier or of a person carrying on an express business, shall be punished for the first offence by imprisonment for not less than six months nor more than two and one half years, or by a fine of not less than fifty nor more than six hundred dollars, or both, and for a subsequent offence, by imprisonment for not less than eighteen months nor more than two and one half years, or by a fine of not less than one hundred and fifty nor more than six hundred dollars, or both.

(2) The term "property", as used in the section, shall include money, personal chattels, a bank note, bond, promissory note, bill of exchange or other bill, order or certificate, a book of accounts for or concerning money or goods due or to become due or to be delivered, a deed or writing containing a conveyance of land, any valuable contract in force, a receipt, release or defeasance, a writ, process, certificate of title or duplicate certificate issued under chapter one hundred and eighty-five, a public record, anything which is of the realty or is annexed thereto, a security deposit received pursuant to section fifteen B of chapter one hundred and eighty-six, electronically processed or stored data, either tangible or intangible, data while in transit, telecommunications services, and any domesticated animal, including dogs, or a beast or bird which is ordinarily kept in confinement.

(3) The stealing of real property may be a larceny from one or more tenants, sole, joint or in common, in fee, for life or years, at will or sufferance, mortgagors or mortgagees, in possession of the same, or who may have an action of tort against the offender for trespass upon the property, but not from one having only the use or custody thereof. The larceny may be from a wife in possession, if she is authorized by law to hold such property as if sole, otherwise her occupation may be the possession of the husband. If such property which was of a person deceased is stolen, it may be a larceny from any one or more heirs, devisees, reversioners, remaindermen or others, who have a right upon such deceased to take possession, but not having entered, as it would be after entry. The larceny may be from a person whose name is unknown, if it would be such if the property stolen were personal, and may be committed by those who have only the use or custody of the property, but not by a person against whom no action of tort could be maintained for acts like those constituting the larceny.

249

CRIMES AND PUNISHMENTS

(4) Whoever steals, or with intent to defraud obtains by a false pretense, or whoever unlawfully, and with intent to steal or embezzle, converts, secretes, unlawfully takes, carries away, conceals or copies with intent to convert any trade secret of another, regardless of value, whether such trade secret is or is not in his possession at the time of such conversion or secreting, shall be guilty of larceny, and shall be punished by imprisonment in the state prison for not more than five years, or by a fine of not more than twenty-five thousand dollars and imprisonment in jail for not more than two years. The term "trade secret" as used in this paragraph means and includes anything tangible or intangible or electronically kept or stored, which constitutes, represents, evidences or records a secret scientific, technical, merchandising, production or management information, design, process, procedure, formula, invention or improvement.

(5) Whoever steals or with intent to defraud obtains by a false pretense, or whoever unlawfully, and with intent to steal or embezzle, converts, or secretes with intent to convert, the property of another, sixty years of age or older, or of a person with a disability as defined in section thirteen K of chapter two hundred and sixty-five, whether such property is or is not in his possession at the time of such conversion or secreting, shall be guilty of larceny, and shall, if the value of the property exceeds two hundred and fifty dollars, be punished by imprisonment in the state prison for not more than ten years or in the house of correction for not more than two and one-half years, or by a fine of not more than fifty thousand dollars or by both such fine and imprisonment; or if the value of the property does not exceed two hundred and fifty dollars, shall be punished by imprisonment in the house of correction for not more than two and one-half years or by a fine of not more than one thousand dollars or by both such fine and imprisonment. The court may order, regardless of the value of the property, restitution to be paid to the victim commensurate with the value of the property.

Amended by St.1995, c. 272, § 3; St.1995, c. 297, § 9.

## Historical and Statutory Notes

**1995 Legislation**

St.1995, c. 272, § 3, approved Nov. 22, 1995, in subsection (2), inserted ", telecommunications services".

St.1995, c. 297, § 9, approved Dec. 18, 1995, added par. (5).

## Library References

Comments.
Larceny and related offenses of larceny by false pretenses and embezzlement, see Alperin and Shubow, 14A Massachusetts Practice § 9.278 (3d ed.).

Larceny, see Bishop, 17B Massachusetts Practice § 52.36 (4th ed.).

## Notes of Decisions

Amendment of statute  1.2
Asportation, nature and elements of offense  2.6
Expert testimony, admissibility of evidence  42.6
Intent, generally, false pretenses  103.5

### I.  IN GENERAL

**1.2.  Amendment of statute**

Mere fact that larceny over $100 statute, under which defendant was convicted, was amended by time of defendant's sentencing to apply to larceny over $250 did not invalidate original statute, considering especially that amount of defendant's larceny far exceeded larger sum specified in amended statute. Armour v. Com. (1995) 650 N.E.2d 352, 420 Mass. 1004.

**2.  Nature and elements of offense—In general**

Com. v. Salerno (1970) 255 N.E.2d 318, [main volume] 356 Mass. 642.

"Larceny" consists of taking or carrying away of property that belongs to another person with intent to deprive that person of property permanently. Com. v. Sollivan (1996) 663 N.E.2d 580, 40 Mass.App.Ct. 284, review denied 665 N.E.2d 1003, 422 Mass. 1110.

**2.6.  —— Asportation, nature and elements of offense**

Taking goods beyond store's premises is not a necessary precondition to a conviction of larceny. Com. v. Davis (1996) 667 N.E.2d 1167, 41 Mass.App.Ct. 901, review denied 671 N.E.2d 951, 423 Mass. 1107.

Asportation, one of the elements of larceny offense, only requires that defendant remove stolen

250

CRIMES AGAINST PROPERTY

## Library References

Embezzlement ⇐14, 52.
WESTLAW Topic No. 146.
C.J.S. Embezzlement §§ 15, 48.

## Notes of Decisions

Larceny  1

**1. Larceny**

One who had been guilty of the offense described by R.L.1902, c. 208, § 47, which prohibited embezzlement or fraudulent conversion by a stockbroker of the money of his customer, could be convicted of larceny, described in R.L.1902, c. 218, §§ 26, 38 to 40. Com. v. King (1909) 88 N.E. 454, 202 Mass. 379.

## § 57. Fiduciaries; embezzlement

A trustee under an express trust created by a deed, will or other instrument in writing, or a guardian, conservator, executor or administrator, or any person upon or to whom such a trust has devolved or come, who embezzles or fraudulently converts or appropriates money, goods or property held or possessed by him for the use or benefit, either wholly or partially, of some other person or for a public or charitable purpose, to or for his own use or benefit or to or for the use or benefit of any person other than such person as aforesaid, or for any purpose other than such public or charitable purpose as aforesaid, or who otherwise fraudulently disposes of or destroys such property, shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than two thousand dollars and imprisonment in jail for not more than two years.

## Historical and Statutory Notes

St.1877, c. 231.
P.S.1882, c. 203, § 46.

R.L.1902, c. 208, § 48.
St.1915, c. 23.

## Cross References

Cushing hospital, embezzlement by fiduciaries of patient funds, property, etc., see c. 111, § 64K.
Mentally ill persons, embezzlement by fiduciaries of inpatient or resident funds, see c. 123, § 26.
Mentally retarded persons, embezzlement by fiduciaries of resident funds, see c. 123B, § 12.
Venue of prosecutions under this section, see c. 277, § 58B.

## Library References

Embezzlement ⇐18, 52.
WESTLAW Topic No. 146.
C.J.S. Embezzlement §§ 19, 48.

## Notes of Decisions

Defenses  2
Elements of offense  1
Evidence  3

Instructions  4

**1. Elements of offense**

This section providing that conservator who "embezzles or fraudulently converts or appropriates" goods or money held by him for use or

583

40-

Case 1:04-cv-12426-NG    Document 33-5    Filed 09/14/2005    Page 32 of 47
MA: General Laws of Massachusetts
G.L.c. 195, § 6.    Appraisal of property.

G.L.c. 195, § 6.    Appraisal of property.

  Section 6. Every inventory required to be filed in the probate court
shall include an appraisal of the property comprised therein made
under the penalties of perjury by the executor or other fiduciary filing
the same, setting forth the actual market values of the various items
thereof ascertained by such fiduciary to the best of his knowledge,
information and belief. Said executor or other fiduciary shall receive
no compensation for such appraisal. Before the filing of the inventory
upon motion made by the executor or other fiduciary, or after the
filing of the inventory upon motion made by any interested person
and after such notice as the court may order and after hearing upon
such motion, the court may appoint one or more special appraisers of
such property or of any item or items thereof, if it shall find such
appointment to be in the best interests of the estate. Such appraisers
shall be sworn to the faithful performance of their duties and shall
file their appraisal in the court within three months of their appointment.
The values shown in any such special appraisal shall constitute
the appraised value of the item or items involved.

_41_

## CERTIFICATE OF SERVICE

I, Michael P. Clancy, hereby certify that I have caused two true and complete copies of the Appellant's Brief and Appendix , to be served by first class mail, postage pre-paid upon the following counsel:

William J. Meade,
Assistant Attorney General
Office of the Attorney General
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA  02108-1698
(617) 727-2200 X 2818

October    9, 2001

Michael P. Clancy

06/20/03                    COMMONWEALTH OF MASSACHUSETTS                    Page 2
                                 APPEALS COURT

                                  2001-P-0589

                      COMMONWEALTH vs. WALTER E. PALMER

Suffolk Superior Court Dept.
(Lower Court: Criminal)
Clerk for Criminal Business
90 Devonshire Street, Room 607
Boston MA 02109
Phone: 617-788-8160 FAX: 617-227-8834
Active 05/01/01

                            * * *  D O C K E T  * * *
------------------------------------------------------------------------------
PAPER DATE     ENTRY
------ --------  ------------------------------------------------------------------------------

       05/01/01 Transcripts received: vols: 16; sets: 2; Cab: N; Shelf: 5.

   1.0 05/01/01 Entered.

   2.0 06/07/01 MOTION to extend brief & appendix due date, filed by Walter E.
                Palmer.

       06/07/01 RE#2 Denied without prejudice to renewal accompanied by a
                statement as to the defendant's sentence and an affidavit of
                counsel, pursuant to the court's policy on enlargements for
                filing briefs that establishes good cause to warrant the
                requested 120 day enlargement and an explanation why the
                particular time period requested is reasonable. *Notice.

   3.0 06/21/01 RENEWED MOTION to extend brief & appendix due date, filed by
                Walter Palmer.

       06/21/01 RE#3: Allowed to 10/08/2001 granted for filing of brief of
                Walter E. Palmer, Defendant/Appellant. No further enlargements.
                *Notice.

   4.0 10/09/01 SERVICE of brief & appendix for Defendant/Appellant Walter E.
                Palmer.

   5.0 10/25/01 Notice of appearance of Eva M. Badway, a/a/g for Commonwealth.

   6.0 10/25/01 MOTION to extend brief due date of Commonwealth.

       10/25/01 RE#6: Extension to 02/12/2002 granted for filing of brief of
                Commonwealth, Plaintiff/Appellee. No further enlargements.
                *Notice to counsel.

   7.0 02/12/02 SERVICE of brief & supplemental appendix for Plaintiff/Appellee
                Commonwealth.

   8.0 10/10/02 Notice of 11/13/2002, 9:30 A.M. argument sent.

       11/13/02 Oral argument held. (B BY CO).

06/20/03                    COMMONWEALTH OF MASSACHUSETTS                    Page 3
                                  APPEALS COURT

                                   2001-P-0589

                        COMMONWEALTH vs. WALTER E. PALMER

                            * * *   D O C K E T   * * *
-------------------------------------------------------------------------------
PAPER DATE      ENTRY
------ --------  --------------------------------------------------------------
  9.0 02/04/03  Decision: Rule 1:28 (B BY CO). Judgments affirmed. Notice. (See
                image on file).

      03/04/03  RESCRIPT to Trial Court.

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

01-P-589

COMMONWEALTH

vs.

WALTER E. PALMER.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

After a Superior Court jury trial, the defendant, an
attorney, was convicted of six counts of fiduciary embezzlement
in violation of G. L. c. 266, § 57, one count of larceny over
$250 in violation of G. L. c. 266, § 30, and one count of perjury
in violation of G. L. c. 268, § 1. All of these convictions had
their origins in the defendant's conversion of assets entrusted
to him for the exclusive benefit of the beneficiaries of various
guardianships, conservatorships, trusts and/or estates. Upon
motion of the Commonwealth, the trial judge adjudicated the
defendant a common and notorious thief in accordance with G. L.
c. 266, § 40, and his convictions for larceny over $250 and
embezzlement were thereby consolidated for sentencing purposes.

The defendant appeals, raising two issues: (1) that the
larceny and fiduciary embezzlement statutes under which he was
convicted are unconstitutionally vague; and (2) that the trial
judge erroneously refused to give a requested instruction that
the jury could find that the defendant justifiably relied upon

cases was apt.    The evidence was that the defendant, himself,
converted the assets entrusted to him and that neither his
secretary nor his accountant had access to or control of the
defendant's client funds accounts.    Thus, the defendant's
argument reduces itself to the contention that his secretary and
accountant should have uncovered and stopped his theft.    Even if
that can be said to be the case, it is preposterous to suggest
that their failure to do so was a defense to the charges against
him.

                          Judgments affirmed.

                          By the Court (Brown, Berry
                            & Cohen, JJ.),

                          Ashley Ahean
                          Clerk

Entered:    February 4, 2003.



APPEALS COURT
Date:  6/20/03
A true copy,
ATTEST: 
            Assistant Clerk

3

COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS                                      Supreme Judicial Court
                                                 No.


Commonwealth

v.

Walter E. Palmer

## APPLICATION FOR FURTHER APPELLATE REVIEW

Now comes the above captioned defendant, Walter E.
Palmer, and respectfully applies, pursuant to Mass.R. App.
P. 27.1, for Further Appellate Review, of his conviction
of Suffolk County Grand Jury indictment, in November 1997,
as Indictment No. SUCR 97-12099-002, that Walter E. Palmer
violated Massachusetts General Laws Chapter 195 Section 6;
Appraisal of property. The Indictment, as framed, rests
entirely on Massachusetts General Laws Chapter 195 Section
6; and a Suffolk County Grand Jury indicted Walter E. Pal-
mer in January 1998, on Indictment No. SUCR 98-10051 that
Walter E. Palmer, violated Massachusetts General Laws Chap-
ter 266, Section 30 (Larceny Over $250.00 (1 Count). This
indictment, as framed, rests entirely on Massachusetts
General Laws Chapter 266 Section 30; and a Suffolk Grand
Jury indicted Walter E. Palmer in September 1998, on Indict-
ment number SUCR 96-11762, that Walter E. Palmer violated
Massachusetts General Laws Chapter 266 Section 57 (Fiduciary
Embezzlement)(6 Counts). The indictment, as framed, rests

- 1 of 24

ENTIRELY ON Massachusetts General Laws Chapter 266,
Section 57; and issue of one count of perjury in vio-
lation of Massachusetts General Laws 268 Section 1;
and Commonwealth of Massachusetts Appeals Court "MEM-
ORANDUM AND ORDER PURSUANT TO RULE 1:28" dated Feb-
ruary 4, 2003,(Docket Sheet. Appeals Court. (Attested)).

The defendant, Walter E. Palmer, also applies
pursuant to Mass. R. App. P. 27.1 for Further Appell-
ate Review of sentence imposed, by the trial judge,
on Walter E. Palmer, as sentence is illegal, unlawful
and "involves errors of law or constitutional"violat-
ions" against Walter E. Palmer. See Commonwealth v.
Grimshaw, 412 Mass. at 513, 590 N.E. 2d 681 and the
application of the Common and Notorious Thief Statute
Massachusetts General Laws Chapter 266, Section 40,
violated the holding in Apprendi v. New Jersey, 530
U.S. 466 (2000), the Supreme Court held that "other
than the fact of a prior conviction, any fact that
increases the penalty for a crime beyound statutory
maximum must be submitted to the jury and proved bey-
ond a reasonable doubt."

In the case at bar, after trial and at the sen-
tencing stage, the trial judge adjudicated the defen-
dant Walter E. Palmer, under G.L. 266, Section 40, a
a common and notorious thief, at the request of the
Commonwealth.

- 2 of 2# -

Attach hereto this Application For Further App-
ellate Review is a true copy attest Dated June 20,
2003 of Commonwealth of Massachusetts "MEMORANDUM AND
ORDER PURSUANT TO RULE 1:28" dated February 4, 2003,
and true copy attest, dated June 20, 2003 (3) three
Pages of Docket Sheets of Commonwealth of Massach-
usetts Appeals Court Docket number 2001-P-o589, COMM-
ONWEALTH VS. WALTER E. PALMER.

Attach hereto this Application For Further App-
ellate Review is copy of "MEMORANDUM OF DECISION AND
ORDER ON DEFENDANT'S MOTION TO REVISE AND REVOKE SEN-
TENCE" dated December 23, 1999.

The above captioned criminal case, before this
Court, involves the professional conduct of the def-
endated Walter E. Palmer practicing his profession as
a licensed lawyer, and in the same professional con-
text as a duly appointed fiduciary, may not deny to
the defendant Walter E. Palmer, First Amendment constit-
utional protective rights, as applicable to the States
throught the (14th) Fourtheenth Amendment, in the def-
endant Walter E. Palmer's freedom from unwarranted
governmental intrusion in the constitutional protected
sphere of the Defendant Walter E. Palmer exercising
his professional judgment.

Thus, this above captioned criminal case is an
attack on the very core of the First Amendment constit-

- 3 of 24

utional protective rights of the defendant Walter E.
Palmer, practicing his profession as a licensed law-
yer and in the same professional context as a duly
appointed fiduciary, in the constitutional protective
sphere of the defendant Walter E. Palmer's profession-
al judgment as to engagement of administrative lay
staff of Walter E. Palmer's law office, Palmer & Sim-
cock, in matters relating to record keeping, book-
eeping, reconcilation of client's funds accounts and
to the exercise of professional judgment as to the
engagement of (2) two Certified Public Accountants,
James Agrus of the accounting firm of Argus and Free-
men and Norman Freedman, of the accounting firm of
Argus and Freedman and later of Zuber & Freedman, in
matters relating to accounting, tax return preperation,
probate accounting, and client's funds accounts rec-
oncilation in the performance of those assign tasks,
by the defendant Walter E. Palmer, in the course of
the defendant Walter E. Palmer's practice of law, as
a licensed lawyer.

In this abovercaptioned criminal case, involving
the exercise of Walter E. Palmer's professional judg-
ment, in the course of practicing his profession as a
licensed lawyer, and in the same professional context
as a duly appointed fiduciary, there is no shortgage
of second guessers. Hindsight is 20/20. You can
always Monday morning quaterback.

- 4 of 24

Context is the key to understanding the defen-
dant Walter E. Palmer's professional conduct, in
practicing his profession as a licensed lawyer and
in the same professional context as a duly appointed
fiduciary, in the above entitled criminal case.

The Supreme Court in <u>Davis</u> v. <u>Michigan Dept. of
Treasury</u>, 489 U.S. 803, 809, 109 S. Ct. 1500, 103
L.Ed.2d 891 (1989), held, "It is a fundamental canon
of statutory construction that the words of a stat-
ute must be read in their context and with a view to
their place in the overall statutory scheme."

The Supreme Court of the United States, in <u>Spe-
vack</u> v. <u>Kline</u>, 385 U.S. 87 S. Ct. 625 (1967), held,
lawyers like other occupations, have constitutional
rights, and the Court further held at 516, "like the
school teacher in <u>Shochower</u> v. <u>Board of Education</u>,
350 U.S. 551, as the Police man in <u>Garrity</u> v. <u>New Jer-
sey</u>, lawyers also enjoy first class citizenship."

Thus, as to the Commonwealth of Massachusetts
statutes, upon which the indictments entirely rests, as
cited supra herein, the defendant Walter E. Palmer,
in practicing his profession as a licensed lawyer and
in the same professional context as a duly appointed
fiduciary, in the above entitled case, was engaged in
a <u>constitutionally protected conduct</u>, that was a per-
missible professional conduct, in exercising his pro-

- 5 of 24

fessional judgment. See <u>Missouri</u> v. <u>Jenkins By</u>
<u>Agyei</u>, 491 U.S. 274, 109 S. Ct. 2463, 2471, 105
L.Ed 2d 229 (1989), held, "by encouraging the use
of lower cost paralegals rather than attorneys
whenever possible, permitting market-rate billing of
paralegal hours encourages cost effective delivery
of legal services and by reducing the spiraling
cost of civil litigation..." In <u>Rolland</u> v. <u>Cellucci</u>,
106 F. Supp. 2d 128 (2000)(D.Mass.), the court held,
"the efficient use of paralegals is, by now, an acc-
epted cost-saving device."

Also, in the constitutionally protected rights
of the defendant Walter E. Palmer's First Amendment
rights, in the context of practicing his profession
as a licensed lawyer and in the same professional con-
text as a duly appointed fiduciary, and Walter E. Pal-
mer's professional judgment to engage the services of
(2) two Certified Public Accountants, as applicable
to the States through the (14th) Fourteenth Amendment
see <u>NYCAL CORP.</u> v. <u>KPMG Pear Marwick, LLP</u>, 426 Mass.
491 (1998) as relates to the defendant Walter E. Pal-
mer's constitutionaly entitlement of reliance on James
Argus of the accounting firm of Argus and Freedman and
Norman Freedman, of the accounting firm of Argus &
Freedman and later of Zuber & Freedman, as described
supra herein, under the (1st) First, (5th) Fifth and

- 6 of 14

and (14th) Fourteenth Amendments to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights.

The Supreme Court in Fiore v. White, 531 U.S. 225, 121 S. Ct. 712, 148 L.Ed. 2d 629 (2001), held that "a state cannot consistent with the Due Process Clause convict a defendant for conduct that its criminal statute, as properly interpreted, does not prohibit." "Therefore, conviction and continued incarceration violated due process, where the failure to possess a permit was a basic element of the Pennsylvania crime of operating a hazardous waste facility without a permit but was convicted on the theory that he had deviated so dramatically from the permit's terms that he nonethless violated the statute."

The defendant Walter E. Palmer, asserts, in the above entitled criminal case, the constitutional protection of both the Federal Constitution, of the Ex Post Facto Clause Article I, Section 10 which provides that "no state shall ...pass any,..ex post facto Law" (See Lynce v. Mathis, 519 U. S. 433, 117 S. Ct. 891, 895, n.12) (1997)) and XXIV Ex Post Facto Laws of Massachusetts Declaration of Rights.  In Commonwealth v. Bruno, 432 Mass 489, 499,n.9 (2000) held, "Our cases have treated the ex post facto provisions of the State and Federal Constitutions in identical fashion." citing Santiago v. Commonwealth, 427 Mass. 298, 301 (1998). Thus, the Supreme Court in Johnson v. U.S 529 U.S.694,120

S. Ct. 1795, 1801 (2000) held, "The Ex Post Facto
Clause raises to the <u>constitutional level</u> one of the
most basic presumptions of our law; legislation es-
pecially of the criminal sort, is <u>not</u> to be applied
retroactively." Citing <u>Lynce</u> v. <u>Mathis</u>, 519 U.S. 433,
117 S. Ct. 891, 137 L.Ed. 2d 63 (1997); <u>Landgraf</u> v
<u>USI Film Products</u>, 511 U.S. 244, 265, 114 S. Ct. 1483,
128 L.Ed 2d 229 (1994).

Also, the Supreme Court held in <u>Collins</u> v. <u>Young-
blood</u>, 497 U.S. 37, 49, 110 S. Ct. 2715, 111 L.Ed 2d.
30 (1990) "A law that abolishes an affirmative defense"
violates the Ex Post Facto Clause; <u>Beazell</u> v. <u>Ohio</u>, 269
U.S. 167, 169-170, 46 S. Ct. 68, 70 L.Ed. 216 (1925)
"Any statute...which deprives one charged with crime of
any defense available according to law at the time when
the act was committed is prohibited as ex post facto."
See <u>Hughes Aircraft Co.</u> v. <u>U.S. Ex Re. Schumer</u>, _____ U.S.
_____117 S. Ct. 1871, 1877 (1997).

Thus, in <u>Gilmore</u> v. <u>Taylor</u>, 508 U.S. 333, 113 S.Ct.
2112, 2118, 124 L.Ed. 2d 306 (1993) held, "We have pre-
viously stated that "the Constitution guarantees crim-
inal defendants 'a meaningful opportunity to present a
complete defense.'" citing <u>Crane</u> v. <u>Kentucky</u>, 476 U.S.
683, 690, 106 S. Ct. 2142, 90 L.Ed. 2d 636 (1986) (quot-
ing <u>California</u> v. <u>Trombetta</u>, 467 U.S. 479, 485, 104 S.
2528, 2532, 81 L.Ed.2d 413 (1984))

- 8 of 24

"This Court consistently has held that the Const-
itution requires a State to provide notice to its cit-
izens of what conduct will subject them to criminal pen-
anlties and of what those penalties are." Citing Miller
v. Flordia, 482 U.S. 423, 429, 107 S. Ct. 2446, 2450,
96 L.Ed. 2d 351 (1987) (explaining the constitutional
prohibition against ex post facto laws, U.S. Const. Art.
I, Section 9, cl. 3 Section 10, cl.1); Beazell v. Ohio,
269 U.S. 167, 169, 46 S. Ct. 68, 68, 70 L.Ed. 216 (1925)
(same); Buckley v. Valeo, 424 U.S. 1, 77, 96 S. Ct. 612,
662, 46 L.Ed. 2d 659 (1976)(explaining the due process
requirements that defendants be on notice that their con-
duct violates the criminal law); Bouie v. City of Colum-
bia, 378 U.S. 347, 351, 84 S. Ct. 1697, 1701, 12 L.Ed.2d.
894 (1964)(same)." "People can conform their conduct to
the dictates of the criminal law only if they can know
what the criminal law has to say about their conduct."
"proper warning is a constitutional imperative." Gil-
more v. Taylor, 508 U.S. 333, 113 S. Ct.2112, 2126, 124
L.Ed. 2d 306 (1993)(Justice Blackmun, with whom Justice
Stevens joins, dissenting).

"A jury instruction is unconstitutional if there
is a "reasonable likelihood that the jury as applied the
challenged instruction in a way that prevents the consid-
eration of relevant evidence." Boyde v. California, 494
U.S. 370, 380, 110 S. Ct. 1190, 1198, L.Ed. 2d 316 (1990).

- 9 of 24

Thus, the Supreme Court in <u>Kelly</u> v. <u>South Car-olina</u>,_____U.S.____122 S. Ct. 726, 733 (January 9, 2002) held, "A trial judges duty is to give instructions suff-icient to explain the law, an obligation that exists indepently of any question from the jurors or any other indication of perlexity on their part." citing C f.,C. Wright Federal Practice and Procedure Section 485, p.375 (3d 2000) ("It is the duty of the trial judge to charge the jury on all essential questions of law, whether re-quested or not.") "Time after time appellate courts have found jury instructions to be insufficiently clear with-out any record that the jury manifested its confusion; one need look no further than <u>Penry</u> v. <u>Johnson</u>, 532 U.S. 782, 121 S. Ct. 1910, 150 L.Ed. 2d 9 (2001) for a recent example."

"It is an essential corollary of our reasonable-doubt standard in criminal proceedings that a conviction, capital or otherwise, cannot stand if the jury's verdict could have rested on unconstitutional grounds." citing <u>Stromberg</u> v. <u>California</u>, 283 U.S. 359, 367-368, 51 S. Ct. 532, 535, 75 L.Ed. 1117 (1931); <u>Williams</u> v. <u>North Carolina</u>, 317 U.S. 287, 291-292, 63 S. Ct. 207,209-210, 87 L.Ed. 279 (1942). " "We emphasized that"the question...is not what the State Supreme Court declares the meaning of the charge to be, but rather what a reasonable juror could have understood the charge as meaning." 471 U.S., at 315-